IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No.<br><br>Involuntary Chapter 11 |
|---|---|

## EMERGENCY MOTION AND MEMORANDUM OF LAW
## TO SEAL THE RECORD

NOW COMES, Petitioners, who move the Court to seal the record on an emergent basis and offer the following in support:

## INTRODUCTION

This Seal Motion is made on the grounds that the facts alleged and relief requested in the Petitioners' Emergency Motion for Special Relief contain confidential research as it pertains to the Debtor's fraudulent transfers and liability exposure for Code provisions, including property turnover, which can be brought by a Bankruptcy Trustee and, in more limited circumstances, by the Petitioners, against the Debtor and third persons who may be liable to the bankruptcy estate for losses, damages, or other forms of harm. It is critical that the work performed by Petitioners' counsel, Joel A. Ready, Esquire, with the assistance of Cornerstone Law Firm, LLC, on these matters, including on the assessment of various potential claims and litigation strategies, remain confidential until an Interim Trustee becomes appointed as requested in the Emergency Motion for Special Relief and application is made to the Court by the Interim Trustee to unseal the record. Were such information to be disclosed publicly, it could materially disadvantage the bankruptcy estate and a forthcoming Bankruptcy Trustee's efforts to secure a maximum recovery. Accordingly, Petitioners request permission to file under seal their Emergency Motion for Special Relief, as well as this Motion.

FILED
SEP -3 2024
TIMOTHY McGRATH, CLERK

Under Local Rule 5003-1(b)(2), Petitioners request to file in paper form the Emergency Motion for Special Relief.

As further explained in the Argument Section, we represent to the Court that the Emergency Motion for Special Relief contains substantially similar information to what a bankruptcy court found equally compelling to be sealed, in the case of <u>Richard A. Marshack, Chapter 11 Trustee v. Tony Diab et al.</u> (*In re* <u>The Litigation Practice Group, P.C.</u>), Case No. 8:23-AP-01046 (C.D. Cal. May 25, 2023).

## ARGUMENT

Under Local Rule 5003-1(a)(2), this Court must approve any requests to seal documents under 11 <u>U.S.C.</u> § 107. That provision of the Code authorizes sealing of records on any request by "a party in interest," inter alia, to "protect an entity with respect to a trade secret or ***confidential research***, development, or commercial information." <u>Id.</u> § 107(b)(1) (emphasis added). "A party seeking to seal a judicial record then bears the burden . . . by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . ." <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

Here, compelling reasons exist to prevent the public disclosure of the Petitioners' Emergency Motion for Special Relief with related exhibits. The same contains confidential research that was generated over the course of at least 60 to 90 days by Attorney Joel A. Ready and Cornerstone Law Firm, LLC regarding the Debtor's conduct and transactions, including information on potential claims, defenses, and litigation strategy. Specifically, the Emergency Motion describes in detail fraudulent transfers by Debtor, aided and abetted by third persons, including members of the Bar of this Court, and sham business entities that are the alter-ego of the

Debtor. The Emergency Motion presents the Court with information whether Debtor has misappropriated in excess of $35,293,618.31. The Emergency Motion contains an affidavit by a former employee of the Debtor, who caught the Debtor in the midst of unlawful activities. The object of the Emergency Motion is to obtain emergency relief during the gap period, including the appointment of an Interim Trustee by the U.S. Trustee Program, to prevent dissipation of assets. The Emergency Motion further describes factual grounds why Debtor, having dual-citizenship and a history of transferring assets overseas, presents a material risk of moving assets outside the jurisdiction of the United States.

The information in the Emergency Motion would alert the Debtor of such investigation and allow the Debtor to thwart a Bankruptcy Trustee's efforts by diverting and transferring further assets from the bankruptcy estate into other entities. It additionally would alert the Debtor on the names of third parties who have been identified as assisting the Debtor, enabling the Debtor to find new or rely on different persons. Therefore, Petitioners request the Court's permission to file the Emergency Motion under seal in its entirety, together with this Motion.

Taken in its entirety, the confidential research in the Emergency Motion shows this Debtor has, for several years, planned on how to make himself appear poor while retaining control of assets worth millions of dollars. Surely, then, he would have a "fallback" plan if he became informed of the contents of the Emergency Motion before an Interim Trustee could gain control of the situation and, later, apply to the Court to unseal the documents once emergency relief is implemented.

We offer for the Court's consideration the example of <u>Richard A. Marshack, Chapter 11 Trustee v. Tony Diab et al. (*In re* The Litigation Practice Group, P.C.)</u>, Case No. 8:23-AP-01046 (C.D. Cal. May 25, 2023). The facts warranting the sealing of the record are now known because

the same were, subsequently, unsealed by the court after the Bankruptcy Trustee was able to implement emergency relief. In that *voluntary* Chapter 11 case, the Bankruptcy Trustee engaged in extensive, confidential research identifying the debtor's alter-egos and transfers to such alter-egos. [Exhibit A, Emergency Mot. at 2-3 (May 25, 2023)]. The debtor was a law firm under the control of a former attorney who was disbarred for forging the signature of a judge on a court order. [Id. at 2]. The debtor "rented" the law license of another attorney, holding this attorney out as the equity owner of the debtor, when in reality the disbarred attorney was in control over all assets, including the operating and IOLTA accounts, and threatened to bankrupt the debtor if any creditors filed debt actions in State court. [Id. at 2-3]. The trustee in that case certified to the court, "without emergency relief, [disbarred attorney] and his cohorts will continue [to] take measures to hide their holden egg, destroy the goodwill and business reputation LPG had, continuously switching clients to his various alter ego companies." [Id. at 3]. The court, therefore, granted an order that sealed the emergency motion. [Exhibit B].

That case involved the practice of law, while the instant case involves the practice of insurance, but the fraudulent conduct is substantially the same. This Debtor is conducting businesses under the names of different persons. Under Local Rule 5003-1(b)(2), we humbly ask the Court to file our Emergency Motion with all exhibits on paper and for the same to be sealed by the Court until further order.

## **CONCLUSION**

**WHEREFORE**, based on the foregoing, Petitioners request permission to file their Emergency Motion for Special Relief, together with all exhibits, and for this Motion, to be filed under seal until further order of Court; and such other relief as the Court deems necessary, proper, or appropriate.

                                              Respectfully submitted,

                                              **CORNERSTONE LAW FIRM, LLC**

Dated: August 30, 2024        By:   */s/ Joel A. Ready*
                                              Joel A. Ready, Esquire
                                              PA Attorney I.D. # 321966
                                              8500 Allentown Pike, Suite 3
                                              Blandon, PA 19510
                                              (610) 926-7875