**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No.<br><br>Involuntary Chapter 11 |

**SPECIAL RELIEF AND TEMPORARY
RESTRAINING ORDER**

AND NOW, this _____ day of September, in the year 2024, and upon consideration of the Involuntary Petition for Bankruptcy and Emergency Motion for Special Relief, the Court enters this Order, without notice, and in compliance with Fed. R. Civ. P. 65(d)(1) to "state the reasons" why this Order issued, the Court provides as follows:

An Involuntary Chapter 11 Petition was filed in this case by Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter.

Petitioner, Jason Scott Jordan, obtained a civil judgment against Alan Christopher Redmond for $13,105,197.20, together with postjudgment interest at the legal rate, in the Berks County Court of Common Pleas at Docket No. 14-17117, and which judgment was affirmed on direct appeal in *National Brokers of America, Inc. v. Jordan*, 307 A.3d 1206 (Pa. Super. Ct. 2023). Notwithstanding the judgment, Mr. Redmond caused the filing of articles of incorporation for a Pennsylvania nonprofit corporation, the Alan Christopher Redmond Foundation, being File No. 0003613454 in the Pennsylvania Department of State, Bureau of Corporations and Charitable Organizations. Attorney Norman M. Valz is the registered agent for such nonprofit corporation and its official address is 8 Morgan Drive, Reading, PA 19608 — a property owned by ARC Realty, LLC. Before December 4, 2021, Alan Christopher Redmond was the sole owner of ARC Realty, LLC. At some point after Mr. Redmond married Shannon Kroemmelbein on December 4,

2021, and notwithstanding trial in the Berks County Court of Common Pleas, he purportedly reconveyed his interest in ARC Realty, LLC to himself and his wife as tenants by the entireties. Shannon Kroemmelbein then obtained financing for $2,800,000.00 for real property titled in her own name at 2 High Road, Wyomissing, in Pennsylvania. Neither Mr. Redmond nor Ms. Kroemmelbein reside at such property.

On August 31, 2021, at Docket No. 14-17177, the Berks County Court of Common Pleas entered an order, sanctioning Alan Christopher Redmond for refusing to give full and complete answers regarding his personal wealth during a deposition and for refusing to attend a subsequent deposition intended to cure the violations from the prior deposition. In rendering a decision and verdict on the merits, the Berks County Court of Common Pleas found, among other things, that Mr. Redmond ran his personal expenses through National Brokers of America, Inc. (NBOA) and had misappropriated an aggregate of $15,496,492 from NBOA and Bene Market, LLC, and that Mr. Redmond had wired $56,000.00 from NBOA to his mother, who lives overseas. The court awarded Jason Scott Jordan compensatory damages in the amount of $8,105,197.20 for the misappropriation and punitive damages in the amount of $5,000,000.00. Following the entry of judgment, and after a stay pending appeal was lifted by the Superior Court of Pennsylvania, Jason Scott Jordan propounded interrogatories in aid of execution on Alan Christopher Redmond. With the assistance of Norman M. Valz, Esquire, and despite submitting his answers under penalty of perjury, Mr. Redmond refused to disclose the sources of his income, withheld disclosure of ARC Realty, LLC, Alan Christopher Redmond Foundation, and Seguro Medico, LLC, and began transferring assets out of Bene Market, LLC, another entity that he created. In the same answers, Mr. Redmond represented that he does not own any bank accounts and that he was unable to pay the judgment, having a negative net worth of $6,703,613.56.

Jason Scott Jordan has received no payments on his civil judgment and Mr. Redmond did not identify any assets sufficient to pay the judgment.

The Court has received evidence in the nature of an affidavit from Ethan Shalter which, if true, tends to show that Alan Christopher Redmond is or has recently engaged in the business of selling insurance policies through Seguro Medico, LLC, holding himself out as President of such company. The same evidence, if true, tends to show that Mr. Redmond is employing persons to solicit future policyholders and these employees are not licensed under Pennsylvania's Insurance Department Act of 1921 and is regularly not complying with Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. Mr. Redmond is further alleged to be doing business under the names of Arthur W. Walsh, Jr. and Jesus Barrios. The Court additionally reviewed insurance licensure adjudications, while Mr. Redmond was in control of NBOA and directed its business and affairs, in the cases of *State of Nebraska v. William Corchado*, No. A-2102 (Nebraska Department of Insurance) and *In re National Broers of America*, No. INS 18-04 (South Dakota Department of Labor and Regulation). In the latter case, NBOA's license to sell insurance policies in the State of South Dakota was revoked.

