United States Bankruptcy Court

Eastern District of Pennsylvania

| In re: | Case No. 24-13093-pmm |
|---|---|
| Alan Christopher Redmond | Chapter 11 |
| Debtor | |

# CERTIFICATE OF NOTICE

| District/off: 0313-4 | User: admin | Page 1 of 1 |
|---|---|---|
| Date Rcvd: Sep 10, 2024 | Form ID: pdf900 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol** **Definition**

+        Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

#        Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 12, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | #+ | Alan Christopher Redmond, 2005 Regency Drive, Wyomissing, PA 19610-2712 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 12, 2024          Signature:          /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 10, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| JOEL A. READY | on behalf of Petitioning Creditor Cornerstone Law Firm  LLC joel@cornerstonelaw.us |
| JOEL A. READY | on behalf of Petitioning Creditor Jason Scott Jordan joel@cornerstonelaw.us |
| JOEL A. READY | on behalf of Petitioning Creditor Ethan Shalter joel@cornerstonelaw.us |
| United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |

TOTAL: 4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093 (PMM) |
| | Involuntary Chapter 11 |

**ORDER GRANTING TEMPORARY RESTRAINING
ORDER AND SCHEDULING HEARING TO
CONSIDER THE IMPOSITION OF A PRELIMINARY
INJUNCTION**

AND NOW, upon consideration of the Emergency Motion for Special Relief (doc. #10, the "Motion"), the Court enters this Order, without notice, and in compliance with Fed. R. Civ. P. 65(d)(1) to "state the reasons" why this Order issued, the Court provides as follows:

An Involuntary Chapter 11 Petition was filed on September 3, 2024, by petitioning creditors Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter.

Petitioner Jason Scott Jordan obtained a civil judgment against Alan Christopher Redmond for $13,105,197.20, together with postjudgment interest at the legal rate, in the Berks County Court of Common Pleas at Docket No. 14-17117, and which judgment was affirmed on direct appeal in *National Brokers of America, Inc. v. Jordan*, 307 A.3d 1206 (Pa. Super. Ct. 2023). Notwithstanding the judgment, Mr. Redmond caused the filing of articles of incorporation for a Pennsylvania nonprofit corporation, the Alan Christopher Redmond Foundation, File No. 0003613454 in the Pennsylvania Department of State, Bureau of Corporations and Charitable Organizations. Attorney Norman M. Valz is the registered agent for such nonprofit corporation and its official address is 8 Morgan Drive, Reading, PA 19608 — a property owned by ARC Realty, LLC. Before December 4, 2021, Alan Christopher Redmond was the sole owner of ARC Realty, LLC. At some point after Mr. Redmond married Shannon Kroemmelbein on December 4,

2021, and notwithstanding trial in the Berks County Court of Common Pleas, he purportedly reconveyed his interest in ARC Realty, LLC to himself and his wife as tenants by the entireties. Shannon Kroemmelbein then obtained financing for $2,800,000.00 for real property titled in her own name at 2 High Road, Wyomissing, in Pennsylvania. Neither Mr. Redmond nor Ms. Kroemmelbein reside at such property.

On August 31, 2021, at Docket No. 14-17177, the Berks County Court of Common Pleas entered an order, sanctioning Alan Christopher Redmond for refusing to give full and complete answers regarding his personal wealth during a deposition and for refusing to attend a subsequent deposition intended to cure the violations from the prior deposition. In rendering a decision and verdict on the merits, the Berks County Court of Common Pleas found, among other things, that Mr. Redmond ran his personal expenses through National Brokers of America, Inc. (NBOA) and had misappropriated an aggregate of $15,496,492 from NBOA and Bene Market, LLC, and that Mr. Redmond had wired $56,000.00 from NBOA to his mother, who lives overseas. The court awarded Jason Scott Jordan compensatory damages in the amount of $8,105,197.20 for the misappropriation and punitive damages in the amount of $5,000,000.00. Following the entry of judgment, and after a stay pending appeal was lifted by the Superior Court of Pennsylvania, Jason Scott Jordan propounded interrogatories in aid of execution on Alan Christopher Redmond. With the assistance of Norman M. Valz, Esquire, and despite submitting his answers under penalty of perjury, Mr. Redmond refused to disclose the sources of his income, withheld disclosure of ARC Realty, LLC, Alan Christopher Redmond Foundation, and Seguro Medico, LLC, and began transferring assets out of Bene Market, LLC, another entity that he created. In the same answers, Mr. Redmond represented that he does not own any bank accounts and that he was unable to pay the judgment, having a negative net worth of $6,703,613.56.

Jason Scott Jordan has received no payments on his civil judgment and Mr. Redmond did not identify any assets sufficient to pay the judgment.

