**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | : |
| | : **INVOLUNTARY CHAPTER 11** |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : |
| Debtor. | : **Bankruptcy No. 24-13093 (PMM)** |
| | : |

**EXPEDITED APPLICATION OF ALAN CHRISTOPHER REDMOND TO RETAIN
CIARDI CIARDI & ASTIN AS COUNSEL**

Alan Christopher Redmond ("Putative Debtor"), by and through his undersigned

proposed attorneys, hereby files this application Requesting this Honorable Court to end an order

authorizing the retention of Ciardi Ciardi & Astin ("CC&A") as counsel to represent the Putative

Debtor (the "Application") and respectfully avers as follows:

**BACKGROUND AND RELIEF REQUESTED**

1.      On September 3, 2024, an involuntary chapter 11 petition (the "Involuntary

Petition") was filed against Putative Debtor by Jason Scott Jordan, Cornerstone Law Firm, LLC

and Ethan Shalter (collectively, the "Petitioning Creditors").

2.      Simultaneously with the filing of the Involuntary Petition, the Petitioning Creditors

filed an Ex Parte Motion for Special Relief[1] requesting that this Court grant a temporary restraining

order (the "TRO Motion").

3.      The TRO Motion requested the Bankruptcy Court to enter an ex parte temporary

restraining order severely limiting the Putative Debtor's activity.  Attached to the TRO Motion

were a number of exhibits including an affidavit of Ethan Shalter (the "Shalter Affidavit"), a

---

[1] Upon review of the docket, a motion to seal the record was also filed on September 3, 2024 but that motion was
denied and an order was entered on the docket on September 4, 2024 requiring the TRO Motion to be filed on the
docket.

former employee of Seguro Medico, LLC.

4. In reliance on the documents attached to the TRO Motion, including the Shalter Affidavit, on September 10, 2024, this Honorable Court entered an order granting in part the TRO Motion (the "Restraining Order") pending a preliminary injunction hearing scheduled for Wednesday September 18, 2024 at 10:00 a.m.

5. The Restraining Order provides, *inter alia*, that "…the Court finds that judicial supervision over the retention of attorneys by Alan Christopher Redmond in this case is appropriate even though no order for relief has been entered."

6. The Restraining Order also provides, *inter alia*, that: Alan Christopher Redmond is directed to obtain leave of this Court before hiring any disinterested attorney for representation in this case, either for himself or for any of his Businesses . . . . No current or former counsel of Alan Christopher Redmond may violate this provision... .

7. To the best of the Putative Debtor's knowledge, and except as otherwise disclosed in the Declaration of Albert A. Ciardi III filed concurrently herewith (the "Ciardi Decl."), CC&A does not hold or represent any interest adverse to the Putative Debtor and is a "disinterested person" as that phrase is defined in section 101 (14) of the Bankruptcy Code.

8. As set forth in the Ciardi Decl., CC&A will charge its regular hourly rates for services performed in this case. Currently, CC&A's regularly hourly rates range from $300.00 to $625.00 for attorneys. The principal attorneys presently designated to represent the Putative Debtor are all members of the Bar of this Court and their current standard hourly rates for representing the Putative Debtor are as follows:

    a. Albert A. Ciardi, III   $625.00 per hour

    b. Nicole M. Nigrelli   $525.00 per hour

    c.  Walter W. Gouldsbury III   $525.00 per hour

9.    CC&A was retained by the Putative Debtor for this case and other matters and received a retainer of $10,000 on September 11, 2024 for the other matters unrelated to this involuntary case prior to Putative Debtor being served with the Restraining Order[2] and being provided notice of the terms thereof. CC&A reserves the right to seek and request additional retainer amounts if its Application is approved.

10.    In accordance with the Restraining Order, Putative Debtor seeks an order from this Court authorizing the retention of CC&A to represent him in this case with respect to, among other matters, the Motion to Dismiss.

<u>**CONCLUSION**</u>

Based on the foregoing, Putative Debtor requests entry of an Order approving the retention of CC&A to represent Putative Debtor in this case.

Dated: September 13, 2024
       Philadelphia, Pennsylvania

ALAN CHRISTOPHER REDMOND

---

[2] Putative Debtor contests that the Restraining Order was properly served and reserves all rights with respect thereto.