**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | : |
| | : **INVOLUNTARY CHAPTER 11** |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : |
| **Debtor.** | : **Bankruptcy No. 24-13093 (PMM)** |
| | : |

**DECLARATION OF ALBERT A. CIARDI III IN SUPPORT OF EXPEDITED
APPLICATION OF ALAN CHRISTOPHER REDMOND
TO RETAIN CIARDI CIARDI & ASTIN AS COUNSEL**

I, Albert A. Ciardi III, Esquire, of full age, being duly sworn according to law, hereby declare as follows:

1.      I am a member of Ciardi Ciardi & Astin ("CC&A"), which maintains offices for the practice of law at 1905 Spruce Street, Philadelphia, PA 19103.  I am an attorney at law, duly admitted and in good standing to practice in the Commonwealth of Pennsylvania and the States of Florida and New Jersey.

2.      I submit this declaration (the "Declaration") in connection with, and in support of, the *Expedited Application of Alan Christopher Redmond to Retain Ciardi Ciardi & Astin as Counsel* (the "Application").[1]

3.      Except as set forth herein, neither I, CC&A, nor any partner or associate thereof, insofar as I have been able to ascertain, has any connection with the Putative Debtor, the Petitioning Creditors, or any other known party in interest herein, or their respective attorneys and

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

accountants, the United States Trustee or any person employed in the Office of the United States Trustee.

4.      CC&A systematically maintains and updates its conflicts check system in the regular course of business.

5.      CC&A employs approximately 8 lawyers, has a diverse legal practice that encompasses numerous commercial entities, some of which may be claimants or otherwise have an interest in these proceedings. CC&A may have in the past represented, currently represent, and may in the future represent, certain entities that are claimants or potential claimants of the Debtor, or other parties in interest, in matters wholly unrelated to this chapter 7 case and their respective claims or potential claims against the Debtor. Furthermore, CC&A appears in cases, proceedings and transactions involving various attorneys, accountants, financial consultants and investment bankers, some of which now, or may in the future, represent or themselves be claimants or parties in interest in this case. Notwithstanding the foregoing, CC&A has not and will not represent such entities with respect to this case and their respective claims against the Putative Debtor. CC&A has not (and will not have) any relationship with any such entity that would be adverse to the Putative Debtor.

6.      Based upon the foregoing, I do not believe that CC&A either holds or represents any disqualifying interest adverse to the Putative Debtor, his creditors or other parties in interest. Also, CC&A is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

7.      CC&A intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of service charges, expenses and disbursements incurred by

CC&A in connection with this case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court (the "Local Rules") and any Order of the Court.

8.     Other attorneys and paraprofessionals may from time to time serve the Chapter 7 Trustee in connection with the matters herein described. CC&A will charge its regular hourly rates for services performed in this case. Currently, CC&A's regularly hourly rates range from $300.00 to $625.00 for attorneys.  The principal attorneys presently designated to represent the Putative Debtor are all members of the Bar of this Court and their current standard hourly rates for representing the Putative Debtor are as follows:

    a.  Albert A. Ciardi, III   $625.00 per hour

    b.  Nicole M. Nigrelli     $525.00 per hour

    c.  Walter W. Gouldsbury III    $525.00 per hour

9.     CC&A was retained by the Putative Debtor for this case and other matters and received a retainer of $10,000 on September 11, 2024 for the other matters unrelated to this involuntary case prior to Putative Debtor being served with the Restraining Order[2] and being provided notice of the terms thereof.

10.     The hourly rates set forth above are CC&A's current regular hourly rates for work of this nature and are normally subject to periodic adjustments to reflect economic and other conditions which adjustments usually take place annually.  These rates are set at a level designed to fairly compensate CC&A for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Such hourly rates do not include charges for non-legal personnel,

---

[2] Putative Debtor contests that the Restraining Order was properly served and reserves all rights with respect thereto.

including word processing, clerical, proofreading and secretarial staff. It is CC&A's policy to charge its clients for all other services provided and for disbursements and expenses incurred in relation thereto. These disbursements and expenses include, among other things, charges for telephone and facsimile usage, photocopying, travel, business meals, computerized research, messengers, couriers, postage, witness fees and fees related to trials and hearings. CC&A will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients. CC&A believes it is more equitable to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

11.     No promises have been rendered by or to CC&A as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code. CC&A has no agreement with any other person (other than customary arrangement among the partners of CC&A) for the sharing of compensation to be received by CC&A in connection with services rendered in this case.

12.     CC&A reserves the right to supplement this Declaration should it discover further pertinent relationships that require disclosure in this case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Dated: September 13, 2024                    /s/ Albert A. Ciardi III
                                             Albert A. Ciardi III