### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : **INVOLUNTARY CHAPTER 11** |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : |
| Debtor. | : **Bankruptcy No. 24-13093 (PMM)** |
| | : |

### ANSWER OF ALAN CHRISTOPHER REDMOND TO THE INVOLUNTARY CHAPTER 11 PETITION PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 1011

Alan Christopher Redmond, by and through his undersigned proposed attorneys, hereby files this Answer to the Involuntary Chapter 11 Petition, and respectfully avers as follows:

### BACKGROUND

1. On September 3, 2024, an involuntary chapter 11 petition (the "Involuntary Petition") was filed against Alan Christopher Redmond (the "Putative Debtor") by Jason Scott Jordan, Cornerstone Law Firm, LLC and Ethan Shalter (collectively, the "Petitioning Creditors").

2. As required by Official Form 105, the Involuntary Petition includes a statement from each of the Petitioning Creditors that they each hold a claim that is non-contingent and undisputed against the Putative Debtor and the amount of each claim[1] (the "Petitioning Creditors Statement"). *See* D.N 2.

3. Simultaneously with the filing of the Involuntary Petition, the Petitioning Creditors

---

[1] Jason Scott Jordan alleges he holds a non-contingent undisputed claim against the Putative Debtor in the amount of $13,105,197.20; Cornerstone Law Firm, LLC holds a non-contingent undisputed claim against the Putative Debtor in the amount $10, 484.50 and Ethan Shalter holds a non-contingent undisputed claim against the Putative Debtor in the amount of $1,036.00. The Petitioning Creditors Statement alleges that the Putative Debtor has less than twelve creditors; this is incorrect and a quick read of the TRO Motion, defined *infra*, supports that the Debtor has twelve or more creditors.

1

filed an Ex Parte Motion for Special Relief[2] requesting that this Court grant a temporary restraining order (the "TRO Motion"). In reliance on the documents attached to the TRO Motion, this Honorable Court entered an order granting in part the TRO Motion (the "Restraining Order").

4.    The Bankruptcy Code's requirements for commencing an involuntary petition are set forth in section 303(b) of the Bankruptcy Code. *See* 11 U.S.C. § 303(b). Section 303(b)(1) requires that in cases where there are twelve (12) or more creditors of the putative debtor, at least three (3) qualifying creditors that hold non-contingent, undisputed, unsecured claims in an aggregate amount of at least $18,600 join as petitioning creditors to collectively file the involuntary petition. 11 U.S.C. § 303(b)(1).

5.    Here, the filing of this Involuntary Petition was filed with less than the requisite number of creditors and therefore must be dismissed.

6.    Simultaneously herewith, the Putative Debtor is filing an Expedited Motion to (I) Dismiss the Involuntary Chapter 11 Petition as a Bad Faith Filing, (II) Vacate the Temporary Restraining Order as entered by this Court on September 10, 2024, (III) require Jason Scott Jordan, Cornerstone Law Firm, LLC and Ethan Shalter to post a bond pursuant to 11 U.S.C. § 303(e), and (IV) Award Punitive damages against Jason Scott Jordan, Cornerstone Law Firm, LLC and Ethan Shalter (the "Motion to Dismiss").

7.    As set forth in detail in the Motion to Dismiss, there are not at least three petitioning creditors. One of the Petitioning Creditors, Ethan Shalter ("Shalter"), acknowledged in signed documents that (1) he was an employee of someone other than the Putative Debtor, and (2) that he received his final paycheck and was not owed **any money**.

---

[2] Upon review of the docket, a motion to seal the record was also filed on September 3, 2024 but that motion was denied and an order was entered on the docket on September 4, 2024 requiring the TRO Motion to be filed on the docket.

8. Since Shalter does not have any bona fide claim against the Putative Debtor, there are not the requisite creditors needed to initiate the Involuntary Bankruptcy.

9. Without at least three petitioning creditors with bona fide claims, the requirements set forth in section 303(b)(1) of the Bankruptcy Code are not met. As such, the Involuntary Petition must be dismissed.

WHEREFORE, Alan Christopher Redmond respectfully requests this Honorable Court to immediately dismiss the bankruptcy and vacate the Restraining Order.

**CIARDI CIARDI & ASTIN**

Dated: September 13, 2024      By: _____
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(T) (215) 557-3550
(F) (215) 557-3551
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
*Proposed Attorneys for Alan Christopher Redmond*