**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**PETITIONERS' BRIEF IN OPPOSITION TO DEBTOR'S MOTION TO DISMISS, ETC., at ECF NO. 20**

Petitioner Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, file this Brief in opposition to Debtor's Expedited Motion to Dismiss the Involuntary Chapter 11 Petition, Etc., at ECF No. 20

**FACTS**

**I.      Debtor's Unsubstantiated Allegations of Having 12 or More Creditors in Violation of Bankruptcy Rules 1003(b) and 1008.**

At ECF No. 19, the Debtor filed an Answer that avers the existence of 12 or more creditors. The Answer contains no verification by the Debtor under penalty of perjury or in accordance with Bankruptcy Rule 1008. Contrary to Bankruptcy Rule 1003(b), the Answer does not contain a list which includes the names and addresses of Debtor's creditors together with an appropriate description of the nature of the claim and the amount owed and whether Debtor has a bona fide dispute as to liability or the amount owed.

**II.      Debtor's Unsubstantiated Allegations of Bad Faith.**

By motion to dismiss at ECF No. 20, Debtor alleges the Involuntary Petition was filed in bad faith. The following is offered in rebuttal and for purposes of estoppel, and Petitioning Creditors request judicial notice under Fed. R. Evid. 201.

**A.      Debtor Lied under Oath as to His Creditors in the Court of Common Pleas.**

In National Brokers of America, Inc. and Alan Christopher Redmond v. Jason Scott Jordan,

1

C.A. No. 14-17117 (the "Jordan Case"), in the Berks County Court of Common Pleas ("Common

Pleas"), Jordan propounded interrogatories in aid of execution. Redmond submitted an Answer

under penalty of perjury which failed to identify all his creditors. This included the following:

> 24.     Identify your mortgages, promissory notes, security agreements, surety agreements, personal guarantees, or unsecured loans. For each of the foregoing, specify whether you are the creditor or debtor.

> ANSWER:     Please refer to the PFS [Personal Financial Statement] statement previously submitted by Attorney [Norman] Valz to Attorney Reedy (sic). Please also refer to the Complaint in CBSG, Inc. d/b/a Par Funding v. Redmond, Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.

[Exhibit A]. The answer was verified by Redmond.

> By Supplemental Answers, Redmond provided the following:

> 24.     Identify your mortgages, promissory notes, security agreements, surety agreements, personal guarantees, or unsecured loans. For each of the foregoing, specify whether you are the creditor or debtor.

> ANSWER:     Please refer to the PFS [Personal Financial Statement] statement previously submitted by Attorney [Norman] Valz to Attorney Reedy (sic). Please also refer to the Complaint in CBSG, Inc. d/b/a Par Funding v. Redmond, Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel. By way of supplemental answer, the PFS supplied identifies the only real property Mr. Redmond owns—2005 Regency Drive, Wyomissing, PA 19610, and identifies the mortgage information concerning that property. The PFS statement therefore provides the information requested in this Interrogatory.

[Exhibit B]. This, too, was verified by Redmond.

As shown in the Personal Financial Statement, attached to the answers, Redmond did not

identify by name any creditors and disclosed he had a mortgage at 2005 Regency Drive, in

Wyomissing, but likewise did not identify by name the creditor. [See Exhibit C].

Based on the foregoing, Redmond lied under oath by materially omitting the existence of

12 or more creditors. He was obligated to identify his creditors and describe the nature of the claim,

2

and he chose not to.

**B.      Debtor Asked this Court to Give Him the Benefit of the Automatic Stay.**

Before the same judge of this Court is the case of *In re* National Brokers of America, Inc., Case No. 19-15488-PMM. The Court may judicially notice its own docket, at ECF No. 179, at Page 10-12, where NBOA asked the Court to extend the automatic stay for the benefit of Redmond. [Exhibit D]. Redmond controls NBOA and is its president. On the same docket, at ECF No. 189, Redmond motioned to intervene and **joined** in NBOA's request for extending the automatic stay for his protection. [Exhibit E, at 9]. By joining, Redmond therefore represents to this Court that he desires relief under the Bankruptcy Code.

