# Exhibit A

# Exhibit A

| | | |
|---|---|---|
| NATIONAL BROKERS OF<br>OF AMERICA, INC.,<br>    Plaintiff, | :<br>:<br>: | CIVIL ACTION – LAW |
| | : | |
|     v. | : | |
| | : | No. 14-17117 |
| JASON SCOTT JORDAN,<br>    Defendant. | :<br>: | |

## ALAN REDMOND's OBJECTIONS AND ANSWERS
## TO FIRST INTERROGATORIES IN AID OF EXECUTION OF JUDGMENT

Alan Redmond ("Redmond"), by and through undersigned counsel, hereby submits the following Objections and Answers to First Interrogatories in Aid of Execution of Judgment:

## GENERAL STATEMENT AND OBJECTIONS

1.      Redmond objects to Defendant's First Set of Interrogatories to the extent the same purport to impose obligations beyond those set forth in the applicable Rules of Civil Procedure.

2.      Redmond objects to Defendant's First Set of Interrogatories insofar as they seek information protected by the attorney-client privilege or the attorney work product doctrine.  Such information will not be provided.

3.      Redmond objects to Defendant's First Set of Interrogatories to the extent they seek information in the public record which is equally available to the Defendant.

4.      Any statements herein that responsive documents will be produced should not be taken to mean that any such documents actually exist, but only that if they exist and can be located through a reasonable search of Redmond's records, they will be produced.

5.      By making a specific objection to a particular Interrogatory, Redmond does not imply that the specific objection is not applicable to any other particular response, or that the general objections are not applicable to that response.

1

6.     While Redmond has responded to these Interrogatories, he does so without waiver of any rights to object to any further inquiry or any effort to compel responses beyond those provided herein.

**<u>ANSWERS TO INTERROGATORIES</u>**

1.     Identify your legal name, home address, date of birth, Social Security Number, driver's license number (with expiration date), and any telephone number used by you for any purpose.

ANSWER:  **Alan Redmond, 1198 Reading blvd, Wyomissing, pa 19610, Social: xxx-xxx-5092, phone number: 814-440-9068. DL: 29-309-475**

2.     Identify all your passports, including Passport Number, Passport Expiration Date, and Passport Issuing Country.

ANSWER:  **Objection.  Redmond's passport is not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

3.     Identify your national citizenship, including whether you have dual-citizenship status, and your citizenship among any of the States or territories within the United States of America.

ANSWER:  **United Kingdom.**

4.     Since August 4, 2014, identify all real properties where for a minimum of 30 nonconsecutive days you have slept overnight and whether or not titled in your name.

ANSWER:  **Objection.  Where Redmond sleeps is not reasonably calculated to lead to**

2

the discovery of relevant or admissible evidence, and further, such request is sought in bad faith and intended to cause unreasonable annoyance, embarrassment, and oppression in violation of Pa.R.C.P. 4011(a) and (b).

5.      Identify all of your current real properties, directly or indirectly owned by you or under your control or by any entity of which you possess an ownership or membership interest.

ANSWER:  **Objection.  This interrogatory is confusing and ambiguous as to what is meant "all of your current real properties, directly or indirectly owned by you or under your control."  Redmond does not understand the scope of this ambiguous interrogatory.  Without waiver of same, Redmond owns the following real property: 2005 regency drive, Wyomissing, pa, 19610.**

6.      Based on your answer to Interrogatory No.  5,  identify  all fixtures, goods, equipment, inventory, farm products, and timber therein which have a value of $50 or more.

ANSWER: **Objection.  This interrogatory is confusing and ambiguous as it refers to Interrogatory No. 5, which requests "all of your current real properties, directly or indirectly owned by you or under your control."  Redmond does not understand the scope of this ambiguous interrogatory.  Without waiver of same, Redmond owns the real property identified in Interrogatory No. 5.  As to the fixtures, goods, equipment located in such real property, pursuant to Pa.R.C.P. 4006(b), the answer to such questions may be derived from the Defendant's own inspection of the premises, if he so chooses.**

7.      Since August 4, 2014, identify all of your real properties you have conveyed, including the grantee.

ANSWER: **Objection.  This interrogatory is overly broad in terms of the temporal scope.  Without waiving same, the following are real property transactions since Defendant obtained a judgment: None.**

3

**8.** Identify all of your rights to oil, gas, timber, or other minerals before extraction.

ANSWER: **Objection. This interrogatory is vague and confusion as to its reference to the meaning of "before extraction." Without waiver of same, Redmond does not own any of the above.**

**9.** Identify all your leases and leasehold interests. For each of the foregoing, specify whether you are the lessor or lessee.

ANSWER: **2005 regency drive, Wyomissing, pa, 19610. Lessor.**

**10.** Identify all collections of currency and coins in your possession, including historical collections.

ANSWER: **None.**

**11.** Identify any and all institutions in which you maintain a safe deposit box.

ANSWER: **None.**

**12.** Since August 4, 2014, identify all of your transfers of money and coins, including historical collections, which exceeded $1,000 per transaction.

ANSWER: **Objection. This interrogatory is overly broad and not reasonably calculated to lead to relevant or admissible evidence. Identifying all monetary**

4

**transactions since August 2014 is beyond the scope of reasonable discovery as it would
include payments Redmond may have made for such basic needs as food, shelter,
utilities, clothing and similar items for value.**

**13.** Identify all of your current sources of income, including self-employment, rental
income, general intangible, payment intangible, proceeds, noncash proceeds.

ANSWER: **Rental income. Consulting income**.

**14.** Since August 4, 2014, identify all of your sources of income, including self-
employment and rental income.

ANSWER: **Objection. This interrogatory is overly broad and not reasonably
calculated to lead to relevant or admissible evidence. Identifying all sources of income
since August 2014 is beyond the scope of reasonable discovery. Without waiver of
same, below are the sources of Redmond's income since the date of Defendant's
judgment:**

**Consulting income.**

**Rental income.**

**15.**     Identify all cash registers where you have authority to withdraw money and coins.

ANSWER:  **Objection.  This interrogatory is vague and confusing as to what is meant by "cash registers."  This Interrogatory is also overly broad and not reasonably calculated to lead to relevant or admissible evidence.  This Interrogatory makes no distinction between "cash registers" owned by Redmond and those which he may have authority over as an agent of a principal.  Without waiver of same,  Mr Redmond has been unable to secure a bank account based on his credit and banking history. Mr. Redmond does not own a bank account.**

**16.**     Identify all of your current financial assets within the meaning of 13 Pa.C.S. § 8102. For each of the foregoing, identify the person who serves as an intermediary.

ANSWER:  **Objection.  This Interrogatory is vague and confusing and requires Redmond to make legal conclusions as to the referenced statute as to the legal meaning of terms such as "a security," "securities intermediary" as well as "a certificated or uncertificated security, a security certificate or a security entitlement."  Redmond is not required to interpret complicated statutes containing such legal terms in answering discovery.**

6

**17.** Since August 4, 2014, identify all of your financial assets within the meaning of 13 Pa.C.S. § 8102 which you transferred to another person. For each of the foregoing, identify the person to whom you transferred the same, as well as the identity of the person who served as an intermediary.

ANSWER: **Objection. This Interrogatory is vague and confusing and requires Redmond to make legal conclusions as to the referenced statute as to the legal meaning of terms such as "a security," "securities intermediary" as well as "a certificated or uncertificated security, a security certificate or a security entitlement." Redmond is not required to interpret complicated statutes containing such legal terms in answering discovery.**

**18.** Identify all of your current accounts, commodity accounts, securities accounts, rights to payment evidence by chattel paper or an instrument, bonds, commercial tort claims, deposit accounts, investment property, letter-of-credit right or letters of credits, and rights to payment for money or funds advanced or sold.

ANSWER: **Objection. This Interrogatory is vague and confusing and requires Redmond to make legal conclusions on the meaning of "chattel paper" and "commercial tort claims." Without waiver of same, based on Redmond's layperson understanding, he does not have any of the above apart from 2005 regency drive, Wyomissing, pa, 19610 which is currently in foreclosure.**

7

**19.** Arising on and after August 4, 2014, identify all of your accounts, commodity accounts, securities accounts, rights to payment evidence by chattel paper or an instrument, bonds, commercial tort claims, deposit accounts, investment property, letter-of-credit right or letters of credits, and rights to payment for money or funds advanced or sold.

ANSWER: **Objection.  This Interrogatory is vague and confusing and requires Redmond to make legal conclusions on the meaning of "chattel paper" and "commercial tort claims."  Without waiver of same, based on Redmond's layperson understanding. Mr. Redmond does not own any of the above.**

**20.** Identify all your proprietorships that you identify as a going concern.

ANSWER:  **Objection.  This Interrogatory is vague and confusing as to what is meant by a "proprietorship."  This is a legal term that may have multiple or alternative meanings.  By way of further response, this Interrogatory is vague and confusing as to what is meant by a "going concern."  Without waiver of same, assuming this Interrogatory is requesting the names of businesses which Redmond solely owns, and which are financially stable enough to meet obligations, he states as follows: I have a number of personal judgements and personal guarantees that will likely result in personal bankruptcy in the next 1-2 months.  I own – NBOA Inc., Bene Market LLC, The Redmond Group, Redmond marketing.**

8

**21.** Identify your proprietorships owned at any and all times since August 4, 2014, whether a going concern or not.

ANSWER:  **Objection.  This Interrogatory is vague and confusing as to what is meant by a "proprietorship."  This is a legal term that may have multiple or alternative meanings.  Further, requesting information from 10-years ago is overly broad.  By way of further response, this Interrogatory is vague and confusing as to what is meant by a "going concern."  Without waiver of same, assuming this Interrogatory is requesting the names of businesses which Redmond solely owns, and limiting same to the date the Judgment was entered in this matter, he states as follows:  I am unsure of what this means. Please elaborate or be specific.  I own – NBOA Inc, Bene Market LLC, The Redmond Group, Redmond Marketing.**

**22.** Identify all entities anywhere in the world in which you have an ownership interest, or managerial rights, or where you exercise control, or any of the foregoing.

