**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**PETITIONERS' EMERGENCY RULE 12(f) MOTION TO STRIKE**
**ANSWER AND FOR CURATIVE RELIEF**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, file this Emergency Motion under Fed. R. Civ. P. 12(f) to strike Debtor's Answer, without prejudice, on the ground of "insufficient defense" and failure to conform to the *Federal Rules of Bankruptcy Procedure* that has caused material harm to Petitioners, and for curative relief to remove such material harm in advance of the Emergency Hearing on September 18th for Preliminary Relief.

**GROUNDS**

At 3:03 p.m. on Friday, September 13th, 2024, Debtor filed an underlined unverified Answer, averring the existence of more than 12 creditors. [ECF No. 19, ¶¶ 4-5]. The Answer fails to comply with a mandatory rule in the *Federal Rules of Bankruptcy Procedure:*

> If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file **with the answer a list** of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

Fed. R. Bankr. P. 1003(b). The Answer contains no information on any of Debtor's creditors. Petitioners are materially harmed by this nonconformity because, for the reasons stated in Petitioners' Brief in Opposition to Debtor's Motion to Dismiss, at ECF No. 26, incorporated by

reference, Debtor committed perjury in his answers to interrogatories in aid of execution in the Court of Common Pleas and we are entitled to this information in advance of the Emergency Hearing. Those interrogatories directed Debtor to identify his creditors and Debtor refused full and complete answers where he identified by name one creditor only, namely, Complete Business Solutions Group, Inc. d/b/a Par Funding. Additionally, the 12-Creditor-Rule is subject to serious restrictions in 11 U.S.C. § 303(b) discussed in the Argument Section, and Petitioning Creditors are harmed by Debtor's willful refusal to abide by rules of court.

## ARGUMENT

Responsive pleadings and motions to an involuntary petition must conform with Rule 12 of the *Federal Rules of Civil Procedure*. Fed. R. Bankr. P. 1011(b). Under the Court's powers to carry out its process and rules, 11 U.S.C. § 105, as well as Fed. R. Civ. P. 12(f), the Court may strike a pleading for "an insufficient defense" or for nonconformity with mandatory rules of procedure. Here, the Answer filed by Debtor avers the existence of 12 or more creditors but fails the following, mandatory rule of procedure:

> If the answer to an involuntary petition filed by fewer than three creditors avers the existence of 12 or more creditors, the debtor shall file **with the answer a list** of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof. If it appears that there are 12 or more creditors as provided in § 303(b) of the Code, the court shall afford a reasonable opportunity for other creditors to join in the petition before a hearing is held thereon.

Fed. R. Bankr. P. 1003(b). Relief is granted where, as here, "The debtor has failed to comply with Bankruptcy Rule 1003([b]) and has not filed with the answer 'a list of all creditors with their addresses, a brief statement of the nature of their claims, and the amounts thereof." *In re* Braten, 73 B.R. 896, 898 (Bankr. S.D.N.Y. 1987) (alteration added). Additionally, "the list should be sworn to by the debtor, because Bankruptcy Rule 1008 states that all lists, as well as petitions, schedules and statements, must be verified." Id.

Here, Debtor has not disclosed any information regarding such creditors, much less a list of names and addresses, with a brief statement of the nature of the claims and the amounts thereof. Petitioning Creditors are materially harmed by this willful nonconformity with Bankruptcy Rule 1003 where, as here, Debtor has committed perjury in his answers to interrogatories in aid of execution in the Berks County Court of Common Pleas. As shown in ECF No. 26, incorporated by reference, our interrogatories obligated Debtor to identify his creditors and he failed to do so other than identifying Complete Business Solutions Group, Inc. d/b/a Par Funding. He didn't identify by name any other creditor. Any further delays in disclosing this information will open the door for Debtor's continued past practices of perjury and concealment, whereas we are entitled to his information in advance of the Emergency Hearing.

