IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ALAN CHRISTOPHER REDMOND    :    Bankruptcy No. 24-13093 (PMM)
: 
: Involuntary Chapter 11
:

**ORDER**

    **AND NOW,** on this _____ day of _____, 2024, upon consideration of the Motion to Quash Third Party Subpoenas and for Sanctions, and any opposition thereto, the foregoing Motion is **GRANTED** and the Subpoenas issued to Third Party Witnesses are hereby **QUASHED.**

    **IF IS FURTHER ORDERED** that sanctions are granted against Petitioning Creditors and their Counsel pursuant to Fed. R. Civ. P. 45 in the amount of $ _____, plus reimbursement of costs and attorney fees to counsel for the Third Party Witnesses, whose Counsel shall submit a certification of fees for the Court's consideration within ten (10) days.

    **BY THE COURT:**

    _____
    **Patricia M. Mayer, U.S.B.J.**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ALAN CHRISTOPHER REDMOND         :         Bankruptcy No. 24-13093 (PMM)
                                        :
                                        :         Involuntary Chapter 11
                                        :

**MOTION TO QUASH SUBPOENAS OF THIRD PARTY WITNESSES AND FOR SANCTIONS PURSUANT TO Fed. R. Civ. P. 45(d)(1)**

1. This Involuntary Chapter 11 Bankruptcy was filed on September 3, 2024 by three creditors who each alleged, under oath, that they qualified under Section 303 of the Code as Involuntary Creditors as they each possessed undisputed claims against Debtor.

2. That was not true and it was obvious that it was not true since the third creditor — Ethan Shalter — claimed to be a former employee of Seguro Medico LLC (not the Debtor) and Shalter executed a full and complete mutual release and covenant not to sue Seguro at the end of his employment.

3. On Friday, September 13, 2024, Debtor, by and through his counsel, filed a Motion to Dismiss the Involuntary Bankruptcy and for Sanctions and Punitive Damages because the Involuntary Petition was not filed by three bona fide creditors as required by Section 303.

4. Within moments of Debtor's filing the Court entered an Order granting expedited consideration of Debtor's Motion.

5. Meanwhile, despite the fatal jurisdictional flaw in their Involuntary Petition, and despite the Petitioning Creditors relying on a blatantly FALSE Affidavit in support of their Emergency Motion for Special Relief, in a matter of a few days, Petitioning Creditors have served multiple subpoenas, including subpoenas directed to on Seguro Medico, LLC ("Seguro"), as well

as an owner, an employee, and a consultant affiliated with Seguro to attend the September 18, 2024 hearing that the Court scheduled for purposes of Petitioners requested preliminary injunction.

6. The non-parties and movants herein who received such subpoenas are:

(i) Seguro Medico, LLC "representative knowledgeable of accounting bookkeeping"

(ii) Shannon Krommelbein (owner of Seguro Medico LLC)

(iii) Tonya Hatmaker (Employee of Seguro Medico LLC)

(iv) Stephanie Miller (Consultant of Seguro Medico LLC)

("Third Party Witnesses) (Copies of the subject Subpoenas are attached as Exhibit "A.")

7. These subpoenas were sent to the witnesses in multiple ways, some subpoenas the Petitioners attempted service by the Constable — who visited Seguro's offices and witnesses' homes on multiple days during the week of September 9– and the same subpoenas were also sent via regular mail.

8. The Subpoenas have been highly disruptive of Seguro Medico's business without justification.

9. All of these subpoenas should be quashed pursuant to F.R.C.P. 45 because the Involuntary Petition lacks the requisite undisputed creditors, and thus this Court lacks jurisdiction over this putative involuntary bankruptcy, as set forth in Debtor's Motion to Dismiss, which is incorporated.

10. What is more, the subpoenas unreasonably demand these witnesses appear at a September 18 hearing, purporting to demand they appear with documents responsive to overly

2

broad requests for documents, only days from when these witnesses were served and notified of these proceedings.[1]

11. One of the witnesses has a serious medical issue, and another already has important business meetings that have been scheduled for weeks, which make it impossible for them to attend a hearing on September 18 on such short notice.

