**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

## PETITIONERS' RESPONSE IN OPPOSITION TO MOTION TO QUASH SUBPOENAS OF THIRD PARTY WITNESSES AND FOR SANCTIONS

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, file this response in opposition to Motion to Quash Subpoenas of Third Party Witnesses and For Sanctions Pursuant to Fed. R. Civ. P. 45(d)(1).

### INTRODUCTION

The 296 pages we submitted to the Court as exhibits to our Emergency Motion for Special Relief alerted the Court to the fact that we're dealing with a related group of people who play "musical entities" in what may very well be one continuing operation, e.g., ARC Realty, LLC, Bene Market, LLC, Seguro Medico, LLC, Benefits Now, LLC, etc. Some of these individuals may have direct civil liability with Debtor for moving assets while others do not have liability but are fact witnesses to the same issue. Therefore, we have submitted subpoenas on individuals as well as corporate representatives, including requests to produce a limited set of documents, especially employment contracts and tax returns (to evidence income). For tax returns, each request (except for Debtor himself) is limited to 2019 through the present.

### STANDARD OF REVIEW

Quashing a subpoena is limited to (1) privilege, (2) lack of personal jurisdiction, (3) lack of reasonable time to comply, or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

"In the context of discovery, it is well-established that a party wishing to obtain an order

1

of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure," id. (quotation omitted), such as "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1). "The injury must be shown with specificity," and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Pansy, 23 F.3d at 786 (quotation omitted). "The burden of justifying the confidentiality of each and every document sought to be covered by a protective order" mains on the party seeking closure. Id. at 786-87.

## ARGUMENT

"The burden of proving that a subpoena is oppressive is on the party moving to quash." Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C. Cir. 1984). No privilege of confidentiality has been invoked here. All persons who have been subpoenaed are residents in this judicial district or are found here, or, in respect of the business entities, are headquartered or operate call centers here. Objectors have no basis other than unsubstantiated, unparticularized claims of "undue burden."

That numerous attorneys are all trying to testify for their clients is manifestly inappropriate and not competent evidence: "Counsel's statements are not evidence." Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 667 n.7 (Fed. Cir. 1986). This is the same attorney — David P. Heim, Esquire — who represents Debtor in the State court proceedings. We're not obligated to rely on uncorroborated statements by the Debtor or his counsel.

The running theme here is objectors cannot establish their burden of proof under Civil Rule 45 through sweeping generalizations and that's all they have. They claim there's a medical

condition of one person but won't even identify by name the individual who this applies to.

Without a doctor's note, or the name of an attending physician, that objection should be overruled.

Objectors are asking the Court to violate constitutional due process under the Fifth

Amendment of the U.S. Constitution and under Civil Rule 65 by demanding we carry our burden

of proof to establish a preliminary injunction while denying us access to "everyman's evidence"

necessary to meet that burden. Their motion should be denied. Due process includes compulsory

process to compel witnesses and documents, and, "The fundamental requirement of due process is

the opportunity to be heard at a meaningful time and in a meaningful manner." Mathews v.

Eldridge, 424 U.S. 319, 333 (1976).

For each witness below, the Court will see that Petitioners made a thoughtful and carefully

limited selection of available evidence to conserve the Court's time with best evidence directly

from the source.

I.      **Number of Witnesses and Corporate Representatives.**

Their objection to the number of witnesses is groundless and inappropriately ignores the

fact that some of the subpoenaed individuals (e.g., Jesus Barrios, Arthur Walsh, Jr.) may also

qualify as corporate representatives. Part of the list of witnesses is corporate representatives for

Benefits Now, LLC, Seguro Medico, LLC, ARC Realty, LLC, and Bene Market, LLC.

The Court already ordered Norman Valz to attend and he is corporate representative for

Alan Redmond Charitable Foundation.

The Court already ordered Alan Christopher Redmond to attend and he should qualify as

a corporate representative for Bene Market, LLC.

If there's a burden here, then they should have explained why Barrios, Walsh, Redmond,

Kroemmelbein, etc., cannot qualify as a corporate representative. They failed to do so.

## II.    Persons Subpoenaed.

### Tonya Hatmaker.

The Motion objects to Tonya Hatmaker's subpoena. Debtor has already named her as a material witness and produced an affidavit by her. Our Subpoena asked her to bring with her copies of all contracts between her and Debtor; all current contracts between her and any business entity; contracts between her and any person acting on behalf of Debtor; any manager, consulting, shareholder, and operating agreements; and any federal income tax returns from 2019 through the present. These are not burdensome documents. We have every right to confirm the nature of her business relationship, if any, with the entities we maintain are alter egos of Debtor. Since Debtor is already producing her as a witness, she is not unduly burdened.

