**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**PETITIONERS' MOTION TO QUASH SUBPOENAS AND FOR PROTECTIVE RELIEF**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter,

file this Motion to Quash Subpoenas and for Protective Relief.

**GROUNDS FOR RELIEF**

**I.    Subpoena and Notice of Deposition Directed to Jason Scott Jordan.**

**A.    Debtor's Requests.**

At 4:18 p.m. on September 13, 2024, Debtor's counsel served a subpoena to testify and to

produce documents, and a notice of deposition on Jason Scott Jordan. Both requested documents:

(1)    Any and all documents comprising and/or relating to evidence of your debt.

(2)    Any and all documents you reviewed to prepare any affidavit for the Court.

(3)    Any and all documents you reviewed and/or you have in your possession related to or used

to prepare the Motion for Temporary Restraining Order and/or Emergency Relief.

[Exhibit A]

**B.    Jordan's Answer.**

(1)    Objection: already in Debtor's possession and control. Without waiving the foregoing

objection, see ECF No. 10-2 at Pages 1 through 16 for the Findings of Fact, Conclusions of Law,

and Verdict in the Berks County Court of Common Pleas, which Debtor already possesses. See

ECF No. 10-2 at 295-96 for a copy of the Superior Court of Pennsylvania order, which vacated

1

the stay of execution of the judgment pending appeal, which Debtor already possesses, and see the published case at 307 A.3d 1206. No deposition testimony may alter this outcome, and Jordan objects under the doctrines of res judicata and collateral estoppel to the extent Debtor seeks to collaterally attack the judgment.

(2)     Not applicable. Jordan did not submit any affidavit to the Court.

(3)     Jordan asserts attorney-client privilege and work product doctrine protection against all privileged material. Without waiving the foregoing privileges, see ECF No. 10-2 for 296 pages of exhibits and ECF No. 10 for the facts stated, including all publicly-sourced information that is incorporated by reference, such as all court proceedings where Debtor is a party. Jordan relies on the veracity of Ethan Shalter as to his own claim, as well as the documents that were submitted by Shalter at ECF No. 10-2. Jordan did not review the documents provided by Debtor at ECF No. 20-1. Jordan represents that a deposition will not alter this answer.

## II.     Subpoena and Notice of Deposition Directed to Cornerstone Law Firm, LLC.

### A.     Debtor's Requests.

At 4:18 p.m. on September 13, 2024, Debtor's counsel served a subpoena to testify and to produce documents, and a notice of deposition on Cornerstone Law Firm, LLC (CLF). Both requested documents:

(1)     Any and all documents comprising and/or relating to evidence of your debt.

(2)     Any and all documents you reviewed to prepare any affidavit for the Court.

(3)     Any and all documents you reviewed and/or you have in your possession related to or used to prepare the Motion for Temporary Restraining Order and/or Emergency Relief.
[Exhibit B].

### B.     CLF's Answer.

(1)     Objection: already in Debtor's possession and control. Without waiving the foregoing

objection, see ECF No. 10-2 at Pages 171 to 173, which Debtor already possesses.

(2)     Not applicable. CLF did not submit any affidavit to the Court.

(3)     CLF asserts attorney-client privilege and work product doctrine protection against all privileged material. Without waiving the foregoing privileges, see ECF No. 10-2 for 296 pages of exhibits and ECF No. 10 for the facts stated, including all publicly-sourced information that is incorporated by reference, such as all court proceedings where Debtor is a party. CLF relies on the veracity of Ethan Shalter as to his own claim, as well as the documents that were submitted by Shalter at ECF No. 10-2. CLF did not review the documents provided by Debtor at ECF No. 20-1. CLF represents that a deposition will not alter this answer.

**III.     Subpoena and Notice of Deposition Directed to Ethan Shalter.**

**A.     Debtor's Requests.**

At 4:18 p.m. on September 13, 2024, Debtor's counsel served a subpoena to testify and to produce documents, and a notice of deposition on Cornerstone Law Firm, LLC (CLF). Both requested documents:

(1)     Any and all documents comprising and/or relating to evidence of your debt.

(2)     Any and all documents you reviewed to prepare any affidavit for the Court.

(3)     Any and all documents you reviewed and/or you have in your possession related to or used to prepare the Motion for Temporary Restraining Order and/or Emergency Relief.
[Exhibit C].

**B.     Shalter's Answer.**

(1)     See Exhibit C for Shalter's employment contract, which Debtor already possessed. Additionally, review all exhibits in ECF No. 10-2 and the Emergency Motion at ECF No. 10 for the facts stated.

(2)     See Exhibit C and ECF No. 10-2 at Pages 112 to 121.

3

(3)     See Exhibit C, and all exhibits in ECF No. 10-2 and the Emergency Motion at ECF No. 10 for the facts stated, including all publicly-sourced information that is incorporated by reference, such as all court proceedings where Debtor is a party. Shalter did not review the documents provided by Debtor at ECF No. 20-1 and maintains that the same are a forgery.

