# Exhibit A

# Exhibit A

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _____Pennsylvania_____

In re __Alan Christopher Redmond__
Debtor

Case No. __24-13093__

*(Complete if issued in an adversary proceeding)*

Chapter _11 INVOLUNTARY_

_____Plaintiff_____
v.

Adv. Proc. No. _____

_____Defendant_____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Jason Scott Jordan__

*(Name of person to whom the subpoena is directed)*

[X] **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Bankruptcy Court for The Eastern District of PA 201 Penn Street, Suite 103 Reading, PA 19601 | COURTROOM 4th Floor |
| | DATE AND TIME September 18, 2024 at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*: 1. All documents which evidence your debt;
2. All documents which you reviewed to prepare any affidavit for the court;
3. All documents which you reviewed or have in your possession related to or used to prepare the motion for TRO/Emergency Relief.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __9/13/2024__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*
Nicole N. Kell. Esq

The name, address, email address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : **INVOLUNTARY CHAPTER 11** |
| ALAN CHRISTOPHER REDMOND, | : |
| | : |
| Debtor. | : **Bankruptcy No. 24-13093 (PMM)** |
| | : |

**NOTICE OF DEPOSITION OF JASON SCOTT JORDAN**

**PLEASE TAKE NOTICE** that, pursuant to Rule 26 and 30 of the Federal Rules

of Civil Procedure (made applicable to this proceeding pursuant to Rules 7030 and 9014

of the Federal Rules of Bankruptcy Procedure), Alan Christopher Redmond (the

"Alleged Debtor"), shall take the deposition upon oral examination of Jason Scott

Jordan ("Mr. Jordan").  The deposition of Mr. Jordan will take place on **September 17,**

**2024 at 1:30 p.m.** EST at the offices of Ciardi Ciardi & Astin, 1905 Spruce Street,

Philadelphia, Pennsylvania 19103.  The deposition shall continue day to day until

completed and will be recorded by videotape and/or stenographic means.

Moreover, Mr. Jordan should produce the documents set forth on Exhibit "A" to

undersigned counsel on or before close of business on September 16, 2024.

Dated: September 13, 2024

CIARDI CIARDI & ASTIN

Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street,
Philadelphia, PA  19103
215-557-3550 Telephone
215-557-3551 Facsimile
*Counsel to the Alleged Debtor*

1

## EXHIBIT "A"

## REQUEST FOR PRODUCTION OF DOCUMENTS

**I.   DEFINITIONS**

1. As used in these Requests, the terms "all related documents" or "relating to" shall mean any document that refers, related, addresses, discusses, or pertains in any way, directly or indirectly, to the subject matter described and includes, without limitation, information comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the subject matter described.

2. As used in these Requests, the terms "communication" or "communications" shall mean, without limitation, any oral, written or electronic transmission of a word, statement, information, fact, thing, idea, document (as defined below), instruction, demand or question, including, without limitation, conversations, meetings, discussions, calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes and memoranda.

3. As used in these Requests, the term "conversations" refers to any manner of oral communication regardless of the medium by which such communication occurred. Where identification of conversation is required, the following shall be separately states as to each communication: the date on and the place at which it occurred and/or the medium involved; the identification of the persons involved, including their business affiliations at the time and presently; the substance of the communications; and the identification of any other persons who possess information concerning the subject matter of this litigation.

2

4.  As used in these Requests, the term "document" or "documents" shall mean, without limitation, all writings of any kind, including originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise including, without limitation, correspondence; memoranda; personal notes; payroll records; appraisals; inventories; valuations; dairies; statistics; letters; telegrams; minutes; contracts; agreements; invoices; ledgers; checks; drafts; bills; reports; records; financial statements; balance sheets; statements of earnings; statements of cash flows; budgets; purchase orders; forecasts; articles; speeches; studies; checks; statements; confirmation slips; receipts; returns; summaries; pamphlets; books; magazines; prospectuses; offers; notations of any sort of conversations, telephone calls, meetings or any other communications; bulletins; printed matter; computer printouts; teletypes; telefax invoices; worksheets; and all drafts, alterations. Modifications, changes and amendments of any of the foregoing; graphic or aural records or representations of any kind (including, without limitation, photographs; charts; graphs; microfiche; microfilm; video tape; recordings; motion pictures) within the possession, custody or control of any director, officer, employee, agent, including attorneys, accountants, financial and real estate consultants or advisors, of you, or any other person acting or purporting to act on the behalf of you.

5.  "Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.

