**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**PETITIONERS' RESPONSE TO EXPEDITED APPLICATION OF ALAN CHRISTOPHER REDMOND TO RETAIN CIARDI CIARDI & ASTIN AS COUNSEL**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, file this Response to Expedited Application of Alan Christopher Redmond to Retain Ciardi Ciardi & Astin as Counsel:

**GROUNDS**

We have twice asked counsel for Ciardi Ciardi & Astin whether they simultaneously represent any of the conflicted persons where we allege to be alter egos of the Debtor or who have aided and abetted the Debtor in the fraudulent transfer of assets. On September 23, 2024, undersigned counsel renewed the same question:

> Finally, as previously requested, kindly clarify whether you or your office currently represent any of the following persons: Shannon Kroemmelbein, Stephanie Miller, ARC Realty, LLC, Seguro Medico, LLC, Benefits Now, LLC, Bene Market, LLC, National Brokers of America, Inc., Alan Redmond Charitable Foundation, The Redmond Group, LLC, The Leads House, Redmond Marketing, LLC, Redmond Group Investments, LLC, QuickHealth Care, Jesus Barrios, Arthur W. Walsh, Jr., Tonya Hatmaker, Norman M. Valz, and any legal person associated with any of the foregoing persons.

[Exhibit A]. Attorney Albert Ciardi, III answered, "I have already clarified twice who we represent," with no further clarification. [Id.].

Undersigned counsel directed his staff to originally ask counsel of Ciardi Ciardi & Astin whether they represent any of the foregoing persons. On September 16, 2024, Attorney Albert

Ciardi, III answered, "It should be pretty clear that we represent the Putative Debtor," which was nonresponsive. [Exhibit B].

Petitioners object to the proposed hourly rate of $626.00 for Attorney Ciardi and $525.00 for his associates, Attorney Nicole Nigrelli and Attorney Walter W. Gouldsbury, III. [EF No. 18 ¶ 8]. Reasonable rates in Berks County are $400 an hour or less.

## ARGUMENT

Judicial supervision over the retention of counsel during the "gap period" was discussed on Pages 31-33 of our Emergency Motion for Special Relief at ECF No. 10, where we called the Court's attention to Rushton v. Woodbury & Kesler, P.C. (*In re* C. W. Mining Co.), 440 B.R. 878, 885-87 (Bankr, D. Utah 2010) (involuntary Chapter 11 case). The danger is whether the debtor in possession would "employ attorneys who may not be disinterested or may represent an interest adverse to the estate and pay their fees without any court oversight or approval." Id. at 887. Rushton took the possession that a debtor is a "debtor in possession" upon the filing of an Involuntary Petition. See 11 U.S.C. §§ 541(a) ("The commencement of a case . . . creates an estate."), 1107(a) (debtor is subject to same duties as trustee). Therefore, by analogy to Code provisions, any retained professional during the gap period must likewise be "disinterested persons" and who "do not hold or represent an interest adverse to the estate . . ." 11 U.S.C. § 327(a). Additionally, attorneys must be paid "reasonable value of any such services," id. § 329(b), which is intended "to deprive accountants and attorneys of the leverage that they have . . . to receive payment in full ahead of other creditors when the information they have is necessary to the administration of the estate." *In re* Lewis C. Bowers & Sons, Inc., 1990 U.S. Dist. LEXIS 4808, at *13 (D. N.J. Apr. 18, 1990).

The Court accepted the proposition in Rushton that judicial supervision during the gap

2

period was appropriate for the retention of counsel, and the provisions in the Court's Order at ECF No. 15 for Redmond to obtain the Court's approval were separate from the TRO and "final and do not expire," ECF No. 15 at 8.

Here, where the attorneys for Ciardi Ciardi & Astin refused to directly answer a basic question whether they also represent insiders and related persons who have an adverse interest to the bankruptcy estate, they had thwarted the purpose of the Court's supervision. Petitioning creditors were entitled to know whether Ciardi Ciardi & Astin simultaneously represent Shannon Kroemmelbein, Stephanie Miller, ARC Realty, LLC, Seguro Medico, LLC, Benefits Now, LLC, Bene Market, LLC, National Brokers of America, Inc., Alan Redmond Charitable Foundation, The Redmond Group, LLC, The Leads House, Redmond Marketing, LLC, Redmond Group Investments, LLC, QuickHealth Care, Jesus Barrios, Arthur W. Walsh, Jr., Tonya Hatmaker, Norman M. Valz, and any legal person associated with any of the foregoing persons. These persons have adverse interests to the bankruptcy estate.

The Court should not approve the retention unless Ciardi Ciardi & Astin would certify to the Court in writing that they do not represent the foregoing, conflicted persons.

Finally, it is our experience that reasonable rates in Berks County do not exceed $400.00 an hour. The nature of the Involuntary Petition should not expose Redmond to exorbitant rates and the same, likewise, should not unfairly deplete the bankruptcy estate. Therefore, the Court should approve the retention, if at all, at $400 an hour for attorneys.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should enter an order that denies the Application or, alternatively, if the applicant would disclose that it does not represent conflicted persons with an adverse interest to the bankruptcy estate (including Shannon Kroemmelbein,

3

Stephanie Miller, ARC Realty, LLC, Seguro Medico, LLC, Benefits Now, LLC, Bene Market, LLC, National Brokers of America, Inc., Alan Redmond Charitable Foundation, The Redmond Group, LLC, The Leads House, Redmond Marketing, LLC, Redmond Group Investments, LLC, QuickHealth Care, Jesus Barrios, Arthur W. Walsh, Jr., Tonya Hatmaker, Norman M. Valz, and any legal person associated with any of the foregoing persons), then approve the application but fixing the hourly rate of attorneys at $400.00; and such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 24, 2024        By:    /s/ Joel A. Ready
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875

4