# CIARDI CIARDI & ASTIN

NICOLE M. NIGRELLI, ESQUIRE
NNIGRELLI@CIARDILAW.COM

1905 Spruce Street
Philadelphia, PA 19103
Phone: 215-557-3550
Fax: 215-557-3551

September 25, 2024

***Via ECF Court Filing***
The Honorable Patricia M. Mayer
United States Bankruptcy Court for
The Eastern District of Pennsylvania
The Gateway Building
201 Penn Street
Reading, Pennsylvania

**Re:     Alan Christopher Redmond, Case No. 24- 13093-pmm**

Dear Judge Mayer,

Please accept this letter in lieu of a more formal pleading. On Wednesday, September 18, 2024, we were in front of Your Honor on a portion of our Motion to Dismiss the Bankruptcy Case and Bad Faith filing. At the end of the hearing, Your Honor set the further hearing for October 1, 2024 with all discovery being complete by September 30, 2024. On Friday, September 20, 2024, I served Mr. Ready with the notices of deposition as well as paired down document requests.

With respect to the depositions, Mr. Ready is refusing to physically appear for the Deposition of Ethan Shalter or the deposition of the designated representative of Cornerstone Law Firm. Mr. Ready has asserted that we should either 1) come to Berks County, or 2) take the deposition via zoom. We are not requesting zoom depositions; we are requesting in person depositions in the Eastern District of Pennsylvania where Mr. Ready filed the involuntary bankruptcy. I have agreed to make an exception for Jason Scott Jordan's deposition, but I did not make any exception for either Cornerstone Law Firm or Ethan Shalter. While Mr. Jordan was scheduled to be deposed tomorrow, Thursday, September 26, 2024 via zoom, he has contracted Covid and is unable to appear tomorrow and asked for his deposition for Monday September 30, 2024.

Mr. Ready has also claimed that the deposition of the designated representative of Cornerstone Law Firm is protected by the attorney client privilege. We disagree and assert that we are entitled to take the deposition of the designated representative of the law firm because they are a petitioning creditor. If they did not want to be deposed, then they should not have

| **PHILADELPHIA** | **WILMINGTON** | **NEW JERSEY** |
|---|---|---|
| 1905 Spruce Street | 1204 N. King Street | 52 Haddonfield-Berlin Road |
| Philadelphia, PA 19103 | Wilmington, DE 19801 | Suite 1000 |
| Phone: (215) 557-3550 | Phone: (302) 658-1100 | Cherry Hill, NJ 08034 |
| Fax: (215) 557-3551 | Fax: (302) 658-1300 | Phone: (856) 368-2001 |
| | | Fax: (856) 368-2002 |

Ciardi Ciardi & Astin

Page 2

signed the involuntary petition. He is not entitled to use the attorney client relationship as a shield and a sword. Moreover, it is clear in the transcript from the September 18, 2024 hearing, that Mr. Shalter waived the attorney client privilege. Mr. Shalter testified that he relied upon the advice of counsel for the 1) filing the involuntary petition, filing of the affidavit, and submitting that he was an undisputable creditor of Alan Christopher Redmond, clearly waiving any privileges to those issues. The Putative Debtor points the Court to the Third Circuit decision *Rhone-Poulenc Rorer, Inc. v. The Home Indemity Co.et al.,* 32 F.3d 851 (3rd Cir. 1994) where the Court acknowledged that a client's assertion that they relied upon the advice of counsel as a defense, waives the attorney client privilege. That is exactly what Mr. Shalter did when he testified as to the filing of the involuntary petition.

