IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ALAN CHRISTOPHER REDMOND　　　:　　　Bankruptcy No. 24-13093 (PMM)

　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　:　　　Involuntary Chapter 11

　　　　　　　　　　　　　　　　　　　　　:

**<u>ORDER</u>**

This Court, having considered the Motion to Quash Subpoena filed September 30, 2024,

by Seguro Medico, LLC, any opposition thereto, and the record as a whole,

**IT IS** this _____ day of _____, 2024,

**ORDERED** that the Motion to Quash Subpoena is granted and the subpoena is

QUASHED.

_____

, J.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  ALAN CHRISTOPHER REDMOND　　:　　Bankruptcy No. 24-13093 (PMM)

　　　　　　　　　　　　　　　　　　　　　:

　　　　　　　　　　　　　　　　　　　　　:　　Involuntary Chapter 11

　　　　　　　　　　　　　　　　　　　　　:

**MOTION TO QUASH SUBPOENA**

1.　　This Involuntary Chapter 11 Bankruptcy was filed on September 3, 2024, by three creditors who each alleged, under oath, that they qualified under Section 305 of the Code as Involuntary Creditors as they each possessed undisputed claims against Debtor.

2.　　That was not true and it was obvious that was not true since the third creditor — Ethan Shalter — claimed to be a former employee of Seguro Medico, LLC, not the Debtor.

3.　　This Court held a hearing on September 18, 2024, at which time it was determined that Ethan Shalter was not qualified to be a petitioning creditor under an involuntary bankruptcy petition against Debtor, and this Court ordered a further hearing on the issues concerning the bad faith insertion of a patently unqualified creditor into the involuntary petition, to be held October 1, 2024.  CM/ECF No. 54.

4.　　Movant Seguro Medico, LLC, is well-known to the counsel and parties who filed the involuntary petition against Debtor.

5.　　Counsel for Ethan Shalter and the other creditors filing the involuntary petition knew, as of September 17, 2024, that Seguro Medico, LLC, is represented by the undersigned counsel.  *See* CM/ECF No. 35, electronic filing of the prior Motion to Quash.

6.　　On September 20, 2024, Joel A. Ready, Esq., of Cornerstone Law, who represents the petitioning creditors (and was on notice that Seguro Medico, LLC, had entered in this case

and was represented by counsel), secretly issued and sent a subpoena to the registered agent of Seguro Medico, LLC, in Delaware.  *See* Subpoena, attached hereto as Exhibit 1.

7.     The subpoena requests that a corporate representative of Seguro Medico, LLC, appear and testify on October 1, 2024, in this matter, and produce ***nine*** categories of documents:

a.  All documents evidencing payment, including the person who is the source of such payment, owed by you to Ethan Shalter.

b.  Any IRS Form W-2 you issued to Ethan Shalter.

c.  Any other documents bearing Ethan Shalter's signature in your possession or control.

d.  Proof of the most recent payment made by you to Ethan Shalter.

e.  Original copies, including metadata, of your document titled, "Separation and Release from Employment," purportedly signed by Ethan Shalter on August 6, 2024 and purportedly in the presence of Tonya Hatmaker and Arthur W. Walsh, Jr.

f.  Your operating agreement (or shareholders' agreement) and any evidence of your ownership interests.

g.  Since your formation, your federal income tax returns with all schedules showing payment of money to your owners.

h.  All contracts between you and each of the following persons, if any:

  i.  Alan Christopher Redmond.

  ii.  Bene Market, LLC.

  iii.  National Brokers of America, Inc.

  iv.  ARC Realty, LLC.

  v.  Benefits Now, LLC.

2

vi.   Alan Redmond Charitable Foundation.

vii.  The Redmond Group, LLC.

viii. Redmond Marketing, LLC.

ix.   Redmond Group Investments, LLC.

x.    Arthur W. Walsh, Jr.

xi.   Jesus Barrios.

xii.  Shannon Kroemmelbein.

xiii. Any entity owned, in whole or in part, by Alan Christopher Redmond.

xiv.  Any person acting on behalf of Alan Christopher Redmond.

xv.   Any entity owned, in whole or in part, by Shannon Kroemmelbein.

xvi.  Any entity owned, in whole or in part, by any relative of Alan Christopher

Redmond.

i.   All unexpired contracts between you and any of your managers.

