**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                                    :
                                                          :        Chapter 11
ALAN CHRISTOPHER REDMOND,            :
                                                          :        Case No. 24--13093 (REF)
            Involuntary Debtor                   :

**ORDER**

AND NOW, this _____ day of _____, 2024 upon consideration of Movants C. Malcolm Smith, III and C. Malcolm Smith & Company P.C.'s Emergency Motion to Quash Subpoena Directed to C. Malcolm Smith, III and C. Malcolm Smith & Company P.C., any opposition thereto, and the record as whole;

**IT IS ORDERED** that the Movants' Emergency Motion to Quash Subpoena is granted and the subpoena is quashed.

_____
Honorable Patricia M. Mayer

12227215.1

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                              :
                                                    :        Chapter 11
ALAN CHRISTOPHER REDMOND,                            :
                                                    :        Case No. 24--13093 (REF)
                 Involuntary Debtor.                 :

**MOVANTS C. MALCOLM SMITH, III AND C. MALCOLM SMITH & COMPANY
P.C.'S EMERGENCY MOTION TO QUASH SUBPOENA DIRECTED
TO C. MALCOLM SMITH, III AND C. MALCOLM SMITH & COMPANY P.C.**

Pursuant to Federal Rules of Civil Procedure, C. Malcolm Smith, III and C. Malcolm Smith
& Company P.C., respectfully move this Honorable Court to enter an Order quashing the subpoena
issued by Jason Scott Jordan and in support thereof avers as follows:

1. This Involuntary Chapter 11 Bankruptcy was filed on September 3, 2024, by three (3)
   creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter who each
   alleged that they were qualified under Section 305 of the Bankruptcy Code as
   Involuntary Creditors of Debtor Alan Christopher Redmond.

2. On September 18, 2024, the Debtor and Involuntary Creditors appeared before the
   Honorable Court and a hearing on the Debtor's bad faith motion and whether an order
   for relief should be entered in this matter was re-scheduled for October 1, 2024, at
   10:00 a.m.  See CM/ECF No. 54.

3. On September 26, 2024, attorney Joel A. Ready, Esquire issued a subpoena for C.
   Malcolm Smith, III and C. Malcolm Smith & Company P.C. A true and correct copy
   of the Subpoena is attached hereto as Exhibit A.

4. Despite having direct knowledge that the hearing was rescheduled to October 1st, the
   attorney waited eight (8) days to issue a subpoena directed to the Movants.

5. A subpoena was served on Anita J. Smith for C. Malcolm Smith on or about September 28, 2024, and Attorney Ready filed a proof of service on September 30, 2024.  A true and correct copy of the Proof of Service is attached hereto as Exhibit B.

6. A Proof of Service has not been filed for Movant C. Malcolm Smith & Company P.C.

7. The subpoena requests that C. Malcolm Smith and C. Malcolm Smith & Company, P.C. by and through the most knowledgeable witness appear and testify at the rescheduled motion hearing.

8. Additionally, the subpoena requested that documents be produced, which included eleven (11) document requests, one of which included fifteen (15) subparts.  See Exhibit A.

9. The late issuance of the subpoena and weekend service of the same, left Movant(s) with one (1) day to review the subpoena and document requests with their attorneys.

10. The subpoena should be quashed for several reasons: (1) failure to comply with Fed. R. Civ. P. 45(a)(4); (2) failure to comply with Fed. R. Civ. P. 45(d)(1); and failure to comply with Fed. R. Civ. P. 45(d)(3)(i) and (iv).

11. Fed. R. Civ. P. 45(a)(4) holds in relevant part, "[i]f the subpoena commands the production of documents, electronically stored information or tangible things … then before it is served on the person to whom it is directed, a notice and copy of the subpoena must be served on each party."

12. The attorney for the involuntary creditor has failed to comply with the rules and failed to show that the subpoena directed to Movants was served on each party.

{01261616 }
12227215.1

13. Further, Rule 45(d)(1), requires that a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.  See Fed. R. Civ. P. 45(d)(1).

14. Additionally, Rule 45(d)(3)(i), allows a party to make a motion to quash or modify a subpoena that fails to allow a reasonable time to comply.  See Fed. R. Civ. P. 45(d)(3)(i).

15. Finally, Rule 45(d)(3)(iv) allows a party subject to a subpoena to file a motion to quash or modify the subpoena that subjects a person to undue burden.  See Fed. R. Civ. P. 45(d)(3)(iv).

16. The involuntary creditor Jason Scott Jordan and/or its attorney failed to take reasonable steps to avoid imposing an undue burden on the Movant(s).

17. The service of the subpoena was completed on a weekend, less than three (3) days before the rescheduled hearing, to an individual not listed or named in the subpoena.

18. Counsel for Movants learned of the subpoena on Monday, September 30, 2024, within twenty-four (24) hours of the scheduled hearing.

