**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **ALAN CHRISTOPHER REDMOND,** | : | |
| | : | **No. 24-13093 (PMM)** |
| Debtor. | : | |
| | : | |

**APPLICATION OF THE DEBTOR FOR ORDER PURSUANT TO 11 U.S.C. § 327(e)
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014
TO EMPLOY RUSH LAW GROUP AS SPECIAL COUNSEL,
*NUNC PRO TUNC* TO THE PETITION DATE**

Alan Christopher Redmond (the "Debtor"), by and through his undersigned counsel, Ciardi Ciardi & Astin, hereby file this application for order pursuant to 11 U.S.C. § 327(e) and Federal Rule of Bankruptcy Procedure 2014 to employ Rush Law Group, LLC as special counsel to the Debtor, *nunc pro tunc* to the Petition Date (defined *infra*) and respectfully represent as follows:

**Background**

1. On September 3, 2024, an involuntary petition was filed against Alan Christopher Redmond.

2. On October 3, 2024 (the "Petition Date"), an order for relief was entered under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor remains in possession of his property and continues to operate his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor requests authority to retain as special counsel, Rush Law Group, LLC (the "Firm"), to represent the Debtor in connection with various state and federal litigation including the following matters:

   a. **NBOA v. Jordan**, Berks County, **Civil Litigation**, 14-17117

   b. **Redmond v. Redmond**, Montgomery County, **Custody and Support**, 2016-09017

c. **WBL-SBO II v. Redmond**, Berks County, **Foreclosure Action**, 23-13390

d. **Scalia v. Bene Market, LLC, et al.** PA Eastern District Court, 5:20-CV-04265-JLS

(collectively, the "Litigation").

4.　　As set forth in Section 327(e) of the Bankruptcy Code, "[t]he trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter of which such attorney is to be employed." *See* 11 U.S.C. §327(e).

5.　　The Debtor is not sufficiently familiar with the law and its rights and duties involved in the various litigation to resolve them without the aid of competent counsel.

6.　　The Debtor has made careful and diligent inquiry into the qualifications and competence of the Firm, and are advised that the Firm, by reason of ability, integrity and professional experience, is capable of providing proper legal counsel to the Debtor with regard to the Litigation.

7.　　The professionals at the Firm who are most likely to work in this bankruptcy are:

a.　William Rush　　$325/hr

b.　Christine Russo　$225/hr

8.　　The Debtor is aware that it will be unable to pay any fees to the Firm until further order of this Court.

9.　　Prior to the filing of the bankruptcy case, the Firm represented the Debtor in various legal matters and, as of the Petition Date, the Debtor owed $5,750.00 for these services. Details regarding pre-petition representation and the application of payments made on behalf of the Debtor to the Firm are set forth in the Declaration of William Rush, Esquire, attached hereto as Exhibit

"A."

10.    Since the Petition Date, no payments have been made to the Firm on behalf of the Debtor.

11.    Other than its previous representation of the Debtor, the Firm has no connection with the Debtor and is not an insider or affiliate of the Debtor.

**WHEREFORE**, the Debtor requests retention of Rush Law Group, LLC as special counsel to represent the Debtor in the Litigation and fort such other and further relief as is just and proper.

ALAN CHRISTOPHER REDMOND

Dated October 19, 2024          By:    _____