**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **ALAN CHRISTOPHER REDMOND,** | : | |
| | : | **No. 24-13093 (PMM)** |
| **Debtor.** | : | |
| | : | |

**DECLARATION OF WILLIAM RUSH, ESQUIRE, PURSUANT TO 11 U.S.C. § 327(e)
AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, IN SUPPORT
OF THE DEBTOR'S APPLICATION TO EMPLOY
RUSH LAW GROUP, LLC AS SPECIAL COUNSEL TO THE DEBTOR, *NUNC PRO
TUNC* TO THE PETITION DATE**

I, William Rush, Esquire, being duly sworn according to law, depose and state as follows:

1.      I am a Member of Rush Law Group, LLC ("RLG"), with offices located at 38 N. 6th Street, Reading, Pennsylvania, and I am admitted to practice in the Commonwealth of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania and this Court, among others.

2.      I submit this declaration pursuant to Federal Rule of Bankruptcy Procedure 2014 in support of the Debtor's application (the "Application") to retain RLG as Special Counsel *nunc pro tunc* to the Petition Date in the Litigation (as defined in the Application).

3.      The facts set forth in the Application are true and correct.

4.      RLG is seeking to be retained to represent Debtor's interests in the Litigation, as that term is defined in the Application, and any matters ancillary thereto. RLG has been representing the Debtor since 2014.  Prior to the Petition Date, RLG represented the Debtor in connection with the following matters: NBOA and Alan C. Redmond v. Jason Scott Jordan, Redmond v. Redmond.  As a result of such representation, the Debtor owes RLG $5,750.00 for services rendered and expenses incurred pre-petition.

1

5.  Additionally, within the 90 days before the Petition Date, RLG received the following payments from the Debtor, for services rendered and expenses incurred in connection with representation relating to the following matters and on the following invoices:

| Date Received | Matter | Invoice # | Payment |
|---|---|---|---|
| May 3, 2024 | **NBOA v. Jordan, Berks Co. Docket No. 14-17117** | 2024000153 | $15,000.00 |
| August 9, 2024 | **Redmond v. Redmond, Mont. Co. Docket No. 2016-09017** | 2024000182 | $5,000.00 |
| August 30, 2024 | **WBL-SBO II v. Alan Redmond, Berks Co. Docket No. 23-13390** | 2024000203 | $5,000.00 |

6.  To the best of my knowledge, information and belief, neither I nor any member of RLG, has any connection with the Debtor, creditors of the Debtor, or any other party-in-interest, except as set forth herein.

7.    RLG is aware that the Debtor will be unable to pay any fees to RLG until further order of this Court.

8.    Since the Petition Date, no payments have been made to RLG by the Debtor.

9.    To the best of my knowledge, information and belief, other than that which has been previously disclosed, neither I nor any member of RLG, holds any interest adverse to the above-entitled bankruptcy estate which would disqualify it from representing the Debtor, and said law firm is a disinterested person as defined in 11 U.S.C. § 101(14).

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: October 16, 2024        By: _____
                                        William Rush, Esquire

3