# Exhibit A

# Exhibit A

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. _____ |
| v. | : | DATE FILED: _____ |
| ALAN REDMOND | : | VIOLATIONS:<br>26 U.S.C. § 7202 (failure to account for<br>and pay over tax – 6 counts) |

## I N D I C T M E N T

**THE GRAND JURY CHARGES THAT:**

At all times material to this indictment:

1.      Bene Market LLC ("Bene Market") was a corporation doing business in Reading, Pennsylvania, which was within the Eastern District of Pennsylvania. Bene Market operated as a call center from at least in or about 2019 through at least in or about 2021, and paid wages to its employees. Bene Market purported to act as a broker of insurance, selling health insurance and related products over the telephone to individuals throughout the United States. Bene Market was an employer engaged in interstate commerce and in industries affecting interstate commerce.

2.      Defendant ALAN REDMOND was the 96% general partner of Bene Market and a person known to the grand jury was the 4% limited partner.

3.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

4.      Pursuant to the Internal Revenue Code and associated statutes and regulations, employers were required to withhold amounts from their employees' gross pay

including Federal Insurance and Contribution Act ("FICA") taxes, which represent Social Security and Medicare taxes, and federal income taxes. Employers were required to remit these taxes (referred to in this indictment collectively as "trust fund taxes" because employers hold the withheld amounts in trust until paid over to the United States) to the IRS on a quarterly basis, no later than the last day of the month following the end of the quarter.

5.      In addition to the trust fund taxes that must be withheld from pay, employers were separately required to make contributions under FICA for Social Security and Medicare in amounts matching the amounts withheld from their employees' pay for those purposes. Such employer contributions were likewise required to be remitted to the IRS no later than the last day of the month following the end of the quarter. Collectively, these five components required to be remitted quarterly were commonly referred to as "employment taxes," made up of the trust fund taxes withheld from the employee's paycheck (individual income, Social Security, and Medicare taxes) and the matching amounts contributed by the employer.

6.      Employers were required to file, one month after the conclusion of the calendar quarter, an Employer's Quarterly Federal Tax Return, Form 941 ("Form 941"), setting forth the total amount of income taxes withheld, the total amount of Social Security and Medicare taxes due, and the total tax deposits.

7.      A person was responsible for collecting, accounting for, and paying over the employment taxes if he or she had the authority required to exercise significant control over the employer's financial affairs, regardless of whether the individual exercised such control in fact. More than one person may be considered a "responsible person" for the purpose of

collecting, accounting for, and paying over employment taxes, including trust fund amounts and employers' matching amounts.

8.      Defendant ALAN REDMOND, in addition to being the 96% general partner of Bene Market, ran the day-to-day operations of Bene Market and directed control over its financial affairs by, among other acts, directing employees, approving payments, controlling bank accounts, approving employee payroll and bonuses, signing forms submitted to the IRS, and making financial decisions. Ultimate and final decision-making authority regarding Bene Market's business activities and financial affairs rested with defendant REDMOND. Thus, defendant REDMOND was a responsible person for collecting trust fund taxes, accounting for the employment taxes by filing Forms 941 with the IRS, and paying over to the IRS the employment taxes for the employees of Bene Market.

9.      From at least in or about April 2019 through at least in or about December 2021, defendant ALAN REDMOND, and his agents working at his direction, caused Bene Market to pay wages to its employees. During this same period, defendant REDMOND, and his agents working at his direction, also caused Bene Market to withhold trust fund taxes from these wages and to issue Wage and Tax Statements ("W-2" forms) to the Bene Markets employees indicating that trust fund taxes had been withheld from those wages and implying that those trust fund taxes had been paid over to the IRS.

10.     As a result, during the period from the second quarter of 2019 through the fourth quarter of 2021, defendant ALAN REDMOND caused Bene Market to withhold trust fund taxes from its employees' paychecks and file Forms 941 reporting these taxes with the IRS for each tax quarter, but over this same period, defendant REDMOND caused Bene Market to fail to

3

pay over all of the trust fund taxes due and owing to the IRS on behalf of its employees.

