**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **ALAN CHRISTOPHER REDMOND,** | : | |
| | : | **No. 24-13093 (PMM)** |
| **Debtor.** | : | |
| | : | |

**SUPPLEMENTAL DECLARATION OF WILLIAM RUSH, ESQUIRE, PURSUANT TO
11 U.S.C. § 327(e) AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014, IN
SUPPORT OF THE DEBTOR'S APPLICATION TO EMPLOY
<u>RUSH LAW GROUP, LLC AS SPECIAL COUNSEL TO THE DEBTOR</u>**

I, William Rush, Esquire, being duly sworn according to law, make this supplemental declaration and state as follows:

1.      As I previously stated, I am a Member of Rush Law Group, LLC ("RLG"), with offices located at 38 N. 6th Street, Reading, Pennsylvania, and I am admitted to practice in the Commonwealth of Pennsylvania, the United States District Court for the Eastern District of Pennsylvania and this Court, among others.

2.      I submit this supplemental declaration pursuant to Federal Rule of Bankruptcy Procedure 2014 in support of the application (the "Application") of Alan Christopher Redmond (the "Debtor") to retain RLG as Special Counsel and in response to the Objection of Jason Scott Jordan ("Jordan Objection") to the employment of my firm.

3.      The Jordan Objection incorrectly, and fatally, assumes facts that are not accurate. First and foremost, RLG received **_NO_** money from the Debtor within the ninety (90) days prior to the filing of the involuntary bankruptcy petition, but rather received funds from Third Parties *on behalf of the debtor*, namely Shannon Kroemmelbein and entities that Ms. Kroemmelbein controls. These matters, while Debtor was the represented party, were not paid for by Debtor.[1]  Further,

---

[1] In fact, the Debtor testified that Ms. Kroemmelbein was paying and had paid for the attorneys multiple times. *See*

while RLG has received 1099 forms for every year he has performed legal services for Ms. Kroemmelbein and her family, or businesses in which she has an interest, RLG has not received any 1099 forms for any fees paid by Debtor since prior to 2019.

4.      Moreover, the Jordan Objection incorrectly sets forth the law.  Special counsel is governed by 11 U.S.C. §327 (e).  RLG has complied with the statute.  Moreover, as set forth previously, it is in the best interest of the estate that RLG be approved to continue to represent the Debtor in the matters set forth in the Application.  Additionally, since the filing of the Application, the Debtor has an additional matter which requires representation, *United States v. Alan Redmond.* RLG seeks approval from this Court to represent the Debtor in that matter as well.

5.      With respect to the matter *United States v. Alan Redmond*, RLG has not been paid by Debtor (nor by *any* individual or entity) for any representation or work performed by RLG in that matter.   Moreover, RLG is not seeking funds from the Debtor, or others on the Debtor's behalf, for this representation, has not received funds from the Debtor, or others on the Debtor's behalf, for this representation, and has no intention of billing Debtor for this representation.

6.      RLG is aware that the Debtor will be unable to pay any fees to RLG until further order of this Court and upon proper application to the Court.

7.      Moreover, in agreement with the Office of the United States Trustee, RLG is seeking approval of its employment from the date it filed this Application, October 29, 2024 (not the Petition Date).  RLG reserves all rights to seek compensation for any amounts from the Petition Date forward and all parties reserve their rights to object to such compensation.  RLG will be filing an amended order granting its Application and including this language.

8.      Since the Petition Date, no payments have been made to RLG by the Debtor.

---

Transcript from October 1, 2024  hearing, pgs. 90, 92, 96.

9.      To the best of my knowledge, information and belief, other than that which has been previously disclosed, neither I nor any member of RLG, holds any interest adverse to the above-entitled bankruptcy estate which would disqualify it from representing the Debtor, and said law firm is a disinterested person as defined in 11 U.S.C. § 101(14).

I declare under penalty of perjury that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: November 19, 2024                    By: _____
                                                   William Rush, Esquire