**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN'S OBJECTIONS TO
PROPERTY CLAIMED AS EXEMPT**

To the Above-Captioned Debtor and His Attorney of Record:

YOU AND EACH OF YOU WILL PLEASE TAKE NOTICE that a creditor, Jason Scott Jordan, pursuant to 11 U.S.C. § 522(l), objects to the debtor's claimed exemptions on the following property:

1. Contrary to 11 U.S.C. § 522(d)(1) (the "homestead exemption"), Debtor claims an exemption of real property at 2005 Regency Drive, Reading PA 19610, is not used by Debtor as his residence but, rather, is rented by him to another person. In re Abraham, 2014 Bankr. LEXIS 2999, at *5-6 (Bankr. D. N.J. July 10, 2014) (homestead exemption does not apply to rental or investment property).

2. Contrary to 11 U.S.C. § 522(d)(2) (the "automobile exemption"), Debtor claims an exemption of a 2017 Cadillac Escalade and a 2021 Mercedes Benz S580. The automobile exemption applies to "one motor vehicle" and has a limit of $4,450.00. Debtor improperly claims two vehicles and did not claim any limit as applied to the 2021 Mercedes Benz S580 and objection is made to the extent Debtor seeks to avoid the statutory limit.

3. Contrary to 11 U.S.C. § 522(d)(3), Debtor claims an exemption of $10,000 in household furniture and $1,000 for "Miscellaneous Electronic Devices *at Regency Drive*." During his Section 341 examination, Debtor admitted these exemptions relate to furniture, appliances, and fixtures at

1

2005 Regency Drive, Reading, PA 19610, which Debtor does not use as his residence. The exemption in Section 522(d)(3) relates only for property "held primarily for the personal, family, or household use of the debtor or a dependent of the debtor," which does not apply to household furniture, appliances, and fixtures furnished in rental or investment property.

4.      Contrary to 11 U.S.C. § 522(d)(4), Debtor claims a $10,000 Cartier Watch without specifying the amount of the claimed exemption. That exemption has a limit of $1,875.00 and objection is made to the extent Debtor seeks to avoid that limit.

PLEASE TAKE FURTHER NOTICE that as an additional objection, Jason Scott Jordan is informed and believes that there is equity in the above described property over and above any claim of exemption which can and should be preserved for the benefit of the creditors of this estate.

PLEASE TAKE FURTHER NOTICE that Jason Scott Jordan reserves all objections for property that Debtor transferred to other persons, including his wife, Shannon Kroemmelbein, for which no exemptions were claimed by Debtor.

**WHEREFORE**, based on the foregoing, Jason Scott Jordan respectfully requests that the Court enter an order, denying the Debtor's claimed exemptions as set forth above, and any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 6, 2024          By:     /s/ Joel A. Ready
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875

2