**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN'S MOTION (FIRST) TO COMPEL THE
ASSISTANT U.S. TRUSTEE AND TO EXTEND THE AUTOMATIC STAY TO ARC
REALTY, LLC**

Creditor, Jason Scott Jordan, files this Motion (First) to Compel the Assistant U.S. Trustee, specifically, to direct Shannon Kroemmelbein to segregate her income from the Pottstown School District and pay into the Debtor-in-Possession account (DIP account) all other income derived from transfers by the Debtor, and to extend the automatic stay; and submits the following:

**<u>FACTS</u>**

On his amended schedules and statement of financial affairs, the Debtor maintains he has no cash in his possession [ECF No. 111, at 4 (Schedule A/B, Question 16)], does not own any bank accounts [<u>id.</u> (Schedule A/B, Question 17)], and had no income from his work for Seguro Medico, LLC until very recently. During the Section 341 hearing on Friday, November 22, 2024, Debtor admitted under oath that he possessed on his person a Discovery credit card, titled in the name of his wife, Shannon Kroemmelbein, which he uses for personal expenses.

On October 29, 2024, Debtor submitted a *pro se* motion to retroactively approve $25,000.00 paid to the Rush Law Group (RLG). [ECF No. 103]. Attorney Bill Rush submitted an affidavit to the Court, representing that "RLG received the following payments ***from the Debtor***, for services rendered," namely, $25,000.00 within 90 days pre-petition. [ECF No. 103-2 ¶ 5 (emphasis added)]. After Jordan opposed the same, Attorney Rush filed a Supplemental

1

Declaration, asserting that Jordan "assumes facts that are not accurate" (perhaps caused by Attorney Rush's representations of receiving $25,000 "from the Debtor") and clarified that "RLG received **_NO_** money from the Debtor within the ninety (90) days prior to the filing of the involuntary bankruptcy petition, but rather received funds from Third Parties on behalf of the debtor, namely Shannon Kroemmelbein and entities that Ms. Kroemmelbein controls." [ECF No. 122 ¶ 3 (emphasis in original)].

Shannon Kroemmelbein married Debtor on December 4, 2021. [Exhibit B]. On October 1, 2024 — during trial on the order for relief — Debtor freely admits that he transferred assets to his wife to avoid his creditors:

> Q.     What assets did you transfer to Shannon Kroemmelbein upon your marriage?
>
> A.     There was a real estate company, ARC Realty, that I owned. And we received advice from our attorneys that we should put that company in tenants in the entirety. And that's what we did.
>
> Q.     Okay. And what was the reason for putting it in tenants by the entirety?
>
> [Objection overruled]
>
> A.     We put it in tenants in the entirety. We had talked to one of our attorneys. We were in a dispute with Par Funding. And we thought that was the best course of action to protect our households—to protect our—our house that we were living in at the time.

[Exhibit A, Tr. 103:25 to 104:1-122]. During the Section 341 hearing, Debtor admitted that Ms. Kroemmelbein neither paid any consideration for these transfers nor executed any prenuptial agreements.

Among other things, Ms. Kroemmelbein is a professional educator by education and experience. On information and belief, Ms. Kroemmelbein was employed full-time by the Bucks County Intermediate Unit. On October 1st, Debtor admitted this employment of hers but could not

2

recall when she resigned before giving birth. [See Ex. A, Tr. 152:16-18].

On October 1, 2024, Debtor asserted that Ms. Kroemmelbein created and owned an insurance brokerage, Seguro Medico, LLC, with Arthur W. Walsh, Jr. But Ms. Kroemmelbein has no professional experience with insurance companies. Debtor would have everyone believe that while Ms. Kroemmelbein was working a full-time job as an educator, while pursuing a Ph.D., and while managing other significant commitments, that she was simultaneously creating a new insurance business while lacking any relevant experience in the insurance industry. [Ex. A, Tr. 122:3-13].

Q.    Did [Shannon Kroemmelbein] have any experience in insurance sales?

A.    She did not have experience in insurance sales.

Q.    Did she have any experience in insurance regulations?

A.    No, she did not.

Q.    Did you have any experience in insurance brokering?

A.    No.

Q.    Did you have any experience in insurance underwriting?

A.    No.

[Id. at 123:10-18]. What qualified Ms. Kroemmelbein to launch an insurance company? "She's been around me long enough to understand what insurance is." [Id. at 122:3-8].

Debtor admitted that Ms. Kroemmelbein has resumed work in her chosen profession and took a full-time position with the Pottstown School District *this year*. [Ex. A, Tr. 106:8-16]. Debtor, on the other hand, wound-down Bene Market, LLC and began work for Seguro Medico, LLC in 2020, prior to his marriage. [Ex. A, Tr. 108:7-25 to 109:1-13]. At both that hearing, and during the Section 341 examination, Debtor continually asserts that Shannon Kroemmelbein

started an insurance consultancy in Florida called "ABN," which upon further research we have identified as ABN Network, LLC, a Florida limited liability company that owns the fictitious names, ABN Health, Q Health, and G Health, among others. The registered address for ABN Network, LLC is 4960 NE 27th Ave., Lighthouse Point, FL 33064 [Exhibit C], which is a property owned by a man named Seni Sok, which Debtor identified during the Section 341 examination as a business partner *of his*. [Exhibit D].

