**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN'S APPLICATION TO PARTIALLY LIFT
THE AUTOMATIC STAY**

Creditor, Jason Scott Jordan, files this application to partially lift the automatic stay and submits the following:

**FACTS**

On July 28, 2022, Jordan filed a civil complaint in the Berks County Court of Common Pleas, C.A. No. 22-11757 against Bene Market, LLC, Debtor, and Stephanie Miller. Jordan (1) requested the appointment of a receiver over Bene Market, LLC, and (2) raised claims of unjust enrichment and piercing the corporate veil on the allegation that Debtor used misappropriated property to create Bene Market, LLC and made himself the President or CEO of Bene Market, LLC. [Exhibit A].

On October 17, 2024, a grand jury indicted Debtor for six counts under 26 U.S.C. § 7202 under an allegation that, while operating Bene Market, LLC, he aggregately withheld $1,068,680.47 in federal income taxes from employees but did not remit the same to the U.S. Government. [Exhibit B, Doc. 1 (Unsealed Indictment), United States v. Alan Redmond, Crim. A. No. 5:24-CR-00376-JLS (E.D. Pa. Oct. 17, 2024)].

Jordan desires to lift the stay at C.A. No. 22-11757 in Common Pleas in order to remove the case into this Court. A notice of removal is or will be contemporaneously filed with this application.

## **ARGUMENT**

"The weight of authority permits a case to be removed and remanded despite the automatic stay." Int'l Union of Operating Engineering Local 542 v. Mallinckrodt Ard, Inc., 2021 U.S. Dist. LEXIS 44664, at *13 (E.D. Pa. Mar. 10, 2021) (citing *In re* Cashco, Inc., 599 B.R. 138 (Bankr. D. N.M. 2019)). Removal into the Bankruptcy Court is in the nature of an adversary proceeding and not subject to the automatic stay but, once removed, it cannot proceed until this Court lifts the stay. *In re* Cashco, Inc., 599 B.R. 138, 146-47 (Bankr. D. N.M. 2019). Under the Bankruptcy Code, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Under that provision, the Court may clarify the scope of the automatic stay under 11 U.S.C. § 362 in respect of a non-party. Alternatively, the Court may grant relief from the automatic stay, in whole or in part, "for cause," among other grounds. Id. § 362(d)(1). "Whether cause exists is determined on a case-by-case basis based on the totality of the circumstances." *In re* Chandler, 441 B.R. 452, 463 (Bankr. E.D. Pa. 2010) (citation omitted).

Here, in light of Debtor's criminal prosecution for misconduct as President or CEO of Bene Market, LLC, there are new exigent circumstances to oust him from management of that company and to impose a receiver for the case at C.A. No. 22-11757 in the Berks County Court of Common Pleas. Under nonbankruptcy law, "[A] receiver will not be appointed unless it appears that the appointment is necessary to save the property from injury or threatened loss or dissipation." Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corp., 301 A.2d 816, 818-820 (Pa. 1973). "The existence of waste or dissipation of assets, or fraud or mismanagement of partnership assets, give cause for the appointment of a receiver, but we have never indicated that these are the only circumstances that would warrant the appointment of a receiver in partnership liquidation cases."

2

Hankin v. Hankin, 493 A.2d 675, 677 (Pa. 1985). "Where substantial evidence supports findings that indicate that a receiver is necessary to preserve the property and the rights of all the parties concerned and to bring about the equitable distribution of the partnership assets by sale of those assets, the Chancellor's exercise of discretion must be affirmed." Id. at 678  (citation omitted).

The appointment of a receiver will aid the investigation in this Chapter 11 case as to the disposition of property.

Under the Bankruptcy Code, removal of that case into this Court is appropriate under 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027. A core proceeding includes "allowance or disallowance of claims against the estate or exemptions from property of the estate," but excludes "contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11." 28 U.S.C. § 157(b)(2)(B). The case may involve matters concerning the administration of the estate in this case. Id. § 157(b)(2)(A). The U.S. District Court for the Eastern District of Pennsylvania has entered a Standing Order of Reference on July 25, 1984, which will refer the case to this Court if a notice of removal is filed.

Jordan maintains that Bene Market, LLC was created using misappropriated property which is a subject of a constructive trust claim in Jordan's favor. That relates to whether property belongs to Jordan or to the Debtor, being an owner of Bene Market, LLC. However, the appointment of a receiver over Bene Market, LLC will enable an investigation into the disposition of property which may affect the administration of the Debtor's estate in this case.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should grant this Motion and enter the proposed order, lifting the automatic stay as to Jason Scott Jordan v. Bene Market, LLC et al., C.A. No. 22-11757, Berks County Court of Common Pleas so that it may proceed in this Court upon

3

removal.

AND any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 6, 2024     By:    /s/ Joel A. Ready

Joel A. Ready, Esquire
PA Attorney I.D. # 321966
Benjamin J. Lewis, Esquire
PA Attorney I.D. # 313733
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875

4

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**NOTICE OF JASON SCOTT JORDAN'S APPLICATION TO PARTIALLY LIFT THE AUTOMATIC STAY**

1. NOTICE IS HEREBY GIVEN to the Debtor, the U.S. Trustee, their attorneys, and to other interested parties that on January 7, 2025 at 11:00 a.m., in Courtroom 4th Floor, United States Bankruptcy Court, Reading Office, 201 Penn Street, Suite 103, Reading, PA 19601, Jason Scott Jordan in the above-captioned matter will apply to this Court for an Order granting partial relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the within Application.

2. This Application is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Application, you must file a written response to this Application with the Bankruptcy Court and serve a copy of it upon undersigned counsel at the address set forth above no less than 14 days before the above hearing and appear at the hearing on this Application.

3. You may contact the Bankruptcy Clerk's office to obtain a copy of an approved court form for use in preparing your response, or you may prepare your response using the format required by Local Bankruptcy Rule 1002-1.

4. If you fail to fail to file a response to the Application or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Application and may grant the requested relief.

1

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 6, 2024      By:     /s/ Joel A. Ready
                                                  Joel A. Ready, Esquire
                                                  PA Attorney I.D. # 321966
                                                  Benjamin J. Lewis, Esquire
                                                  PA Attorney I.D. # 313733
                                                  8500 Allentown Pike, Suite 3
                                                  Blandon, PA 19510
                                                  (610) 926-7875

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**ORDER**

AND NOW, this _____ day of the month of _____, 2025, upon consideration of Jason Scott Jordan's Application to Partially Lift the Automatic Stay, and having afforded the Debtor and parties-in-interest an opportunity to be heard, it is ORDERED and DECREED that such Application is GRANTED as follows: The automatic stay under 11 U.S.C. § 362 is hereby lifted as it applies to all claims and defenses by any party to the Removed State Action of <u>Jason Scott Jordan v. Bene Market, LLC et al.</u>, C.A. No. 22-11757 (C.P. Berks), provided such action is removed into this Court. The Clerk is directed to docket and assign an Adversary Proceeding Number to the Removed State Action, if not already done.

BY THE COURT

By: _____
Hon. Patricia M. Mayer, *J.*