UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093 pmm |
| Debtor. | : |
| | : |

### DEBTOR'S OBJECTION TO THE MOTION OF JASON SCOTT JORDAN TO PARTIALLY LIFT THE AUTOMATIC STAY

Alan Christopher Redmond, the debtor and debtor-in-possession, by and through his undersigned counsel, Ciardi, Ciardi & Astin, hereby files this objection (the "Objection") to the motion of Jason Scott Jordan to partially lift the automatic stay (the "Lift Stay Motion") to sanctify his previous action of removing state court litigation to the Bankruptcy Court without a Court order, and respectfully avers as follows:

### BACKGROUND

1. On September 3, 2024, Jason Scott Jordan, Cornerstone Law Group, LLC and Ethan Shalter (the "Petitioning Creditors") filed an involuntary petition against Alan Christopher Redmond (the "Debtor").

2. On October 3, 2024 (the "Petition Date"), an order for relief was entered under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor remains in possession of his property and continues to operate his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. Two years prior to the Petition Date on July 28, 2022, Jason Scott Jordan ("Jordan") filed a civil complaint in the Court of Common Pleas in Berks County against Bene Market, LLC, Stephanie Miller, and the Debtor (the "Berks County Litigation").

1

4. The Berks County Litigation asserts two causes of action- Count One for unjust enrichment against all the defendants including the Debtor and Count Two-piercing the corporate veil against Bene Market, LLC. The Berks County Litigation does not seek to have the Debtor's liability to Jordan assessed, but rather seeks the ability to collect on his judgment.

5. On December 6, 2024, without first obtaining an order from this Court granting Jordan relief from the automatic stay, Jordan filed a notice of removal of the Berks County Litigation to this Court [DN 127].

6. On that same date, Jordan filed a pleading titled "Jason Scott Jordan's Application to Partially lift the Automatic Stay." DN 128.

7. The Lift Stay Motion does not contain **_any_** assertions why the automatic stay should be lifted to allow the Berks County Litigation to be removed from State Court to the Bankruptcy Court. As such, Jordan has not met his burden under section 362 of the Bankruptcy Code and the Lift Stay Motion should be denied.

## BASIS FOR OBJECTION

8. As this Court is aware, the filing of a bankruptcy petition "operates as a stay, applicable to all entities, of the commencement or **continuation** ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title[.]" 11 U.S.C. § 362(a)(1) (emphasis added).

9. "Whether to terminate, modify, condition, or annul the bankruptcy stay under section 362(d) is within the discretion of the bankruptcy court." *In re Mixson*, 2002 WL 34561635,* 2 (E.D. Pa 2002) *see generally, Matter of Holtkamp*, 669 F.2d 505 (7th Cir.1982); *In re Shariyf*, 68 B.R. 604 (E.D.Pa.1986); *In re Colonial Ctr.*, 156 B.R. 452, 459 (Bankr.E.D.Pa.1993). Courts have held that when determining whether stay relief is appropriate,

it is necessary to examine the totality of the circumstances. *In re Mixson*, 2002 WL 34561635,* 2, *see*, *Local 144 Hospital Welfare Fund v. Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 425 (E.D.N.Y.1985), *aff'd*, 781 F.2d 973 (2d Cir.1986); *see also In re Wilson*, 85 B.R. 722, 728 (Bankr.E.D.Pa.1988) (case-by-case basis).

10.      The party requesting relief from the automatic stay has the burden of proof. *See* 11 U.S.C. § 362(g).

11.      "Courts have interpreted subsection (g) as requiring that the movant establish a prima facie case that cause exists to lift the stay." *In re Mixson*, 2002 WL 34561635,* 2, *citing In re Ward*, 837 F.2d 124, 128 (3d Cir.1988); *In re Causa*, 93 B.R. 409, 410–411 (Bankr.E.D.Pa.1988); *In re Morysville Body Works, Inc.*, 86 B.R. 51, 55 (Bankr.E.D.Pa.1988); *In re Ziets*, 79 B.R. 222, 224 (Bankr.E.D.Pa.1987); *In re Tashjian*, 72 B.R. 968, 973 (Bankr.E.D.Pa.1987); *In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005, 1009–10 (Bankr.E.D.Pa.1987); *In re Stranahan Gear Co.*, 67 B.R. 834, 836–37 (Bankr.E.D.Pa.1986).

