UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ALAN CHRISTOPHER REDMOND, | : CHAPTER 11 |
|  | : |
|  | : BANKRUPTCY NO. 24-13093pmm |
| Debtor. | : |

**BENE MARKET STATEMENT PURSUANT TO FED. R. BANKR. P. 9027(e)(3) IN RESPONSE TO JASON SCOTT JORDAN'S NOTICE OF REMOVAL**

Bene Market, LLC (the co-Defendant with Alan Christopher Redmond,  (the "Debtor")) in State Court litigation, by and through his undersigned counsel, hereby submits this statement (the "Statement") pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) in response to Jason Scott Jordan's notice of Removal (the "Notice").

Statement in Response

1.     Jason Scott Jordan ("Jordan") filed the Notice on December 6, 2024 purportedly pursuant to 28 U.S.C. 51452. The Notice, however, fails to include any of the information required by Federal Rule of Bankruptcy Procedure 9027(a). Accordingly, the Debtor is unable to ascertain the facts pursuant to which Jordan believes that removal is appropriate.

2.     Bene Market denies that any grounds whatsoever exist to justify removal of the Berks County case captioned Jason Scott Jordan v. Bene Market, LLC, Stephanie Miller and Alan Redmond, C.A. No 22-11757 (the "Berks County Litigation") to this Court.

3.     The causes of action in the Berks County Litigation are wholly state law causes of action with the causes of action against Bene Market being unrelated with respect to the Debtor' s bankruptcy case.

4.     Prior to Jordan, with others, filing the involuntary bankruptcy petition, the Berks County Litigation had been proceeding for over two (2) years. Moreover, the Berks County Litigation is only stayed as to the Debtor.

5.      Bene Market, LLC does not believe that this Court possesses jurisdiction over the alleged claims against it by Jason Scott Jordan and intends to seek remand of the Berks County Litigation and abstention pursuant to 28 U.S.C. §1334(c)(2) and does not consent to this Court entering final orders or judgments with respect to the merits of the Berks County Litigation. Moreover, as a result of the wrongful removal of the Berks County Litigation and violation of Federal Rule of Bankruptcy Procedure 9011(b)(l), the Bene Market intends to seek an award of costs and expenses incurred in connection with the Notice pursuant to Federal Rule of Bankruptcy Procedure 9011 (c).

6.      Bene Market asserts that grounds exist under 28 U.S.C. §1334(c)(1) for this Court to abstain sua sponte in the interest of justice as well as comity with the Court of Common Pleas and requests that this Court conclude that such action is appropriate in this case.

7.      Also note that this Statement does not include Stephanie Miller, who was originally named as a Defendant in the State Court action, as she was voluntarily removed from the litigation under agreement of all counsel.

8.      Notice of the Statement has been given to Office of the United States Trustee, Counsel for Jordan, and all other parties to the Berks County Litigation.

WHEREFORE, the Bene Market. respectfully submits this Statement pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3).

December 19, 2024                    RESPECTFULLY SUBMITTED,

_____

Norman M. Valz, Esquire (Pa. No. 61338)
For: Bene Market, LLC
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. (215) 756-2424
Fax  (215) 827-5758
nvalz@msn.com