**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
|---|---|
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN AND CORNERSTONE LAW FIRM, LLC'S EXPEDITED MOTION TO COMPEL THE ASSISTANT U.S. TRUSTEE TO APPOINT A CREDITORS' COMMITTEE AND FOR OTHER RELIEF**

Creditors, Jason Scott Jordan and Cornerstone Law Firm, LLC, file this Expedited Motion to Compel the Assistant U.S. Trustee for this district, specifically, for the appointment of Jason Scott Jordan and Cornerstone Law Firm to an official committee of unsecured creditors; and submits the following:

**FACTS**

On November 22, 2024 and for the purpose of seeking appointment to the unofficial committee of unsecured creditors, undersigned counsel submitted creditors' questionnaires, on behalf of Jason Scott Jordan and Cornerstone Law Firm, LLC, to Attorney Kevin P. Callahan for the Assistant U.S. Trustee in this district. On December 6, 2024, undersigned counsel e-mailed Attorneys John Schanne and Kevin P. Callahan, asking for a status on committee appointments and informing them that a committee was necessary in light of the Debtor's Amended Schedules and his admissions from the October 1, 2024 trial and the Section 341 examination that he transferred all his assets into the name of his wife, Shannon Kroemmelbein, for no consideration and for the purpose of hindering creditors.

Attorney Callahan held a phone call with undersigned counsel on Monday, December 9th. During that phone call, Attorney Callahan represented that he wasn't going to appoint any official

1

creditors' committee due to insufficient interest. Attorney Callahan further disclosed that Jason Scott Jordan and Cornerstone Law Firm, LLC were the only creditors who submitted questionnaires with a request for appointment. By e-mail dated December 11, 2024 and submitted to Attorneys Schanne and Callahan, undersigned counsel renewed the same request for appointment for Jordan and Cornerstone and reiterated why an official committee was necessary to police Code violations and nonbankruptcy law, such as the Uniform Voidable Transactions Act. In that same e-mail, we substantially provided to Attorneys Schanne and Callahan the evidence that was put before the Court in the Motion to Compel the Debtor at ECF No. 140, which, together with its exhibits, are incorporated by reference. That Motion sets forth the prima facie grounds that Debtor has avoided or hindered his creditors by transferring his assets into the name of his wife, Shannon Kroemmelbein.

Undersigned counsel additionally notified Attorneys Schanne and Callahan in the same e-mail that Jordan and Cornerstone have not, since the entry of the civil judgments, received any payments from Debtor, much less 90 days prepetition. Additionally, by reason of being a judgment creditor, Pennsylvania law gives a lien by operation of law (42 Pa.C.S. § 4303) on Debtor's real estate, but junior-in-position to any valid mortgages and liens of record. Therefore, Jordan and Cornerstone have unsecured debt, notwithstanding such lien. The balance of the concerns that Attorney Callahan raised are addressed in the Argument Section.

## ARGUMENT

**I.      Certification for Expedited Consideration.**

Expedited consideration is necessary and appropriate because statutory time limitations may be near the verge of running if adversary proceedings are not promptly commenced against this Debtor, who thus far in all examinations has evaded any specific dates on when he transferred assets into his wife's name. In addition to submitting the creditors' questionnaires, undersigned

counsel communicated with Attorneys Schanne and Callahan by e-mail on December 6, 11 and 13, 2024 and held a phone call with Attorney Callahan on December 9, 2024. Notwithstanding all efforts to resolve this matter, the Assistant U.S. Trustee filed notice at ECF No. 142 that no committee was appointed on the basis of insufficient interest. Undersigned counsel did not provide a copy of this Motion to Attorney Callahan but notified him on December 13, 2024 that appropriate relief would be sought from the Court if the requested appointments were not made.

The Court should also take into account that this case would qualify as a Complex Chapter 11 case under Local rule 1002-2, even though the Debtor did not file a Statement of Qualification. The amount of debt in this case is more than 3 times the statutory amount in 11 U.S.C. § 101(51D). An expedited hearing is warranted by analogy to that ground as well.

