**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN AND CORNERSTONE LAW FIRM, LLC'S MOTION TO COMPEL RULE 2004 PRODUCTION AS TO NONPARTY REGISTERED AGENTS AND STATE DEPARTMENTS**

Creditors, Jason Scott Jordan and Cornerstone Law Firm, LLC, file this Motion to Compel production under Fed. R. Bankr. P. 2004 as to nonparty registered agents and State Departments; and submit the following:

**<u>FACTS</u>**

In <u>Complete Business Solutions Group, Inc. v. Alan Redmond</u>, C.A. No. 220202794 in the Philadelphia County Court of Common Pleas, the plaintiff filed a Verified Complaint that it lent $35,293,618.31 to National Brokers of America, Inc. and Bene Market, LLC and that Debtor personally guaranteed these debts and defaulted on the same. So where did the money go? That's a running theme in this case.

This Debtor has consistently failed to disclose all business entities associated with him, while claiming that entities are "defunct" even though State records show they are active. At Schedule A/B [ECF No. 111, at 4], Question 19 directed Debtor to disclose all non-publicly traded stock and interests in business entities that he has. He omitted the following entities which are listed in "active" status by public records:

1

| Entity | Jurisdiction | Status |
|---|---|---|
| The Turner House of Reading Limited Liability Company | Pennsylvania File No. 6912108 | Active |
| NextGen Leads, LLC | Delaware File No. 5471889 | Active |

We believe our investigation is going to reveal more. In addition to that, Debtor maintains that he doesn't "own" companies that we believe and maintain he controls, such as Seguro Medico, LLC, ABN Network, LLC, etc. Accordingly, the Debtor has engaged in a persistent pattern of concealment, warranting an investigation whether additional business entities exist which are associated with him.

Appended within Exhibit B to this Motion are subpoenas to produce documents directed at registered agents:

1.     A Registered Agent, Inc.,

2.     Corporation Trust Company,

3.     Harvard Business Services, Inc.,

4.     Northwest Registered Agent, LLC, and

5.     Paracorp Incorporated,

— which the Debtor has used for incorporating or forming business entities. We additionally direct subpoenas at the Delaware Department of State and Pennsylvania Department of State.

These subpoenas direct the recipient to produce any contracts they have with, or filings submitted by, the Debtor or with persons associated with the Debtor, such as his current and former business partners. The subpoenas additionally request the recipient to produce any contracts or corporate filings associated with addresses that Debtor has used in the past.

The foregoing subpoenas were disclosed to Debtor's counsel and no objection was made.

**STANDARD OF REVIEW**

"On a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The examination may be coupled with a request to produce documents and electronically stored information by subpoena. Fed. R. Bankr. P. 2004(c). The scope of the requests include the debtor's acts, conduct, or property, the debtor's liabilities and financial condition, any matter that many affect the administration of the debtor's estate, the debtor's right to a discharge and, by reason of this case arising in Chapter 11, the operation of nay business and the desirability of its continuing, the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered, and "any other matter relevant to the case or to formulating a plan." Fed. R. Bankr. P. 2004(b).

**ARGUMENT**

As set forth in our letter in Exhibit A and Jason Scott Jordan's Motion to Compel the Debtor to Deliver Property at ECF No. 140, we maintain that Debtor has purposefully made himself poor by transferring into his wife's name all his assets and business interests and lives out of his wife's bank accounts for his personal expenses, literally. We further maintain that Debtor has not provided accurate information on all his schedules and financial statements at ECF Nos. 108 to 120. Because of the Debtor's repeated inability to truthfully disclose business entities that he owns, controls, or has managerial authority, we're obligated to subpoena nonparty witnesses for the same information. As one court put it, "Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds and have been compared to a fishing expedition." *In re Duratech Indus.*, 241 B.R. 283, 289 (E.D.N.Y. 1999) (quotations omitted).

This will additionally unveil whether Debtor has fraudulently transferred assets into the name of other persons to avoid his creditors. Here, we have subpoenaed documents from five

3

registered agents and two State departments (Delaware and Pennsylvania). Because of the need to move expeditiously and that Movants are not seeking a Rule 2004 examination, but a production of documents only, we have not undertaken to contact counsel for the foregoing nonparties but will serve this Motion on them together with the subpoena.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should grant this Motion and enter the proposed order, overruling any objections to the Bankruptcy Rule 2004 production of documents as to the following persons or agencies:

1. A Registered Agent, Inc.

2. Corporation Trust Company

3. Harvard Business Services, Inc.

4. Northwest Registered Agent, LLC

5. Paracorp Incorporated

6. Delaware Department of State

7. Pennsylvania Department of State

AND any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: December 20, 2024          By:    /s/ Joel A. Ready
                                          Joel A. Ready, Esquire
                                          PA Attorney I.D. # 321966
                                          Benjamin J. Lewis, Esquire
                                          PA Attorney I.D. # 313733
                                          8500 Allentown Pike, Suite 3
                                          Blandon, PA 19510
                                          (610) 926-7875

4