**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Alan Christopher Redmond | § | Case No.  24-13093 (PMM) |
| | § | |
| Debtor. | § | |
| | § | |

**MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER
DETERMINING COUNSEL HAS FAILED TO COMPLY WITH
BANKRUPTCY RULE 2019(b) AND IMPOSING REMEDIES
PURSUANT TO BANKRUPTCY RULE 2019(e)**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order determining that Joel A. Ready, Esquire ("Attorney Ready") has failed to comply with Rule 2019(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, pursuant to Bankruptcy Rule 2019(e), prohibiting Attorney Ready from being heard or intervening in the Debtor's bankruptcy case until such time as Attorney Ready submits a verified statement containing the information required by Bankruptcy Rule 2019(c).  In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

1

2.     Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Motion.  *Id.*

3.     The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND FACTS

4.     On September 3, 2024, a Chapter 11 Involuntary Petitition (Bankr. Doc. No. 1) (the "Petition") was filed against Alan Christopher Redmond (the "Debtor") by Attorney Ready on behalf of petitioning creditors James Scott Jordan ("Jordan"), Cornerstone Law Firm, LLC ("Cornerstone"), and Ethan Shalter ("Shalter").

5.     On October 2, 2024, an Order for Relief was entered (Bankr. Doc. No. 92).  Since that date, the Debtor has acted as a debtor in possession of his assets and has operated as a debtor-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code").

2

6.     As noted *supra*, Attorney Ready signed the Petition as counsel to Jordan, Cornerstone, and Shalter and represented those parties in connection with the contested matters arising from and related to the filing of the involuntary Petition.  Furthermore, Attorney Ready continues to file motions and requests for relief on behalf of those creditors.  *See e.g., Jason Scott Jordan and Cornerstone Law Firm, LLC's Expedited Motion to Compel the Assistant U.S. Trustee to Appoint a Creditors' Committee and for Other Relief* (Bankr. Doc. No. 155) (the "Committee Appointment Motion");[1] *Jason Scott Jordan and Cornerstone Law Firm, LLC's Motion to Compel Rule 2004 Production as to Nonparty Registered Agents and State Departments* (Bankr. Doc. No. 157) (the "2004 Motion").

7.     Attorney Ready filed the 2004 Motion as counsel to Jordan and Cornerstone.  However, the 2004 Motion contains an exhibit comprised of letter correspondence from Attorney Ready, dated December 13, 2024, to the proposed targets of the requested Bankruptcy Rule 2004 examinations, in which Attorney Ready states he represents Jordan and Shalter.  *See,* Bankr. Doc. No. 157-2, p. 3 of 49 ("On behalf of Jason Scott Jordan and Ethan Shalter, I seek to conduct Bankruptcy Rule 2004 examinations of the persons listed below and productions of documents.").  The letter correspondence includes subpoenas, which state that Attorney Ready represents Jordan without mention of Cornerstone or Shalter.  *See e.g.,* Bankr. Doc. No. 157-2, p. 15 of 49.

---

[1] The U.S. Trustee intends to respond timely to the Committee Appointment Motion by a separate filing on the docket.

8.     Attorney Ready filed the Committee Appointment Motion as counsel to Jordan and Cornerstone, pursuant to which Jordan and Cornerstone seeks appointment of themselves to an official committee of unsecured creditors.  Jordan and Cornerstone were the only creditors who expressed interest in serving on an official committee.  Shalter is not a movant requesting appointment of a committee and did not submit a completed questionnaire seeking to serve on the committee.

9.     The filings by Attorney Ready reflect that he continues to represent Jordan, Cornerstone, and Shalter in the Debtor's chapter 11 case.

## **RELIEF REQUESTED**

10.     Through this Motion, the U.S. Trustee seeks entry of an order determining that Attorney Ready has failed to comply with Bankruptcy Rule 2019 and imposing the remedies provided for under Bankruptcy Rule 2019.

## **DISCUSSION**

11.     Bankruptcy Rule 2019 provides, in pertinent part, as follows:

**(a) Definitions.** In this Rule 2019:

(1) "disclosable economic interest" means any claim, interest, pledge, lien, option, participation, derivative instrument, or other right or derivative right granting the holder an economic interest that is affected by the value, acquisition, or disposition of a claim or interest; and

(2) "represent" or "represents" means to take a position before the court or to solicit votes regarding a plan's confirmation on another's behalf.

**(b) Who Must Disclose.**

(1) *In General.* In a Chapter 9 or 11 case, a verified statement containing the information listed in (c) must be filed by every group or committee consisting of or representing—and every

4

entity representing—multiple creditors or equity security holders that are:

>> (A) acting in concert to advance their common interests; and

>> (B) not composed entirely of affiliates or insiders of one another.

FED. R. BANKR. P. 2019 (a) – (b).

12.     Attorney Ready has taken a position before the Court on multiple occasions in this bankruptcy case on behalf of Jordan, Cornerstone, and Shalter and therefore represents them within the meaning of Bankruptcy Rule 2019.  The creditors have been acting in concert to advance their common interests; and, upon information and belief, are not affiliates or insiders of one another.  Consequently, Attorney Ready is required to file the verified statement required by Bankruptcy Rule 2019(c).  Attorney Ready has not done so.

13.     Subsection (e) of Bankruptcy Rule 2019 sets forth the measures a court may take if a party that is subject to the requirements of Rule 2019 fails to comply with such requirements:

**(e) Failure to Comply; Sanctions.**

>> (1) ***Failure to Comply.*** On a party in interest's motion, or on its own, the court may determine whether there has been a failure to comply with this Rule 2019.

>> (2) ***Sanctions.*** If the court finds a failure to comply, it may:

>>> (A) **refuse to permit the group, committee, or entity to be heard or to intervene in the case;**

5

(B) hold invalid any authority, acceptance, rejection, or objection that the group, committee, or entity has given, procured, or received; or

(C) **grant other appropriate relief**.

FED. R. BANKR. P. 2019(e) (emphasis added).

14.    The U.S. Trustee submits that, in accordance with Bankruptcy Rule 2019(e), Attorney Ready should be prohibited from being heard or intervening in the Debtor's bankruptcy case until such time as Attorney Ready submits a verified statement under Bankruptcy Rule 2019(b) that includes the information required by Bankruptcy Rule 2019(c) and permanently if Attorney Ready declines to file the verified statement.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court enter an order granting the relief requested in this Motion and granting any such other and further relief that the Court deems just and proper.

Dated:  December 27, 2024              Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By:  */s/ Kevin P. Callahan*
Kevin P. Callahan, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
Kevin.p.callahan@usdoj.gov

6