**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093 pmm |
| Debtor. | : |
| | : |

**RESPONSE OF DEBTOR TO MOTION TO COMPEL**
**RULE 2004 PRODUCTION OF NONPARTY REGISTERED AGENTS**

Alan C. Redmond, Debtor, by and through counsel, Ciardi Ciardi & Astin, hereby files this limited objection to Motion to Compel 2004 Production as to NonParty Registered Agents (DN #157) as follows:

1. The Debtor reserves and preserves all attorney client privilege which he may have.

2. The Debtor notes for the Court that the request is not limited to entities owned by the Debtor but to entities owned by third parties who may or may not have received notice.

3. Due process would dictate that those parties receive notice before ant of their records are provided.

4. Jordan fails to recognize the distinction between "defunct", not operating, and "dissolved" or "inactive" which state uses to denote compliance with corporate filings.

5. In the attached subpoenas, Jordan seeks records on nine (9) individuals without any showing of service on those individuals or relevance. See §29 and 30 of subpoena. How are these individuals to protect their information without due process.

6. Jordan lists twenty-eight (28) companies on which he is requesting information. Only ten (10) of those entities, which Debtor has identified to Jordan, are entities in which the

1

Debtor has an interest.  The balance are owned by third parties and for at least ten (10) of those entities, there is no connection to this estate or the Debtor.

7.      The owners of these entities have a right to notice and due process. The Movant is asking for a third party to provide information on other third parties without serving or giving those parties any ability to protect their information.

8.      Jordan has filed at least four (4) motions and one (1) adversary proceeding raising similar issues to those raid in the 2004 motion.

9.      The Debtor advised Jordan that 2004 is not the appropriate discovery tool when adversary proceedings or contested motions are pending.  In re Ascentra Holdings, Inc., 657 B.R. 339 (Bankr. S.D.N.Y. 2023).

10.      Given the multitude of motions which assert claims of voidable transfer of disguised ownership, pending removed matter and pending discharge action, these motions should be denied.

**CIARDI CIARDI & ASTIN**

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com

December 30, 2024

**Counsel to Debtor, Alan C. Redmond**

2