IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*In re:*

ALAN CHRISTOPHER REDMOND,

Chapter 11

Debtor.

Case No. 24-13093(PMM)

## DEBTOR'S OBJECTION TO THE MOTION FILED BY JASON SCOTT JORDAN TO COMPEL THE DEBTOR TO DELIVER PROPERTY, TO EXTEND THE AUTOMATIC STAY TO ARC REALTY LLC AND FOR RELATED RELIEF

Alan C. Redmond ("Debtor") by and through undersigned counsel, hereby responds and objects to the Motion to Compel the Debtor to Deliver Property, to extend the Automatic Stay to ARC Realty, LLC and for Related Relief (the "Motion") filed by Jason Scott Jordan (the "Movant") (*see* Docket No. 140) and responds as follows:

## PRELIMINARY STATEMENT

Having already filed and withdrawn a similarly frivolous motion (*see* Docket No. 129), Movant files an equally unsupported Motion.  Initially, the Debtor addresses the clear lack of legal research by the Movant prior to filing the Motion and provides the Court with the following synopsis of Movant's blatant legal errors:

1. The Movant seeks the turnover of Shannon Kroemmelbein's assets.  Due process, at a minimum, requires Ms. Kroemmelbein to be a party to an action requesting the turnover of her assets.  As of the date of this Response, Ms. Kroemmelbein is neither a party to this matter nor is she listed on the Movant's Certificate of Service.  In the Motion, all without notice to Ms. Kroemmelbein, the Movant assumes facts about a non-party, imagines a judgment against a non-party and demands turnover of a non-party's assets - all without involving or providing notice to Ms. Kroemmelbein.

1

2. Without citing any supporting caselaw, the Movant wants the Debtor to provide an accounting of assets transferred to Shannon Kroemmelbein. First, the Debtor did provide this information to the Movant, his creditors, this Court and to the Office of the United States Trustee with the filing of his Statement of Financial Affairs. The Debtor identified one (1) transfer to Ms. Kroemmelbein.

3. Movant continues to allege that the Debtor transferred other assets to Seguro, Shannon Kroemmelbein, and ABN Network et al. Yet, the Movant cannot identify one actual asset – cash, inventory, client or client data – transferred by the Debtor to another individual or entity. Before Movant can file (a) an adversary proceeding, (b) alleging a fraudulent transfer (c) in compliance with Rule 9011, Movant must first identify the actual thing transferred.

4. Movant asks the Court to extend the automatic stay to ARC Realty, LLC. Extending the automatic stay is done to protect an asset from creditors. Here, it appears that Movant seeks to either obtain or determine the ownership of ARC Realty, LLC. Such relief is obtained by the filing of an adversary proceeding as, once again, Shannon Kroemmelbein must be a defendant. The *Saxby's* decision cited by Movant has nothing to do with the relief requested in the Motion. *In re Saxby's Coffee Worldwide, Inc.*, 440 B.R. 369, 371 (Bankr. E.D. Pa. 2009). In *Saxby's*, there was an adversary proceeding affording due process to the parties as well as notice and an opportunity to be heard for the parties to be enjoined. *Id.* Similarly, in *Saxby's*, there was a requirement that the Debtor plead and meet the injunction standards. *Id. Saxby's* was also brought by a Debtor as an aid to confirm a plan. *Id.*

5. It is no secret to any bankruptcy practitioner that the court in *Saxby's* issued a very circumscribed injunction after a trial under "unusual circumstances." *Id.* at 378. The Movant fails to allege the required elements for a Section 105(a) injunction and cites no facts that would support such elements. The Court will also see that the standard, as cited by Movant, includes three elements in the conjunctive. The Movant admits it can only show one. As of filing this Motion, Movant, by his own admission know it was frivolous.

**FACTS**

The Movant does not specifically delineate facts so the Debtor cannot admit or deny with specificity. As a result, all factual allegations contained in the Motion are denied unless specifically admitted herein. The Debtor will address what allegations it can decipher[1].

¶1      The Debtor admits the answers provided in his schedules and statement of financial affairs. The remainder is argument, and Movant is left to his proofs.

¶2      The Debtor denies Movant's paraphrasing of the Debtor's testimony at his Section 341 Meeting of Creditors. The Debtor's testimony is as stated in the official transcript.

¶3      The Debtor admits only that his Statement of Financial Affair and Schedules contain financial information and it is those documents, rather than the Movant's recharacterization, which are relevant.

