IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA (Reading)

IN RE:                                          :
                                                : CHAPTER 11
ALAN CHRISTOPHER REDMOND,                        :
                                                : BANKRUPTCY NO. 24-13093(PMM)
                                   Debtor.       :
                                                :

## RESPONSE AND OBJECTION OF THE DEBTOR TO JASON SCOTT JORDAN AND CORNERSTONE LAW FIRM, LLC'S EXPEDITED MOTION TO COMPEL THE ASSISTANT U.S. TRUSTEE TO APPOINT A CREDITORS COMMITTEE AND FOR OTHER RELIEF

Alan C. Redmond, Debtor, by and through his counsel, Ciardi Ciardi & Astin, hereby responds and objects to the Motion of Jason Scott Jordan and Cornerstone Law Firm, LLC ("Movant") to Compel the Assistant U.S. Trustee to Appoint a Creditors' Committee and for Other Relief (D.N. #155) as follows:

### FACTS

Movant fails to identify and highlight one critical fact:  Jason Scott Jordan ("Jordan") and Cornerstone Law Firm, LLC ("Cornerstone") are essentially one creditor.  Cornerstone's claim arises from Jordan's litigation with the Debtor in the Court of Common Pleas.  Cornerstone represented Jordan in the 2014 state court matter and currently represents him before this Court in the Debtor's bankruptcy proceeding.  Cornerstone will be actively representing Jordan in matters before this Court on behalf of Jordan yet would like the Court to believe that Cornerstone will put its fiduciary duty to Jordan aside as a committee member.  Cornerstone holds an overriding duty of loyalty to Jordan which would be directly contrary to a committee member's fiduciary duty to all creditors. The committee and its members owe a fiduciary duty to the class of creditors that the committee represents (i.e., its constituency). *In re SPM Mfg. Corp.*, 984 F.2d 1305, 1315 (1st Cir.1993).  Here Cornerstone has a duty of loyalty to Jordan which is superior to

1

that which Cornerstone would undertake as a committee member for all creditors[1].  No other creditor, of which there are many and several in excess of Jordan, wanted to serve on a committee.  The two creditors that have requested to serve on the committee are essentially the same.  Jordan has made it clear at trial on the involuntary petition that Jordan simply does what is requested by counsel, Cornerstone.  While the Debtor is not aware of or party to the decision made by the Office of the U.S. Trustee, the following facts may have been relevant:

a) Cornerstone and Jordan are identical.

b) Jordan defers entirely to Cornerstone.

c) Jordan submitted materially false applications to dozens of state insurance regulators.

d) Jordan is the subject of a counterclaim by the Debtor in excess of his claim.

e) Eighty-five (85%) percent of the unsecured creditors who have varied interests and claims chose not to participate in the solicitation process by the Office of the U.S. Trustee.

f) Cornerstone owes a fiduciary duty and duty of loyalty to Jordan that would supersede his fiduciary duty and duty of loyalty to unsecured creditors as a potential committee member.

At the same time, the facts alleged by Movant are wholly irrelevant to the Motion.  The Movant points to allegations and theories that the Movant himself has presented before this Court.  The facts relevant to this Motion are not what the committee would or could do but whether there was insufficient interest to form a committee and whether Jordan and Cornerstone can both serve on the committee.  There can be no dispute that the overwhelming majority of creditors in both amount and number had no interest in forming a committee.  The nonsensical allegations of Jordan and Cornerstone on alleged transfers does not change this calculus.  Jordan

---

[1] This fact alone creates a conflict which would warrant the U.S. Trustee's decision to not consider Cornerstone an appropriate committee member, even if the Court gets past the lack of interest of creditors and the singularity of the Jordan and Cornerstone claims.

cannot identify an alleged transfer, other than ARC Realty which is a transfer the Debtor

disclosed in the Statement of Financial Affairs.  Despite having numerous opportunities to

present evidence, Movant does not even argue whether the avoidance of such transfer would be

of any value to the estate.

## ARGUMENT

Movant has utterly failed to meet his burden of proof to overcome the substantial

deference to the decisions of the Office of the U.S. Trustee.  With regard to the legal argument,

as is par for the course, Movant miscites various cases in support of theories that do not exist in

those cases.  For example, *In re Dragone*, 324 B.R. 445 (Bankr. D. Conn. 2005) did not concern

the formation of a committee but compensation to the committee's attorney.

Jordan is a defendant on an indemnity claim brought by the Debtor in the litigation

pending with Complete Business Solutions Group and Cornerstone is his counsel[2].  Putting aside

the conflict with both of them representing the Committee, that fact highlights their singularity.

While there are no reported decisions of a court forcing the Office of the U.S. Trustee to form an

initial committee, there are multiple reported decisions on adding committees or committee

members.  *Colliers on Bankruptcy* notes that while formation is mandatory, this assumes there

are creditors willing to serve. 7 *Colliers on Bankruptcy* ¶ 1102.02[1].  Here, only one creditor

wants to serve. That is not a committee, nor does such a committee do justice to the spirit and

purpose of the Office of the U.S. Trustee's solicitation and formation process.

"Adequate Representation" is the guidepost, and the standard is abuse of discretion.  *In re

Park West Circle Realty, LLC*, 2010 WL 3219531 (Bankr. S.D.N.Y. 2010).  The most analogous

case the undersigned could find is *JNL Funding Corp.*, 438 B.R. 356 (Bankr. E.D.N.Y. 2010)

---

[2] Once again, the Debtor will be actively litigating against both potential committee members and one is counsel
who will have a duty to the creditors and a duty to his client.

which concerned a request for the Court to disband a committee, which is the reverse of formation which is the request of this Court. The court in *JNL* applied an "arbitrary and capricious" standard to the U.S. Trustee's decision on adding committee members. The decision is instructive because (a) the U.S. Trustee has substantial deference and (b) adequate representation of creditors is the issue considered. *Id.* There can be no doubt that a committee of Cornerstone and Jordan does not adequately represent the interests of creditors. There is simply no distinction between Cornerstone and Jordan. Even if the Movant tries to draw some distinction, such would be meaningless as (a) both claims arise from the same litigation and (b) Cornerstone has an overriding duty to Jordan which is an actual conflict as it relates to duties to the creditors as a whole.

In short, while focusing on the alleged litigation Jordan wants to bring as a committee, Jordan fails to address the actual issue before the Court. Section 1102 does not require the Office of the U.S. Trustee to form a committee of one or of two essentially identical creditors. Movant has not presented any facts which would rise to the level of proof, if proven, that the decision of the Office of the U.S. Trustee was arbitrary and capricious. The Office of the U.S. Trustee forms a committee of creditors (plural) who want to serve and adequately represent the creditors as a whole. Those facts are not present here.

As to Jordan's alternative ground for relief, the Debtor notes the Movant has already filed a Motion requesting the Debtor bring his undescribed claim or claims of voidable transfer. The Debtor reiterates his argument from the Debtor's Objection to the Motion of Jordan to Compel the Debtor Deliver Property [D.I. #181]. The Movant has not procedurally met the requirement to pursue estate causes of action as set forth in *In re G-1 Holdings, Inc.* 313 B.R. 612 (Bankr. D.

4

N.J. 2004). The Movant cannot identify a transfer or a cause of action. The Movant has not provided a pleading which complies with FRBP 9011 which the Debtor has rejected.

Wherefore, the Debtor respectfully requests that the Motion be denied, and this Court grant such other and further relief as is just including sanctions for a frivolous pleading.

Dated: January 6, 2025

**CIARDI CIARDI & ASTIN**

By:   */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

*Counsel to the Debtor,*
*Alan C. Redmond*