The Court has received evidence of delinquent tax liens filed against Mr. Redmond.

In *Complete Business Solutions Group, Inc. v. Alan Christopher Redmond*, C.A. No. 220202794, in the Philadelphia Court of Common Pleas, the plaintiff alleges that NBOA and Bene Market, LLC defaulted on more than $35.2 million in loans and Mr. Redmond personally guaranteed the same. In the foreclosure action of *WBL SPO II, LLC v. Alan Christopher Redmond*, C.A. No. 23-13390, in the Berks County Court of Common Pleas, a mortgagee alleges that Seguro Medico, LLC defaulted on a secured loan that Mr. Redmond had personally guaranteed. In these, and in other suits where Mr. Redmond is a party, he has filed an answer to the complaint and has

denied liability, the amount owed, or both.

Alan Christopher Redmond has dual citizenship in the United States of America and in the United Kingdom, and possesses the means, motive, and opportunity to reduce assets of the estate to cash and remove the same from the jurisdiction of the United States.

Based on the foregoing, the Court agrees that an emergency exists. The Petitioners have a likelihood of success on the merits of an order for relief under 11 U.S.C. § 303, a likelihood of irreparable harm in the absence of preliminary relief, the balance of equities tips in favor of granting rather than refusing preliminary relief, and an injunction is in the public interest.

The Court finds that Jason Scott Jordan and Cornerstone Law Firm, LLC, as judgment creditors, were already entitled under Pennsylvania law, Pa. R.C.P. 3117, to receive the same information Alan Christopher Redmond must disclose within an involuntary Chapter 11 proceeding following the entry of an order for relief. As a result, Mr. Redmond is not harmed by an order to begin the clock for disclosing such information under Fed. R. Bankr. P. 1007 notwithstanding the fact that he has not yet answered the Involuntary Petition and no order for relief is entered at this time.

The Court judicially notices its own docket and papers at ECF Nos. 189 and 190 in the case of *In re National Brokers of America*, Case No. 19-15488-PMM, which were filed on behalf of Mr. Redmond. There, Mr. Redmond seeks reimbursement of $95,228.93 in attorneys' fees and provided invoices from his counsel, paying hourly rates as high as $825.00, relating to six attorneys. The documentation includes a Certification from Attorney David Heim of Bochetto & Lentz, P.C., which reads in part, "Mr. Valz's payment arrangements are that he is paid a flat fee on a bi-weekly basis for thirty hours of billable work . . ." This arrangement is consistent with that of an employee-employer relationship. The Court finds that judicial supervision over the retention

of attorneys by Alan Christopher Redmond in this case is appropriate even though no order for relief has been entered.

The Court finds that Norman M. Valz, Esquire, is a member of the Bar of this Court and his attendance at the forthcoming preliminary injunction hearing is material to the emergency relief requested by the Petitioners, including whether his attorney-client privilege should be overridden.

Accordingly, it is ORDERED AND DECREED that the Emergency Motion for Special Relief is GRANTED, and any requirement of Petitioners to post a bond is waived, as follows:

**Part 1.      Concerning the United States Trustee and the Interim Trustee and Interim Examiner.**

(1)      The United States Trustee is ordered to immediately appoint an interim trustee, other than Robert H. Holber,[1] having all authority of a trustee under Chapter 11 of the Bankruptcy Code, but nevertheless limited by the following directives, including in the operation of any entity where Debtor has an ownership interest, managerial authority, or control directly or indirectly:

(a)      Cause the Debtor to immediately close all pre-petition bank accounts, including business bank accounts, and open new "debtor in possession" bank accounts and deposit all money of the estate in the same and adopt any necessary controls, in the judgment of the interim trustee, to prevent fraud or dissipation of such property and in the conduct of Debtor's businesses and personal expenses, regardless of whether Debtor is characterized as an owner, officer, employee, or consultant, and including whether the Debtor engages in transactions outside of the ordinary course of business.

(b)      Hire a qualified person, as soon as practicable, who is licensed under appliable insurance laws and regulations to bring Debtor's businesses in compliance with the same.