The Court has received evidence in the nature of an affidavit from Ethan Shalter which, if true, tends to show that Alan Christopher Redmond is or has recently engaged in the business of selling insurance policies through Seguro Medico, LLC, holding himself out as President of such company. The same evidence, if true, tends to show that Mr. Redmond is employing persons to solicit future policyholders and these employees are not licensed under Pennsylvania's Insurance Department Act of 1921 and is regularly not complying with Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. Mr. Redmond is further alleged to be doing business under the names of Arthur W. Walsh, Jr. and Jesus Barrios. The Court additionally reviewed insurance licensure adjudications, while Mr. Redmond was in control of NBOA and directed its business and affairs, in the cases of *State of Nebraska v. William Corchado*, No. A-2102 (Nebraska Department of Insurance) and *In re National Broers of America*, No. INS 18-04 (South Dakota Department of Labor and Regulation). In the latter case, NBOA's license to sell insurance policies in the State of South Dakota was revoked.

The Court has received evidence of delinquent tax liens filed against Mr. Redmond.

In *Complete Business Solutions Group, Inc. v. Alan Christopher Redmond*, C.A. No. 220202794, in the Philadelphia Court of Common Pleas, the plaintiff alleges that NBOA and Bene Market, LLC defaulted on more than $35.2 million in loans and Mr. Redmond personally guaranteed the same. In the foreclosure action of *WBL SPO II, LLC v. Alan Christopher Redmond*, C.A. No. 23-13390, in the Berks County Court of Common Pleas, a mortgagee alleges that Seguro Medico, LLC defaulted on a secured loan that Mr. Redmond had personally guaranteed. In these, and in other suits where Mr. Redmond is a party, he has filed an answer to the complaint and has

denied liability, the amount owed, or both.

Alan Christopher Redmond has dual citizenship in the United States of America and in the United Kingdom, and possesses the means, motive, and opportunity to reduce assets of the estate to cash and remove the same from the jurisdiction of the United States.

Based on the foregoing, the Court agrees that an emergency exists. The Petitioners have a likelihood of success on the merits of an order for relief under 11 U.S.C. § 303, a likelihood of irreparable harm in the absence of preliminary relief, the balance of equities tips in favor of granting rather than refusing preliminary relief, and an injunction is in the public interest.

The Court finds that Jason Scott Jordan and Cornerstone Law Firm, LLC, as judgment creditors, were already entitled under Pennsylvania law, Pa. R.C.P. 3117, to receive the same information Alan Christopher Redmond must disclose within an involuntary Chapter 11 proceeding following the entry of an order for relief. As a result, Mr. Redmond is not harmed by an order to begin the clock for disclosing such information under Fed. R. Bankr. P. 1007 notwithstanding the fact that he has not yet answered the Involuntary Petition and no order for relief is entered at this time.

The Court judicially notices its own docket and papers at ECF Nos. 189 and 190 in the case of *In re National Brokers of America*, Case No. 19-15488-PMM, which were filed on behalf of Mr. Redmond. There, Mr. Redmond seeks reimbursement of $95,228.93 in attorneys' fees and provided invoices from his counsel, paying hourly rates as high as $825.00, relating to six attorneys. The documentation includes a Certification from Attorney David Heim of Bochetto & Lentz, P.C., which reads in part, "Mr. Valz's payment arrangements are that he is paid a flat fee on a bi-weekly basis for thirty hours of billable work . . ." This arrangement is consistent with that of an employee-employer relationship. The Court finds that judicial supervision over the retention

of attorneys by Alan Christopher Redmond in this case is appropriate even though no order for relief has been entered.

The Court finds that Norman M. Valz, Esquire, is a member of the Bar of this Court and his attendance at the forthcoming preliminary injunction hearing is material to the emergency relief requested by the Petitioners, including whether his attorney-client privilege should be overridden.

Accordingly, it is **ORDERED**, as specified below, that the Motion is **granted in part and denied in part.** Any requirement of Petitioners to post a bond is waived:

**Part 1.**          **Concerning the United States Trustee and the Interim Trustee and Interim Examiner.**

The appointment of an interim trustee, on an emergency basis before the entry of an order for relief, is only authorized under 11 U.S.C. § 303(g) in an involuntary Chapter 7 proceeding. Given that the instant matter has been filed as an involuntary petition under Chapter 11, the petitioner must seek the appointment of a Trustee and/or an Examiner in this case in accordance with 11 U.S.C. §1104 which requires notice and hearing. Given that the instant motion is being filed prior to an order for relief having been entered in this case, the Court is not authorized by the statute to grant such relief at this time.

Accordingly, Movant's request for an Interim Trustee and Interim Examiner is **DENIED**.

_____

**Part 2. Concerning Alan Christopher Redmond.**

It is hereby **ordered** that:

(1)    Alan Christopher Redmond is prohibited from accepting any income in cash, regardless of the source of that income or how that income is characterized by him or by persons advising him.

(2)    Without obtaining written leave from this Court and having made full disclosure of all material facts, Alan Christopher Redmond is prohibited from paying in cash any expenses or debts, whether of himself, of his businesses, or of any other person.

(3)    Without obtaining written leave from this Court and having made full disclosure of all material facts, Alan Christopher Redmond is prohibited from, directly or indirectly through third persons, engaging in any transfer outside of the ordinary course of business of the estate or of any businesses in which he has an ownership interest, managerial authority, or control or formed

a partnership. The "ordinary course of business" should be given the same meaning as judicially construed in 11 U.S.C. § 363(b).