**C.      Debtor Maintains the Court of Common Pleas Cannot Give Full, Fair, and Complete Relief for Any of His Creditors and Relief Must be Sought in Another Court.**

On September 4, 2024, in the Jordan Case, Redmond's counsel has (erroneously) told Common Pleas that it cannot grant any relief under the Uniform Voidable Transfers Act within a proceeding to execute on a judgment under Pa.R.C.P. 3118, where Redmond reconveyed his ownership in ARC Realty, LLC to himself and his wife as tenancies by the entireties for the purpose of avoiding his judgment to Jordan. As shown in Exhibit F, Redmond told Common Pleas, "As a matter of law, Jordan cannot obtain the 'charging orders' or other relief he seeks against either Arc [Realty, LLC] or Bene [Market, LLC], as detailed blow." [Exhibit F at 2]. ARC Realty, LLC "is owned by Redmond and his wife as tenants by entireties." [Id.]. And, by seeking to litigate a voidable transfer within an execution proceeding, Jordan "is attempting to lead this Court down an illegal and improper procedural path." [Id. at 4]. In the same paper, Redmond asked Common Pleas to refrain from executing on the judgment until this Court had rendered a decision whether to extend the automatic stay for his protection in the NBOA proceeding. [Id. at 4-5].

Redmond, therefore, maintains that Common Pleas cannot afford full, fair, and complete

3

relief for any of his creditors to the extent he made fraudulent transfers to avoid his creditors. For the record, Petitioning Creditors maintain that his recitation of Pennsylvania law in the Jordan Case is incorrect (see 12 Pa.C.S. § 5107(b)), but having made that contention, then Redmond admits that we were obligated to seek relief in another court. We followed his suggestion!

**III.     Offer of Proof: Ethan Shalter Will Testify He Did Sign the Separation Agreement.**

For purposes of attacking the Emergency Motion for Special Relief, Redmond submitted an affidavit by Tonya Hatmaker which exhibits a document, purportedly a separation agreement signed by Ethan Shalter which contains a release of claims. As an offer of proof under Fed. R. Evid. 104, Ethan Shalter will testify at the Emergency Hearing on September 18th that he did not sign that document and, rather, the same is a forgery. Given Redmond's pattern of lying under oath, the Court should not be surprised to find that he's associated with others who will.

<u>**STANDARD OF REVIEW**</u>

Responsive pleadings and motions to an involuntary petition must conform with Rule 12 of the *Federal Rules of Civil Procedure*. Fed. R. Bankr. P. 1011(b). Civil Rule 12(c) permits any party to move for judgment after the parties have filed the complaint and answer. Fed. R. Civ. P. 12(c). Like Rule 12(b)(6), Rule 12(c) motions are governed by the *Twombly/Iqbal* framework. Brautigam v. Fraley, 684 F. Supp. 2d 589, 591-92 (M.D. Pa. 2010) (citations omitted); Nat'l Liability & Fire Ins. v. Brimar Transit, Inc., 433 F. Supp. 3d 747, 758 (W.D. Pa. 2020) (citations omitted). Under the *Twombly/Igbal* framework, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Connelly v. Lane Constr. Corp., 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." Id. (citations and internal quotations deleted).

The moving party "bears the burden of showing no claim has been stated." <u>Gould Electronics, Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000) (citation omitted). "[T]o succeed, the moving party must demonstrate that there are no material issues of fact to be resolved." <u>Northern Ind. Gun & Outdoor Shows v. City of S. Bend</u>, 163 F.3d 449, 452 (7th Cir. 1998) (citations and internal quotations omitted). On a Rule 12(c) motion, courts must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." <u>Society Hill Civic Assoc. v. Harris</u>, 632 F.2d 1045, 1054 (3d Cir. 1980). The Court may judicially notice undisputedly authentic documents. <u>Pensions Benefit Guar. Corp. v. White Consol. Indus.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993); Fed. R. Evid. 201.

## **ARGUMENT**

Debtor's motion to dismiss at ECF No. 20, filed after he submitted an Answer and asking for dismissal without trial on the merits under Fed. R. Bankr. P. 1013(a), should be construed as a motion for judgment on the pleadings. Such motion raises two grounds: (1) whether Debtor has 12 or more creditors within the meaning of 11 <u>U.S.C.</u> § 303(b) and whether the Involuntary Petition lacks three qualified creditors; and (2) whether the Involuntary Petition should be dismissed under the "bad faith" standard.