ANSWER:  **Objection.  This Interrogatory is vague and confusing as to what is meant by "exercise control" and "managerial rights."  This Interrogatory is also overly broad since it calls for information about entities in which Redmond has no ownership interest.  Without waiver of same, Redmond has ownership interest in the following entities:**

**NBOA Inc.**

**Bene-Market LLC.**

**The Redmond group LLC**

**Redmond Marketing LLC**

9

**23.** Identify all trusts anywhere in the world which have been created for the benefit of you or anyone in your household since August 4, 2014.

ANSWER: **Objection.  This Interrogatory is overly broad in requesting information from ten years ago.  Without waiving same, Redmond will provide information since the Judgment was entered in this matter, as follows:   I do not own any trusts.**

**24.** Identify your mortgages, promissory notes, security agreements, surety agreements, personal guarantees, or unsecured loans. For each of the foregoing, specify whether you are the creditor or debtor.

ANSWER: **Please refer to the PFS statement previously submitted by Attorney Valz to Attorney Reedy.   Please also refer to the Complaint in <u>CBSG, Inc. d/b/a Par Funding v. Redmond,</u> Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.**

**25.** Identify all Financial Statements prepared by you, or on your behalf, which were submitted to any lending institution. For each of the foregoing, identify the lending institution and the person who assisted you in preparing the Financial Statement.

ANSWER: **Mr. Redmond has not applied for personal loans.**

**26.** Identify by name and company each accountant you have used since August 4, 2014.

ANSWER: **Objection as to any discovery served upon Redmond's accountant would be subject to the Pennsylvania Accountant-Client Privilege under 63 P.S. §9.11a, and thus this request is not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

**27.** State with specificity how you maintain your financial books and records, including whether the same are maintained in electronic format, and where the same are stored.

ANSWER:  **Objection.  This Interrogatory is vague and confusing as to what is meant by "maintain" and "financial books and records."**

11

**28.** Identify your judgment creditors, including the names of their attorney, the amount due and owing, and the court and docket number where the judgment issued.

ANSWER:  **Please refer to the PFS statement previously submitted by Attorney Valz to Attorney Reedy as well as the plaintiff's counsel in <u>CBSG, Inc. d/b/a Par Funding v. Redmond,</u> Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.**

**29.** Identify all of your other obligations not referenced in the preceding interrogatories, including alimony payments, child support payments, and delinquent tax liabilities.

ANSWER:  **Please refer to the PFS statement previously submitted by Attorney Valz to Attorney Reedy as well as the plaintiff's counsel in <u>CBSG, Inc. d/b/a Par Funding v. Redmond,</u> Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.**

**30.** Identify your current pensions, retirement accounts, retirement savings accounts, and government benefits, including Social Security Benefits, whether from the United States or from a foreign country.

ANSWER:  **Objection.  Under Pennsylvania law, retirement savings vehicles like retirement accounts (IRAs), 401(k), 403(b) accounts, pensions and employee stock ownership plans (ESOPs) are generally exempt from creditor claims.   42 Pa.C.S. § 8124 (enumerating the tyes of retirement funds and accounts that shall be exempt from attachment or execution on a judgment).**

**31.** Identify all of your current motor vehicles, manufactured homes, mobile homes, trailers, aircraft, yachts, ships or sea-going vessels. For each of the foregoing, include the make, model, year of manufacture, liens and identity of lienholder, registration, license, or vehicle identification number.

ANSWER:  **Cadillac Escalade 2017.**

13

**32.** Since August 4, 2014, identify all of the following you transferred: motor vehicles, manufactured homes, mobile homes, trailers, aircraft, yachts, ships or sea-going vessels. For each of the foregoing, include the make, model, year of manufacture, liens and identity of lienholder, registration, license, or vehicle identification number.

ANSWER:  **Objection.  This Interrogatory is overly broad in requesting information from ten years ago.  Without waiving same, Redmond will provide information since the Judgment was entered in this matter, as follows:  None.**

**33.** Identify your life insurance contracts. For each of the foregoing, identify the serial or policy number or numbers, the face amount, the exact name and address of the insurance company, the named beneficiary or beneficiaries and their present address.

ANSWER:  **None.**

**34.** Identify all other of your assets or personal property, which are not otherwise covered in the preceding interrogatories and valued at $1,000 or more.

ANSWER:  **None.**

**35.** Regardless of whether you characterize it as a gift or for valuable consideration, identify all transfers of property of any kind made by you since August 4, 2014 to your parent, stepparent, spouse, former spouse, child, stepchild, former stepchild, or relative by blood or marriage, or to a partnership where you are a partner, or to an entity where you are a director, officer, or person in control. For each of the foregoing, include all jewelry, such as engagement rings and wedding bands and the face value of such.

> ANSWER:  **Objection.  This Interrogatory is overly broad as it would include, for example, payments for child support, alimony, and all gifts to relatives for the past ten years, which is unreasonable and not calculated to lead to the discovery of admissible evidence.  By way of further answer, this Interrogatory is sought in bad faith and intended to cause unreasonable annoyance, embarrassment, and oppression in violation of Pa.R.C.P. 4011(a) and (b).**

Dated: March 19, 2024                    By:   ___*/s/ Norm Valz*_____
                                                            Norm Valz, Esquire

15

## VERIFICATION

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the  foregoing statements made by me are willfully false, I am subject to punishment.

3/19/2024
Date                                                            ALAN CHRISTOPHER REDMOND

16

# Exhibit B

# Exhibit B

| | | |
|---|---|---|
| NATIONAL BROKERS OF OF AMERICA, INC., | : | CIVIL ACTION – LAW |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. 14-17117 |
| JASON SCOTT JORDAN, | : | |
| Defendant. | : | |

**ALAN REDMOND's *SUPPLEMENTAL* OBJECTIONS AND ANSWERS
TO FIRST INTERROGATORIES IN AID OF EXECUTION OF JUDGMENT**

Alan Redmond ("Redmond"), by and through undersigned counsel, hereby submits the following *Supplemental* Objections and Answers to First Interrogatories in Aid of Execution of Judgment (the supplemental information is *italicized*):

**GENERAL STATEMENT AND OBJECTIONS**

1.      Redmond objects to Defendant's First Set of Interrogatories to the extent the same purport to impose obligations beyond those set forth in the applicable Rules of Civil Procedure.

2.      Redmond objects to Defendant's First Set of Interrogatories insofar as they seek information protected by the attorney-client privilege or the attorney work product doctrine. Such information will not be provided.

3.      Redmond objects to Defendant's First Set of Interrogatories to the extent they seek information in the public record which is equally available to the Defendant.

4.      Any statements herein that responsive documents will be produced should not be taken to mean that any such documents actually exist, but only that if they exist and can be located through a reasonable search of Redmond's records, they will be produced.

5.      By making a specific objection to a particular Interrogatory, Redmond does not imply that the specific objection is not applicable to any other particular response, or that the general objections are not applicable to that response.

1

6.        While Redmond has responded to these Interrogatories, he does so without waiver

of any rights to object to any further inquiry or any effort to compel responses beyond those

provided herein.

**ANSWERS TO INTERROGATORIES**

1.        Identify your legal name, home address, date of birth, Social Security Number,

driver's license number (with expiration date), and any telephone number used by you for any

purpose.

> ANSWER:  **Alan Redmond, 1198 Reading blvd, Wyomissing, pa 19610, Social: xxx-xxx-5092, phone number: 814-440-9068. DL: 29-309-475**

2.        Identify all your passports, including Passport Number, Passport Expiration Date,

and Passport Issuing Country.

> ANSWER:  **Objection.  Redmond's passport is not reasonably calculated to lead to the discovery of relevant or admissible evidence.**

3.        Identify your national citizenship, including whether you have dual-citizenship

status, and your citizenship among any of the States or territories within the United States of

America.

> ANSWER:  **United Kingdom.**

4.        Since August 4, 2014, identify all real properties where for a minimum of 30

nonconsecutive days you have slept overnight and whether or not titled in your name.

> ANSWER:  **Objection.  Where Redmond sleeps is not reasonably calculated to lead to**

2

**the discovery of relevant or admissible evidence, and further, such request is sought in
bad faith and intended to cause unreasonable annoyance, embarrassment, and
oppression in violation of Pa.R.C.P. 4011(a) and (b).**

**5.**      Identify all of your current real properties, directly or indirectly owned by you or

under your control or by any entity of which you possess an ownership or membership interest.

ANSWER:  **Objection.  This interrogatory is confusing and ambiguous as to what is
meant "all of your current real properties, directly or indirectly owned by you or
under your control."  Redmond does not understand the scope of this ambiguous
interrogatory.  Without waiver of same, Redmond owns the following real property:
2005 regency drive, Wyomissing, pa, 19610.**

**6.**      Based on your answer to Interrogatory No.  5,  identify  all fixtures, goods,

equipment, inventory, farm products, and timber therein which have a value of $50 or more.

ANSWER: **Objection.  This interrogatory is confusing and ambiguous as it refers to
Interrogatory No. 5, which requests "all of your current real properties, directly or
indirectly owned by you or under your control."  Redmond does not understand the
scope of this ambiguous interrogatory.  Without waiver of same, Redmond owns the
real property identified in Interrogatory No. 5.  As to the fixtures, goods, equipment
located in such real property, pursuant to Pa.R.C.P. 4006(b), the answer to such
questions may be derived from the Defendant's own inspection of the premises, if he
so chooses.**

**7.**      Since August 4, 2014, identify all of your real properties you have conveyed,

including the grantee.

ANSWER: **Objection.  This interrogatory is overly broad in terms of the temporal
scope.  Without waiving same, the following are real property transactions since
Defendant obtained a judgment: None.**

3

**8.**     Identify all of your rights to oil, gas, timber, or other minerals before extraction.

ANSWER:  **Objection.  This interrogatory is vague and confusion as to its reference to the meaning of "before extraction."  Without waiver of same, Redmond does not own any of the above.**

**9.**     Identify all your leases and leasehold interests. For each of the foregoing, specify whether you are the lessor or lessee.