Additionally, in violation of Bankruptcy Rule 1008, Debtor's Answer is unverified. Rule 1008 is intended to protect this Court and its officers from parties who would lie to their counsel. Bankruptcy Rule 1008 applies to "lists" that Debtor must file with the Court, including the list of creditors under Bankruptcy Rule 1003(b). Braten, 73 B.R. at 898; Downers Grove Nat'l Bank v. Fox (*In re* Fox), 1994 U.S. Dist. LEXIS 12471, at *7-8 (N.D. Ill. Sept. 1, 1994). Debtor has a history of perjury and using attorneys to aid him in circumventing verification requirements.

We humbly ask the Court to strike the Answer without prejudice to refile and to grant curative relief. Specifically, we ask the Court to instruct Debtor to refile the Answer in compliance with Bankruptcy Rules 1003(b) and 1008, in addition to any other applicable rules of court, and to further instruct Debtor's counsel to refrain from assisting Debtor in circumventing mandatory requirements of verification. The Court's instruction is vital here because Debtor needs to stop repeating this pattern of refusing verification require the law requires it and it is improper for officers of the Court to be aiding and abetting Debtor like that.

To the extent Debtor's motion is a Civil Rule 12 request for pre-trial dismissal, we humbly ask the Court to deny it with prejudice. As shown in our Brief in Opposition to Motion to Dismiss, filed contemporaneously at ECF No. 26, both 11 U.S.C. § 303(c) and Bankruptcy Rule 1003(b) expressly disallow pre-trial dismissal of an involuntary petition under the 12-Creditor-Rule. Rather, the Debtor must disclose a verified list containing the information in Rule 1003(b), the Court must set notice for those creditors so they are given an opportunity to join the Petition, and discovery must be permitted to ascertain if any of these creditors have qualified claims within 11 U.S.C. § 303(b). As we pointed out and made citation to authorities in the Emergency Motion for Special Relief, ECF No. 10 at 23-24, incorporated by reference, Section 303(b) of the Code does not qualify all creditors of the Debtor for purposes of the 12-Creditor-Rule. Section 303(b)(2) excludes from the computation any creditor who is an "employee or insider" of the Debtor or any transferee of such employee or insider, and Debtor is estopped from asserting 12 creditors to the extent of any litigation where he filed an answer, denying liability, the amount owed, or both, since he cannot rely upon creditors where "a bona fide dispute" exists. 11 U.S.C. § 303(b)(1). Petitioning Creditors have been deprived of any ability to investigate whether Debtor's undisclosed, putative creditors are within the statute.

Likewise, Debtor's claim of "bad faith" is subject to estoppel where, as here, Debtor filed a motion with the same judge of this Court, asking for the protection of the automatic stay in the case of *In re* National Brokers of America, Inc., Case No. 19-15488-PMM. Even so, any genuine issues of material fact must be reserved for trial under Fed. R. Bankr. P. 1013(a) and cannot be raised by a Civil Rule 12 motion.

The Court can reserve its judgment on Debtor's motion to dissolve the TRO after hearing the presentation of evidence on September 18th.

4

## CONCLUSION

**WHEREFORE**, based on the foregoing, Petitioning Creditors Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter request that the Court strike the Debtor's Answer at ECF No. 19 without prejudice and to grant curative relief by instructing the Debtor to file an Answer that complies with Bankruptcy Rules 1003(b) and 1008, in addition to any other applicable rules of court, and by instructing Debtor's counsel to refrain from aiding and abetting Debtor's avoidance of mandatory rules of verification; to deny the Debtor's Motion to Dismiss at ECF No. 20 with prejudice to the extent of Civil Rule 12 pre-trial dismissal; and such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 16, 2024          By:      /s/ Joel A. Ready
                                                         Joel A. Ready, Esquire
                                                         PA Attorney I.D. # 321966
                                                         8500 Allentown Pike, Suite 3
                                                         Blandon, PA 19510
                                                         (610) 926-7875

5