12. Although Fed. R. Civ. P. 45 applies in bankruptcy proceedings through Rule 9016, Rule 45 itself does not independently confer jurisdiction on this Court. Fed. R. Bankr. P. 9016; see *Paddock Enterprises, LLC*, No. 20-10028, 2022 WL 4396358, at *2 (Bankr. D. Del. Sept. 22, 2022) (noting that "[r]ules do not confer jurisdiction" with respect to Rule 45).

13. This motion to quash is timely, being filed and served prior to the time of compliance. Fed. R. Civ. P. 45(d)(2)(B).

14. This Court "must quash or modify a subpoena that… fails to allow a reasonable time to comply." Fed. R. Civ. P. 45(d)(3)(A)(i).

15. Given the lack of jurisdiction over this matter due to the Petitioning Creditors' defective Petition supported by a false Affidavit, it is neither fair nor reasonable to force these third-party witnesses to appear for a hearing on a preliminary injunction that this Court ultimately will not have jurisdiction to enter.

16. Further, given the lack of jurisdiction, all Petitioners' complicity with the false Affidavit executed by one of the Petitioning Creditors, and the harm and burden caused by Petitioners' subpoenas, the Court should issue sanctions pursuant to Fed. R. Civ. P. 45(d)(1), which

---

[1] The scope of the document requests themselves are harassing and an obvious attempt to pry into private documents of the witnesses without any basis. By way of example, the Subpoenas for Tonya Hatmaker – a Seguro employee who handles human resource issues – and Stephanie Miller purport to demand that they show up at the hearing with their personal tax returns for the last five years, as well as completely irrelevant things such as "all contracts between you and any business entity," and "all manager, consulting, shareholder and operating agreements where you are a party." (Ex. A, Hatmaker and Miller Subpoenas). There is no purpose for these types of document demands other than to annoy and harass these witnesses.

3

provides "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply."

WHEREFORE, the Third-Party Witnesses respectfully request the Court quash these subpoenas and award sanctions against Petitioning Creditors.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Date: September 17, 2024          By:     /s/ David P. Heim
GEORGE BOCHETTO, ESQUIRE
PA ID No. 27783
gbochetto@bochettoandlentz.com
DAVID P. HEIM, ESQUIRE
PA ID No. 84323
dheim@bochettoandlentz.com
1524 Locust Street
Philadelphia, PA 19102
215-735-3900
215-735-2455 fax

*Attorneys for Subpoenaed Third Parties*

## CERTIFICATE OF SERVICE

I, *David P. Heim, Esquire*, hereby certify that a true and correct copy of the forgoing was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all parties of record through this Court's ECF System.

**BOCHETTO & LENTZ, P.C.**

Date: September 17, 2024    By:    */s/ David P. Heim*
GEORGE BOCHETTO, ESQUIRE
PA ID No. 27783
gbochetto@bochettoandlentz.com
DAVID P. HEIM, ESQUIRE
PA ID No. 84323
dheim@bochettoandlentz.com
1524 Locust Street
Philadelphia, PA 19102
215-735-3900
215-735-2455 fax

*Attorneys for Subpoenaed Third Parties*

5

# Exhibit "A"

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Eastern__ District of __Pennsylvania__

In re __Alan Christopher Redmond__
_____
Debtor

Case No. __24-13093__

Chapter __11__

_(Complete if issued in an adversary proceeding)_

_____
Plaintiff

v.

_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Tonya Hatmaker__

_(Name of person to whom the subpoena is directed)_

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE Bankruptcy Court for the Eastern District of Pennsylvania (Reading) | COURTROOM Fourth Floor Courtroom |
| 201 Penn Street, Suite 103<br>Reading, PA 19601 | DATE AND TIME<br>Wednesday, Sept. 18, at 10:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects _(leave blank if not applicable)_:

Please see Attachment A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __9/11/24__

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_[signature]_
Attorney's signature

The name, address, email address, and telephone number of the attorney representing _(name of party)_ __Jason Scott Jordan__ , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT A

**DOCUMENTS TO BE PRODUCED:**

(1) All contracts between you and Alan Christopher Redmond;
(2) All contracts between you and any business entity;
(3) All contracts between you and any person acting on behalf of Alan Christopher Redmond, including escrow agreements, attorney representation agreements, and agency agreements;
(4) All manager, consulting, shareholder, and operating agreements where you are a party; and
(5) Your personal federal income tax returns from 2019 through the present.