### Shannon Kroemmelbein.

In the Temporary Restraining Order, the Court had reviewed documentary evidence, including admissions by Debtor, that Debtor had retitled valuable assets into the name of his wife, Shannon Kroemmelbein, at or near the time Jason Scott Jordan obtained a civil judgment for more than $13 million. Kroemmelbein is an appropriate witness on what assets had been transferred to or by her in respect of her husband. The subpoena directs Kroemmelbein to bring with her any contracts between her and Debtor; any current contracts between her and any business entity; any contracts between her and any person acting on behalf of Debtor; any manager, consulting, shareholder, and operating agreements where she is a party; and any personal federal income tax returns from 2019 through the present.

### ARC Realty, LLC.

The Emergency Motion contains exhibits showing that Debtor admitted retitling assets in ARC Realty, LLC to himself and his wife, near the time Jordan obtained his civil judgment. Therefore, a subpoena is directed to a corporate representative of ARC Realty, LLC who is

4

knowledgeable on ownership and transfer assets for that entity. Debtor, or Kroemmelbein, might qualify as a representative.

**Seguro Medico, LLC.**

Ethan Shalter maintains, and had filed an affidavit that was sworn to the same effect, that he was an employee of Seguro Medico, LLC and that Debtor was the covert president and CEO of Seguro Medico, LLC. Therefore, our subpoena to Seguro Medico is directed to the "most knowledgeable bookkeeper and accountant." This witness will appropriately describe any transfers of assets to and from Debtor, the manner of payment, the terms and conditions of employ, and whether any transfers are occurring to related persons. This witness would also identify all bank accounts, in the event that the Court needs to direct emergency relief to a bank.

No detailed explanation is provided why Seguro Medico cannot produce its bookkeeper or accountant.

**Benefits Now, LLC.**

This entity is described in Shalter's affidavit submitted with the Emergency Motion. The exhibits to the Emergency Motion also reference advertising for this entity with Arthur Walsh, Jr. The affidavit by Tonya Hatmaker includes attachments which reference this entity along with Seguro Medico, LLC; both are registered at the same location: 8 Morgan Drive, Sinking Spring. The subpoena therefore directs for a corporate representative of Benefits Now, LLC.

**Arthur W. Walsh, Jr.**

The Shalter affidavit described Debtor as doing business under the name of Arthur W. Walsh, Jr. In addition to compelling Mr. Walsh to appear, the subpoena asks him to bring documents relative to contracts between him and Debtor; current contracts between him and any business entity; any manager, consulting, shareholder, and operating agreements where he is a party; and his personal federal income tax returns from 2019 through the present.

**Stephanie Miller.**

She is identified as the registered agent for Benefits Now, LLC, as registered with the Pennsylvania Department of State. She had previously asked as a bookkeeper for Redmond in the Court of Common Pleas litigation for the Jordan Case, and has testified in that capacity in the past. She is an appropriate witness on transfer of assets and the financial relationship between entities.

The subpoena—like that of the other witnesses—directs her to bring her contracts of employment or with any business entity, or any person acting on behalf of Debtor, as well as her federal income tax returns from 2019 through the present. That is not burdensome.

**Jesus Barrios.**

The Court is going to receive evidence from multiple witnesses concerning Jesus Barrios' role in supervising an insurance call center without a license, and his business relationship with the Debtor. His testimony is material.

## III.    Sanctions.

An award of sanctions is not warranted on these facts. We did take reasonable steps to avoid imposing undue burdens and objectors have not shown otherwise. Tax returns were limited in scope to the window that relates to Jordan obtaining his civil judgment in Common Pleas. We asked for current contracts relating to employment and ownership in business entities. Many of the same individuals—Shannon Kroemmelbein, Norman W. Valz, Arthur W. Walsh, Jr., Stephanie Miller, and Jesus Barrios—may also qualify as corporate representatives.

**CONCLUSION**

**WHEREFORE**, based on the foregoing, the Motion should be denied.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

6

Dated: September 17, 2024            By:      /s/ Joel A. Ready
                                             Joel A. Ready, Esquire
                                             PA Attorney I.D. # 321966
                                             Benjamin J. Lewis, Esquire
                                             PA Attorney I.D. # 313733
                                             8500 Allentown Pike, Suite 3
                                             Blandon, PA 19510
                                             (610) 926-7875