## STANDARD OF REVIEW

Quashing a subpoena is limited to (1) privilege, (2) lack of personal jurisdiction, (3) lack of reasonable time to comply, or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

"In the context of discovery, it is well-established that a party wishing to obtain an order of protection over discovery material must demonstrate that 'good cause' exists for the order of protection." Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure," id. (quotation omitted), such as "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1). "The injury must be shown with specificity," and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." Pansy, 23 F.3d at 786 (quotation omitted). "The burden of justifying the confidentiality of each and every document sought to be covered by a protective order" mains on the party seeking closure. Id. at 786-87.

## ARGUMENT

### I.      Partially Quashing and Limiting the Scope of the Subpoenas.

Good cause under Pansy is shown here. First, Debtor's counsel has propounded subpoenas asking for documents covered by the attorney client and attorney work product doctrine. Petitioners have no objection to producing all nonprivileged documents and certify that a production was carried out to Debtor's counsel by Attorney Benjamin Lewis on September 17, 2024. [Exhibit D]. However, we request the Court to limit the subpoenas by excluding such

privileged matter.

Second, good cause is shown to quash the subpoena to testify as to Jason Scott Jordan and Cornerstone Law Firm (CLF) because there's no purpose to calling them to testify for the same reasons shown in Part II, below, that Debtor cannot collaterally attack the civil judgments that both of these creditors obtained; that we relied on all 296 pages of exhibits submitted with the Emergency Motion for Special Relief as well as publicly-sourced information, such as all court proceedings where Debtor is a party; and that any credibility dispute over Ethan Shalter is better resolved by calling Ethan Shalter. Jordan and CLF are entitled to rely on the veracity of Ethan Shalter, and never previously saw the documents produced by Debtor in ECF No. 20-1. No amount of testimony by Jordan or by a corporate representative of CLF alters that outcome. It's a waste of time.

**II.    Quashing the Notices of Deposition.**

Good cause under Pansy is shown here as to quashing the notices of deposition. Any deposition will involve witnesses telling Debtor's counsel that the evidence in support of the Emergency Motion for Special Relief involves all 296 pages of exhibits that were submitted with such motion, as well as all publicly-available information, including all court proceedings where Debtor is a party. Debtor's counsel can read the exhibits and do their own research. Anything beyond that is an improper foray into the attorney-client privilege and work product doctrine.

If there is a valid context for deposition, the Court should direct Debtor's counsel to be more specific about what they're looking for and set limitations on the scope thereof and direct for the deposition to occur in Berks County or by electronic means. The attorney-client privilege and work product doctrine shield these deponents from any inquiry into matter within the scope of attorney-client privilege and work product doctrine. We submitted 296 pages of exhibits with our Emergency Motion, essentially, providing the Court with what we had. For Jason Scott Jordan and

5

Cornerstone Law Firm, LLC (CLF), both are judgment creditors and no deposition inquiring into the debt is warranted, and Debtor is barred from collaterally attacking these judgments under the res judicata and collateral estoppel doctrines.

To the extent Debtor wants to controvert whether a purported separation agreement and release by Ethan Shalter is authentic, that is better addressed through an evidentiary hearing, with this Court as the factfinder, rather than before a court stenographer, having no authority to adjudicate the matter. It is burdensome to have Shalter testify *twice* when, procedurally, Fed. R. Civ. P. 65(b) requires the Court to hold an evidentiary hearing on a preliminary injunction and, in the absence of a court order, does not independently authorize discovery as of right. These irregularities and unnecessary depositions, which are improperly seeking privileged material, are prejudicing Petitioners' ability to subpoena witnesses and present evidence to the Court on the preliminary injunction by needless wasting our time and the Court's.

Petitioners have never seen the documents produced by Debtor in ECF No. 20-1, and we maintain that such documents are obvious forgeries.

Debtor, therefore, has not shown any valid purpose for these proposed depositions other than "annoyance, embarrassment, oppression, or undue burden or expense," Fed. R. Civ. P. 26(c)(1). Debtor improperly forced Jordan to come here from his residence in Florida for no valid purpose. Debtor is improperly looking for pretexts to disqualify undersigned counsel from representing these parties in this case. Debtor is trying to distract this tribunal with meritless contentions and collateral pursuits.

## **CONCLUSION**

**WHEREFORE**, based on the foregoing, the Court should enter the proposed order, granting the following relief:

6

(1)     Partially quash the subpoenas to the extent of matter covered by the attorney-client and work product doctrine.

(2)     Quash the subpoenas as to Jason Scott Jordan and Cornerstone Law Firm, LLC.

(3)     Quash the notices of deposition or, alternatively, limit the scope, direct for the same to occur in Berks County or by electronic means, and enter protective relief to give effect to matter covered by the attorney-client privilege and work product doctrine.

AND any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 18, 2024          By:     /s/ Joel A. Ready
                                          Joel A. Ready, Esquire
                                          PA Attorney I.D. # 321966
                                          Benjamin J. Lewis, Esquire
                                          PA Attorney I.D. # 313733
                                          8500 Allentown Pike, Suite 3
                                          Blandon, PA 19510
                                          (610) 926-7875

7