6.  "Communication(s)" means any matter of transmitting or receiving information, opinion or thoughts, whether orally, in writing or otherwise, including, but

3

not being limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, memoranda, telexes, telecopies, telegrams and releases.

7. "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts which were created or reviewed from January 1, 2022 to the present.

**DOCUMENTS REQUESTED**

1. Any and all documents comprising and/or relating to evidence of your debt.

2. Any and all documents you reviewed to prepare any affidavit for the Court.

3. Any and all documents you reviewed and/or you have in your possession related to or used to prepare the Motion for Temporary Restraining Order and/or Emergency Relief.

4

# Exhibit B

Exhibit B

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _____Pennsylvania_____

In re ___Alan Christopher Redmond___
Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff
v.
_____
Defendant

Case No. ___24-13093___

Chapter _11 INVOLUNTARY_

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:    Designated Corporate Representative of Cornerstone Law Firm, LLC
_____
*(Name of person to whom the subpoena is directed)*

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE    United States Bankruptcy Court for The Eastern District of PA 201 Penn Street, Suite 103 Reading, PA 19601 | COURTROOM  4th Floor |
|---|---|
| | DATE AND TIME  September 18, 2024 at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:    1. All documents which evidence your debt;
2. All documents which you reviewed to prepare any affidavit for the court;
3. All documents which you reviewed or have in your possession related to or used to prepare the motion for TRO/Emergency Relief.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  9/13/2024

CLERK OF COURT

OR

_____        _____
*Signature of Clerk or Deputy Clerk*             *Attorney's signature*
                                                 Nicole Nigrell, ESQ

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_____ , who issues or requests this subpoena, are:

_____

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : INVOLUNTARY CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : |
| Debtor. | : Bankruptcy No. 24-13093 (PMM) |
| | : |

## NOTICE OF DEPOSITION OF CORNERSTONE LAW FIRM, LLC PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure (made applicable to this proceeding pursuant to Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure), Alan Christopher Redmond (the "Alleged Debtor"), shall take the deposition upon oral examination of Cornerstone Law Firm, LLC, ("Cornerstone Law Firm") by and through one or more of its officers, directors, or agents, or other persons who are designated and consent to testify on behalf of Cornerstone Law Firm as to matters regarding the voluntary petition for an involuntary bankruptcy as to the Alleged Debtor. The deposition of the person, or persons, so designated will take place on **September 17, 2024 at 11:00 a.m.** EST at the offices of Ciardi Ciardi & Astin, 1905 Spruce Street, Philadelphia, Pennsylvania 19103. The deposition shall continue day to day until completed and will be recorded by videotape and/or stenographic means. The subject matter of the deposition shall be all allegations in the Alleged Debtor's Motion to Dismiss the Involuntary Bankruptcy and the Motion for Preliminary Injunction and/or Temporary Restraining Order.

1

Moreover, Cornerstone Law Firm should produce the documents set forth on Exhibit "A" to undersigned counsel on or before close of business on September 16, 2024.  Please advise if you have any questions or concerns.

Dated: September 13, 2024                   CIARDI CIARDI & ASTIN

                                                  Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street,
Philadelphia, PA  19103
215-557-3550 Telephone
215-557-3551 Facsimile

*Counsel to the Alleged Debtor*

2

## EXHIBIT "A"

## REQUEST FOR PRODUCTION OF DOCUMENTS

**I.    DEFINITIONS**

1.  As used in these Requests, the terms "all related documents" or "relating to" shall mean any document that refers, related, addresses, discusses, or pertains in any way, directly or indirectly, to the subject matter described and includes, without limitation, information comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the subject matter described.

2.  As used in these Requests, the terms "communication" or "communications" shall mean, without limitation, any oral, written or electronic transmission of a word, statement, information, fact, thing, idea, document (as defined below), instruction, demand or question, including, without limitation, conversations, meetings, discussions, calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes and memoranda.

3.  As used in these Requests, the term "conversations" refers to any manner of oral communication regardless of the medium by which such communication occurred. Where identification of conversation is required, the following shall be separately states as to each communication: the date on and the place at which it occurred and/or the medium involved; the identification of the persons involved, including their business affiliations at the time and presently; the substance of the communications; and the identification of any other persons who possess information concerning the subject matter of this litigation.