Lastly, Mr. Ready served Requests for Admissions, Requests for answers to Interrogatories and Requests for Production of Documents (the "Discovery") on Tuesday September 24,2024 requesting answers by Friday, September 27, 2024. As for the Discovery, they are overbroad and not relevant to the motion to dismiss. For example, his first request in the Request for Admissions states "[a]dmit the authenticity of each exhibit at ECF 10-2 submitted with the Emergency Motion for special relief in the instant case." This pleading is no longer relevant as the Petitioning Creditors withdrew the Motion and the Temporary Restraining Order was dissolved when the Petitioning Creditors did not want to post the necessary bond. Moreover, there are hundreds of pages included in that exhibit as well as an affidavit of Ethan Shalter that has allegations that the Putative Debtor has proven are lies. Attached as Exhibit "A" is the Discovery propounded on the Putative Debtor without exhibits.

Again, Your Honor, the only issue before the Court is the bad faith of the petitioning creditors. Mr. Ready is attempting to use the filing of the Involuntary Petition as a means to get judgment discovery on an expedited basis which is wholly inappropriate.

Based on the above, we would like to schedule a status hearing with the Court to go over these issues at the Court's earliest convenience.

Respectfully,

Nicole M. Nigrelli

cc: Joel Ready, Esquire (via ecf)

NMN/DSS

Enclosures

# EXHIBIT A

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
|---|---|
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN'S FIRST REQUEST FOR ADMISSIONS DIRECTED TO
ALAN CHRISTOPHER REDMOND**

**TO:   Alan Christopher Redmond**
c/o Nicole M. Nigrelli, Enquire
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103

Via U.S. mail and e-mail: dSiedman@ciardilaw.com; nnigrelli@ciardilaw.com;
Aciardi@ciardilaw.com

Pursuant to Federal Rule of Civil Procedure 36, please furnish to Joel@cornerstonelaw.us or at my office at 8500 Allentown Pike, Suite 3, Blandon, Berks County, Pennsylvania, before close of business on September 27, 2024, in accordance with the Court's directive to complete discovery, a photostatic copy or like reproduction of the following materials concerning this action or its subject matter which are in your possession, custody or control and which are not protected by the attorney/client privilege.

This Request for Admission is continuing and any responsive material obtained subsequent to your response to this request which would have been included in its initial response are demanded herein as if this request was reissued immediately thereafter and you are obligated to notify undersigned counsel of such developments and to supply undersigned counsel with a true and correct copy of the same without delay.

## REQUEST FOR ADMISSIONS

1.   Admit the authenticity of each exhibit at ECF No. 10-2 submitted with the Emergency Motion for Special Relief in the instant case.

2.   Admit the authenticity of the documents in Exhibit A hereto, including Exhibits

A-1 and A-2.

3.    Admit the authenticity of the UCC Financing Statement filed on September 24, 2020 with the Pennsylvania Department of State and which is appended as Exhibit B.

4.    Admit the authenticity of the UCC Financing Statement filed on February 1, 2021 with the Pennsylvania Department of State and which is appended as Exhibit C.

5.    Admit the authenticity of the Order of the U.S. District Court for the Eastern District of Pennsylvania., at ECF No. 114, in Julie Su, Secretary of Labor v. Bene Market, LLC et al., C.A. No. 5:20-CV-04265-JLS (E.D. Pa. Mar. 19, 2024), which Order is attached as Exhibit D.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 23, 2024    By:    /s/ Joel A. Ready

Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN'S FIRST SET OF INTERROGATORIES DIRECTED TO ALAN CHRISTOPHER REDMOND**

**TO:  Alan Christopher Redmond**
c/o Nicole M. Nigrelli, Enquire
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103

Via U.S. mail and e-mail: dSiedman@ciardilaw.com; nnigrelli@ciardilaw.com; Aciardi@ciardilaw.com

Pursuant to Federal Rule of Civil Procedure 33, please furnish to Joel@cornerstonclaw.us or at my office at 8500 Allentown Pike, Suite 3, Blandon, Berks County, Pennsylvania, before close of business on September 27, 2024, in accordance with the Court's directive to complete discovery, a photostatic copy or like reproduction of the following materials concerning this action or its subject matter which are in your possession, custody or control and which are not protected by the attorney/client privilege.