8.      Notably, the scope of these requests is irrelevant to a bad faith hearing, as well as descending into harassment: Seguro Medico, LLC's tax returns, for instance, have nothing to do with issues before this Court, and the time period for which they have been requested is overbroad.

9.      Joel A. Ready, Esq., of Cornerstone Law, failed to comply with Fed. R. Civ. P. 45(a)(4) by secretly issuing the subpoena, as Rule 45 requires that a subpoena be "[i]f the subpoena commands the production of documents…then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party."

10.     Rule 5(b)(1) requires that the service on Seguro Medico, LLC, of the secret subpoena attached hereto be made on Seguro Medico, LLC's counsel, ***and no other person***.

Fed. R. Civ. P. 5(b)(1) ("If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party.").

11. Counsel for Seguro Medico, LLC, learned of the subpoena on September 27, 2024. CM/ECF No. 74.

12. The subpoena should be quashed for failure to comply with the Federal Rules of Civil Procedure. Pursuant to Rules 45(a)(4) and 5(b)(1), counsel for the Petitioning Creditors— already defending themselves against bad faith—failed to comply with the rules in issuing a secret subpoena, which took Seguro Medico, LLC, by surprise four days before the hearing.

13. It is also unreasonable to hale witnesses and documents from Seguro Medico, LLC, into court on such short notice.

14. Given the lack of jurisdiction over this matter due to the Petitioning Creditors' defective Petition supported by a false Affidavit, it is neither fair or reasonable to force these third-party witnesses to appear for a hearing on bad faith that could have been avoided by the slightest investigation by Petitioning Creditors.

15. WHEREFORE, The Third-Party Witnesses respectfully request the Court quash these subpoena.

Respectfully Submitted,

**BOCHETTO & LENTZ, P.C.**

Date: September 30, 2024    By:    */s/ David P. Heim*
GEORGE BOCHETTO, ESQUIRE
PA ID No. 27783
gbochetto@bochettoandlentz.com
DAVID P. HEIM, ESQUIRE
PA ID No. 84323
dheim@bochettoandlentz.com
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900

4

## CERTIFICATE OF SERVICE

I, *David P. Heim, Esquire*, hereby certify that a true and correct copy of the forgoing was filed electronically through this Court's ECF System and is available for viewing and downloading from this Court's ECF System. I further certify that an electronic copy of the foregoing was served upon all parties of record through this Court's ECF System.

**BOCHETTO & LENTZ, P.C.**

Date: <u>September 30, 2024</u>      By:   */s/ David P. Heim*
                                           GEORGE BOCHETTO, ESQUIRE
                                           PA ID No. 27783
                                           gbochetto@bochettoandlentz.com
                                           DAVID P. HEIM, ESQUIRE
                                           PA ID No. 84323
                                           dheim@bochettoandlentz.com
                                           1524 Locust Street
                                           Philadelphia, PA 19102
                                           215-735-3900

5

# Exhibit 1

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
## (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: __SEGURO MEDICO, LLC_____
on *(date)* __09/20/2024__ .

[X] I served the subpoena by delivering a copy to the named person as follows: __SEGURO MEDICO, LLC_____
__C/O THE CORPORATION TRUST COMPANY, AS AGENT, 1209 ORANGE ST., WILMINGTON, DE 19801; ACCEPTED BY: ROBIN__
__HUTT-BANKS (MANAGING AGENT)_____ on *(date)* __09/20/2024 AT 2:45 PM__ ; or

[ ] I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____46.50_____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: __09/20/2024_____

_____
*Server's signature*

__GILBERT DEL VALLE_____ __PROCESS SERVER__
*Printed name and title*
BRANDYWINE PROCESS SERVERS, LTD.
PO BOX 1360, WILMINGTON, DE 19899
302-475-2600
*Server's address*

Additional information concerning attempted service, etc.:

SERVED SUBPOENA TO APPEAR AND TESTIFY AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)
WITH SCHEDULE A;

**BRANDYWINE PROCESS SERVERS, LTD**
P.O. BOX 1360
WILMINGTON, DE  19899-1360
(302) 475-2600

13761

**Citizens™**

62-114/311

9/19/2024

$ *******46.50

PAY TO THE
ORDER OF   Seguro Medico, LLC,

Forty-Six and 50/100************************************************************

Seguro Medico, LLC,

DOLLARS

AUTHORIZED SIGNATURE

MEMO CORNERSTONE

⑈013761⑈ ⑈031101143⑈ 8203909505⑈

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern _____  District of __Pennsylvania__