19. The scope and breadth of requests are excessive, redundant, overbroad, and unduly burdensome.

20. Additionally, the requests are not narrowly tailored and are irrelevant to the hearing before the Honorable Court.

21. It is unreasonable and unduly burdensome to request that Movant C. Malcolm Smith III or an individual with the most knowledge appear before this Court, with what amounts to one (1) day of notice.

{01261616 }
12227215.1

22. On September 30, 2024, C. Malcolm Smith informed the attorney that he was unable to comply with the subpoena due to short notice, as he had other obligations and matters scheduled and booked for October 1, 2024.

23. The issuing attorneys failed to take adequate reasonable steps to remove the undue burden they placed on Movants.

24. Movants join Seguro Medico, LLC in their statement that it is neither fair nor reasonable to force these third-party witnesses to appear for a hearing on bad faith that could have been avoided by the slightest investigation by Petitioning Creditors.

WHEREFORE, Movants respectfully requests this Honorable Court to enter an Order quashing the Subpoena Directed to C. Malcolm Smith, III and C. Malcolm Smith & Company P.C.

Respectfully submitted,

BARLEY SNYDER LLP

Dated:  September 30, 2024                    By:     /s/Brandon Pack
                                                     Brandon D. Pack, Esquire
                                                     Attorney I.D. #311976
                                                     2755 Century Boulevard
                                                     Wyomissing, PA  19610
                                                     (610) 372-3500
                                                     *Attorneys for Malcolm Smith, III and C. Malcolm Smith & Company, P.C.*

{01261616 }
12227215.1

# EXHIBIT A

1

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Eastern__ _____ District of __Pennsylvania__

In re  Alan Christopher Redmond
_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __24-13093__

Chapter __11__

_____
                    Plaintiff
                        v.

Adv. Proc. No. _____

_____
                    Defendant

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  C. Malcolm Smith, III and C. Malcolm Smith & Company, P.C. by and through most knowledgeable witness
_____
*(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE    201 Penn Street, Suite 103<br>Reading, PA 19601 | COURTROOM   Fourth Floor Courtroom |
|---|---|
| | DATE AND TIME<br>Tuesday, Oct. 1, 2024, at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

See Attachment A

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  9/26/2024
      _____

CLERK OF COURT

                                                        OR     *Joel A Ready*

_____                     _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Jason Scott Jordan _____ , who issues or requests this subpoena, are:

Joel A. Ready, Esquire: joel@cornerstonelaw.us; (610) 926-7875

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED:**

To the extent of your possession and control, including the possession and control of your agents:

1.    General ledger for Bene Market, LLC.

2.    General ledger for Alan Redmond Charitable Foundation.

3.    General ledger for ARC Realty, LLC.

4.    Any records concerning transfer of assets of Bene Market, LLC, including contracts.

5.    Any records concerning leases of assets of Bene Market, LLC.

6.    All governing documents and evidence concerning ownership (including shareholders' agreements, operating agreements, and bylaws) for Bene Market, LLC, ARC Realty, LLC, and Alan Redmond Charitable Foundation.

7.    All U.S. income tax returns filed on behalf of Alan Christopher Redmond beginning for the year 2019 through the present.

8.    All U.S. income tax returns filed on behalf of Bene Market, LLC since its formation.

9.    All U.S. income tax returns filed on behalf of Alan Redmond Charitable Foundation since its formation.

10.   All U.S. income tax returns filed on behalf of ARC Realty, LLC since 2019.

11.   All contracts between you and each of the following persons, if any:

   a.  Alan Christopher Redmond.

   b.  Bene Market, LLC.

   c.  Seguro Medico, LLC.

   d.  ARC Realty, LLC.

   e.  Benefits Now, LLC.

   f.  Alan Redmond Charitable Foundation.

   g.  The Redmond Group, LLC.

   h.  Redmond Marketing, LLC.

   i.  Redmond Group Investments, LLC.

   j.  Arthur W. Walsh, Jr.

   k.  Shannon Kroemmelbein.

   l.  Any entity owned, in whole or in part, by Alan Christopher Redmond.

m.  Any person acting on behalf of Alan Christopher Redmond.

n.  Any entity owned, in whole or in part, by Shannon Kroemmelbein.

o.  Any entity owned, in whole or in part, by any relative of Alan Christopher Redmond.

**DEFINITIONS**:

"You" and "your" mean both C. Malcolm Smith & Company, P.C. and C. Malcolm Smith, III.

"Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

. . .

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)



# EXHIBIT B

1

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (Page 2)

24 - 13093
# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: ___C. MALCOLM SMITH___
on *(date)* **9-28-24** .

☑ I served the subpoena by delivering a copy to the named person as follows: **PERSONAL HAND DELIVERY TO ANITA J. SMITH - WIFE OF C. MALCOLM SMITH WHO ACCEPTED ON HIS BEHALF** _____ on *(date)* ___9-28-24___ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ___47.54___ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

    I declare under penalty of perjury that this information is true and correct.