11.     During the period from the second quarter of 2019 through the fourth quarter of 2021, defendant ALAN REDMOND caused Bene Market to make thousands of dollars of expenditures for his own personal benefit, including purchases of real property, airline tickets, event tickets, limousine services, vehicle purchases, mortgage payments, and partnership distributions, while, at the same time, failing to pay over to the IRS the trust fund taxes withheld from the paychecks of Bene Market's employees.

12.     Altogether, during the six calendar quarters alleged in Counts One through Six of this indictment, defendant ALAN REDMOND caused Bene Market to fail to pay over approximately $1,068,680.47 in trust fund taxes to the IRS.

13.     On or about the dates listed in the table below, for each of the calendar quarters listed below, in the Eastern District of Pennsylvania and elsewhere, defendant

**ALAN REDMOND**

willfully failed to pay over the trust fund taxes due and owing to the IRS on behalf of the employees of Bene Market, with each quarter constituting a separate count:

| Count | Quarter (Year-Month) | Appx. Date of Offense (i.e., Filing Date for Form 941) | Approximate Trust Fund Taxes Due and Owing |
|---|---|---|---|
| 1 | 2019-06 | July 29, 2019 | $142,665.72 |
| 2 | 2019-09 | October 30, 2019 | $143,591.46 |
| 3 | 2019-12 | January 30, 2020 | $228,125.75 |
| 4 | 2020-03 | April 29, 2020 | $188,953.17 |
| 5 | 2020-12 | January 30, 2021 | $149,298.17 |
| 6 | 2021-12 | January 31, 2022 | $216,046.20 |

4

All in violation of Title 26, United States Code, Section 7202.

## A TRUE BILL:

_____
**JACQUELINE C. ROMERO**
**UNITED STATES ATTORNEY**

No.__ __ __ __ __ __ __ __ __ __

---

**UNITED STATES DISTRICT COURT**

Eastern District of Pennsylvania

Criminal Division

---

THE UNITED STATES OF AMERICA

vs.

ALAN REDMOND

---

INDICTMENT

26 U.S.C. § 7202 (failure to account for and pay over tax – 6 counts)

---

---

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

INDICTMENT

DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff:   615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476

Post Office:  Philadelphia                      County:   Philadelphia

City and State of Defendant:    Reading, Pennsylvania

County:   Reading            Register number:  N/A

Place of accident, incident, or transaction:        Eastern District of Pennsylvania

Post Office:  Reading                       County:    Reading
RELATED CASE, IF ANY:

Criminal cases are deemed related when the answer to the following question is "yes".

Does this case involve a defendant or defendants alleged to have participated in the same action or transaction, or in the same series of acts or transactions, constituting an offense or offenses?

YES/NO: NO

Case Number:  N/A                    Judge: N/A
CRIMINAL:   (Criminal Category - FOR USE BY U.S. ATTORNEY ONLY)

1.          ○ Antitrust

2.          ● Income Tax and other Tax Prosecutions

3.          ○ Commercial Mail Fraud

4.          ○ Controlled Substances

5.          ○ Violations of 18 U.S.C. Chapters 95 and 96 (Sections 1951-55 and 1961-68) and Mail Fraud other than commercial

6.          ○ General Criminal
        (U.S. ATTORNEY WILL PLEASE DESIGNATE PARTICULAR CRIME AND
        STATUTE CHARGED TO BE VIOLATED AND STATE ANY PREVIOUS
        CRIMINAL NUMBER FOR SPEEDY TRIAL ACT TRACKING PURPOSES)
        26 U.S.C. § 7202 (failure to account for and pay over tax – 6 counts)

DATE:   10/17/2024              /s/ Mary E. Crawley
                               MARY E. CRAWLEY
                               SAMUEL S. DALKE
File No. 2020R00362            Assistant United States Attorneys
U.S. v. ALAN REDMOND

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL |
| | : | |
| v. | : | |
| | : | NO.  5:24CR376 |
| ALAN REDMOND | : | |