In the Berks County Court of Common Pleas, a mortgage foreclosure action is pending against ARC Realty, LLC at C.A. No. 23-13582 by WBL SPO II, LLC relating to loans in default to Seguro Medico, LLC. [Exhibit E].

## ARGUMENT

**I.** **Compelling the Assistant U.S. Trustee to Arrange for Shannon Kroemmelbein to Segregate Her Wages from the Pottstown School District from Assets She Received from Debtor and to Pay Over the Latter into the Debtor-in-Possession Account.**

When forthcoming Rule 2004 examinations and other discovery in this matter are complete, the facts are going to show the Court that Debtor has maintained, under oath, a false narrative. His wife, Shannon Kroemmelbein, didn't genuinely own Seguro Medico and ABN Network, LLC — he does. All the assets that he transferred to his wife are either part of the bankruptcy estate or subject to a constructive trust claim in favor of Jordan's civil judgment for Debtor's misappropriation of funds.

This Debtor thinks he can make himself poor and avoid his creditors by transferring all his assets into his wife's name and live out of his wife's bank account. Ms. Kroemmelbein pays his bills and legal representation. All of this has consequences under the Bankruptcy Code as well as nonbankruptcy law, such as the Uniform Voidable Transactions Act. Pending some forthcoming Rule 2004 examinations, discovery, and subpoenas that are currently being arranged, the Court should compel the Assistant U.S. Trustee to identify all assets in the name of Shannon

4

Kroemmelbein, and to arrange for Shannon Kroemmelbein to segregate her wages and compensation from the Pottstown School District and to pay over to the Debtor-in-Possession account (DIP account) all other income derived from assets that were transferred to her by Debtor and all income received from Seguro Medico, LLC, ABN Network, LLC, and ARC Realty, LLC. Under 11 U.S.C. § 105, it's well-settled that the Court may compel the U.S. Trustee to take particular actions under the Code. If Ms. Kroemmelbein does not voluntarily comply, then the U.S. Trustee should submit an application for a Section 105 injunction for that same purpose.

The Trustee is obligated to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest . . ." 11 U.S.C. § 704(a)(1), incorporated by reference in id. § 1106(a)(1). Prior to plan confirmation, such funds are kept in the DIP account. Fed. R. Bank. P. 3020(a). The bankruptcy estate includes property that was improperly transferred by the Debtor and is subject to turnover or claw back. 11 U.S.C. § 541(a)(3). There's a likelihood of success on the merits that all assets transferred by Debtor to Shannon Kroemmelbein are either part of the bankruptcy estate or subject to a constructive trust claim based on Jason Scott Jordan's civil judgment for misappropriation of funds while in a fiduciary relationship. Id. § 541(d); Claybrook v. Consol. Foods, Inc. (In re Bake-Line Group, LLC), 359 B.R. 566, 571-72 (Bankr. D. Del. 2007) ("The Third Circuit has held that this section serves to exclude from the debtor's bankruptcy estate any of the debtor's property held in constructive trust for another party at the time of a bankruptcy filing." (citing Official Comm. of Unsecured Creditors of Columbia Gas Transmission Corp. v. Columbia Gas Sys. (In re Columbia Gas Sys., Inc.), 997 F.2d 1039, 1059 (3d Cir. 1993)).

## II.      Extending the Benefit of the Automatic Stay to ARC Realty, LLC.

As shown in the Facts Section, there is a likelihood of success that ownership of ARC Realty, LLC is part of the bankruptcy estate or subject to Jordan's constructive trust claim. The

Court should extend the automatic stay under 11 U.S.C. § 362 and its powers in Section 105 for the benefit of ARC Realty, LLC pending further action. A Section 105 injunction is appropriate (1) "when the non-debtor owns assets which will either be a source of funds for the debtor or when the preservation of the non-debtor's credit standing will play a significant role in the debtor's attempt to reorganization"; (2) "upon a showing that the non-debtor's time, energy and commitment to the debtor are necessary for the formulation of a reorganization plan"; and (3) "where the relationship between the non-debtor and debtor is such that a finding of liability against the non-debtor would effectively be imputed to the debtor, to the detriment of the estate." Saxby's Coffee Worldwide, LLC v. Larson (In re Saxby's Coffee Worldwide, LLC), 440 B.R. 369, 379 (Bankr. E.D. Pa. 2009) (citations and internal quotations deleted). The first prong under the standard is met here.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should grant this Motion and enter the proposed order:

(A)     Compel the Assistant U.S. Trustee to identify all assets titled in the name of Shannon Kroemmelbein and to direct Shannon Kroemmelbein to segregate her wages and compensation from Pottstown School District from all assets transferred to her by the Debtor and that income from the latter should be paid into a Debtor-in-Possession account.

(B)     Extend the automatic stay in favor of ARC Realty, LLC, including the proceeding at C.A. No. 23-13582 in the Berks County Court of Common Pleas.

AND any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

6

Dated: December 6, 2024       By:    /s/ Joel A. Ready

Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875