12.      The Courts have found that "[t]o meet this burden, the moving party must introduce some evidence to establish that the 'balance of hardships' tips in his favor." *In re Mixson*, 2002 WL 34561635,* 3, *citing Causa*, 93 B.R. at 411, *citing In re Ziets*, 79 B.R. 222 (Bankr.E.D.Pa.1987); *In re Ronald Perlstein Enterprises, Inc.*, 70 B.R. 1005, 1009–10 (Bankr.E.D.Pa.1987).

13.      Not surprising, nothing in the Lift Stay Motion articulates why the relief requested is necessary let alone establish that the "balance of hardships" tips in favor of Jordan.

14.      By removing the Berks County Litigation, Jordan is attempting to circumvent the very bankruptcy he commenced. The Berks County Litigation is based solely on state law (unjust enrichment and piercing the corporate veil of a non -debtor entity), requests a jury trial and was

3

filed against other parties besides the Debtor of which the Bankruptcy Court does not have jurisdiction.

15.     Furthermore, the Debtor's liability to Jordan has already been determined by the State Court so any further action by Jordan is nothing more than an attempt to collect on that judgment in direct contravention to the bankruptcy process.

16.     Jordan cites to the case *In re Cashco, Inc.*[1] to stand for the proposition that removal is permitted without relief from the stay.  First, this case is not binding on this Court.  Second, the *Cashco* case acknowledges that there "exists considerable authority to support the [trustee's] position that the automatic stay applies to removal of the state court action to bankruptcy court."[2] *In re Cashco, Inc.*, 599 B.R. 139, 144 (Bankr. D. N.M. 2019).   Moreover, the litigation removed in Cashco was removed *by the Debtor*.

17.     Furthermore, as set forth above, Jordan's claim has been liquidated.  Jordan's claim against the Debtor is a general unsecured claim, which may be subject to setoff. Courts have held that unsecured creditors are seldom granted relief from stay unless extraordinary circumstances exist.  *See In Re Tristar Auto Group, Inc.* 141 B.R. 41,44 (Bankr. S.D.N.Y. 1992).   "As a general rule, unsecured creditors are not entitled to relief from the stay to collect on a debtor's prepetition obligations." *See In re Schmidt*, 53 B.R. 70 (Bankr. E.D. Pa. 1985).

---

[1] 599 B.R. 139 (Bankr. D. N.M. 2019)

[2] The Court in the *Cashco* case cite to several different cases including, the following "*In re Hoskins*, 266 B.R. 872, 877 (Bankr. W.D. Missouri 2001) ("[A]ctions stayed by a bankruptcy filing include removing a pending state court lawsuit to bankruptcy court if the claim or cause of action is subject to the automatic stay."); *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1007 n.3 (9th Cir. 1997) ("[A party] could not remove the state court proceeding until the bankruptcy court officially lifted the automatic stay."); *Phillips v. FDIC (In re Phillips)*, 124 B.R. 712, 716 n.7 (Bankr. W.D. Tex. 1991) (stating that the creditor violated the automatic stay by removing a state court collection action and foreclosure action to federal court without first obtaining relief from the automatic stay); *Hill v. Wilson*, No. CV 09-AR-0372-S, 2009 WL 10689099, at *1 (N.D. Ala. March 17, 2009) ("[R]emoval without permission of the United States Bankruptcy Court for the District of Arizona violated the automatic stay provision and was void.")."

18.     Based on the foregoing, Jordan has not come forward with any evidence to support relief to remove the Berks County Litigation.  As such, the Lift Stay Motion should be denied.

WHEREFORE, the Debtor respectfully requests that this Court deny the Lift Stay Motion and grant such other and further relief as is just and proper.

**CIARDI CIARDI & ASTIN**

Dated: December 19, 2024                    By:     */s/ Nicole M. Nigrelli*
                                                    Albert A. Ciardi, Esquire
                                                    Nicole M. Nigrelli, Esquire
                                                    1905 Spruce Street
                                                    Philadelphia, PA 19103
                                                    T(215) 557-3550
                                                    aciardi@ciardilaw.com
                                                    nnigrelli@ciardilaw.com
                                                    Attorneys for the Debtor