**II.      Compelling the Assistant U.S. Trustee to Appoint Jason Scott Jordan and Cornerstone Law Firm, LLC to an Official Committee of Unsecured Creditors.**

Ordinarily, the U.S. Trustee "**shall** appoint a committee of creditors holding unsecured claims," 11 U.S.C. § 1102(a)(1) (emphasis added), consisting "of the persons, willing to serve, that hold the seven largest claims against the debtor of the kinds represented on such committee," id. § 1102(b)(1). The "shall" is mandatory. *In re* Dragone, 324 B.R. 445, 447 (Bankr. D. Conn. 2005); 7 COLLIER ON BANKRUPTCY ¶ 1102.02[1] ("Appointment of an unsecured creditors' committee is mandatory and the United States trustee must appoint one in all Chapter 11 cases, assuming that there are creditors willing to serve."). The U.S. Trustee's decision to appoint is reviewed under the "abuse of discretion standard," and the bankruptcy courts have the remedy to issue "a necessary or appropriate order" under Section 105(a) of the Code. *In re* Columbia Gas Sys., 133 B.R. 174, 175-76 (Bankr. D. Del. 1991). Committee members owe fiduciary duties of care and loyalty to unsecured creditors as a class, not to individual creditors. *In re* Sharon Steel Corp., 100 B.R. 767, 779 (Bankr. W.D. Pa. 1989); ABF Capital Mgmt. v. Kidder Peabody & Co.

(*In re* Granite Partners, L.P.), 210 B.R. 508 (Bankr. S.D.N.Y. 1997) (duties not owed to individual creditors).

The facts of this case meet the foregoing standard and the Assistant U.S. Trustee in this district should be compelled to appoint Jason Scott Jordan and Cornerstone to an official committee of unsecured creditors. First of all, bankruptcy law recognizes the standing of official creditors' committees to pursue Code relief and nonbankruptcy relief, including the Uniform Voidable Transactions Act. *In re* Philadelphia Light Supply Co., 39 B.R. 51, 52 (Bankr. E.D. Pa. 1984); *In re* Monsour Medical Ctr., 5 B.R. 715, 717-18 (Bankr. W.D. Pa. 1980). "In cases in which the debtor in possession is conducting its affairs without objection but for its failure to prosecute a handful of claims against insiders, granting leave to the creditors' committee to pursue these actions may be less expensive than the appointment of a trustee and the awarding of his commission, and it is also less disruptive than conversion of a chapter 11 proceeding to chapter 7." Philadelphia Light Supply Co., 39 B.R. at 52. That standard is met here. We have made a prima facie showing that this Debtor has transferred substantially all of his assets into the name of his wife and directed his own income to be deposited into her bank accounts. Bankruptcy and nonbankruptcy remedies for the avoidance of preferences and the turnover or claw back of these assets are appropriate because the same are part of the bankruptcy estate and should be made available for the benefit of all creditors.

Jordan and Cornerstone are eligible to serve on the official committee of unsecured creditors. Nearly the entirety of our debts is unsecured based on the priority status of tax claimants over Debtor's real estate. When a creditor has a partially secured claim, it is "more appropriate to look at the extent of the holder's secured and unsecured claims and evaluate whether the nature of the secured claim creates such a potential conflict that the creditor should be excluded from the

4

creditors' committee." 7 COLLIER ON BANKRUPTCY ¶ 1102.02[vii]. As judgment creditors, Jordan and Cornerstone have a lien by operation of law on Debtor's real estate, 42 Pa.C.S. § 403, but junior-in-position to any mortgages or liens of record. On June 2, 2021, a mortgage was recorded on Debtor's real estate at 2005 Regency Drive, Wyomissing, PA 19610, initially to World Business Lenders, LLC (before it was assigned to WBL SPO II, LLC). The mortgage secured a $500,000.00 loan to Seguro Medico, LLC that Debtor personally guaranteed because that's his business. That debt became defaulted and WBL SPO II, LLC commenced a mortgage foreclosure at C.A. No. 23-13390 in the Berks County Court of Common Pleas. Debtor values this real estate at $1,000,000.00. [ECF No. 111, at 1 (Question 1.1)]. In addition to that, Debtor has substantial tax liens on the same property which have priority over Jordan and Cornerstone, 11 U.S.C. § 724(b), including $64,357.98 claimed by the Berks County Tax Claims Bureau (Proof of Claim Sept. 5, 2024) and $1,165,057.82 claimed by the Internal Revenue Service (Proof of Claim Dec. 4, 2024). Our clients were not likely to recover anything from Debtor's real estate by reason of these tax claims. Even so, where Jordan has a civil judgment against Debtor in excess of $13,000,000.00 plus interest, clearly this asset is not sufficient to cover the debt even if Jordan was senior-in-position. Therefore, Jordan and Cornerstone stand in the shoes of an unsecured creditor where their debts are overwhelmingly if not entirely unsecured.