¶4      The Debtor admits to statements in pleadings but not to any recharacterization by the Movant. Nothing in §4 contains any relevant facts for this Motion.

---

[1] The Debtor has self numbered the paragraphs in the Facts section of the Motion based upon the order in which those paragraphs appear.

¶5      The Debtor admits to the testimony provided in his Section 341 Meeting of Creditors but not to the Movant's recharacterization of the same.

¶6      The allegations contained herein are admitted only so far as the testimony provided in a Section 341 Meeting of Creditors.  The Debtor avers the facts are entirely irrelevant to this Motion.

¶7-¶9   The Debtor admits the transcript referenced herein contains his actual testimony. The supposition, conjecture and argument of Movant is denied.

### ARGUMENT

I.      **Movant's Request to Compel the Debtor to Deliver Property is Procedurally Improper and Substantially Unsupported by the Record**.

The Movant asks this Court to compel the Debtor to segregate the assets of a non-debtor, non-party without notice to the subject third party. The Movant bases this request, not on caselaw, but upon his obvious mischaracterization of the Debtor's testimony.  The Movant fails to cite to any case to support the kind of relief that flies in the face of due process.

What we know is that Movant has not yet taken discovery in this matter and his argument is rife with contradictory statements.  The Movant alleges, because Debtor's wife transferred money _to_ the Debtor, that somehow means the Debtor made a transfer to her.  Movant never identifies the transfers at issue and alleges only that the Debtor's wife pays the Debtor's bills. Transfers to the Debtor are not voidable transfers.  The Movant must identify transfers _from_ the Debtor, which he has not done.  Based upon the factual allegations alone, this portion of the Motion should be dismissed.

There is a procedure which courts have implemented to consider whether to allow a party that is not the debtor in possession or trustee to bring an estate cause of action. While a party in interest may make a demand, at a bare minimum, they must establish the claim and allege the facts supporting the alleged cause of action and provide sufficient evidence to the Court that a cause of action exists. *In re G-1 Holdings, Inc.*, 313 B.R. 612, 629 (Bankr. D.N.J. 2004). Here, the Movant has not even bothered to identify a transfer, let alone meet the standard (or cite the appropriate procedure). The Debtor directs the Court to *G-1* simply to demonstrate that there is an established procedure for the relief requested in the Motion and the Movant here has failed to cite to it or meet that standard required. The Debtor does not consent that any such relief is appropriate[2].

II.    **The Request for an Accounting is Moot**.

The Debtor provided an accounting of any and all transfers in his Statement of Financial Affairs. This request is moot.

III.    **Extension of the Automatic Stay is Not Warranted**.

The Movant cites the case of *In re Saxby's Coffee Worldwide, LLC*, 440 B.R. 369 (Bankr. E.D. Pa. 2009). It is an understatement to say that this case does not support the legal theory set forth by Movant. Initially, the Debtor objects because there is no defendant identified against whom the Movant's proposed stay is to be applied, no due process as to that defendant and no allegations which factually support an injunction. The *Saxby* case was (a) based on an adversary proceeding and (b) held to the standards of injunctive relief. The Movant does not allege such facts. The Movant does not even identify the person or entity to whom this injunction should be

---

[2] All attorneys have an ethical duty of candor to the tribunal. While the Movant has counsel, the Debtor believes it is appropriate to provide the Court with what we believe the Movant requests and the proper standard of review, and not simply challenge the requested relief as improvidently requested. To be clear, even under the correct standard, the Movant's requested relief is not warranted.

addressed and what conduct should be enjoined.  Importantly, the Movant fails to present the

necessary evidence or allegations to warrant an injunction generally and, more specifically, to

the level required by *Saxby's*.

  **WHEREFORE** the Debtor requests the Court deny the Motion and enter such other and

further relief as the Court deems just and necessary.

             **CIARDI CIARDI & ASTIN**


By:  ***/s/ Albert A. Ciardi, III***
     Albert A. Ciardi, III, Esquire
     Nicole M. Nigrelli, Esquire
     1905 Spruce Street
     Philadelphia, PA  19103
     (215) 557-3550 office
     (215) 557-3551 fax

Dated:  January 6, 2025    aciardi@ciardilaw.com
     nnigrelli@ciardilaw.com

     *Counsel to the Debtor, Alan C. Redmond*