---

[1] Mr. Holber is appointed as trustee in the case of *In re* National Brokers of America, Inc., Case No. 19-15488-PMM, and has a conflict of interest as a result.

(c)      Hire a qualified person, as soon as practicable, to bring Debtor's businesses into compliance with Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. and Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 et seq. ("UTPCPL").

(d)      Consult with independent counsel and redetermine, in good faith and as soon as practicable, Debtor's employment, or whether Debtor's employment responsibilities can be reassigned, or both, to avoid any entanglements with insurance laws and regulations and Pennsylvania's Wage Payment and Collection Law, the Federal Fair Labor Standards Act, and the UTPCPL.

(e)      Immediately begin investigation, with the interim examiner, whether relief under 11 U.S.C. §§ 541 to 562, including avoidance and fraudulent transfer claims, needs to be commenced.

(f)      Immediately begin investigation, with the interim examiner, whether the Debtor is running his personal expenses through any of his businesses.

(g)      Give a copy of the Court's order to any person that pays Debtor any income, regardless of amount, including Alan Redmond Charitable Foundation, National Brokers of America, Inc., Bene Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group, LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and QuickHealth Care.

(h)      Reasonably assist the Debtor in compliance with this Order.

(i)      Apply to this Court for the appointment of counsel or to serve as counsel of the estate.

(2)    The United States Trustee is ordered to immediately appoint an interim examiner, having

all authority of an examiner under Chapter 11 of the Bankruptcy Code to the extent not inconsistent with this Order.

(3)     Application can be made to this Court for an order to fix the compensation of the interim trustee and interim examiner and for any clarification of the authority of the interim trustee and interim examiner.

**Part 2.          Concerning Alan Christopher Redmond.**

(1)     Alan Christopher Redmond must cooperate with the interim trustee, and interim examiner, to the same extent as if they had been appointed under 11 U.S.C. § 1104 and to abide by 11 U.S.C. §§ 521, 1107 and any other provision of the Bankruptcy Code applicable to a debtor-in-possession.

(2)     Alan Christopher Redmond must immediately disclose true and correct copies of his federal income tax returns from the past six years to the interim trustee and interim examiner or certify, under penalty of perjury, whether any exist in whole or in part.

(3)     Alan Christopher Redmond is prohibited from accepting any income in cash, regardless of the source of that income or how that income is characterized by him or by persons advising him, and that all such income must be directly deposited into the designated Chapter 11 debtor-in-possession account established by the interim trustee.

(4)     Without obtaining written leave from the interim trustee and having made full disclosure of all material facts, Alan Christopher Redmond is prohibited from paying in cash any expenses or debts, whether of himself, of his businesses, or of any other person.

(5)     Without obtaining written leave from the interim trustee and having made full disclosure of all material facts, Alan Christopher Redmond is prohibited from, directly or indirectly through third persons, engaging in any transfer outside of the ordinary course of business of the estate or of any businesses in which he has an ownership interest, managerial authority, or control or formed

a partnership. The "ordinary course of business" should be given the same meaning as judicially construed in 11 U.S.C. § 363(b).

(6)     Without obtaining written leave from the interim trustee and having made full disclosure of all material facts, Alan Christopher Redmond is prohibited from, directly or indirectly through third persons (including Arthur W. Walsh, Jr. and Jesus Barrios), engaging in any transfer of property relating to Alan Redmond Charitable Foundation, Bene Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group, LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and QuickHealth Care.

(7)     Alan Christopher Redmond must immediately disclose his Social Security Number, date of birth, place of birth, and U.S. passport number to and surrender all his passports to the Clerk of Court. Alan Christopher Redmond may apply to the Court for the return of such passports, and to be removed from the passport lockout program by the U.S. Department of State, after fully complying with the disclosure of all schedules, financial statements and other documents required under the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, and with all examinations under the meeting of creditors, 11 U.S.C. §§ 341(a), 343, and all Rule 2004 examinations.

(8)     The Court will submit a letter to the U.S. Department of State, Office of Adjudication, requesting Alan Christopher Redmond be placed in the passport lockout program until he has complied with this Order.

(9)     The time for Alan Christopher Redmond to begin performing his obligations to submit information in accordance with Bankruptcy Rules 1007(a)(2) and 1007(c) has now begun as of the entry of this Order on the docket.