(4)    Without obtaining written leave from this Court and having made full disclosure of all material facts, Alan Christopher Redmond is prohibited from, directly or indirectly through third persons (including Arthur W. Walsh, Jr. and Jesus Barrios), engaging in any transfer of property relating to Alan Redmond Charitable Foundation, Bene Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group, LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and QuickHealth Care.

(5)    The time for Alan Christopher Redmond to begin performing his obligations to submit information in accordance with Bankruptcy Rules 1007(a)(2) and 1007(c) has now begun as of the entry of this Order on the docket.

(6)    Alan Christopher Redmond must immediately provide a copy of this Order to his spouse,

Shannon Kroemmelbein, and to all his officers, agents, servants, employees, and attorneys.

**Part 3.** **Concerning Third Persons Dealing with Alan Christopher Redmond.**

It is further **ordered** that:

(1)  Any person who receives notice of this Order and pays money to Alan Christopher Redmond for any reason is prohibited from, directly or indirectly, paying him in cash and from paying in cash to any member of his family or any person acting on his behalf.

(2)  In addition to any other person who receives notice, the persons subject to this Part include, but are not limited to, the following: Arthur W. Walsh, Jr., Jesus Barrios, Alan Redmond Charitable Foundation, National Brokers of America, Inc., Bene Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group, LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and QuickHealth Care.

**Part 4.** **Concerning Officers, Agents, Servants, Employees, and Attorneys of Alan Christopher Redmond.**
It is further **ordered** that:

If having received notice of this Order, all officers, agents, servants, employees, and attorneys of Alan Christopher Redmond may not knowingly do the following:

(1)  Aid or assist Alan Christopher Redmond, directly or indirectly, in violating this Order.

(2)  Aid or assist Alan Christopher Redmond, directly or indirectly, in operating any business under the name of another person, including Arthur W. Walsh, Jr.

(3)  Aid or assist Alan Christopher Redmond, directly or indirectly, in violating Pennsylvania's Wage Payment and Collection Law, 43 P.S. § 260.1, et seq., and the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and associated regulations.

(4)  Aid or assist Alan Christopher Redmond, directly or indirectly, in violating the Insurance Department Act of 1921, 40 P.S. § 310.1, et seq., and associated regulations.

**Part 5. Concerning Shannon Kroemmelbein and Alan Christopher Redmond
Foundation in Particular.**

It is further **ordered** that:

(1)    Without obtaining written leave from this Court and having made full disclosure of all

material facts, Shannon Kroemmelbein is prohibited from transferring, or further encumbering, the

real property situated at 2 High Road, Wyomissing, PA 19610, and from directly or indirectly

assisting the Debtor in violating the Court's Order.

(2)    Without obtaining written leave from this Court and having made full disclosure of all

material facts, the Alan Redmond Charitable Foundation is prohibited from transferring any assets.

**Part 6.        Concerning Current and Former Counsel.**

Norman M. Valz, Esquire, and any current or former counsel of Alan Christopher

Redmond who receive notice of this Order are **ordered** to preserve, until further order of court and

to the extent of counsel's possession or control, Mr. Redmond's client file and any other records,

including financial records, relating to any person where Mr. Redmond has an ownership interest,

managerial authority (regardless of Mr. Redmond's title), or control, or had formed a partnership.

**Expiration of Certain Provisions.**

The provisions in Parts 1 through 6 of this Order shall expire within 14 days unless, for

good cause, the Court extends the same by separate order.

**IT IS FURTHER ORDERED** that the following provisions are final and do not expire:

1)   Any person adversely affected by this Order may apply to the Court for relief;

2)   That Alan Christopher Redmond and Norman M. Valz are directed to attend

   the preliminary injunction hearing and to comply with Bankruptcy Rule 1011(b) not

   later than two business days before such hearing.

3)   Alan Christopher Redmond is directed to obtain leave of this Court before hiring any

   disinterested attorney for representation in this case, either for himself or for any of his

businesses, including the Alan Redmond Charitable Foundation, National Brokers of America, Inc., Bene Market, LLC, ARC Realty, Inc., The Leads House, Seguro Medico, LLC, The Redmond Group, LLC, Redmond Marking, LLC, Redmond Group Investments, LLC, Benefits Now, and QuickHealth Care. No current or former counsel of Alan Christopher Redmond may violate this provision.

4) Within seven days of the entry of this Order on the docket, Alan Christopher Redmond must file on the docket a full disclosure of all names and addresses of his creditors.

5) Petitioners, and their counsel, at their discretion and own expense may cause this Order to be published, in whole or in part, and request members of the public to report any violations to their counsel.

It is further **ordered** that a hearing to consider the Motion and the imposition of a preliminary injunction shall take place on **Wednesday, September 18, 2024 at 10:00 a.m.** in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania, 19601.

BY THE COURT

Dated:  September 10, 2024

Hon. Patricia M. Mayer
U.S. Bankruptcy Judge