I.      **Bankruptcy Law Unequivocally Disallows Pre-Trial Dismissal under the 12-Creditor-Rule and Debtor Failed to Obey Bankruptcy Rules 1003(b) and 1008 Where Filing an Unverified Answer without a List of His Creditors and an Appropriate Description Whether There is a Bona Fide Dispute over Such Claims or Amount Owed.**

Debtor filed an unverified Answer, averring the existence of 12 or more creditors but without including any list, and filed a Civil Rule 12 motion to dismiss on this basis at ECF No. 20. The Bankruptcy Code expressly prohibits pre-trial dismissal of an involuntary petition due to the requisite number of creditors: "After the filing of a petition under this section but before the case is dismissed or relief is ordered," a creditor with a qualified claim "may join in the petition with

5

the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section." 11 U.S.C. § 303(c). Debtor's Answer did not comply with Rules 1003(b) and 1008 of the *Federal Rules of Bankruptcy Procedure*:

> If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file **with the answer a list** of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

Fed. R. Bankr. P. 1003(b). As part of the "statement of the nature" of the creditors' claims, id., Debtor has to provide whether there is a "bona fide dispute" as to liability or amount. 11 U.S.C. § 303(b)(1). He must further disclose whether any of them are "insiders" or employees, or the transferee of an insider or employee. Id. § 303(b)(2). The "list" must be verified by Debtor. Fed. R. Bankr. P. 1008.

A motion for judgment as a matter of law, whether sounding in Civil Rule 12 or 56, is nevertheless denied where, as here, "The debtor has failed to comply with Bankruptcy Rule 1003([b]) and has not filed with the answer 'a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof." *In re* Braten, 73 B.R. 896, 898 (Bankr. S.D.N.Y. 1987). Additionally, "the list should be sworn to by the debtor, because Bankruptcy Rule 1008 states that all lists, as well as petitions, schedules and statements, must be verified." Id. Whether the Debtor has 12 or more creditors, with a qualified claim within the meaning of 11 U.S.C. § 303(b), is subject to discovery and, generally, trial on the merits under Fed. R. Bankr. P. 1013(a) unless there is no genuine issue of material fact. Braten, 73 B.R. at 898-900.

Petitioning Creditors are materially prejudiced by Debtor's failure to obey the rules of court, given Debtor's history of lying under oath. The Motion should be denied. Debtor has not

complied with the law in order to establish a genuine issue of material fact that he has 12 creditors with qualified claims under 11 U.S.C. § 303(b). Furthermore, Debtor offers no alternative argument why the Petition should be dismissed on the strength of Jason Scott Jordan as a judgment creditor, by reason of having less than 12 creditors with qualified claims.

**II.      Debtor is Estopped from Asserting Bad Faith, having Lied under Oath Regarding His Creditors in the Court of Common Pleas, having Asked this Court for the Protection of the Automatic Stay, and for Maintaining the Court of Common Pleas Cannot Give Full, Fair, and Complete Relief.**

Debtor's mockery of the judicial system doesn't know any boundaries and estoppel is appropriate here as to his claim of bad faith under 11 U.S.C. § 303. "[C]reditors are presumed to have acted in good faith," and the burden of proof is on the Debtor to establish otherwise by a preponderance of the evidence. *In re* Forever Green Athletic fields, Inc., 804 F.3d 328, 335 (3d Cir. 2015). The Court considers the "totality of the circumstances standards," and may take into account non-exhaustive factors whether:

> the creditors satisfied the statutory criteria for filing the petition; the involuntary petition was meritorious; the creditors made a reasonable inquiry into the relevant facts and pertinent law before filing; there was evidence of preferential payments to certain creditors or of dissipation of the debtor's assets; the filing was motivated by ill will or a desire to harass; the petitioning creditors used the filing to obtain a disproportionate advantage for themselves rather than to protect against other creditors doing the same; the filing was used as a tactical advantage in pending actions; the filing was used as a substitute for customary debt-collection procedures; and the filing had suspicious timing.

Id. at 336.

"Under the doctrine of judicial estoppel, a court can defend the integrity of the judicial process by barring a party from taking contradictory positions during the course of litigation." G-I Holdings, Inc. v. Reliance Ins. Co., 586 F.3d 247, 261 (3d Cir. 2009). "Though there is no rigid test for judicial estoppel, three factors inform a federal court's decision whether to apply it: there must be (1) irreconcilably inconsistent positions; (2) adopted in bad faith; and (3) a showing that

7

estoppel addresses the harm and no lesser sanction is sufficient." Id. at 262 (internal quotations omitted).

Because Debtor hasn't complied with the law to establish that he has 12 or more creditors with qualified claims under 11 U.S.C. § 303(b), he cannot obtain dismissal on the basis of bad faith at this stage. That is because he failed to establish why Jason Scott Jordan lacked standing to have filed the Involuntary Petition in his own right.