ANSWER:  **2005 regency drive, Wyomissing, pa, 19610. Lessor.**

**10.**     Identify all collections of currency and coins in your possession, including historical collections.

ANSWER:  **None.**

**11.**     Identify any and all institutions in which you maintain a safe deposit box.

ANSWER: **None.**

**12.**     Since August 4, 2014, identify all of your transfers of money and coins, including historical collections, which exceeded $1,000 per transaction.

ANSWER:  **Objection.  This interrogatory is overly broad and not reasonably calculated to lead to relevant or admissible evidence. Identifying all monetary**

4

**transactions since August 2014 is beyond the scope of reasonable discovery as it would include payments Redmond may have made for such basic needs as food, shelter, utilities, clothing and similar items for value.**

13.   Identify all of your current sources of income, including self-employment, rental income, general intangible, payment intangible, proceeds, noncash proceeds.

ANSWER: **Rental income. Consulting income**.

14.   Since August 4, 2014, identify all of your sources of income, including self-employment and rental income.

ANSWER: **Objection.  This interrogatory is overly broad and not reasonably calculated to lead to relevant or admissible evidence.  Identifying all sources of income since August 2014 is beyond the scope of reasonable discovery.  Without waiver of same, below are the sources of Redmond's income since the date of Defendant's judgment:**

**Consulting income.**

**Rental income.**

**15.**     Identify all cash registers where you have authority to withdraw money and coins.

ANSWER:  **Objection.  This interrogatory is vague and confusing as to what is meant by "cash registers."  This Interrogatory is also overly broad and not reasonably calculated to lead to relevant or admissible evidence.  This Interrogatory makes no distinction between "cash registers" owned by Redmond and those which he may have authority over as an agent of a principal.  Without waiver of same,  Mr Redmond has been unable to secure a bank account based on his credit and banking history. Mr. Redmond does not own a bank account.**  *By way of supplemental answer, Mr. Redmond does not own a "cash register" as that term is traditionally understood as a point of sales device in a retail establishment.  Assuming this interrogatory is asking about bank accounts, as previously indicated Mr. Redmond does not own a bank account.  He also does not control a bank account as an authorized user or signatory of any bank accounts.*

**16.**     Identify all of your current financial assets within the meaning of 13 Pa.C.S. § 8102. For each of the foregoing, identify the person who serves as an intermediary.

ANSWER:  **Objection.  This Interrogatory is vague and confusing and requires Redmond to make legal conclusions as to the referenced statute as to the legal meaning of terms such as "a security," "securities intermediary" as well as "a certificated or uncertificated security, a security certificate or a security entitlement."  Redmond is not required to interpret complicated statutes containing such legal terms in answering discovery.**     *Without waiver of same, and by way of supplemental answer, to the extent this interrogatory is asking about financial assets*

6

*such as a wide array of investments -- stocks, bonds, notes, debentures, limited*

*partnership interests, oil and gas interests and investment contracts – Mr. Redmond*

*does not own any such assets.*

**17.** Since August 4, 2014, identify all of your financial assets within the meaning of 13 Pa.C.S. § 8102 which you transferred to another person. For each of the foregoing, identify the person to whom you transferred the same, as well as the identity of the person who served as an intermediary.

ANSWER: **Objection.  This Interrogatory is vague and confusing and requires Redmond to make legal conclusions as to the referenced statute as to the legal meaning of terms such as "a security," "securities intermediary" as well as "a certificated or uncertificated security, a security certificate or a security entitlement."  Redmond is not required to interpret complicated statutes containing such legal terms in answering discovery.  *Without waiver of same, and by way of supplemental answer, to the extent this interrogatory is asking about financial assets such as a wide array of investments -- stocks, bonds, notes, debentures, limited partnership interests, oil and gas interests and investment contracts – Mr. Redmond does not own any such assets.***

**18.** Identify all of your current accounts, commodity accounts, securities accounts, rights to payment evidence by chattel paper or an instrument, bonds, commercial tort claims, deposit accounts, investment property, letter-of-credit right or letters of credits, and rights to payment for money or funds advanced or sold.

ANSWER: **Objection.  This Interrogatory is vague and confusing and requires Redmond to make legal conclusions on the meaning of "chattel paper" and**

8

**"commercial tort claims." Without waiver of same, based on Redmond's layperson**

**understanding, he does not have any of the above apart from 2005 regency drive,**

**Wyomissing, pa, 19610 which is currently in foreclosure.**

19.    Arising on and after August 4, 2014, identify all of your accounts, commodity accounts, securities accounts, rights to payment evidence by chattel paper or an instrument, bonds, commercial tort claims, deposit accounts, investment property, letter-of-credit right or letters of credits, and rights to payment for money or funds advanced or sold.

ANSWER: **Objection.  This Interrogatory is vague and confusing and requires**

**Redmond to make legal conclusions on the meaning of "chattel paper" and**

**"commercial tort claims."  Without waiver of same, based on Redmond's layperson**

**understanding. Mr. Redmond does not own any of the above.**

20.    Identify all your proprietorships that you identify as a going concern.

ANSWER:  **Objection.  This Interrogatory is vague and confusing as to what is**

**meant by a "proprietorship."  This is a legal term that may have multiple or**

**alternative meanings.  By way of further response, this Interrogatory is vague and**

**confusing as to what is meant by a "going concern."  Without waiver of same,**

**assuming this Interrogatory is requesting the names of businesses which Redmond**

**solely *or partially* owns, and which are financially stable enough to meet obligations,**

**he states as follows: I have a number of personal judgements and personal**

9

**guarantees that will likely result in personal bankruptcy in the next 1-2 months.**

*M r . R e d m o n d* **owns** *in full or in part* **the following entities – NBOA Inc., Bene**

**Market LLC, The Redmond Group, Redmond Marketing.**

**21.** Identify your proprietorships owned at any and all times since August 4, 2014, whether a going concern or not.

ANSWER:  **Objection.  This Interrogatory is vague and confusing as to what is meant by a "proprietorship."  This is a legal term that may have multiple or alternative meanings.  By way of further response, this Interrogatory is vague and confusing as to what is meant by a "going concern."  Without waiver of same, assuming this Interrogatory is requesting the names of businesses which Redmond solely *or partially* owns, and which are financially stable enough to meet obligations, he states as follows: I have a number of personal judgements and personal guarantees that will likely result in personal bankruptcy in the next 1-2 months. *M r . R e d m o n d* owns *in full or in part* the following entities – NBOA Inc., Bene Market LLC, The Redmond Group, Redmond Marketing.**

**22.** Identify all entities anywhere in the world in which you have an ownership interest, or managerial rights, or where you exercise control, or any of the foregoing.

ANSWER: **Objection.  This Interrogatory is vague and confusing as to what is meant by "exercise control" and "managerial rights."  This Interrogatory is also overly broad since it calls for information about entities in which Redmond has no ownership interest.  Without waiver of same, Redmond has ownership interest in the following entities:**

**NBOA Inc.**

**Bene-Market LLC.**

**The Redmond group LLC**

**Redmond Marketing LLC**

23.   Identify all trusts anywhere in the world which have been created for the benefit of you or anyone in your household since August 4, 2014.

ANSWER:  **Objection.  This Interrogatory is overly broad in requesting information from ten years ago.  Without waiving same, Redmond will provide information since the Judgment was entered in this matter, as follows:   I do not own any trusts.**

24.   Identify your mortgages, promissory notes, security agreements, surety agreements, personal guarantees, or unsecured loans. For each of the foregoing, specify whether you are the creditor or debtor.

ANSWER:  **Please refer to the PFS statement previously submitted by Attorney Valz to Attorney Ready.  Please also refer to the Complaint in <u>CBSG, Inc. d/b/a Par Funding v. Redmond,</u> Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.  *By way of supplemental answer, the PFS supplied identifies the only real property Mr. Redmond owns – 2005 Regency Drive, Wyomissing, PA 19610, and identifies the mortgage information concerning that property.  The PFS statement therefore provides the information requested in this Interrogatory.***

25.   Identify all Financial Statements prepared by you, or on your behalf, which were submitted to any lending institution. For each of the foregoing, identify the lending institution and the person who assisted you in preparing the Financial Statement.

ANSWER: **Mr. Redmond has not applied for personal loans.**

12

**26.** Identify by name and company each accountant you have used since August 4,

2014.

ANSWER: **Objection as to any discovery served upon Redmond's**

**accountant would be subject to the Pennsylvania Accountant-Client Privilege under**

**63 P.S. §9.11a, and thus this request is not reasonably calculated to lead to the**

**discovery of relevant or admissible evidence.**

**27.** State with specificity how you maintain your financial books and records,

including whether the same are maintained in electronic format, and where the same are stored.

ANSWER: **Objection. This Interrogatory is vague and confusing as to what is**

**meant by "maintain" and "financial books and records."** *Without waiver of same,*

*and by way of supplemental answer, to the extent this interrogatory is asking for*

*"financial records" such as tax returns, Mr. Redmond has already produced such*

*documents to Plaintiffs, and those tax returns are hereby incorporated by reference.*

*Other than tax returns, Mr. Redmond does not keep any personal "financial books*

*and records."*

13

**28.** Identify your judgment creditors, including the names of their attorney, the amount due and owing, and the court and docket number where the judgment issued.

ANSWER:  **Please refer to the PFS statement previously submitted by Attorney Valz to Attorney Ready as well as the plaintiff's counsel in <u>CBSG, Inc. d/b/a Par Funding v. Redmond,</u> Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.  *By way of supplemental answer, the PFS supplied identifies the only real property Mr. Redmond owns – 2005 Regency Drive, Wyomissing, PA 19610, and identifies the mortgage information concerning that property.  The PFS statement therefore provides the information requested in this Interrogatory.***

**29.** Identify all of your other obligations not referenced in the preceding interrogatories, including alimony payments, child support payments, and delinquent tax liabilities.

ANSWER:  **Please refer to the PFS statement previously submitted by Attorney Valz to Attorney Ready as well as the plaintiff's counsel in <u>CBSG, Inc. d/b/a Par Funding v. Redmond,</u> Feb. Term 2022 No. 022794 in Philadelphia Court of Common Pleas, which was already sent to Jordan's Counsel.**

**30.** Identify your current pensions, retirement accounts, retirement savings accounts, and government benefits, including Social Security Benefits, whether from the United States or from a foreign country.