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# UNITED STATES BANKRUPTCY COURT

Eastern _____ District of Pennsylvania _____

In re Alan Christopher Redmond _____
    Debtor

Case No. 24-13093

*(Complete if issued in an adversary proceeding)*

Chapter 11

_____
    Plaintiff

v.

Adv. Proc. No. _____

_____
    Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Seguro Medico, LLC, by and through most knowledgeable bookkeeper and accountant
*(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE Bankruptcy Court for the Eastern District of Pennsylvania (Reading)<br>201 Penn Street, Suite 103<br>Reading, PA 19601 | COURTROOM Fourth Floor Courtroom |
|---|---|
| | DATE AND TIME<br>Wednesday, Sept. 18, at 10:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

_____

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/6/24

CLERK OF COURT

OR

_____          *Joel Ready* (signed)
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan _____, who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 - Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond
_____Debtor_____
(Complete if issued in an adversary proceeding)

Case No. 24-13093

Chapter 11

_____Plaintiff_____
v.
_____Defendant_____

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Shannon Kroemmelbein
(Name of person to whom the subpoena is directed)

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE Bankruptcy Court for the Eastern District of Pennsylvania (Reading) COURTROOM Fourth Floor Courtroom |
|---|
| 201 Penn Street, Suite 103<br>Reading, PA 19601 | DATE AND TIME<br>Wednesday, Sept. 18, at 10:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects (leave blank if not applicable):

Please see Attachment A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/12/24

CLERK OF COURT

OR

_____     _____/s/ Joel Ready_____
Signature of Clerk or Deputy Clerk           Attorney's signature

The name, address, email address, and telephone number of the attorney representing (name of party)
Jason Scott Jordan _____, who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond
Debtor

Case No. 24-13093

Chapter 11

*(Complete if issued in an adversary proceeding)*

Plaintiff
v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Stephanie Miller
*(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE Bankruptcy Court for the Eastern District of Pennsylvania (Reading) | COURTROOM Fourth Floor Courtroom |
|---|---|
| 201 Penn Street, Suite 103<br>Reading, PA 19601 | DATE AND TIME<br>Wednesday, Sept. 18, at 10:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

Please see Attachment A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 9/11/24

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan, who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or

  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## ATTACHMENT A

**DOCUMENTS TO BE PRODUCED:**

(1) All contracts between you and Alan Christopher Redmond;
(2) All contracts between you and any business entity;
(3) All contracts between you and any person acting on behalf of Alan Christopher Redmond, including escrow agreements, attorney representation agreements, and agency agreements;
(4) All manager, consulting, shareholder, and operating agreements where you are a party; and
(5) Your personal federal income tax returns from 2019 through the present.



## Check appears upside down intentionally
## How to use this check

Need help? Visit eChecks.com or call 1-877-333-6964

| Step 1<br>Print the check | Step 2<br>Validate it printed correctly | Step 3<br>Deposit like normal |
|---|---|---|
| ✓ Any printer works<br>✓ Black or color ink<br>✓ Basic white paper | ✓ Correct if bank numbers are:<br>Centered in white space<br>Parallel to edge of the page<br>Clearly printed in dark black ink<br>✗ Reprint if bank numbers are:<br>Cut off, skewed, or off-center<br>Smudged or wrinkled<br>Too light to read | 1. Cut on the dotted line above<br>2. Endorse the back<br>3. Deposit like normal:<br>In-person at a bank or credit union<br>Using an ATM<br>Via smartphone mobile deposit<br>With an office check scanner |

### Does your financial institution have questions about this check?
- This check was printed from an authorized check record. It is not a Check 21 Image Replacement Document.
- To confirm this check was issued by the account holder and details (pay to, amount, routing/account number) remain unmodified, the item's authenticity can be verified using the Deluxe Inc. Check Verification service at https://echecks.com/verify.

### Questions? Visit eChecks.com or call 1-877-333-6964

## For your records
**Issued date:** 2024-09-11
**Check number:** 50024362
**From:** DEPOSITION SOLUTIONS LLC
**Amount:** $173.90
**Payable to:** Stephanie Miller
**Delivery email:** None
**Memo:** Witness Fee

Are you a business? To save time, money, and resources, make payments using Deluxe Payment Exchange. Call 1-877-333-6964 to get started today!

deluxe. PAYMENT EXCHANGE