3

4. As used in these Requests, the term "document" or "documents" shall mean, without limitation, all writings of any kind, including originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise including, without limitation, correspondence; memoranda; personal notes; payroll records; appraisals; inventories; valuations; dairies; statistics; letters; telegrams; minutes; contracts; agreements; invoices; ledgers; checks; drafts; bills; reports; records; financial statements; balance sheets; statements of earnings; statements of cash flows; budgets; purchase orders; forecasts; articles; speeches; studies; checks; statements; confirmation slips; receipts; returns; summaries; pamphlets; books; magazines; prospectuses; offers; notations of any sort of conversations, telephone calls, meetings or any other communications; bulletins; printed matter; computer printouts; teletypes; telefax invoices; worksheets; and all drafts, alterations. Modifications, changes and amendments of any of the foregoing; graphic or aural records or representations of any kind (including, without limitation, photographs; charts; graphs; microfiche; microfilm; video tape; recordings; motion pictures) within the possession, custody or control of any director, officer, employee, agent, including attorneys, accountants, financial and real estate consultants or advisors, of you, or any other person acting or purporting to act on the behalf of you.

5. "Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.

6. "Communication(s)" means any matter of transmitting or receiving information, opinion or thoughts, whether orally, in writing or otherwise, including, but

4

not being limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, memoranda, telexes, telecopies, telegrams and releases.

7. "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts which were created or reviewed from January 1, 2022 to the present.

**DOCUMENTS REQUESTED**

1. Any and all documents comprising and/or relating to evidence of your debt.

2. Any and all documents you reviewed to prepare any affidavit for the Court.

3. Any and all documents you reviewed and/or you have in your possession related to or used to prepare the Motion for Temporary Restraining Order and/or Emergency Relief.

5

# Exhibit C

Exhibit C

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _____Pennsylvania_____

In re ___Alan Christopher Redmond___
Debtor

Case No. ___24-13093___

_(Complete if issued in an adversary proceeding)_

Chapter _11 INVOLUNTARY_

_____Plaintiff_____
v.

Adv. Proc. No. _____

_____Defendant_____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   __Ethan Shalter_____

_(Name of person to whom the subpoena is directed)_

☒ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE United States Bankruptcy Court for The Eastern District of PA 201 Penn Street, Suite 103 Reading, PA 19601 | COURTROOM 4th Floor |
| | DATE AND TIME September 18, 2024 at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects _(leave blank if not applicable)_:   1. All documents which evidence your debt;
2. All documents which you reviewed to prepare any affidavit for the court;
3. All documents which you reviewed or have in your possession related to or used to prepare the motion for TRO/Emergency Relief.

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _9/13/2024_

CLERK OF COURT

OR

_____
**Signature of Clerk or Deputy Clerk**

_____
_Attorney's signature_
N.cole N.gelli. sq

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_____ , who issues or requests this subpoena, are:

_____

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
　…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : **INVOLUNTARY CHAPTER 11** |
| ALAN CHRISTOPHER REDMOND, | : |
| | : |
| Debtor. | : **Bankruptcy No. 24-13093 (PMM)** |
| | : |

**NOTICE OF DEPOSITION OF ETHAN SHALTER**

**PLEASE TAKE NOTICE** that, pursuant to Rule 26 and 30 of the Federal Rules

of Civil Procedure (made applicable to this proceeding pursuant to Rules 7030 and 9014

of the Federal Rules of Bankruptcy Procedure), Alan Christopher Redmond (the

"Alleged Debtor"), shall take the deposition upon oral examination of Ethan Shalter

("Mr. Shalter"). The deposition of Mr. Jordan will take place on **September 17, 2024 at**

**3:30 p.m.** EST at the offices of Ciardi Ciardi & Astin, 1905 Spruce Street, Philadelphia,

Pennsylvania 19103. The deposition shall continue day to day until completed and will

be recorded by videotape and/or stenographic means.

Moreover, Mr. Shalter should produce the documents set forth on Exhibit "A" to

undersigned counsel on or before close of business on September 16, 2024.

Dated: September 13, 2024

CIARDI CIARDI & ASTIN

Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
CIARDI CIARDI & ASTIN
1905 Spruce Street,
Philadelphia, PA  19103
215-557-3550 Telephone
215-557-3551 Facsimile
*Counsel to the Alleged Debtor*

1

## EXHIBIT "A"

## REQUEST FOR PRODUCTION OF DOCUMENTS

### I.   DEFINITIONS

1. As used in these Requests, the terms "all related documents" or "relating to" shall mean any document that refers, related, addresses, discusses, or pertains in any way, directly or indirectly, to the subject matter described and includes, without limitation, information comprising, constituting, analyzing, evidencing, comparing, summarizing, discussing, reflecting, showing, referring to, forming the basis of, containing, or supporting the subject matter described.