This First Set of Interrogatories is continuing and any information obtained subsequent to your response to this request which would have been included in its initial response are demanded herein as if this request was reissued immediately thereafter and you are obligated to notify undersigned counsel of such developments and to supply undersigned counsel with a true and correct copy of the same without delay.

<u>DEFINITIONS</u>

1.      The terms "you" and "your" refer to the addressee(s) of this First Set of Requests for Production of Documents and all legal persons where you are hired as a consultant, or where you

have an ownership interest of any kind, or where you have managerial authority, or where you have control, or where you have formed a partnership with.

2.      The term "documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, computations, analyses, drawings, diagrams, specifications, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, receipts, quotations, bids, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, photographs, films, tests, studies, and all other documents, tangible or retrievable of any kind, including all documents stored in a computer or on a computer disk or thumb drive.

"Documents" also includes any preliminary notes and drafts of all the forgoing, in whatever form, for example: printed, typed, long-hand, short-hand, on paper, paper tape, tabulating cards, computer disks or computer stored or other forms. In all cases where originals and/or non-identified copies are available, "document" also means copies thereof.

3.      The term "statements" is an all-inclusive term referring to any written utterance whether or not it is signed or otherwise adopted or approved by the person making it and any oral utterance which has been contemporaneously recorded by stenographic, mechanical, electrical, or any other means or had been transcribed from such a recording so as to be a substantially verbatim recital of the verbal expression of the person making it.

4.      The term "person" means and refers to a natural person, corporation, company, trust, sole proprietorship, estate, partnership, joint venture, or any other entity, including any officer, director, employee, owner, partner, executor, trustee, agent, representative, successor or assign thereof.

2

5.  "Identify" means "Identify," when used in reference to a natural person, means to set forth the person's:

    (a)    Full name;
    (b)    Present or last known home address;
    (c)    Present or last known business address;
    (d)    Present employer; and
    (e)    Job title.

6.  "Identify," when used in reference to a person that is a corporation, partnership, proprietorship, association or group, means to state the person's:

    (f)    Full name;
    (g)    Address;
    (h)    Telephone number;
    (i)    Form of organization; and
    (j)    Business activities.

7.  "Identify," when used in reference to documents, means to state the following with respect to each document:

    (k)    Its date;
    (l)    The identity of the person(s) who authored it;
    (m)    The identity of the person(s) to whom it was addressed and who are known or believed to have received copies of it;
    (n)    The form of the document (that is, letter, memorandum, invoice, blueprint, etc.);
    (o)    Its title;
    (p)    Its length (in number of pages);
    (q)    The identity of the person(s) who you know or believe have custody of each copy or draft of the document having notations unique to such copy; and
    (r)    A detailed description of the subject matter of the document.
    (s)    Instead of identifying documents, you may produce them for inspection and copying at the offices of the Defendants' counsel.

8.  "Identify," when used in connection with spoken communication, means to:

    (t)    State the date of the communication;
    (u)    State the place where the communication occurred;
    (v)    Identify each person who took part in or heard the communication;
    (w)    Provide a detailed description of the subject matter of the communication; and
    (x)    Identify each document which refers to or relates to the communication.

3

9. Unless the context clearly requires otherwise, the term "communication" means and refers to any oral statement, discussion, conversation or conference (whether face-to-face or by telephone) and any document by, to, between or among one or more persons to the communication.

10. The terms "relating to," "connected with" and "in connection with" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning or referring to, directly or indirectly.

11. The conjunctions "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any Request.

12. As used herein, all words used in their singular form shall be deemed to include the words in their plural form.

13. As used herein, all words used in their masculine form shall be deemed to include the words in their feminine form.

14. "ECF" means Electronic Case File, being the sequential number assigned to each document filed with the U.S. Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 24-13093.

15. "Instant case" means the Involuntary Bankruptcy Petition pending in U.S. Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 24-13093.