In re __Alan Christopher Redmond__

Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. __24-13093__

Chapter __11__

Adv. Proc. No. _____

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: __Seguro Medico, LLC, by and through most knowledgeable witness__

*(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE Bankruptcy Court for the Eastern District of Pennsylvania (Reading)<br>201 Penn Street, Suite 103<br>Reading, PA 19601 | COURTROOM Fourth Floor Courtroom |
| --- | --- |
| | DATE AND TIME<br>Tuesday, Oct. 1, 2024, at 10:00 A.M. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

All documents in Schedule A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __9/20/2024__

CLERK OF COURT

_____          OR          _Joel A. Ready_
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
__Jason Scott Jordan__ , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

     p.  Any entity owned, in whole or in part, by any relative of Alan Christopher Redmond.

9.     All unexpired contracts between you and any of your managers.

**AND BE PREPARED TO TESTIFY ABOUT THE FOLLOWING SUBJECTS**:

(1)     All compensation paid to Alan Christopher Redmond and the manner of payment.

(2)     All transfers of assets, directly or indirectly, between you and Alan Christopher Redmond and between you and any business entity in which Alan Christopher Redmond has an ownership interest (of any kind), managerial authority, or control, or had formed a partnership with, or where owned or controlled by any relative of or person associated with Alan Christopher Redmond.

(3)     Your compliance with Pennsylvania's Insurance Department Act of 1921, Wage Payment and Collection Law, and Uniform Trade Practices Act and Consumer Protection Law.

**DEFINITIONS**:

"You" means the person to whom this subpoena is directed and any related person, including Benefits Now, LLC.

"Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All documents evidencing payment, including the person who is the source of such payment, owed by you to Ethan Shalter.

2.      Any IRS Form W-2 you issued to Ethan Shalter.

3.      Any other documents bearing Ethan Shalter's signature in your possession or control.

4.      Proof of the most recent payment made by you to Ethan Shalter.

5.      Original copies, including metadata, of your document titled, "Separation and Release from Employment," purportedly signed by Ethan Shalter on August 6, 2024 and purportedly in the presence of Tonya Hatmaker and Arthur W. Walsh, Jr.

6.      Your operating agreement (or shareholders' agreement) and any evidence of your ownership interests.

7.      Since your formation, your federal income tax returns with all schedules showing payment of money to your owners.

8.      All contracts between you and each of the following persons, if any:

        a.  Alan Christopher Redmond.

        b.  Bene Market, LLC.

        c.  National Brokers of America, Inc.

        d.  ARC Realty, LLC.

        e.  Benefits Now, LLC.

        f.  Alan Redmond Charitable Foundation.

        g.  The Redmond Group, LLC.

        h.  Redmond Marketing, LLC.

        i.  Redmond Group Investments, LLC.

        j.  Arthur W. Walsh, Jr.

        k.  Jesus Barrios.

        l.  Shannon Kroemmelbein.

        m.  Any entity owned, in whole or in part, by Alan Christopher Redmond.

        n.  Any person acting on behalf of Alan Christopher Redmond.

        o.  Any entity owned, in whole or in part, by Shannon Kroemmelbein.

  p. Any entity owned, in whole or in part, by any relative of Alan Christopher

    Redmond.

9. All unexpired contracts between you and any of your managers.

**AND BE PREPARED TO TESTIFY ABOUT THE FOLLOWING SUBJECTS**:

(1) All compensation paid to Alan Christopher Redmond and the manner of payment.

(2) All transfers of assets, directly or indirectly, between you and Alan Christopher Redmond and between you and any business entity in which Alan Christopher Redmond has an ownership interest (of any kind), managerial authority, or control, or had formed a partnership with, or where owned or controlled by any relative of or person associated with Alan Christopher Redmond.

(3) Your compliance with Pennsylvania's Insurance Department Act of 1921, Wage Payment and Collection Law, and Uniform Trade Practices Act and Consumer Protection Law.

**DEFINITIONS**:

 "You" means the person to whom this subpoena is directed and any related person, including Benefits Now, LLC.

 "Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.