Date: **9-28-24**

*Marty Straka*
_____
*Server's signature*

**MARTY STRAKA**
_____
*Printed name and title*

## SUBPOENAS.COM
### 4521 Farming Ridge Blvd.
### Reading, PA 19606

Additional information concerning attempted service, etc.:

B2550 (Form 2550 – Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_____Eastern_____ District of _Pennsylvania_____

In re _Alan Christopher Redmond_____
                    Debtor

*(Complete if issued in an adversary proceeding)*

Case No. _24-13093_____

Chapter __11_____

_____
                    Plaintiff
                       v.

Adv. Proc. No. _____

_____
                    Defendant

### SUBPOENA TO APPEAR AND TESTIFY
### AT A HEARING OR TRIAL IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  C. Malcolm Smith, III and C. Malcolm Smith & Company, P.C. by and through most knowledgeable witness
     _____
                        *(Name of person to whom the subpoena is directed)*

☑ **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the time, date, and place set forth below to testify at a hearing or trial in this bankruptcy case (or adversary proceeding). When you arrive, you must remain at the court until the judge or a court official allows you to leave.

| PLACE    201 Penn Street, Suite 103 Reading, PA 19601 | COURTROOM   Fourth Floor Courtroom |
|---|---|
| | DATE AND TIME Tuesday, Oct. 1, 2024, at 10:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

 See Attachment A

        The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: ___9/26/2024_____

          CLERK OF COURT

          _____          OR    _____*Joel A. Ready*_____
          *Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
_Jason Scott Jordan_____ , who issues or requests this subpoena, are:

 Joel A. Ready, Esquire: joel@cornerstonelaw.us; (610) 926-7875

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

To the extent of your possession and control, including the possession and control of your agents:

1. General ledger for Bene Market, LLC.

2. General ledger for Alan Redmond Charitable Foundation.

3. General ledger for ARC Realty, LLC.

4. Any records concerning transfer of assets of Bene Market, LLC, including contracts.

5. Any records concerning leases of assets of Bene Market, LLC.

6. All governing documents and evidence concerning ownership (including shareholders' agreements, operating agreements, and bylaws) for Bene Market, LLC, ARC Realty, LLC, and Alan Redmond Charitable Foundation.

7. All U.S. income tax returns filed on behalf of Alan Christopher Redmond beginning for the year 2019 through the present.

8. All U.S. income tax returns filed on behalf of Bene Market, LLC since its formation.

9. All U.S. income tax returns filed on behalf of Alan Redmond Charitable Foundation since its formation.

10. All U.S. income tax returns filed on behalf of ARC Realty, LLC since 2019.

11. All contracts between you and each of the following persons, if any:

    a. Alan Christopher Redmond.

    b. Bene Market, LLC.

    c. Seguro Medico, LLC.

    d. ARC Realty, LLC.

    e. Benefits Now, LLC.

    f. Alan Redmond Charitable Foundation.

    g. The Redmond Group, LLC.

    h. Redmond Marketing, LLC.

    i. Redmond Group Investments, LLC.

    j. Arthur W. Walsh, Jr.

    k. Shannon Kroemmelbein.

    l. Any entity owned, in whole or in part, by Alan Christopher Redmond.

m. Any person acting on behalf of Alan Christopher Redmond.

n. Any entity owned, in whole or in part, by Shannon Kroemmelbein.

o. Any entity owned, in whole or in part, by any relative of Alan Christopher Redmond.

**DEFINITIONS**:

"You" and "your" mean both C. Malcolm Smith & Company, P.C. and C. Malcolm Smith, III.

"Concerning" means relating to, supporting, referring to, describing, evidencing, regarding or constituting.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                                    :
                                                          :        Chapter 11
ALAN CHRISTOPHER REDMOND,              :
                                                          :        Case No. 24--13093 (REF)
                    Involuntary Debtor         :

**CERTIFICATE OF SERVICE**

I, Brandon Pack, do hereby certify that a true and correct copy of the ***Emergency Motion to Quash the Subpoena Directed to Movants C. Malcolm Smith, III and C. Malcolm Smith & Company, P.C.*** was served upon the following, by emailing the same on the 30th day of September, 2024:

| | |
|---|---|
| Joel A. Ready, Esquire | Benjamin J. Lewis, Esquire |
| Cornerstone Law Firm, LLC | Cornerstone Law Firm, LLC |
| 8500 Allentown Pike, Ste 3 | 8500 Allentown Pike, Ste 3 |
| Blandon, PA 19510 | Blandon, PA 19510 |
| joel@cornerstonelaw.us | Benjamin@cornerstonelaw.us |

I understand that statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

BARLEY SNYDER LLP


Dated:  September 30, 2024              By:    /s/Brandon Pack_____
                                                          Brandon D. Pack, Esquire
                                                          Attorney I.D. #311976
                                                          2755 Century Boulevard
                                                          Wyomissing, PA  19610
                                                          (610) 372-3500
                                                          *Attorneys for Malcolm Smith, III and C.*
                                                          *Malcolm Smith & Company, P.C.*

{01261616 }
12227215.1