## CONDITIONS OF RELEASE ORDER

| BAIL |
|---|

Defendant is **released on bail** in the amount of: $50,000

   **X**   **O/R**

_____ **cash**

_____ **secured by:**

     _____ % cash

     _____ property at:

     _____**Clerk's office requirements are not waived.**  Execute an Agreement to Forfeit the Property stated above with a copy of the deed as indicia of ownership.

| PRETRIAL SERVICES |
|---|

  **X**        Defendant shall report to Pretrial Services:

            **X**   **as directed** by Pretrial Services.

           _____ times per week **in person.**

           _____ times per week **via telephone.**

_____ Defendant shall attend mental health services under the guidance and supervision of Pretrial Services.

_____ Defendant shall submit to **random drug testing** as directed by Pretrial Services.

  **X**   Defendant shall refrain from excessive use of alcohol or from any use of a narcotic drug or other controlled substance, as defined in Section 102 of the Controlled Substances Act, 21 U.S.C. § 802, without a prescription by a licensed medical practitioner.

_____ Defendant shall undergo **drug/alcohol treatment** if necessary as determined by Pretrial Services.

_____ Defendant shall submit to **electronic monitoring** at the following address:

_____This Court, based upon evidence that Defendant has adequate financial resources, finds that he/she shall pay all or part of the cost of the court-ordered monitoring program, in an amount to be specified by Pretrial Services.

_____ **Curfew.** You are restricted to your residence every day from_____to _____ , during which electronic monitoring will be in place, or as directed by the pretrial services office or supervising officer.

_____**Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health

treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer;

_____**Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

## PASSPORT

__X___Defendant must surrender his/her passport to the Clerk of Court.
__X___Defendant must refrain from applying for a passport.

## TRAVEL

_____ Travel is restricted to the **Eastern District of Pennsylvania.**
__X__ Travel is restricted to the <u>continental United States</u>
_____ Unless prior permission is granted by Pretrial Services.

## FIREARMS

__X__ Defendant shall surrender and/or refrain from obtaining any firearms. Any other firearms in any premises where the defendant resides while on supervised release must be removed from the premises and no firearms are to be brought into the premises during this period. The defendant shall execute a completed Prohibition on Possession of Firearms Agreement.

## MISCELLANEOUS

__X__ Defendant shall have no contact with **co-defendants, potential witnesses** in this case, or individuals engaged in any **criminal activity.**
_____ Defendant must maintain present **employment.**
_____ Defendant must **actively seek** gainful employment.
_____ Defendant shall undergo a **mental competency evaluation.**
_____ Defendant must reside:
      **at:** _____

      **with:**

## COMPUTERS/INTERNET

_____The Defendant is subject to the following computer/internet restrictions which are to be monitored by U.S. Pretrial Services and may include manual inspection, use of minimally invasive internet detection devices, and/or installation of computer monitoring software to insure compliance with the imposed restrictions.

_____**No computer**: The Defendant is prohibited from possession and/or use of any computers and connected devices.

_____**Computer, no internet access**: The Defendant is permitted use of computers or connected devices, but is not permitted access to the Internet (as World Wide Web, FTP sites, IRC servers, instant messaging).

_____**Computer with internet access**: The Defendant is permitted use of computers or connected devices, is permitted access to the internet for legitimate purposes, and is responsible for any fees connected with the installation and use of monitoring software.

_____**Other Residents**: By consent of other residents, all computers located at the address of record shall be subject to inspection to ensure the equipment is password protected.

_____**Other Restrictions**:

### OTHER CONDITIONS:

As a further condition of release, defendant shall not commit a Federal, State, or local crime during the period of release. The commission of a Federal offense while on pretrial release will result in an additional sentence of a term of imprisonment of not more than 10 years, if the offense is a felony; or a term of imprisonment of not more than 1 year, if the offense is a misdemeanor. This sentence shall be in addition to any other sentence.

Any violation of the conditions of release may result in revocation of bail and imprisonment pending trial.

AUSA Mary E. Crawley
AUSA Samuel S. Dalke

William Rush, Esquire
DEFENSE ATTORNEY

It is so ORDERED this 29th day of October, 2024.