Moreover, even if Jordan and Cornerstone could be characterized as secured creditors, then the Court may compel the U.S. Trustee to appoint an additional committee "if necessary to assure adequate representation" of such creditors. 11 U.S.C. § 1102(a)(2). That standard is met here as well. An effort to recover assets of the bankruptcy estate, for the benefit of all creditors, is necessary here. However, we maintain that our appointment to the unsecured creditors' committee is sufficient for this case.

5

Nothing in Section 1102 of the Code imposes a minimum number of eligible creditors to serve and our research has not located any controlling authority to have addressed that question. This is a purposeful distinction from Chapter 7 proceedings, where the Code requires a minimum of three creditors to serve on an official committee. See 11 U.S.C. § 705(a). The omission of any minimum number of creditors on an official committee in Section 1102 is therefore a purposeful *casus omissus*. Caselaw on Chapter 11 has focused on whether there are too many members of the committee, not too few. Moreover, where this is an *involuntary* Chapter 11, the Code provides for this type of proceeding precisely where, as here, the Debtor engaged in abusive practices of paying the creditors he personally likes and refusing to pay those he dislikes. It would be a myopic reading of the Code to say that Petitioning Creditors are entitled to an order for relief under Section 303(b), where the Debtor has few unsecured creditors, but not for the appointment of any official committee under Section 1102 because the Debtor has few unsecured creditors. From a review of the Amended Schedules, most of this Debtor's unsecured, nongovernmental creditors are insiders, including the law firms of his current and former counsel: Bochetto & Lentz, P.C., Duane Morris, LLP, and Rush Law Group, LLC. [ECF No. 109, at 2-5]. It is proper that they don't serve on the committee.

Finally, Jordan has filed an Adversary Complaint whether his debt is nondischargeable as a matter of law. The fact that creditors may have individual claims against the Debtor like this is not a conflict of interest. The fact that creditors are interested in being paid and may have divergent individual goals "are not unusual in reorganizations" and not a valid objection. *In re* Altair Airlines, Inc., 727 F.2d 88, 90 (3d Cir. 1984). The fact that no other eligible, unsecured creditor has requested to serve on the committee is evidence that Jordan's individual claims are not a conflict at all.

6

Based on the foregoing, we respectfully request that the Assistant U.S. Trustee in this district be compelled to appoint Jason Scott Jordan and Cornerstone Law Firm, LLC to an official committee of unsecured creditors. Under 11 U.S.C. § 105(a), the Court should compel the Assistant U.S. Trustee to make these appointments.

**III.     Alternatively, Grant Leave for Jason Scott Jordan to Pursue Code Relief and Adversary Proceedings to Recover Property of the Bankruptcy Estate.**

If the Court does not grant relief in Part II, then this Part is sought in the alternative. Under Section 105 of the Code, the Court has discretion whether to grant leave of standing for Jason Scott Jordan to pursue Code relief and nonbankruptcy relief, such as the Uniform Voidable Transactions Act: "Although a creditor may not bring suit on its own behalf to avoid a preference or fraudulent transfer, in certain circumstances it may be appropriate for it to move for leave to bring such a suit in the trustee's stead." *In re* Bacher, 47 B.R. 825, 829 n.6 (Bankr. E.D. Pa. 1985) (citations omitted). Based on the same facts shown above, the record is prima facie that Debtor has purposefully made himself poor in order to avoid, delay, or hinder creditors. As a debtor-in-possession, he clearly will take no action to undo the harm he has already done. The Court is presented with unusual but nevertheless meritorious circumstances where it may grant leave for an individual creditor to pursue bankruptcy and nonbankruptcy relief which a Chapter 11 trustee would otherwise have been permitted to pursue through adversary proceedings and, subject to further approval by the Court, to seek the retention of qualified professionals for such purposes.

### CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should expedite its consideration of this Motion, grant this Motion, and enter the proposed order:

(A)     Compel the Assistant U.S. Trustee to appoint an Official Committee of Unsecured Creditors consisting of Jason Scott Jordan, Cornerstone Law Firm, LLC, or a representative chosen

by either of them.

(B)     Alternatively, grant leave to Jason Scott Jordan to pursue relief under the Bankruptcy Code,

as well as nonbankruptcy law, which the Chapter 11 Trustee would otherwise have been permitted

to pursue through adversary proceedings and, subject to further approval by the Court, to seek the

retention of qualified professionals for such purposes.

AND any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 20, 2024          By:     /s/ Joel A. Ready
                                          Joel A. Ready, Esquire
                                          PA Attorney I.D. # 321966
                                          Benjamin J. Lewis, Esquire
                                          PA Attorney I.D. # 313733
                                          8500 Allentown Pike, Suite 3
                                          Blandon, PA 19510
                                          (610) 926-7875