(10)     Alan Christopher Redmond must immediately provide a copy of this Order to his spouse,

Shannon Kroemmelbein, and to all his officers, agents, servants, employees, and attorneys.

**Part 3.**      **Concerning Third Persons Dealing with Alan Christopher Redmond.**

(1)      It is ordered that any person that receives notice of this Order and pays money to Alan Christopher Redmond for any reason is prohibited from, directly or indirectly, paying him in cash and from paying in cash to any member of his family or any person acting on his behalf.

(2)      It is ordered that any person in which Alan Christopher Redmond has an ownership interest, or where he has managerial authority, or where he exercises control or formed a partnership, must reasonably cooperate with the interim trustee in this case. This provision applies regardless of whether Alan Christopher Redmond is characterized as an officer, employee, independent contractor, or consultant.

(3)      In addition to any other person who receives notice, the persons subject to this Part include, but are not limited to, the following: Arthur W. Walsh, Jr., Jesus Barrios, Alan Redmond Charitable Foundation, National Brokers of America, Inc., Bene Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group, LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and QuickHealth Care.

**Part 4.**      **Concerning Officers, Agents, Servants, Employees, and Attorneys of Alan Christopher Redmond.**

If having received notice of this Order, all officers, agents, servants, employees, and attorneys of Alan Chirstopher Redmond may not knowingly do the following:

(1)      Aid or assist Alan Christopher Redmond, directly or indirectly, in violating this Order.

(2)      Aid or assist Alan Christopher Redmond, directly or indirectly, in operating any business under the name of another person, including Arthur W. Walsh, Jr.

(3)      Aid or assist Alan Christopher Redmond, directly or indirectly, in violating Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, et seq., and the Federal Fair Labor Standards

Act, 29 U.S.C. § 201 et seq., and associated regulations.

(4)     Aid or assist Alan Christopher Redmond, directly or indirectly, in violating the Insurance

Department Act of 1921, 40 P.S. § 310.1, et seq., and associated regulations.

**Part 5.          Concerning Shannon Kroemmelbein and Alan Christopher Redmond Foundation in Particular.**

(1)     Without obtaining written leave from the interim trustee and having made full disclosure

of all material facts, Shannon Kroemmelbein is prohibited from transferring, or further

encumbering, the real property situated at 2 High Road, Wyomissing, PA 19610, and from directly

or indirectly assisting the Debtor in violating the Court's Order.

(2)     Without obtaining written leave from the interim trustee and having made full disclosure

of all material facts, the Alan Redmond Charitable Foundation is prohibited from transferring any

assets.

**Part 6.          Concerning Current and Former Counsel.**

Norman M. Valz, Esquire, and any current or former counsel of Alan Christopher

Redmond who receive notice of this Order are ordered to preserve, until further order of court and

to the extent of counsel's possession or control, Mr. Redmond's client file and any other records,

including financial records, relating to any person where Mr. Redmond has an ownership interest,

managerial authority (regardless of Mr. Redmond's title), or control, or had formed a partnership.

**Expiration of Certain Provisions.**

The provisions in Parts 1 through 6 of this Order shall expire within 14 days unless, for

good cause, the Court extends the same by separate order.

**BE IT FURTHER ORDERED** that the following provisions are final and do not expire:

That any person adversely affected by this Order may apply to the Court for relief.

That Alan Christopher Redmond and Norman M. Valz are directed to attend the

preliminary injunction hearing to be scheduled by separate court order and to comply with

Bankruptcy Rule 1011(b) not later than two business days before such hearing.

That Alan Christopher Redmond is directed to obtain leave of this Court before hiring any

disinterested attorney for representation in this case, either for himself or for any of his businesses,

including the Alan Redmond Charitable Foundation, National Brokers of America, Inc., Bene

Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group,

LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and

QuickHealth Care. No current or former counsel of Alan Christopher Redmond may violate this

provision.

That, within seven days of the entry of this Order on the docket, Alan Christopher Redmond

must file on the docket a full disclosure of all names and addresses of his creditors.

That Petitioners, and their counsel, at their discretion and own expense may cause this

Order to be published, in whole or in part, and request members of the public to report any

violations to their counsel.

BY THE COURT

By:   _____
Hon. _____ , *J.*