To prove his allegation that Petitioning Creditors had acted in bad faith, as a basis for dismissal, Debtor must prove that we failed to make reasonable inquiry whether he had 12 or more creditors with a qualified claim within the meaning of 11 U.S.C. § 303(b), at the time we filed our Involuntary Petition. How does Debtor propose to do that without resorting to more perjury than he already has? Having lied under oath in Common Pleas by submitting materially false answers to interrogatories in aid of execution, where he didn't so much as identify the name of any creditor other than Complete Business Solutions Group, Inc., Debtor's contention fails as a matter of estoppel. For purposes of 12 creditors, the computation excludes any claim where there is a "bona fide dispute" as to liability or the amount owed. 11 U.S.C. § 303(b)(1). Congress "intended to disqualify a creditor whenever there is any legitimate basis for the debtor not paying the debt, whether that basis is factual or legal." Riverview Trenton R.R. v. DSC, Ltd. (In re DSC, Ltd.), 486 F.3d 940, 945 (6th Cir. 2007). Courts therefore agree that Debtor cannot prove the existence of 12 creditors where, in other proceeding to determine liability or damages, Debtor filed an Answer to the complaint, denying liability or damages. Equity doesn't permit him to have it both ways.

Debtor further had asked this Court for the protection of the automatic stay, and represented to Common Pleas that his creditors had to go to a different court to obtain relief under the Uniform Voidable Transactions Act, 12 Pa.C.S. § 5101 et seq., for all fraudulent transfers he has made to

8

avoid payment to his creditors. With all due respect, we did as he asked! He now has the benefit of the automatic stay in the instant proceeding as a result of our Involuntary Petition, with an opportunity to participate and obtain a fresh start. But he is obligated to stop his pattern of concealing information on his personal wealth and to "come clean" with all the money he has hidden to alter egos and all other voidable transfers that he has made. We came to this Court, which may entertain claims under the Uniform Voidable Transactions Act, Philadelphia Entertainment & Dev. Partners, L.P. v. Pennsylvania (*In re* Philadelphia Entertainment & Dev. Partners, L.P.), 611 B.R. 51, 61 (Bankr. E.D. Pa. 2019), as well as the Trustee's powers under 11 U.S.C. § 544 for voidable transfers. We believe this proceeding will mutually benefit all creditors because of Debtor's rank perjury, refusal to disclose material information on his assets and income, and where having transferred assets to alter egos to avoid paying his creditors. Chapter 11 will benefit him and his creditors.

Against these indisputable facts, Debtor is estopped from asserting bad faith. His own misconduct in lying under oath about his creditors and misrepresenting the law to the Court of Common Pleas are appropriate grounds to show estoppel, as well as why his claim to bad faith fails on the merits. Debtor's motion provides no concrete facts to support his contention other than boilerplate assertions that this proceeding had put "pressure" on him—thereby failing to distinguish his case from every other involuntary petition filed anywhere in this country. Yes, Jason Scott Jordan has been "unsuccessful in collecting on his judgment," but that showing of fact is required to establish the merits of the Involuntary Petition that Debtor "is generally not paying such debtor's debts as such debts become due," 11 U.S.C. § 303(h)(1). Debtor's mockery of the judicial system, and his rank hypocrisy — lying over material facts and misrepresenting the law whenever it suits his fancy — evidence why the Involuntary Petition is proper.

9

Debtor maintains we failed to investigate Ethan Shalter's claim. Mr. Shalter will testify that he did not sign any separation agreement and the document Debtor produced is a forgery. Unlike Debtor, Mr. Shalter has no history of lying under oath.

**III.     The Motion to Dissolve the Temporary Restraining Order Should be Denied.**

Debtor's motion to dissolve the temporary restraining order is cumulative of the same failed grounds established in Parts I and II, supra. At the September 18th Emergency Hearing, Ethan Shalter will testify that he did not sign any separation agreement and the document that Debtor has produced is a forgery. That's a common tactic for fraudsters like Debtor and his associates. The Court can reserve judgment until the full presentation of evidence but, in any event, such motion should be denied.

**CONCLUSION**

**WHEREFORE**, based on the foregoing, Debtor's Expedited Motion to Dismiss the Involuntary Chapter 11 Petition, etc., at ECF No. 20 should be DENIED.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 16, 2024          By:      /s/ Joel A. Ready
                                                    Joel A. Ready, Esquire
                                                    PA Attorney I.D. # 321966
                                                    8500 Allentown Pike, Suite 3
                                                    Blandon, PA 19510
                                                    (610) 926-7875