ANSWER:  **Objection.  Under Pennsylvania law, retirement savings vehicles like retirement accounts (IRAs), 401(k), 403(b) accounts, pensions and employee stock ownership plans (ESOPs) are generally exempt from creditor claims.  42 Pa.C.S. § 8124 (enumerating the tyes of retirement funds and accounts that shall be exempt from attachment or execution on a judgment).**

**31.** Identify all of your current motor vehicles, manufactured homes, mobile homes, trailers, aircraft, yachts, ships or sea-going vessels. For each of the foregoing, include the make, model, year of manufacture, liens and identity of lienholder, registration, license, or vehicle identification number.

ANSWER:  **Cadillac Escalade 2017.**

15

**32.** Since August 4, 2014, identify all of the following you transferred: motor vehicles, manufactured homes, mobile homes, trailers, aircraft, yachts, ships or sea-going vessels. For each of the foregoing, include the make, model, year of manufacture, liens and identity of lienholder, registration, license, or vehicle identification number.

ANSWER: **Objection. This Interrogatory is overly broad in requesting information from ten years ago. Without waiving same, Redmond will provide information since the Judgment was entered in this matter, as follows: None.**

**33.** Identify your life insurance contracts. For each of the foregoing, identify the serial or policy number or numbers, the face amount, the exact name and address of the insurance company, the named beneficiary or beneficiaries and their present address.

ANSWER: **None.**

**34.**    Identify all other of your assets or personal property, which are not otherwise covered in the preceding interrogatories and valued at $1,000 or more.

ANSWER:  **None.**

**35.**    Regardless of whether you characterize it as a gift or for valuable consideration, identify all transfers of property of any kind made by you since August 4, 2014 to your parent, stepparent, spouse, former spouse, child, stepchild, former stepchild, or relative by blood or marriage, or to a partnership where you are a partner, or to an entity where you are a director, officer, or person in control. For each of the foregoing, include all jewelry, such as engagement rings and wedding bands and the face value of such.

ANSWER:  **Objection.  This Interrogatory is overly broad as it would include, for example, payments for child support, alimony, and all gifts to relatives for the past ten years, which is unreasonable and not calculated to lead to the discovery of admissible evidence.  By way of further answer, this Interrogatory is sought in bad faith and intended to cause unreasonable annoyance, embarrassment, and oppression in violation of Pa.R.C.P. 4011(a) and (b).  *Without waiver of same, and by way of supplemental answer, Mr. Redmond has not transferred any motor or other transportation vehicles or real estate owned by him since the judgment was entered in this matter.***

Dated:  May 10, 2024            By:  _____
                                     Norman  Valz, Esquire

17

## VERIFICATION

I hereby certify that the foregoing statements made by me are true.  I am aware that if any of the  foregoing statements made by me are willfully false, I am subject to punishment.

5/10/2024
Date

ALAN CHRISTOPHER REDMOND

# Exhibit C

Exhibit C

## PERSONAL FINANCIAL STATEMENT

PERSONAL FINANCIAL STATEMENT as of December 15, 2023 OF Alan Redmond of 2005 Regency Dr, Wyomissing, PA 19610, USA (the "Applicant") FOR Bochetto and Leintz of Philadelphia, PA.

**BACKGROUND:**

This Personal Financial Statement is being made for the purpose of: personal use.

Applicant's Personal Information
Name: Alan Redmond
Address: 2005 Regency Dr, Wyomissing, PA 19610, USA
Phone: (814) 440-9068
Employer: Consultant
Position: Consultant
Number of years at position: 4

**Section 1. Balance Sheet**

| Assets | Value |
|---|---|
| Cash on hand | $2,400.00 |
| Cash in Bank - See Section 3 | $2,432.17 |
| Retirement Accounts - See Section 4 | $ |
| Motor Vehicles - See Section 5 | $22,450.00 |
| Real Estate - See Section 6 | $799,999.00 |
| Investments - See Section 7 | $ |
| Cash Value Life Insurance | $ |
| Other Assets: Household furniture, Cadillac Escalade 2017 | $30,300.00 |
| **Total Assets** | $857,581.17 |

| Liabilities | Value |
|---|---|
| Unpaid Taxes | $52,000.00 |

| | |
|---|---|
| Loans Payable to Financial Institution - See Section 8 | $652,400.00 |
| Other Loans - See Section 9 | $ |
| Credit Cards - See Section 10 | $1,041.44 |
| Amount Owing on Motor Vehicle - See Section 5 | $2,100.00 |
| Amount Owing on Real Estate - See Section 6 | $684,000.00 |
| Other Liabilities: Bene-Market payroll taxes and interest/penalities 2018-2020, Personal Loan from Alan Redmond made to NBOA Inc and Bene-Market for payroll and Operations, eidl loan for bene market - personal guaranteed, NBOA Inc. Bankruptcy trustee, Lead generation company - marketing for Bene-Market llc and NBOA Inc. - personally guaranteed loan | $6,169,653.29 |
| **Total Liabilities** | $7,561,194.73 |

| | |
|---|---|
| **Net Worth** | $-6,703,613.56 |

## Section 2. Annual Income/Contingent Liabilities

| Annual Income | Value | Contingent Liabilities | Value |
|---|---|---|---|
| Salary | $ | Endorser/Guarantor | $30,188,192.00 |
| Commissions/Bonuses | $64,000.00 | Legal Claims | $1,400,000.00 |
| Real Estate Income | $50,000.00 | Other Contingent Liabilities | NA |
| Investment Income | NA | | |
| Other Income | NA | | |
| **Total Annual Income** | $114,000.00 | **Total Contingent Liabilities** | $31,588,192.00 |

## Section 3. Cash in Bank

| Bank Name | Bank Address | Account Number | Name of Account Holder | Balance of Deposit |
|---|---|---|---|---|
| Santander | | 120592811 | Alan Redmond | $2,432.17 |
| Total | | | | $2,432.17 |

### Section 4. Retirement Accounts

| Description | Amount |
|---|---|
| Dont have one | $ |
| Total | $ |

### Section 5. Motor Vehicles

| Description of Motor Vehicle (Year, Model) | Value of Motor Vehicle | Amount Owing |
|---|---|---|
| Cadillac Escalade 2017 | $22,450.00 | $2,100.00 |
| Total | $22,450.00 | $2,100.00 |

### Section 6. Real Estate

| Description of Property | Market Value | Amount Owing on Property |
|---|---|---|
| 2005 regency drive, Wyomissing, PA, 19610 | $799,999.00 | $684,000.00 |
| Total | $799,999.00 | $684,000.00 |

### Section 7. Investments

| Description of Investments | Market Value |
|---|---|
| None | $ |
| Total | $ |

### Section 8. Loans Payable to Financial Institution

| Description | Amount Owing |
|---|---|
| Automobile loan | $2,400.00 |
| Mortgage | $650,000.00 |
| **Total** | $652,400.00 |

## Section 9. Other Loans

| Description | Amount Owing |
|---|---|
| | $ |
| **Total** | $ |

## Section 10. Credit Cards

| Name on Card | Type of Card | Card Number | Amount Owing |
|---|---|---|---|
| Alan C Redmond | Capital one | XXXX XXXX XXXX 4303 | $1,041.44 |
| **Total** | | | $1,041.44 |

The Applicant certifies that all the information provided in this statement is true and accurate as of December 15, 2023. The Applicant authorizes Bochetto and Leintz to make any inquiries that Bochetto and Leintz feels is necessary to verify the information in this financial statement.

_____

Alan Redmond

©2002-2023 LawDepot.com®

# Exhibit D

# Exhibit D

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:

NATIONAL BROKERS OF AMERICA,        Chapter 7
INC.

    Debtor.                               Bankruptcy No. 19-15488-pmm

_____    _____

## DEBTOR'S MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY, VACATING OF JUDGMENTS AS VOID, AND ENJOINING JASON SCOTT JORDAN FROM PURSUING CLAIMS IN BERKS COUNTY CIVIL DOCKET 14-17117

Debtor, National Brokers of America, through undersigned counsel, request that the Court enter an order enforcing the automatic stay, voiding the judgments entered in Berks County Pennsylvania against Debtor, Alan C. Redmond, and Bene Market, LLC, enjoining Jason Scott Jordan from pursuing claims against the same in Berks County, Pennsylvania, Court of Common Pleas Civil Docket 14-17117, and issuing sanctions against Joel Ready, Esq. and Cornerstone Law Firm.

**Introduction**

This Motion asserts that Jason Jordan, by and through his counsel, Joel Reedy, Esq. and Cornerstone Law Firm, David Crossett, Esq. and Joel Reedy, Esq. and the Berks County Court of Common Pleas violated the Automatic Stay in this matter by obtaining, entering, and subsequently enforcing a judgment in excess of $13,000,000 pursuant to a verdict in a civil matter after trial in the Berks County Court of Common Pleas ("The Berks Matter") against Debtor, Alan C. Redmond and Bene Markets, LLC. It further asserts that Jason Jordan through counsel continues to violate the automatic stay in this matter as they are seeking assets of Debtor through a separate law suit

brought in the Berks County Court of Common Pleas in which Alan C. Redmond, Bene Markets, LLC and Stephanie Miller are Defendants ("The Pending Matter")

<b>Relevant Proceedings and Events</b>

Below is an abbreviated list of proceedings in Pennsylvania and before this Court which are relevant to the content and context of the present Motion

**Relevant Procedural and Factual History – Pennsylvania Proceedings**

1. On October 28, 2014, Debtor filed a Complaint against Jason Scott Jordan ("Jordan") in the Berks County, Pennsylvania, Court of Common Pleas seeking recovery on claims of Breach of Contract and Defamation, Berks County Civil docket 14-17117 ("the Berks Matter").