2. As used in these Requests, the terms "communication" or "communications" shall mean, without limitation, any oral, written or electronic transmission of a word, statement, information, fact, thing, idea, document (as defined below), instruction, demand or question, including, without limitation, conversations, meetings, discussions, calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes and memoranda.

3. As used in these Requests, the term "conversations" refers to any manner of oral communication regardless of the medium by which such communication occurred. Where identification of conversation is required, the following shall be separately states as to each communication: the date on and the place at which it occurred and/or the medium involved; the identification of the persons involved, including their business affiliations at the time and presently; the substance of the communications; and the

2

identification of any other persons who possess information concerning the subject matter of this litigation.

4. As used in these Requests, the term "document" or "documents" shall mean, without limitation, all writings of any kind, including originals, identical copies and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise including, without limitation, correspondence; memoranda; personal notes; payroll records; appraisals; inventories; valuations; dairies; statistics; letters; telegrams; minutes; contracts; agreements; invoices; ledgers; checks; drafts; bills; reports; records; financial statements; balance sheets; statements of earnings; statements of cash flows; budgets; purchase orders; forecasts; articles; speeches; studies; checks; statements; confirmation slips; receipts; returns; summaries; pamphlets; books; magazines; prospectuses; offers; notations of any sort of conversations, telephone calls, meetings or any other communications; bulletins; printed matter; computer printouts; teletypes; telefax invoices; worksheets; and all drafts, alterations. Modifications, changes and amendments of any of the foregoing; graphic or aural records or representations of any kind (including, without limitation, photographs; charts; graphs; microfiche; microfilm; video tape; recordings; motion pictures) within the possession, custody or control of any director, officer, employee, agent, including attorneys, accountants, financial and real estate consultants or advisors, of you, or any other person acting or purporting to act on the behalf of you.

5. "Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.

3

6. "Communication(s)" means any matter of transmitting or receiving information, opinion or thoughts, whether orally, in writing or otherwise, including, but not being limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, memoranda, telexes, telecopies, telegrams and releases.

7. "All documents" means any and all documents as defined above that are known to you or that can be located or discovered by your reasonably diligent efforts which were created or reviewed from January 1, 2022 to the present.

**DOCUMENTS REQUESTED**

1. Any and all documents comprising and/or relating to evidence of your debt.

2. Any and all documents you reviewed to prepare any affidavit for the Court.

3. Any and all documents you reviewed and/or you have in your possession related to or used to prepare the Motion for Temporary Restraining Order and/or Emergency Relief.

# Exhibit D

# Exhibit D

## William Mulgrew

| | |
|---|---|
| **From:** | Benjamin J. Lewis, Esq. |
| **Sent:** | Tuesday, September 17, 2024 4:30 PM |
| **To:** | Nicole Nigrelli; Joel A. Ready, Esq.; Daniel Siedman |
| **Cc:** | William Mulgrew |
| **Subject:** | Redmond - Exhibit Exchange |
| **Attachments:** | 20240917 - Mike Fissel Records Custodian Affidavit.pdf; 20240903 - UCC Report (Arthur W. Walsh, Jr.).pdf; 20240903 - UCC Report (Shannon Kroemmelbein).pdf; 20240903 - UCC Report (Alan Redmond).pdf |

Dear counsel,

As per our exhibit exchange for Monday's hearing, and any degree that evidence may come in tomorrow, Petitioners make reliance on all exhibits that were submitted to the Court with the Emergency Motion for Special Relief at ECF No. 10-2, as previously made available to you and served on Debtor's attorney, Bochetto & Lentz, P.C. We make reliance on any State court proceeding where Mr. Redmond is a party. We make reliance on the attached records custodian affidavit from Mike Fissel for the Pennsylvania Department of Insurance. We make reliance on the following Uniform Commercial Code filings for Shannon Kroemmelbein, Alan Redmond, and Arthur W. Walsh, Jr., and any other, publicly-available UCC filings we may locate. We make reliance on all publicly-available articles of incorporation or similar organizational documents that are public record in any state filing office for business entities, including Alan Redmond Charitable Foundation with the Pennsylvania Department of State and Benefits Now, LLC with the Michigan Department of State. We make reliance on any additional evidence that may be found before such times, as our investigation is ongoing.

We do not have any exhibits pre-marked and are unable to have that done in advance of any hearing.

Best,
Ben

**Benjamin J. Lewis, Esq.**
*Licensed in PA*



CORNERSTONE
LAW FIRM

8500 Allentown Pike
Suite 3
Blandon, PA 19510
610-926-7875
CornerstoneLaw.us

1