CLAIMS OF PRIVILEGE

If any document sought by the Request is withheld from production based on privilege, work product or any other reason, you shall identify each such document in your response to this Request by stating the date, author, and each recipient of the documents and shall indicate the precise reason why its production is being withheld.

4

NOTICE TO COUNSEL

Having sought dismissal of the Involuntary Petition on the grounds of bad faith, Alan Christopher Redmond has opened the door as to the following, non-exhaustive factors for the Court's consideration:

the creditors satisfied the statutory criteria for filing the petition; the involuntary petition was meritorious; the creditors made a reasonable inquiry into the relevant facts and pertinent law before filing; **there was evidence of preferential payments to certain creditors or of dissipation of the debtor's assets**; the filing was motivated by ill will or a desire to harass; the petitioning creditors used the filing to obtain a disproportionate advantage for themselves rather than to protect against other creditors doing the same; the filing was used as a tactical advantage in pending actions; the filing was used as a substitute for customary debt-collection procedures; and the filing had suspicious timing.

*In re* Forever Green Athletic Fields, Inc., 804 F.3d 328, 336 (3d Cir. 2015) (emphasis added). Accordingly, Jason Scott Jordan is entitled to discover all information relative to the foregoing.

INTERROGATORIES

1.   For each debt identified in ECF No. 48, describe in detail the date when such debt became due.

2.   Describe in detail the transfer of all assets held by Bene Market, LLC, including its receivables, as a result of you causing it to cease operations.

3.   As a result of marriage or contemplated marriage, describe in detail each and every transfer of assets you made to Shannon Kroemmelbein, or to any legal person owned by or controlled by Shannon Kroemmelbein, and indicate whether you retained any ownership or control of such asset and include the date of such transfer.

4.   Describe in detail your relationship with each of the following persons: Jesus Barrios, Arthur W. Walsh, Jr., Benefits Now, LLC, Seguro Medico, LLC, Bene Market, LLC, ARC Realty, LLC, Stephanie Miller, Tonya Hatmaker, Norman M. Valz, Alan Redmond Charitable Foundation, The Redmond Group, LLC, The Leads House, Redmond Marketing, LLC, Redmond Group Investments, LLC, QuickHealth Care, and any person with a reasonable variation of any of the foregoing names.

5.   Identify all legal persons, anywhere in the world, where you have an ownership interest of any kind, or which have hired you in any capacity, or where you have managerial authority, or control, or had formed a partnership with.

6.   Based on your answers to the foregoing interrogatory, identify the jurisdiction

5

where such legal person is formed or incorporated and provide an address for service of process for such legal person.

7.      Describe in detail the person, account number, and date you opened the account for all accounts held by you in any bank, financial institution, or brokerage.

8.      Describe in detail your current sources of income and all forms of compensation, whether directly or in-kind or made on your behalf to another person, including the person who is paying the same, its terms and conditions, and frequency and manner of payment.

9.      Identify all of your current financial assets within the meaning of 13 Pa.C.S. § 8102. For each of the foregoing, identify the person who serves as an intermediary.

10.      In respect of your answers to Petitioner Jason Scott Jordan's First Request for Admissions where you did not answer, "Admitted," describe in detail all facts supporting such answer.

11.      Identify all testifying expert witnesses you have retained for the instant case.

12.      Based on your answers in the foregoing interrogatory, state the substance of the expert testimony you expect that person to give, describe in detail that expert's principles and methods, and the qualifications of such expert. In lieu thereof, you may produce an expert report and curriculum vitae for such expert.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 23, 2024      By:    /s/ Joel A. Ready

Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875

6

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN'S FIRST SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS DIRECTED TO ALAN CHRISTOPHER REDMOND**

**TO:**   **Alan Christopher Redmond**
c/o Nicole M. Nigrelli, Enquire
Albert A. Ciardi, III, Esquire
Daniel S. Siedman, Esquire
Ciardi Ciardi & Astin
1905 Spruce Street
Philadelphia, PA 19103