BY THE COURT:

CRAIG M. STRAW
UNITED STATES MAGISTRATE JUDGE

Last Revised: 9/23

# Exhibit B

# Exhibit B

**Berks County Civil Court Docket Summary**
**Docket Number: 23 13390**

**Judge:** Madelyn S. Fudeman, J.                    **Filed:** 08/31/2023
**SubType:** Complaint

**WBL SPO II LLC**
       *** VS ***

**REDMOND, ALAN C**

**Attorney(s)**
Gulash, Jessica M

Ready, Joel A
Rush, William R A
Valz, Norman M

| Date | Summary |
|---|---|
| 08/31/2023 | Real Property - Mortgage Foreclosure: Residential - $401,257.52 plus... w/Certification Regarding Status of Foreclosed Premises |
| 08/31/2023 | Property Location: 2005 Regency Drive, Wyomissing, Berks County, PA |
| 09/14/2023 | Praecipe to Reinstate Complaint - Complaint Reinstated |
| 10/05/2023 | Appearance of Norman M. Val, Esq. for Deft. |
| 10/12/2023 | Certificate of Service of Attached Correspondence |
| 10/12/2023 | Sheriff's Service of Reinstated Mortgage Foreclosure Complaint and Urgent Notice and Certification upon Tenant/Occupant by handing to Ruth Dixon/APIC on 10/3/23; Sheriff's Service of Reinstated Mortgage Foreclosure Complaint and Urgent Notice and Certification upon Deft Alan C. Redmond by handing to Alyssa Hoffmaster/APIC on 10/11/23 |
| 10/29/2023 | Notice to Defend |
| 10/29/2023 | Deft's Answer with New Matter/Counterclaim to Pltf's Complaint in Mortgage Foreclosure |
| 10/29/2023 | Affidavit of Verification |
| 10/29/2023 | Certificate of Service |
| 12/11/2023 | Order of 12/06/23 scheduling Status Conference for 02/09/24. Rule 236 notice and copies provided on 12/11/23. |
| 12/14/2023 | Pltf's Motion to Compel Turnover of Rents |
| 12/14/2023 | Proposed Order |
| 12/14/2023 | Proposed Rule |
| 12/14/2023 | Certificate of Service of Pltf's Motion for Turnover of Rents and Proposed Orders |
| 12/14/2023 | Proposed Order w/Pltf's PO's |
| 12/14/2023 | Pltf's Brief in Support of its PO's to Deft's Answer,New Matter and Counterclaim |
| 12/14/2023 | Praecipe for Argument for 01/16/24 RE: Pltf's PO's to Deft's Answer, New Matter and Counterclaims |
| 12/14/2023 | Pltf's Affidavit of Service for Argument Court |
| 01/09/2024 | Appearance of Anton Kaminsky Esq and Aubrie Linder Esq for Deft |
| 01/09/2024 | Deft's Answer with New Matter to Pltf's Complaint in Mortgage Foreclosure w/ Cert of Service |
| 01/26/2024 | Order of 01/22/24, it is hereby ORDERED that Argument, Praeciped for 01/16/24, shall be continued to 02/28/24. Rule 236 notice and copies provided on 01/26/24. |
| 02/05/2024 | Deft's Response in Opposition to Pltf's Motion to Compel Turnover of Rents w/Cert of Service |
| 02/14/2024 | Deft's Unopposed Motion for Continuance w/Proposed Order and Cert of Service |
| 03/22/2024 | Order of 3/18/2024 Scheduling PreTrial and Settlement Conference on 5/9/2024.  Rule 236 notice and copies provided on 3/22/2024. |
| 06/04/2024 | Order of 05/30/24, scheduling Status Conference for 06/10/24. Rule 236 notice and copies provided on 06/04/24. |
| 06/10/2024 | Order of 06/10/24, the Status Conference shall be continued to 08/19/24. At the Status Conference all clients shall be present and prepared to put the Settlement on the record or a date will be set for a hearing on the Motion for Release of Rent. Rule 236 notice and copies provided on 06/10/24. |