2. The gist of the Debtor's claims was that:

a. Alan C. Redmond, then sole owner of Debtor, offered employment and ownership interest to Jordan upon assurances that Jordan had a clean criminal history and was licensed to sell insurance; despite said assurance, after entering into an employment and ownership sharing contract with Jordan, it was learned Jordan had a substantial criminal history and was not licensed to sell insurance;

b. Jordan was charged, subsequent to the employment and ownership sharing contract, with two separate Driving Under the Influence charges and was beginning to miss work, perform poorly at work, and become threatening to employees at work;

c. Based upon Jordan's behavior and lack of credentials, Debtor refused Jordan access to the work premise and business decision making procedures to protect Debtor from liability;

d. And that Jordan subsequently began making false, defamatory statements against Debtor on social media which damaged Debtor.

3. On December 11, 2014, Jordan filed an Answer with New Matter and Counterclaim, seeking relief on claims of Breach of Contract, Breach of Fiduciary Duty, and requesting that an appraiser be appointed. Alan C. Redmond ("Redmond") was also added as a Plaintiff to the Berks Matter.

4. A summary of the claims of Jordan against Debtor and Redmond is that:

a. Jordan was illegally terminated under the employment and ownership sharing contract;

b. Jordan's rights as a shareholder of Debtor were breached;

c. The Debtor had failed to pay Jordan's legal fees as required;

d. And that the action of Debtor and Redmond amounted to an illegal freeze out of Jordan.

5. After extensive pre-trial litigation, including an appeal to the Superior Court of Pennsylvania, a bench trial was held on the Counterclaim in the Berks Matter in September 2021.

6. In a Decision and Verdict issued by the Honorable Timothy J. Rowley on December 20, 2021 (see "Exhibit A" attached hereto), the Trial Court found, *inter alia*:

a. Debtor was organized in February 2013 to serve as an insurance call center;

b. In July of 2013, at a time when Debtor was indisputably not profitable, Debtor hired Jordan as an *employee* via an employment contract. The contract was offered due, in part, to his experience in the insurance sales industry;

c. On November 1, 2013, a "Shareholders' Agreement" (attached as "Exhibit B" hereto) was executed by Jordan and Redmond whereby Redmond and Jordan became equal ("50/50") owners of Debtor. Further set forth in the agreement, Jordan and Redmond would hold

3

equal voting rights in consideration of Debtor failing to pay Jordan all monies allegedly owed Jordan under the employment contract;

d.      From November 1, 2013 through August 4, 2014, Redmond and Jordan were equal in every way as owners of Debtor, a period in which Debtor became "very" profitable (See "Exhibit A" supra);

e.      On August 4, 2014, Redmond effectuated a "freeze-out" of Jordan, refusing him access to Debtor's property, management of Debtor, and profits from Debtor, and the freeze out continued through trial;

f.      That post-freeze out, Redmond failed to keep corporate procedure of Debtor and treated profits of Debtor as profits of Redmond and filed false or fraudulent tax documents through C. Malcolm Smith & Co. regarding Debtor;

g.      Redmond transferred over $360,000.00 from Debtor to Bene Market, LLC ("Bene"), a business 96% owned by Redmond, along with Debtor's book of business, essentially and legally making Bene a successor of a now practically-defunct Debtor;

h.      That between the above and the time of trial, Redmond "misappropriated" $3,698,627.10 directly from Debtor and an additional $11,797,865 from Bene for a combined total of $15,496,492 in profit that was not shared with Jordan; and

i.      The actions of Redmond in "freezing out" Jordan and subsequent management of Debtor was in violation of the Shareholders' Agreement and Bylaws of Debtor.

7. The Court entered a verdict in favor of Jordan and against Redmond as follows:

a.      $8,105,197.20 in compensatory damages;

b.      $5,000,000 in punitive exemplary damages;

c.      Total damages awarded in the amount of $13,105,197.20

4

8. On December 30, 2021, Redmond filed a Motion for Post-Trial Relief.

9. On January 11, 2022, due to the retirement of Judge Rowley, the Honorable Jeffrey K. Sprecher was appointed the Judge presiding over the Berks matter.

10. On March 31, 2022, Judge Sprecher issued an Amended Verdict, entering judgment in the amount of $13,105,197.20 against "**the Plaintiffs**", including NBOA, the debtor for whom a stay was and remains in place through this Honorable Court. A copy of the Amended Verdict entered by Judge Sprecher is attached as Exhibit "C."

11. Judgments in that amount have been entered in Berks County, Pennsylvania against both Redmond *and* Debtor (see judgment index attached as "Exhibit D" hereto).

12. On April 19, 2022, Redmond and the Debtor appealed to the Superior Court of Pennsylvania.

13. On October 21, 2022, an Order was issued staying the execution of the judgment.

14. On January 25, 2024, the stay of execution was lifted by the Superior Court of Pennsylvania.

15. On July 28, 2022, Jordan, by and through Joel Reedy, Esq. and Cornerstone Law Firm, filed a civil suit in the Berks County, Pennsylvania Court of Common Pleas against Bene, Redmond, and Stephania Miller ("Miller") asserting a claim of Unjust Enrichment, seeking to pierce Bene's corporate veil, and demanding damages and a receivership, Berks County Civil Docket 22-11757 ("the Pending Matter").

16. The gist of the Pending Matter is:

   a. That following the freeze out of Jordan referenced in the Berks Matter, and as determined in the Berks matter, Redmond misappropriated nearly $4 million of

5

Debtor funds through payments of personal debts, legal fees, and distributions and salaries not shared with Jordan, a 50/50 owner;

b. That Redmond misappropriated Debtor's book of business by transferring it to Bene at a discounted rate;

c. That Bene essentially operated as the Debtor with simply a different name, having the same business model, location, employees, equipment, etc.

d. That Miller, the former Chief Financial Officer of Debtor, is a four percent (4%) owner of Bene;

e. That Redmond has misappropriated over $11 million from Bene without sharing with Jordan;

f. **That Bene is simply a continuation of Debtor, and that the assets of Bene are actually the assets of Debtor.**

g. **That Bene eschews all corporate formalities and is simply a façade for Redmond's personal dealings.**

**Relevant Procedural and Factual History – Present Bankruptcy Proceedings**

17. On September 3, 2019, Debtor filed its petition under Chapter 7 ("Petition").

18. On January 30, 2020, Jordan removed the Berks matter to this Court, docketed as Adversary Proceeding 20-000016.

19. On January 4, 2021, the Honorable Patricia M. Mayer signed a "Consent Order to Remand State Court Claims Against Alan Christopher Redmond to State Court and to Lift Stay for State Court Claims by Jason Scott Jordan Against Alan Christopher Redmond" entered into between Jordan and Chapter 7 Trustee, Robert H. Holber. A copy of the January 4, 2021 Consent Order is attached as Exhibit "E."

20. Pursuant to this Consent Order, Jordan was allowed to pursue claims **against Redmond only** as they were not core proceedings involving property of the Debtor's estate:

> Notwithstanding the Initial Stay Relief Order, the automatic stay (including a stay under 11 U.S.C. § 362) is hereby lifted as it applies to claims by Jason Scott Jordan against Alan Christopher Redmond in the State Court Action *provided however that such State Court Action shall not include any claims against the Debtor* or the Trustee nor shall the Trustee be required to participate in any discovery in the State Court action.

Exhibit "E" Consent Order at ¶ 5 (emphasis added).

21. At no point, at any time, for any duration, was the stay lifted as to Debtor or as to property of the Debtor's estate.

**Violation of the Automatic Stay – Argument**

The Debtor submits that the automatic stay was violated by the entry of the judgment against the Debtor in Berks matter. The Debtor further avers that as the finances of Redmond and Bene are so intertwined with that of Debtor- in fact, Jordan's judgment against Redmond and Bene is based on a theory that they inappropriately came into possessions of Debtor- this case presents an unusual circumstance under which the automatic stay should be applied not only to Debtor, but also third-parties Redmond and Bene. The Debtor further asserts that through the Pending Matter, Jordan and his counsel, Joel Reedy, Esq., and Cornerstone Law Firm, are knowingly continuing to violate the automatic stay as they seek damages from Redmond, Bene, and Miller from assets they not only acknowledge, but affirmatively argue, belong to Debtor's estate.

> Pursuant to 11 U.S.C. §362:
>
> Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
> **(1)** the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this

7

title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

**(2)** the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

**(3)** any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

**(4)** any act to create, perfect, or enforce any lien against property of the estate;

**(5)** any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

**(6)** any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

**(7)** the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor; and

**(8)** the commencement or continuation of a proceeding before the United States Tax Court concerning a tax liability of a debtor that is a corporation for a taxable period the bankruptcy court may determine or concerning the tax liability of a debtor who is an individual for a taxable

Regarding the "estate";

Such estate is comprised of all the following property, wherever located and by whomever held:

**(1)** Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

…

**(6)** Proceeds, product, offspring, rents, or profits of or from property of the   estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

**(7)** Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. §541.

Further, the automatic stay can also be applied to property of the estate of a debtor which is in the possession of a third party. The Third Circuit has recognized that the automatic stay can be extended to third parties in "unusual circumstances." McCartney v. Inegra National Bank North, 106 F.3d 506 (3rd Cir. 1997). In McCartney, the Third Circuit recognized one such unusual circumstance "where "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against

8

the third-party defendant will in effect be a judgment or finding against the debtor." Id. at 510.

(*quoting* A.H. Robbins Co. v. Piccinin, 488 F.2d 994, 999 (4th Cir. 1986). "Unusual circumstances exist warranting extension of the stay to nondebtors when: "(i) the non-debtor and debtor enjoy such an identity of interests that the suit of the non-debtor is essentially a suit against the debtor; or (ii) the third-party action will have an adverse impact on the debtor's ability to accomplish reorganization" LTL Mgmt. v. Does, 21-30589 (MBK) (Bankr. D.N.J. Feb. 25, 2022) (quoting In re Philadelphia Newspapers, LLC, 407 B.R. 606, 616 (E.D. Pa. 2009)).

In McCartney, the automatic stay was extended beyond the debtor and to an action on a loan against a third party to which the debtor was a guarantor. McCartney, 106 F.3d at 510-11. In A.H. Robbins, the automatic stay was applied to the debtor's co-defendants in product liability lawsuits as judgments against the co-defendants could potentially reduce the insurance pool available to the debtor, thus lessening the estate. A.H. Robbins, 488 F.2d 1008. In Philadelphia Newspapers, the automatic stay was applied to non-debtor co-defendants in civil suits as the debtor was contractually obligated to indemnify these co-defendants. Philadelphia Newspapers 407 B.R. at 613-14.