Via U.S. mail and e-mail: dSiedman@ciardilaw.com; nnigrelli@ciardilaw.com;
Aciardi@ciardilaw.com

Pursuant to Federal Rule of Civil Procedure 34, please furnish to Joel@cornerstonelaw.us or at my office at 8500 Allentown Pike, Suite 3, Blandon, Berks County, Pennsylvania, before close of business on September 27, 2024, in accordance with the Court's directive to complete discovery, a photostatic copy or like reproduction of the following materials concerning this action or its subject matter which are in your possession, custody or control and which are not protected by the attorney/client privilege.

This Request for Production of Documents is continuing and any responsive material obtained subsequent to your response to this request which would have been included in its initial response are demanded herein as if this request was reissued immediately thereafter and you are obligated to notify undersigned counsel of such developments and to supply undersigned counsel with a true and correct copy of the same without delay.

<u>DEFINITIONS</u>

1.    The terms "you" and "your" refer to the addressee(s) of this First Set of Requests for Production of Documents and all legal persons where you are hired as a consultant, or where you

have an ownership interest of any kind, or where you have managerial authority, or where you have control, or where you have formed a partnership with.

2.      The term "documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, computations, analyses, drawings, diagrams, specifications, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, receipts, quotations, bids, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, photographs, films, tests, studies, and all other documents, tangible or retrievable of any kind, including all documents stored in a computer or on a computer disk or thumb drive.

"Documents" also includes any preliminary notes and drafts of all the forgoing, in whatever form, for example: printed, typed, long-hand, short-hand, on paper, paper tape, tabulating cards, computer disks or computer stored or other forms. In all cases where originals and/or non-identified copies are available, "document" also means copies thereof.

3.      The term "statements" is an all-inclusive term referring to any written utterance whether or not it is signed or otherwise adopted or approved by the person making it and any oral utterance which has been contemporaneously recorded by stenographic, mechanical, electrical, or any other means or had been transcribed from such a recording so as to be a substantially verbatim recital of the verbal expression of the person making it.

4.      The term "person" means and refers to a natural person, corporation, company, trust, sole proprietorship, estate, partnership, joint venture, or any other entity, including any officer, director, employee, owner, partner, executor, trustee, agent, representative, successor or assign thereof.

2

5.     Unless the context clearly requires otherwise, the term "communication" means and refers to any oral statement, discussion, conversation or conference (whether face-to-face or by telephone) and any document by, to, between or among one or more persons to the communication.

6.     The terms "relating to," "connected with" and "in connection with" mean constituting, comprising, containing, setting forth, showing, disclosing, describing, explaining, summarizing, concerning or referring to, directly or indirectly.

7.     The conjunctions "and" and "or" shall be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any document otherwise within the scope of any Request.

8.     As used herein, all words used in their singular form shall be deemed to include the words in their plural form.

9.     As used herein, all words used in their masculine form shall be deemed to include the words in their feminine form.

10.    "ECF" means Electronic Case File, being the sequential number assigned to each document filed with the U.S. Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 24-13093.

11.    "Instant case" means the Involuntary Bankruptcy Petition pending in U.S. Bankruptcy Court for the Eastern District of Pennsylvania at Case No. 24-13093.

CLAIMS OF PRIVILEGE

If any document sought by the Request is withheld from production based on privilege, work product or any other reason, you shall identify each such document in your response to this Request by stating the date, author, and each recipient of the documents and shall indicate the precise reason why its production is being withheld.

3

NOTICE TO COUNSEL

Having sought dismissal of the Involuntary Petition on the grounds of bad faith, Alan Christopher Redmond has opened the door as to the following, non-exhaustive factors for the Court's consideration:

> the creditors satisfied the statutory criteria for filing the petition; the involuntary petition was meritorious; the creditors made a reasonable inquiry into the relevant facts and pertinent law before filing; **there was evidence of preferential payments to certain creditors or of dissipation of the debtor's assets**; the filing was motivated by ill will or a desire to harass; the petitioning creditors used the filing to obtain a disproportionate advantage for themselves rather than to protect against other creditors doing the same; the filing was used as a tactical advantage in pending actions; the filing was used as a substitute for customary debt-collection procedures; and the filing had suspicious timing.