| 07/24/2024 | Pltf's Motion for Summary Judgment |
|---|---|
| 07/24/2024 | Proposed Order |
| 07/24/2024 | Certificate of Service of Pltf's Motion for Summary Judgment |
| 08/19/2024 | Order of 08/19/24. Scheduling Evidentiary hearing on 08/21/24. Rule 236 notice and copies provided on 08/19/24. |
| 08/20/2024 | Order of 08/20/24. Continuing Evidentiary Hearing to 09/04/24. Rule 236 notice and copies provided on 08/20/24. |
| 08/20/2024 | Deft's Motion to withdraw Admissions w/Cert of Service |
| 08/20/2024 | Proposed Order |
| 08/23/2024 | Deft's Response in Opposition to Pltf's Motion for Summary Judgment |
| 08/23/2024 | Proposed Order |
| 08/23/2024 | Certificate of Service of Response in Opposition to Pltf's Motion for Summary Judgment and Counterstatement of Material Facts |
| 08/29/2024 | Order of 08/19/24 Returned for Deft. |
| 09/04/2024 | Appearance of William R A Rush, Esquire for Deft w/Cert of Service |
| 09/05/2024 | Order of 08/19/24, it is hereby ORDERED that an evidentiary hearing on Pltf's Motion to Compel Turnover of Rent shall be held on 08/21/24. Rule 236 notice and copies provided on 09/05/24. |
| 09/05/2024 | Order of 08/04/24, upon consideration of Pltf's Motion for Summary Judgment, Deft's response there to and argument heard this day, it is hereby ORDERED the motion for Summary Judgment is hereby DENIED. It is further ordered that the sum of $1,500.00 shall be paid by Defense Counsel to Pltf's counsel on or before September 30th, 2024 to reimburse the cost for preparation of the Motion for Summary Judgment. Rule 236 notice and copies provided on 09/05/24. |
| 09/05/2024 | Withdrawal of Appearance of Anton Kaminsky, Esq. & Aubrie Linder, Esq for Deft. w/Cert. of Service |
| 09/06/2024 | Order of 9/5/24 Granting Pltf's Motion to Compel Turnover of Rents. See order for further details. Rule 236 notice and copies provided on 9/6/24. |
| 09/10/2024 | Bankruptcy Notice for Deft, Alan Redmond filed to (24-13093) |
| 09/10/2024 | Certificate of Service of the within Notice of Involuntary Chapter 11 Petition |
| 09/24/2024 | Order of 08/19/24 Returned for Deft |
| 09/24/2024 | Order of 08/04/24 Returned for Deft |

# Exhibit C

Exhibit C

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

```
                            )
 IN RE:                     )  24-13093-pmm
                            )
 ALAN CHRISTOPHER REDMOND,  )  Reading, PA
                            )  October 1, 2024
                 Debtor.    )  10:02 AM
```

TRANSCRIPT OF EXPEDITED MOTION TO DISMISS
BEFORE THE HONORABLE PATRICIA M. MAYER
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

```
 For the Debtor:            ALBERT A. CIARDI III, ESQ.
                             NICOLE M. NIGRELLI, ESQ.
                             CIARDI CIARDI & ASTIN
                             1905 Spruce Street
                             Philadelphia, PA 19103

 For the Petitioning        JOEL A. READY, ESQ.
 Creditors:                 BENJMAIN J. LEWIS, ESQ.
                             CORNERSTONE LAW FIRM
                             519 Walnut Street
                             Reading, PA 19601

 For C. Malcolm Smith III   BRANDON D. PACK, ESQ.
 and C. Malcolm Smith &     BARLEY SNYDER
 Company, P.C.              2755 Century Boulevard
                             Wyomissing, PA 19610

 For the Internal Revenue   ANTHONY ST. JOSEPH, ESQ.
 Service:                   Assistant United States Attorney
                             UNITED STATES ATTORNEY'S OFFICE
                             615 Chestnut Street, Suite 1250
                             Philadelphia, PA 19106

 ECR OPERATOR:              KEITH R. BORZILLO
```

Proceedings recorded by electronic sound recording.