Further, along these lines, the Third Circuit has held that claims against a successor organization of the Debtor on a legal theory that the successor organization of the Debtor concern assets of the Debtor's estate and alleged injured parties do not have standing to bring suit seeking these assets. *See* In re Emoral, Inc., 740 F.3d 875 (3rd Cir. 2014). In Emoral, Aaroma was a successor corporation to Emoral, who at the time of the transfer of assets was knowingly open to liability for personal injury and product liability claims. Id. at 877. Emoral filed bankruptcy, and alleged injured parties brought suit against Aaroma in the New Jersey State Trial Court on claims of personal injury and product liability originating against Emoral, arguing

9

Aaroma was a "mere continuation" of Emoral. Id. The Third Circuit held that seeking to hold a successor entity liable as a mere continuation of another entity is a general claim, as any creditor of the original entity would be entitled to relief under the same theory. Id. at 880. A general claim is part of the original organization's bankruptcy estate and thus should be subject to prosecution by the bankruptcy trustee. Id. at 880. The same can be said about actions against a party under a veil-piercing theory. Id.

Here, the automatic stay has been violated. The automatic stay was imposed under §362 of the Code at the time of Debtors' filing of their Petition on September 3, 2019. At that point in time, pursuant to §362, all judicial proceedings against Debtor were stayed. This much was obvious and reflected in this Court's Consent Order of January 4, 2021, allowing the Berks Matter to proceed against Redmond alone. The Consent Order specifically states that the automatic stay was lifted as to claims only against Redmond "***provided however that such State Court Action shall not include any claims against the Debtor.***" Ex. "E," Consent Order at ¶ 5 (emphasis added). Further, the enforcement of any claim or judgment against the Debtor was stayed and *remains* stayed. Nonetheless, Judge Sprecher issued a verdict against Debtor on March 31, 2022 despite the stay, and a judgment was entered in Berks County in violation of the stay.

Further, Debtor submits to this Court that the judgments against Redmond and Bene are also in violation of the automatic stay under law and application. While this Court allowed the Berks Matter to continue against Redmond *individually*, the Decision and Verdict from Judge Rowley, and the evidence produced at trial on which the Opinion and Verdict were based, made clear that Redmond and Bene Market were liable to the extent they are in possession of the Debtor's assets. Judge Rowley found that after the supposed freeze-out of Jordan (which the Trial

10

Court itself ordered on Petition of Debtor in August of 2014), Redmond eschewed all corporate procedures required in the operation of Debtor.

Judge Rowley found that Redmond improperly distributed to himself profits rightfully belonging to Debtor. Judge Rowley found that Redmond improperly transferred Debtor's book of business to Bene, a company almost wholly owned by Redmond, and that the profits of Bene were actually attributable to Debtor. Judge Rowley further found that Redmond improperly transferred profits of Bene (actually belonging to Debtor) to himself. It is clear from the Decision and Verdict that any verdict and subsequent judgment against Redmond and Bene is due to their supposed finances being inseparably intertwined with Debtor and/or their being in possession of property actually, impliedly or legally belonging to Debtor.

According to Judge Rowley's holdings, Jordan was a 50/50 owner of Debtor from November 1, 2013. As such, Judge Rowley ruled Jordan was entitled to half of all profits distributed. This, according to Judge Rowley's ruling, would include profits which were produced by Bene, which Judge Rowley ruled was a clear successor business to Debtor.

Debtor submits that these facts inarguably demonstrate that these are "unusual circumstances" pursuant to the A.H., McCartney, and Philadelphia Newspapers line of cases in which the automatic stay should be extended to third-parties Redmond and Bene. The damages to which Jordan received a verdict and judgment to recover is property which belonged to Debtor, but Judge Rowley found was misappropriated by Bene and Redmond. Based on Judge Rowley's rulings, the finances of Redmond, Bene, and Debtor are so intertwined, Jordan's judgment against Redmond is a judgment against Debtor. Indeed, this is not a legal fiction since the judgment index is clear that a $13 million judgment was, in fact, entered against the Debtor. As such, the

11

judicial proceedings against Redmond violated the automatic stay and the entry and enforcement of the Berks County judgments against Redmond and Bene violate the automatic stay.

Further, Debtor submits that pursuant to Emoral and its predecessor and successor cases, Jordan, Joel Reedy, Esq. and Cornerstone Law Firm are actively violating the automatic stay by pursuing the Pending Matter. In the Pending Matter, Jordan and counsel do not tacitly admit that Bene is a "mere continuation" of Debtor in possession of Debtor assets, they *expressly argue that point*. Moreover, by seeking to pierce Bene's corporate veil as a personal façade for Redmond, they are *expressly attributing the assets of Debtor to Redmond*. The holding in Emoral is crystal clear- seeking damages from a third-party non-debtor as a mere continuation of the Debtor or through piercing the veil is seeking assets of the Debtor's Estate. Assets of the Debtor's estate are subject to the automatic stay.

For the foregoing reasons, the Debtor requests that this Court find that the Berks Matter's verdicts against it and Redmond violate the automatic stay, as do the entry and enforcement of judgments against it, Redmond, and Bene. The Debtor further requests that this Court find that the prosecution of the Pending Matter is a knowing violation of the automatic stay by Jordan, Joel Reedy, Esq. and Cornerstone Law Firm.

### Request for Remedies- Injunction, Void of Judgments, and Sanctions

Bankruptcy Courts are courts of equity with the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. 105(a).

### Equitable Relief- Injunction and Void of Judgment.

The Debtor submits that to effectuate the purpose of the Code in this particular case, it would be equitable to issue an injunction prohibiting Jordan from attempting to enforce the

12

judgments entered against the Debtor, Redmond, and Bene. Further, the Debtor submits that the liability, damages, and ability to meet those damages by Redmond and Bene in connection with the Berks matter are so intertwined with the Debtor's bankruptcy estate that the verdict against Debtor, Redmond, and Bene should be voided and litigation against these parties in the Berks matter must be returned to the status quo, as it existed *prior* to the Consent Order. This is because prosecuting the Berks matter against Redmond was in violation of the automatic stay in all aspects.

**Sanctions**

Section 362(k)(1) of the Bankruptcy Code provides redress for violations of the automatic stay. It mandates that, subject to exceptions not applicable in this case, "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, **in appropriate circumstances, may recover punitive damages**."4 11 U.S.C. § 362(k)(1). "A debtor alleging a violation of the automatic stay has the burden to demonstrate, by a preponderance of the evidence, that a violation was willfully committed by the respondent, and that the debtor suffered damage as a result of the violation." In re Panek, 402 B.R. 71, 76 (D. Mass. 2009). To be a "willful" violation of the stay, it is not necessary that the party has the specific intent to violate the stay, just that the act was clearly a violation of the stay. *See* In Re Aleckna, No. 20-1309 (3d Cir. Sep. 9, 2021).

Here, the Pending Matter is a clear willful violation of the automatic stay. Based on the crystal clear holding in Emoral, there can be no doubt in the mind of Jordan, Joel Reedy, Esq., and Cornerstone Law Firm that the Pending Matter- which seeks estate assets through theories of mere continuation and piercing veil liability- is a stay violation. As such, Redmond and Bene are entitled to costs and legal fees associated with the Pending Matter. They further requests punitive damages as the Pending Matter is a duplicative theory of liability from the Berks Matter- which itself turned

13

out to be a violation of the stay- and amounts to the harassment of Redmond and Bene over the

verdict and judgment in the Berks Matter while clearly violating the stay.

Accordingly, Debtor requests that this Court enter:

1. The dismissal of the entire verdict and judgment in favor of Jordan in the Berks Matter

   (Berks County Civil Docket 14-17117);

2. Enjoin Jordan from prosecuting the Berks Matter and

3. Strike the judgments against the Debtor, Redmond, and Bene and/or prohibit their

   enforcement;

4. Dismissal of the Pending Matter (Berks County Civil Docket 22-11757);

5. Sanctions against Jason Jordan, Joel Reedy, Esq., and Cornerstone Law Firm in the

   amount of costs in defending the Pending Matter, including legal fees, and punitive

   damages.

Philadelphia, PA
May 24, 2024

RESPECTFULLY SUBMITTED,

___/s/ Norman M. Valz_____
Norman M. Valz, Esquire (Pa. No. 61338)
Attorney for Defendants
Norman M. Valz & Associates, P.C.
490 Norristown Road
Suite 150
Blue Bell, PA 19422
(215) 756-2424
nvalz@msn.com

**CERTIFICATE OF SERVICE**

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic

Filing (CM/ECF) on this 24th day of May 2024, upon all registered users who have entered their

appearance in any way for this case in compliance with the Federal Rules of Bankruptcy Procedure

and the Rules of the Eastern District of Pennsylvania.

Philadelphia, PA
May 24, 2024

RESPECTFULLY SUBMITTED,

___/s/ Norman M. Valz_____
Norman M. Valz, Esquire (Pa. No. 61338)
Attorney for Defendants
Norman M. Valz & Associates, P.C.
490 Norristown Road
Suite 150
Blue Bell, PA 19422
(215) 756-2424
nvalz@msn.com

# Exhibit E

# Exhibit E

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

In re:

NATIONAL BROKERS OF AMERICA,
INC.

Chapter 7

    Debtor.

Bankruptcy No. 19-15488-pmm

_____

_____

## <u>ORDER</u>

    **AND NOW**, this __2nd__ day of __July_____, 2024, upon consideration of the

Motion to Intervene for Purposes of Debtor's Motion for Enforcement of the Automatic Stay,

Vacating of Judgments as Void, and Enjoining Jason Scott Jordan From Pursuing Claims in

Berks County Civil Docket 14-17117, filed by Proposed Intervenor, Alan C. Redmond, it is

hereby **ORDERED** that the Motion is **GRANTED.**

    Alan C. Redmond is hereby granted Interested Party status with respect to the Debtor's

Motion [ECF No. 179] and he and/or his counsel of record are permitted to be heard at the

Court's July 2, 2024, 11 A.M. hearing for said Motion.