*In re* Forever Green Athletic Fields, Inc., 804 F.3d 328, 336 (3d Cir. 2015) (emphasis added). Accordingly, Jason Scott Jordan is entitled to discover all information relative to the foregoing.

REQUESTS FOR PRODUCTION OF DOCUMENTS

1. All documents evidencing payment, including the person who is the source of such payment, to Ethan Shalter.

2. Any IRS Form W-2 issued to Ethan Shalter.

3. Any other documents bearing Ethan Shalter's signature.

4. Proof of the most recent payment issued to Ethan Shalter.

5. Original copies, including metadata, of the submission to the Court at ECF No. 20-1, Exhibit A thereto.

6. All unexpired contracts for employment, consultancy, or independent contractor work between you and any other person.

7. All documents evidencing the disposition of assets of Bene Market, LLC, including its receivables, contracts, and book of business, as a result of you causing it to cease operations.

8. All documents evidencing transfer of assets from you to yourself and Shannon Kroemmelbein as tenancies by the entireties.

9. All documents evidencing transfer of assets from you to Shannon Kroemmelbein or to any legal person owned by or controlled by Shannon Kroemmelbein.

10. All documents evidencing transfer of assets, between 2020 and the present, made by you to any relative of yours (including your mother) or to any legal person owned by or

4

controlled by any of your relatives.

11.    All documents evidencing transfer of assets from you to Alan Redmond Charitable Foundation since the latter's formation.

12.    Your personal federal income tax returns from 2020 through the present together with all schedules.

13.    Your last pay stub.

14.    All unexpired contracts between you and any person acting on your behalf.

15.    All documents evidencing your ownership interest (regardless of type of ownership interest) in another business entity and real estate.

16.    For each and every creditor you marked as "Undisputed" at ECF No. 48, all documents evidencing each and every payment to such creditor over the past two years and the source of such payment, whether it was you, Shannon Kroemmelbein, or another person, who paid the same.

17.    All contracts between you and each of the creditors identified at ECF No. 48, including all settlement agreements and contract modifications or amendments.

18.    All documents evidencing your tax liabilities shown on ECF No. 48 as applied to Internal Revenue Service, Pennsylvania UC Tax Services, Pennsylvania Department of Revenue, and Berks County Tax Claim Bureau.

19.    All internal governing documents (including articles of incorporation, certificates of formation, bylaws, shareholders' agreements, managers' agreements, and operating agreements) for Benefits Now, LLC, Seguro Medico, LLC, Bene Market, LLC, ARC Realty, LLC, Alan Redmond Charitable Foundation, The Redmond Group, LLC, The Leads House, Redmond Marketing, LLC, Redmond Group Investments, LLC, QuickHealth Care, and any person with a reasonable variation of any of the foregoing names.

20.    All receipts for each payment made by you to each attorney identified in the Certification of Fees Incurred by Intervenor Alan C. Redmond (July 10, 2024) at Case No. 19-15488-PMM, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

21.    All evidence you obtained by subpoena in the instant case.

22.    All evidence you obtained from any other creditor in the instant case.

23.    All evidence you obtained by any private investigator retained for the instant case, including surveillance videos and audio-recordings.

5

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 23, 2024          By:   /s/ Joel A. Ready
                                         Joel A. Ready, Esquire
                                         PA Attorney I.D. # 321966
                                         Benjamin J. Lewis, Esquire
                                         PA Attorney I.D. # 313733
                                         8500 Allentown Pike, Suite 3
                                         Blandon, PA 19510
                                         (610) 926-7875

6