Michael Drake, CET**D-513
eScribers
7227 North 16th Street
Suite #207
Phoenix, AZ 85020
(800) 257-0885

2

I N D E X

| WITNESSES: | VOIR DIRE DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| For the Debtor: Khody Detwiler | 20 | 47 | 52 | |
| For the Debtor: Jason Scott Jordan | 220 | | | |
| For the Petitioning Creditors: Alan Christopher Redmond | 60 | 175 | 204 | |

| EXHIBITS: | Offered | Received |
|---|---|---|
| Exhibit 19 | 157 | 162 |
| Exhibit 20 | 157 | 162 |
| Exhibit 21 | 157 | 162 |
| Exhibit 22 | 161 | 162 |
| Exhibit 51 | 157 | 162 |
| Exhibit 52 | 157 | 162 |
| Exhibit 53 | 157 | 162 |
| Exhibit 54 | 157 | 162 |
| Exhibit 77 | 160 | 162 |
| Exhibit 78 | 160 | 162 |
| Exhibit 79 | 160 | 162 |
| Exhibit 80 | 160 | 162 |
| Exhibit 81 | 161 | 162 |

127

A    I don't have a bank account.  I haven't had a bank account for about a year and two months.  The reason why I haven't had a bank account is because my bank account was shut down because some of this debt was being picked up and seeped into Santander Bank at the time.  And they shut my bank account down.  I had an overdrawn bank account.  So that's what I told my attorneys, and that's how they answered.  I do not have a bank account.

Q    All right.  So maybe I misunderstood your prior answer.

A    Um-hum.

Q    You're paid by check, wire?

A    I have -- I have received wires.  And I have received transfers from Seguro Medico before.

Q    To where?

A    To my previous bank account as I said.

Q    Okay.

A    Um-hum.

Q    So in the last -- when did that bank account shut down?

A    As I said, I believe it was approximately a year ago, around a year ago.

Q    Okay.  In the last year, you've been paid by Seguro Medico in what form, cash, check?

A    I have -- I have not been paid by Seguro Medico in the last year.

Q    So your consulting work in the last year has been pro bono; is that correct?

126

Now, as I said, Arthur has needed me a little bit more. I've been in there pretty heavily because that's what he asked me to do. And Shannon didn't -- didn't have the foresight, obviously, to see that Arthur's wife was -- you know, had stage 4 cancer. So I've been in there more than I would like to, but it's Shannon's company. You know, it's -- it's Arthur's company. I'm going to do what I can to help both of them while they're both dealing with other things.

Q    Your payments from Seguro Medico come in cash, check?

A    I received wires from Seguro Medico before, wires or transfers.

Q    Okay.

A    Yeah.

Q    To where?

A    To my previous bank account.

Q    Okay.  I'm going to point your attention to PC-77, which is in front of you, number 7.

A    Um-hum.

Q    Describe in detail the person, account number, and date you opened the account for all accounts held by you and any bank, financial institution, or brokerage.  Your answer was none.

A    Um-hum.

Q    So what bank account did you not disclose to us in discovery that you're referring to now?

127

A    I don't have a bank account.  I haven't had a bank account for about a year and two months.  The reason why I haven't had a bank account is because my bank account was shut down because some of this debt was being picked up and seeped into Santander Bank at the time.  And they shut my bank account down.  I had an overdrawn bank account.  So that's what I told my attorneys, and that's how they answered.  I do not have a bank account.

Q    All right.  So maybe I misunderstood your prior answer.

A    Um-hum.

Q    You're paid by check, wire?

A    I have -- I have received wires.  And I have received transfers from Seguro Medico before.

Q    To where?

A    To my previous bank account as I said.

Q    Okay.

A    Um-hum.

Q    So in the last -- when did that bank account shut down?

A    As I said, I believe it was approximately a year ago, around a year ago.

Q    Okay.  In the last year, you've been paid by Seguro Medico in what form, cash, check?

A    I have -- I have not been paid by Seguro Medico in the last year.

Q    So your consulting work in the last year has been pro bono; is that correct?