                    BY THE COURT:

                    *Patricia M. Mayer*

                    _____

                    Hon. Patricia M. Mayer, U.S.B.J.

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:

NATIONAL BROKERS OF AMERICA, INC.

    Debtor.

Chapter 7

Bankruptcy No. 19-15488-pmm

---

## NON-PARTY ALAN C. REDMOND'S MOTION TO INTERVENE IN SUPPORT OF DEBTOR'S MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY, VACATING OF JUDGMENTS AS VOID, AND ENJOINING JASON SCOTT JORDAN FROM PURSUING CLAIMS IN BERKS COUNTY CIVIL DOCKET 14-17117

Non-party Alan C. Redmond ("Redmond"), through undersigned counsel, requests that the Court enter an order allowing him to intervene in the motion of Debtor, National Brokers of America, Inc., ("Debtor") to enforce the automatic stay, void the judgments entered in Berks County Pennsylvania against Debtor, Alan C. Redmond, and Bene Market, LLC, enjoining Jason Scott Jordan from pursuing claims against the same in Berks County, Pennsylvania, Court of Common Pleas Civil Docket 14-17117, and issuing sanctions against Joel Ready, Esq. and Cornerstone Law Firm.

### INTRODUCTION

Redmond is one of the parties subject to judgments entered in a Berks County case, in which (as set forth in the motion of Debtor) a judgment of more than $13 million was entered in favor of Jason Jordan, despite the automatic stay in this Court. Additionally, the automatic stay is being violated in another case in Berks County, in which Jason Jordan seeks the Debtor's assets in a suit against Alan C. Redmond, Bene Markets, LLC and Stephanie Miller.

As Redmond is an "interested party" under Bankr. R. 2018(a), he is entitled to permissive intervention: the judgment and the second action affect his property interests, along with the interests of the Debtor.

## FACTUAL SUMMARY

Below is an abbreviated list of proceedings in Pennsylvania and before this Court which are relevant to the content and context of the present Motion

### A.     Pennsylvania Proceedings

On October 28, 2014, Debtor filed a Complaint against Jason Scott Jordan ("Jordan") in the Berks County, Pennsylvania, Court of Common Pleas seeking recovery on claims of Breach of Contract and Defamation, Berks County Civil docket 14-17117 ("the Berks Matter"). In the Berks Matter, Debtor claimed that Redmond, then sole owner of Debtor, offered employment and ownership interest to Jordan upon assurances that Jordan had a clean criminal history and was licensed to sell insurance; despite said assurance, after entering into an employment and ownership sharing contract with Jordan, it was learned Jordan had a substantial criminal history and was not licensed to sell insurance. Jordan was also alleged to have 2 DUI charges and work performance issues, resulting in Jordan's lack of access to work premises, after which Jordan began making false, defamatory statements against Debtor on social media which damaged Debtor.

Jordan counterclaimed on breach of contract and breach of fiduciary duty, sought an appraiser, and added Redmond as a party. Jordan's claims were for illegal termination and loss of rights as a shareholder of Debtor. After a bench trial was held in September 2021, a Decision and Order of December 20, 2021, that Redmond was liable to Jordan for $8,105,197.20 in

2

compensatory damages, $8,105,197.20 in compensatory damages, for a total amount of $13,105,197.20.

After post-trial motions, on March 31, 2022, Judge Sprecher issued an Amended Verdict, entering judgment in the amount of $13,105,197.20 against **"the Plaintiffs"**, including the Debtor, the debtor for whom a stay was and remains in place through this Honorable Court.

On July 28, 2022, Jordan, by and through Joel Reedy, Esq. and Cornerstone Law Firm, filed a civil suit in the Berks County, Pennsylvania Court of Common Pleas against Bene Markets LLC ("Bene"), Redmond, and Stephania Miller ("Miller") asserting a claim of Unjust Enrichment, seeking to pierce Bene's corporate veil, and demanding damages and a receivership, Berks County Civil Docket 22-11757 ("the Pending Matter"). The Pending Matter alleges misappropriation of nearly $4 million of Debtor funds, misappropriation of Debtor's book of business by transferring it to Bene at a discounted rate, and that Bene is simply a continuation of Debtor under another name. In the Pending Matter, Jordan is thus seeking the Debtor's assets in direct violation of the automatic stay.

## B. Present Bankruptcy Proceedings

1. The instant Bankruptcy proceeding was initiated by the Debtor's Chapter 7 petition on September 3, 2019. On January 30, 2020, Jordan removed the Berks matter to this Court, docketed as Adversary Proceeding 20-000016. On January 4, 2021, the Honorable Patricia M. Mayer signed a "Consent Order to Remand State Court Claims Against Alan Christopher Redmond to State Court and to Lift Stay for State Court Claims by Jason Scott Jordan Against Alan Christopher Redmond" entered into between Jordan and Chapter 7 Trustee, Robert H. Holber.

2. Pursuant to this Consent Order, Jordan was allowed to pursue claims **against Redmond only** as they were not core proceedings involving property of the Debtor's estate:

> Notwithstanding the Initial Stay Relief Order, the automatic stay (including a stay under 11 U.S.C. § 362) is hereby lifted as it applies to claims by Jason Scott Jordan against Alan Christopher Redmond in the State Court Action *provided however that such State Court Action shall not include any claims against the Debtor* or the Trustee nor shall the Trustee be required to participate in any discovery in the State Court action.

Exhibit "E" to Debtor Motion, Consent Order at ¶ 5 (emphasis added). At no point, at any time, for any duration, was the stay lifted as to Debtor or as to property of the Debtor's estate.

## LEGAL ARGUMENT

Intervention is permitted under Bankruptcy Rule 2018(a), under which "the court may permit any interested entity to intervene generally or with respect to any specified matter." Fed. R. Bankr. P. 2018(a). On a motion for intervention, the court may consider whether the proposed intervenor's interest is one being adequately represented by another party already in the case, and whether intervention would cause undue delay or prejudice. *In re Beulah Rd. Land Co.*, No. 13-23148-CMB, 2013 WL 6384344, at *1 (Bankr. W.D. Pa. Dec. 5, 2013). Good cause for intervention can be established by demonstrating an "economic or similar interest related to the case." *Id.*

Here, it is apparent that Redmond has an "economic or similar interest" to the issue at hand, namely whether the automatic stay was violated by Jordan and his counsel. While the claims as to Redmond were ruled to not be core proceedings at an earlier phase in these proceedings, the March 31, 2022, Amended Verdict in the Berks County case elevated Redmond's economic interests to those of the Debtor. And the entire gist of the Pending Matter is an attempt to claim that assets of Bene are actually assets of the Debtor—allegations that place the Pending Matter squarely within the jurisdiction of this Court as a "core proceeding." 28

4

U.S.C.A. § 157(b)(2)(o) ("other proceedings affecting the liquidation of the assets of the estate").[1] Redmond has a right to be heard, and to be represented, with respect to any hearing on the motion filed by the Debtor with respect to the violations of the automatic stay and conduct of Jordan and his counsel with respect to this Court, as his interests—economic and as a member or owner of Bene—are implicated by the motion, the Amended Verdict, and the Pending Matter.

Redmond, therefore, seeks leave to intervene, and file his joinder to the Debtor's motion (attached hereto as Exhibit "A").

## CONCLUSION

Redmond respectfully requests that his motion to intervene be granted so that he may take part in consideration of the motion of the Debtor concerning violation of the automatic stay.

**BOCHETTO & LENTZ, P.C.**

Dated: June 27, 2024    By:    */s/ George Bochetto*
George Bochetto, Esquire (27783)
David P. Heim, Esquire (84323)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com

*Attorneys for Alan C. Redmond*

---

[1] Even should the Court decide that Redmond's interests are not "core," they are certainly related claims that could affect the Debtor's estate, and this Court may make preliminary rulings. *In re Jamuna Real Est., LLC*, 357 B.R. 324, 331 (Bankr. E.D. Pa. 2006) (veil-piercing claims are related to the bankruptcy estate).

## CERTIFICATE OF SERVICE

I, *George Bochetto, Esquire*, hereby certify that a true and correct copy of the forgoing was

filed electronically through this Court's ECF System and is available for viewing and downloading

from this Court's ECF System. I further certify that an electronic copy of the foregoing was served

upon all parties of record through this Court's ECF System.


**BOCHETTO & LENTZ, P.C.**

Dated:  June 27, 2024          By:     */s/ George Bochetto, Esquire*
                                        GEORGE BOCHETTO, ESQUIRE

# Exhibit "A"

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

In re:

NATIONAL BROKERS OF AMERICA, INC.

Chapter 7

    Debtor.

Bankruptcy No. 19-15488-pmm

## INTERVENOR ALAN C. REDMOND'S MOTION JOIN DEBTOR'S MOTION FOR ENFORCEMENT OF THE AUTOMATIC STAY, VACATING OF JUDGMENTS AS VOID, AND ENJOINING JASON SCOTT JORDAN FROM PURSUING CLAIMS IN BERKS COUNTY CIVIL DOCKET 14-17117

Non-party Alan C. Redmond ("Redmond"), through undersigned counsel, joins in the motion of National Brokers of America, Inc., ("Debtor") to enforce the automatic stay, void the judgments entered in Berks County Pennsylvania against Debtor, Alan C. Redmond, and Bene Market, LLC, enjoining Jason Scott Jordan from pursuing claims against the same in Berks County, Pennsylvania, Court of Common Pleas Civil Docket 14-17117, and issuing sanctions against Joel Ready, Esq. and Cornerstone Law Firm.

**BOCHETTO & LENTZ, P.C.**

Dated: June 27, 2024

By: */s/ George Bochetto*
George Bochetto, Esquire (27783)
David P. Heim, Esquire (84323)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
gbochetto@bochettoandlentz.com
dheim@bochettoandlentz.com

*Attorneys for Alan C. Redmond*

# Exhibit F

Exhibit F

Received County of Berks Prothonotary's Office on 09/04/2024 4:37 PM Prothonotary Docket No. 14-17117

**BOCHETTO & LENTZ, P.C.**
By:  David P. Heim, Esquire
Attorney I.D. 84323
1524 Locust Street
Philadelphia, PA 19102                          *Attorney for Counter-Defendant,*
(215) 735-3900                                  *Alan Christopher Redmond*
dheim@bochettoandlentz.com

| | | |
|---|---|---|
| NATIONAL BROKERS OF AMERICA, INC. AND ALAN CHRISTOPHER REDMOND, | : | COURT OF COMMON PLEAS BERKS COUNTY, |
| | : | PENNSYLVANIA |
| *Plaintiffs*, | : | |
| | : | CIVIL DIVISION |
| v. | : | |
| | : | NO. 14-17117 |
| JASON SCOTT JORDAN | : | |
| | : | |
| *Defendant*. | : | |
| | : | |

## BRIEF OF COUNTERCLAIM DEFENDANT, ALAN REDMOND, OPPOSING COUNTERCLAIM PLAINTIFF'S MOTIONS FOR "CHARGING ORDERS" AS TO ARC REALTY, LLC AND BENE MARKET, LLC

Counterclaim Defendant, Alan Redmond, hereby files the following Brief Opposing Counterclaim Plaintiffs' Motions for "Charging Orders" as to Arc Realty, LLC and Bene Market, LLC.

### SUMMARY

Counterclaim Plaintiff, Jason Scott Jordan ("Jordan"), has filed two Motions for "charging orders," claiming limited liability companies – Bene Market LLC ("Bene") and Arc Realty LLC ("Arc") – are owned by judgment debtor, Alan Redmond ("Redmond"), and thus pursuant to 15 Pa.C.S.A. § 8853, Redmond's membership ownership interest in Bene and Arc should be charged with a lien and the Court should order any distributions owed to Redmond from such entities

should be directed to Jordan.  A hearing is scheduled for September 12, 2024 and the Court's

August 21, 2024 Order granted the parties to file Briefs.

As a matter of law, Jordan cannot obtain the "charging orders" or other relief he seeks

against either Arc or Bene, as detailed below.  His Motions should be denied.

## **ARGUMENT**

I.      **The Court Cannot Adjudicate an Alleged Fraudulent Transfer of Arc Ownership in this Supplement Proceeding to Collect an Underlying Judgment.**

As averred in Redmond's Answer to Jordan's Motion, Arc is not owned by Redmond, but

rather is owned by Redmond and his wife as tenants by entireties.  While Jordan has questioned

whether Arc was transferred into tenants by entireties ownership fraudulently to avoid his

judgment, that question cannot be resolved in the context of Jordan's Motion, which is filed as part

of Jordan's attempt to collect a judgment under Chapter 3100 of the Rules of Civil Procedure,

specifically seeking supplementary relief in aid of execution under Pa.R.C.P. 3118(a)

("Supplementary Relief in Aid of Execution")

The Pennsylvania Supreme Court's decision in *Greater Val. Terminal Corp v. Goodman*,

415 Pa. 1, 3, 202 A.2d 89, 93 (Pa. 1964) ("*Goodmand*") is squarely on point as it expressly

foreclosed the possibility of transactions being voided as an alleged fraudulent transfer in

supplemental proceedings in aid of execution on a money judgment.  In *Goodman*, like Jordan has

done here, the judgment creditor filed a petition for supplementary relief in aid of execution,

alleging "fraudulent conveyances [by the judgment debtor] to appellants-garnishees of the assets

of [the judgment debtor's] single proprietorship and certain stock certificates."  *Id.* at 3.  Over the

objections of the judgment debtor, the trial court determined "full equitable relief was available to

Received County of Berks Prothonotary's Office on 09/04/2024 4:37 PM Prothonotary Docket No. 14-17117

Received County of Berks Prothonotary's Office on 09/04/2024 4:37 PM Prothonotary Docket No. 14-17117

[judgment creditor] under Rule 3118 and that the petition would be considered as a complaint in equity." *Id.* at 3.

The judgment creditor in *Goodman* argued that Rule 3118 authorized a trial court to deem transfers fraudulent under Rule 3118(a)(1)-(6). The Court noted the first five subsections of Rule 3118(a) "enable the judgment creditor to *preserve the status quo as to the judgment-debtor's property* by authorizing the court to enjoin transfers thereof, to direct disclosure to the sheriff of the whereabouts of such property, and to order delivery by the debtor to the sheriff of property which the debtor has concealed." *Id.* at 5 (emphasis original). The Court then contrasted this with the relief actually sought by the judgment creditor, noting "[o]n the other hand, proceedings brought to void a fraudulent transfer of necessity involve an adjudication of title to the property in question, and, if such a transfer is found to have taken place, a voiding of title in the transferee and a revesting of title in the debtor. This involves a change in the *status quo* which the first five paragraphs of Rule 3118 clearly do not contemplate." *Id.*

The Court then noted that the last "catchall" provision of Rule 3118(a)(6) – which provides the court with authority to "grant [ ] such other relief as may be deemed necessary and appropriate" – could not be interpreted to give a court authority to adjudicate title ownership issues in a supplemental proceeding in aid of execution. The Court held that:

> Only property the title to which is clearly in the judgment-debtor is subject to the terms of those paragraphs. . . . Hence, since the first five paragraphs of Rule 3118 do not envision the type of relief which necessitates the trial of title to property, the catchall statement in paragraph six, which must be read in conjunction with and as effectuating the same purpose as the other five paragraphs, cannot be read to provide for the relief granted by the court below.

*Id.* at 5. The Court then listed the types of proceedings where the issue of title to property in the hands of third persons sought to be executed against could be litigated, each of which required the filing of a separate action, where there is the right to a jury trial. *Id.* Because the judgment creditor

3

proceeded in a summary fashion in aid of execution, the Court reversed the trial court, noting that "[judgment creditor] cannot bypass these well-established procedures, both of which require a full plenary proceeding and the attendant safeguards thereof, in favor of a rule which authorizes a hearing of a summary nature." *Id.* at 7. The Court finally provided a cautionary note that the "Bench and the Bar must in all proceedings conform to the well-established procedures laid down by the Legislature and this Court. The failure to do so can only lead to confusion in the administration of justice and deprivation of the rights of litigants in this Commonwealth." *Id.* at 8.

Jordan, once again, like his attempt to have the Court overreach by entering an Order compelling the parties to enter into an unwieldy "escrow agreement," is attempting to lead this Court down an illegal and improper procedural path.[1] Arc is a non-party to this case. Arc is owned by tenants by entirety, Redmond and his wife. Redmond's wife is also a non-party. The Court should decline this invitation to go down this procedural path by denying Jordan's Motion as to Arc Realty, LLC, which is owned by Redmond and his wife as tenants by entirety. Were the Court to follow Jordan's lead, as the Supreme Court noted, only "confusion in the administration of justice and deprivation of the rights of litigants" would follow.

II.     **The Court Should Refrain from Entering Any Relief as to Bene In Light of the Pending Decision from Bankruptcy Judge Patricia Mayer**

As stated in Redmond's Answer to Jordan's Motion for a "charging order" as to Bene, Jordan's attempt to use Bene's assets to satisfy his judgment in a separate proceeding filed in this Court in 2022 is currently under consideration by Judge Mayer in Bankruptcy Court, who is presiding over a Chapter 7 Bankruptcy matter where another entity – National Brokers of America

---

[1] Significantly, Jordan has apparently conceded the inappropriateness of his unilateral submission of such escrow agreement as he has filed a praecipe to withdraw that document from the docket a few days after Redmond's counsel filed a letter detailing the significant legal problems therewith.

Received County of Berks Prothonotary's Office on 09/04/2024 4:37 PM Prothonotary Docket No. 14-17117

("NBOA") – is the debtor.  To recap, the problem is that Jordan, in his 2022 Berks County lawsuit (22-11757) against Bene, claims that Bene possesses NBOA's assets and is actually the successor of NBOA.  Redmond attached the pleadings that are pending before Judge Mayer to his Answer to Jordan's Motion.  NBOA and Redmond in those Bankruptcy proceedings argue that Jordan's attempt to collect his judgment from Bene is a blatant violation of the bankruptcy automatic stay since Jordan claims Bene is the successor of NBOA.

During a hearing on July 2, 2024, Judge Mayer took Jordan's conduct very seriously.  From the bench she stated Jordan and his counsel "somewhat disregarded" the stay and that Jordan's lawsuit attempting to collect against Bene was "at least facially violative of the order."  (*See* Bktcy. 7/2/24 Transcript at pgs. 25-26, attached as Exhibit "A.")  Judge Mayer has not yet issued her decision.  This Court, during the August 21, 2024 hearing, agreed with Judge Mayer, bluntly telling Jordan's counsel that he could not chase Bene's assets since Jordan was alleging Bene was the successor of debtor NBOA and that would be violative of the automatic bankruptcy stay.  In fact, Judge Gavin, presiding over Jordan's claims against Bene in 22-11757, entered an Order staying the matter pending Judge Mayer's ruling on the automatic stay issues.  (A copy of Judge Gavin's July 12, 2024 Stay Order is attached as Exhibit "B.")

For these reasons, the Court should not enter any "charging orders" as to Bene as the same would be violative of the automatic stay and encroach on Judge Mayer's jurisdiction.  The Court must defer to Judge Mayer on this issue.  Jordan continuing to seek relief as to Bene, in light of Judge Mayer's statements, this Court's admonition, and Judge Gavin entering an order staying the 22-11757 action, is more than troubling.  It is another instance of Jordan attempting to lead the Court to enter improper relief, which, of course, the Court should not do.

Received County of Berks Prothonotary's Office on 09/04/2024 4:37 PM Prothonotary Docket No. 14-17117

## CONCLUSION

Based on the foregoing, Redmond respectfully requests the Court to deny Jordan's pending

Motions for "charging orders."

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

*/s/ David P. Heim*

Dated:  September 4, 2024              By:  _____

David P. Heim, Esquire
*Attorneys for Counterclaim-Defendant*
*Alan Redmond*

Received County of Berks Prothonotary's Office on 09/04/2024 4:37 PM Prothonotary Docket No. 14-17117

6