# Exhibit A

# Exhibit A

# CORNERSTONE
# LAW ■ FIRM
LLC

8500 Allentown Pike, Suite 3
Blandon, PA 19510

December 13, 2024

**Kevin P. Callahan, Trial Attorney**
**John Schanne, Trial Attorney**
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Via e-mail: kevin.p.callahan@usdoj.gov and john.schanne@usdoj.gov

**Albert A. Ciardi, III, Esquire**
**Nicole M. Nigrelli, Esquire**
**Daniel S. Siedman, Esquire**
Ciardi Ciardi & Astin
1905 Spruce St.
Philadelphia, PA 19103
Counsel for Debtor
Via e-mail: aciardi@ciardilaw.com, nnigrelli@ciardilaw.com, dsiedman@ciardilaw.com

**Matthew Gregory Brushwood, Esquire**
Barley Snyder
2755 Century Blvd.
Wyomissing, PA 19610
Counsel for C. Malcolm Smith, III
Via e-mail: mbrushwood@barley.com

**Norman M. Valz, Esquire**
441 Irvington Rd.
Drexel Hill, PA 19026
Via e-mail: nvalz@msn.com

**William R. A. Rush, Esquire**
Rush Law Group, LLC
38 N. 6th St.
Reading, PA 19601
Purported counsel for Debtor and Shannon Kroemmelbein
Via wrush@rushlawberks.com

1

**David P. Heim, Esquire**
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
Via e-mail: dheim@bochettoandlentz.com

> **Re: Rule 2004 Productions and Examinations**
> **In re Alan Christopher Redmond, Case No. 24-13093-PMM**
> **U.S. Bankruptcy Court for the Eastern District of Pennsylvania**

Dear Counsel,

On behalf of Jason Scott Jordan and Ethan Shalter, I seek to conduct Bankruptcy Rule 2004 examinations of the persons listed below and productions of documents. Please treat this letter as an attempt to confer under the local rules. All Rule 2004 requests described below are justified where, as here, Debtor purposefully made himself poor in order to avoid paying his debts, where he is systematically failing to disclose all assets that he controls or business entities he is or has been in a relationship with, and where he's maintaining false narratives that his wife, Shannon Kroemmelbein, owns assets or created businesses which, in fact, are owned by or created by Debtor.

## I. Production of Documents.

Enclosed with this letter are proposed Rule 2004 subpoenas on the following persons:

1. Alan Christopher Redmond
2. Shannon Kroemmelbein
3. C. Malcolm Smith, III, individually and as President of C. Malcolm Smith & Company, P.C.
4. Norman M. Valz
5. Seguro Medico, LLC
6. A Registered Agent, Inc.
7. The Corporation Trust Company
8. Paracorp Incorporated
9. Harvard Business Services, Inc.
10. Northwest Registered Agent, LLC
11. Delaware Department of State
12. Pennsylvania Department of State

I intend to begin service of the forgoing beginning on December 18, 2024. Kindly inform me of the specific grounds of your objections, if any.

I have additional subpoenas that I intend to serve but have not yet finalized for your review, including one for Stephanie Miller.

## II. Examination of Persons.

I am available to conduct the proposed Rule 2004 examinations of the persons below in the months of January and February, 2025 and on the dates listed below:

2

Wednesday, January 8, 2025

Monday, January 13, 2025

Tuesday, January 14, 2025

Wednesday, January 15, 2025

Tuesday, January 28, 2025

Thursday, February 6, 2025

Monday, February 10, 2025

Wednesday, February 12, 2025

If I do not receive a response from you by the close of business, Friday, December 20, 2024, whether your respective clients are willing to consent to the examination and to provide dates and times for their availability to be deposed at my office or at the Berks County Bar Association, then I will proceed to notice your clients on any of the aforementioned dates and, if necessary, seek an order of the Court to compel the same.

Generally, the scope of the examination for each and every person listed below relates to all dealings of any kind with Alan Christopher Redmond ("Redmond" or "Debtor"), Shannon Kroemmelbein ("Kroemmelbein"), and any entity under the ownership or control of either of them or any entity having a relationship of any kind with them and without regard to job title. The scope of the examination is to be viewed broadly in connection with Jordan's contentions: that Redmond transferred property to his wife, and to third parties, for the purpose of making himself poor to hinder and defraud creditors; that Redmond is the actual owner of Seguro Medico, LLC, Benefits Now, LLC, and additional entities that will be discovered and that his job title as "consultant" is a fiction; that all schedules, including amended schedules, filed with the Bankruptcy Court by Redmond are substantially inaccurate or untruthful; and that Redmond persistently lacks the ability to give truthful and accurate testimony and, therefore, written documentation is necessary to corroborate any claim whether a transaction was bona fide. The examination for each person below will include a request for production of documents that includes any business transactions involving Redmond, Kroemmelbein, or any entity under the ownership or control of either of them or which either of them have a relationship of any kind. Additional requests for production of documents are noted with each person listed below.

**(1)     Alan Redmond**— I will need at least an all-day Rule 2004 examination with Mr. Redmond. In addition to the above, the scope of the examination will include as follows: all sources of his income with exactness for the past 10 years; all transfers of property made by him to any person over the course of the past 10 years; all work history of any kind; all businesses in which he has any involvement with whatsoever and regardless of his job title, including all entities listed on the Rule 2004 subpoena; all debts, including debts he personally guaranteed, and the dates and

3

purposes of such debts; the disposition of all assets of and moneys borrowed by Bene Market, LLC, National Brokers of America, Inc., and other entities in which Redmond has a relationship with; the disposition of all moneys borrowed from Complete Business Solutions Group, Inc. d/b/a Par-Funding; the location of all accounts of any kind, including business accounts of third persons in which Redmond has a relationship with of any kind; all accountants used for any purpose, including for the use of third parties in which Redmond has a relationship with of any kind; all answers Redmond provided on any original or amended schedule; all lawyers fees that he is directly or indirectly paying and the purpose of the same; all alimony and child support obligations, including any arrears; all work related history, including Human Relations-related work for Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, and ARC Realty, LLC; identification of all known family members and "insiders" within the meaning of the Bankruptcy Code and their whereabouts; the relationship, contact information, and whereabouts of all current and former joint account holders; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(2)    Shannon Kroemmelbein**— I will need at least an all-day Rule 2004 examination for Ms. Kroemmelbein. In addition to the above, the scope of the examination will include as follows: all sources of her income; all assets purportedly titled in her name, all assets in which she has access or control over and regardless of title; all assets transferred to her, directly or indirectly, by Redmond and the date of the transfer; all assets she had prior to her relationship with Redmond; why she is paying Redmond's personal and business debts; her involvement in Seguro Medico, LLC, Benefits Now, LLC, ARC Realty, LLC, ABN Network, LLC, and any other business entity; all businesses of any kind that she is involved with; the financial practices in her personal life and marriage to Redmond and all commitments on her productive time; and her professional background, training, education, and current and prior work history, including the start date and end date and the reasons for her departure from any prior employment, as well as work conditions; identification of all family members and "insiders" within the meaning of the Bankruptcy Code and their whereabouts; the relationship, contact information, and whereabouts of all current and former joint account holders; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(3)    C. Malcolm Smith**— I will need at least an all-day Rule 2004 examination of Mr. Smith, and such examination will be in his individual capacity and as a corporate representative for C. Malcolm Smith & Company, P.C. In addition to the above, the scope of the examination will include as follows: all accounts maintained on behalf of or having any relationship with Redmond, Kroemmelbein, and any entity that is related to either of them; all income taxes prepared and filed on behalf of Redmond, Kroemmelbein, and any entity that is related to either of them, including any forthcoming 2023 and 2024 tax returns; the location of all accounts maintained by ARC Realty, LLC, Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, any entity listed on the Rule 2004 subpoena, and any entity having a relationship of any kind with Redmond or Kroemmelbein; all assets purportedly titled in Kroemmelbein's name; all assets in which Kroemmelbein has access or control over and regardless of title; all information in his possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all businesses of any kind that Redmond and Kroemmelbein are involved with; the financial practices in her personal life and marriage to

4

Redmond; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(4)   Norman Valz, Esquire**— In addition to the above, the scope of the examination will include as follows: Valz's involvement with Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, Bene Market, LLC, National Brokers of America, Inc., Alan Redmond Charitable Foundation, and any entity having a relationship of any kind with Redmond or Kroemmelbein; and any subject reasonably related to any of the foregoing. The examination will include all acts, assistance, transactional work (including document drafting), and advice rendered to Redmond, Kroemmelbein, or any entity having a relationship with either of them, relative to the transfer of property and the timing and purposes of such transfers; all information in his possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing. Please also note that based on Redmond's testimony on October 1, 2024 and other evidence, we take the position that any claim of attorney-client privilege is waived by reason of the crime-fraud exception, among other grounds.

**(5)   Seguro Medico, LLC**— In addition to the above, the scope of the examination will include as follows: Seguro Medico, LLC's ownership structure, management structure, including identification of all managers, tax structure, capital and debt structure, including identification of all creditors, and employment structure, including identification of all employees; all relationships with any person legally entitled to a share of the revenue or profits of Seguro Medico, LLC, regardless of whether that person's title; the sources of all venture or startup capital; the sources of all insurance commissions of any kind; legal compliance, including federal income tax withholding, minimum wage and overtime pay, and insurance licensure; the nature of Debtor's role and functions performed for Seguro Medico, LLC; all moneys transferred to or from Debtor, his wife, or any third person having a relationship of any kind with either of them; all correspondence, wage payment, and documents relating to Ethan Shalter, including the original copy of the purported release and separation agreement that were submitted to the Bankruptcy Court; all information in the possession or control of Seguro Medico, LLC on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(6)   Arthur W. Walsh, Jr.**— In addition to the above, the scope of the examination will include as follows: his professional background, training, education, and work history; all sources of his income with exactness for the past five years; all transfers of property made by him to any person over the course of the past five years; all work history of any kind; all businesses in which he has any involvement with whatsoever and regardless of his job title, including all entities listed on the Rule 2004 subpoena; all debts, including debts he personally guaranteed, and the dates and purposes of such debts; his role with Seguro Medico; all businesses in which he has a relationship with of any kind; his debts, including all personal guarantees; all information in his possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; his work and licensure in the insurance industry; the scope includes the same matter as Seguro Medico, LLC's examination; all documents

5

produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(7) Stephanie Miller**— In addition to the above, the scope of the examination will include as follows: Her professional background, training, education, and work history; her relationship, compensation, and functions with Bene Market, LLC, National Brokers of America, Inc., Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, and any entity that has a relationship, directly or indirectly, with Redmond, Kroemmelbein, or any of them; all information in her possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all financial books and records in her possession or control relating to Redmond, Kroemmelbein, or any third person having a relationship with either of them; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

Sincerely,

By: _Joel A. Ready_

Joel A. Ready, Esquire

6

# Exhibit B

# Exhibit B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Alan Christopher Redmond

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR

_____       *Joel A. Ready*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Jason Scott Jordan          , who issues or requests this subpoena, are:
   Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      Your original birth certificate, including any amendments to the same.

2.      Your Social Security card.

3.      All your active driver's licenses in any jurisdiction.

4.      All your passports.

5.      All of your federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing.

6.      All invoices you received for any debt within one year before September 3, 2024.

7.      All documents evidencing payments made by you and within one year before September 3, 2024.

8.      All documents evidencing payments made on your behalf, by Shannon Kroemmelbein, and within one year before September 3, 2024.

9.      All documents evidencing payments made on your behalf, by any person other than Shannon Kroemmelbein, and within one year before September 3, 2024.

10.      All documents evidencing transfer of your assets, valued at $1,000.00 or more, within five years before September 3, 2024.

11.      All documents evidencing transfer of assets (1) regardless of the title of those assets, (2) caused by, or requested by, you, (3) valued at $1,000.00 or more, and (4) within five years before September 3, 2024.

12.      All monthly statements for all your accounts at Mid Penn Bank since 2014 to the present.

13.      All monthly statements for all your accounts which Shannon Kroemmelbein caused, or permitted, to be used by you and beginning five years before September 3, 2024 to the present.

14.      All monthly statements for any account (1) within your possession or control, regardless of how the account is titled, and (2) five years before September 3, 2024.

15.      All judicial orders imposing child support obligations on you.

16.      All judicial orders imposing alimony obligations on you.

17.      All judicial orders on equitable distribution of marital property relating to the divorce of Carolyn Redmond.

18.      All powers of attorney and proxy instruments that you signed at any time over the past 10

years.

19.    All leases that you have signed at any time over the past 10 years.

20.    All deeds to all real property located anywhere in the world and recorded during the years 2014 through the present, and which are titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

21.    All unrecorded deeds to real property located anywhere in the world and which are titled in your name or titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

22.    All contracts between you and Shannon Kroemmelbein (a/k/a Shannon Redmond).

23.    All contracts between you and any relative, former spouse, or insider of Shannon Kroemmelbein (a/k/a Shannon Redmond).

24.    All contracts between you and any creditor of Shannon Kroemmelbein (a/k/a Shannon Redmond).

25.    All contracts between you and any of your relatives, former spouses, or insiders.

26.    All contracts between you and any current or former joint account holder, including Gaia Gebbia.

27.    All contracts between you and any of the following entities, or between you and any current or former owner, or current or former member, of the following entities:

     a.   ABN Health

     b.   ABN Network, LLC

     c.   Alan Redmond Charitable Foundation

     d.   ARC Realty, LLC

     e.   ARC Realty 1, LLC

     f.   Bene Market, LLC

     g.   Benefits Now, LLC

     h.   The Leads House, LLC

     i.   National Brokers of America, Inc.

     j.   NextGen Leads, LLC

     k.   Phase 1 Technology, LLC

l.  Q H Quick Health

m.  The Redmond Group, LLC

n.  Redmond Group Investments, LLC

o.  Redmond Holdings, Inc.

p.  Redmond Holdings 2, Inc.

q.  Redmond Holdings, LLC

r.  Redmond Investments, LLC

s.  Redmond Marketing, LLC

t.  Saoirse, LLC

u.  Saoirse, LLP

v.  Saoirse Enterprise, LLC

w.  Saoirse Holdings, Inc.

x.  Seguro Medico, LLC

y.  The Turner House of Reading, LLC

z.  Two High Properties, LLC

aa. U.C. Consolidation, Inc.

bb. U.S. Trifecta Limited Liability Company

28.     All federal income tax returns, with all schedules, filed for all business entities in which you currently or previously had a relationship of any kind, including (but not limited to) the following:

a.  ABN Health

b.  ABN Network, LLC

c.  Alan Redmond Charitable Foundation

d.  ARC Realty, LLC

e.  ARC Realty 1, LLC

f.  Bene Market, LLC

g.  Benefits Now, LLC

h.  The Leads House, LLC

i.  National Brokers of America, Inc.

j.  NextGen Leads, LLC

k.  Phase 1 Technology, LLC

l.   Q H Quick Health

m.  The Redmond Group, LLC

n.  Redmond Group Investments, LLC

o.  Redmond Holdings, Inc.

p.  Redmond Holdings 2, Inc.

q.  Redmond Holdings, LLC

r.  Redmond Investments, LLC

s.  Redmond Marketing, LLC

t.  Saoirse, LLC

u.  Saoirse, LLP

v.  Saoirse Enterprise, LLC

w.  Saoirse Holdings, Inc.

x.  Seguro Medico, LLC

y.  The Turner House of Reading, LLC

z.  Two High Properties, LLC

aa. U.C. Consolidation, Inc.

bb. U.S. Trifecta Limited Liability Company

29.    All contracts between you and each and every one of the following persons:

a.  Teresa Ammon

b.  Heather Briscoe

c.  Lindsey K. Briscoe

d.  Katherine Downing

e.  Stephanie Miller

f.  Gaia Gebbia

g.  Seni Sok

h.  Arthur W. Walsh, Jr.

i.  Norman M. Valz

30.    All contracts in your possession, or control, where any of the following persons are a party (even if you are not a party):

a.  Teresa Ammon

b.  Heather Briscoe

    c. Lindsey K. Briscoe

    d. Katherine Downing

    e. Stephanie Miller

    f. Gaia Gebbia

    g. Seni Sok

    h. Arthur W. Walsh, Jr.

    i. Norman M. Valz

31. All contracts between you and NP, Inc. and with any owner, insider, or affiliate of NP, Inc.

32. All applications for a mortgage, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to NP, Inc. or to any of its managers, servicers, affiliates, or subsidiaries, including Primary Residential Mortgage, Inc. and Timothy Patrick Horn.

33. All contracts between you and each of your creditors.

34. All documents evidencing each and every debt you disclosed on your schedules, including any amendments to the schedules, filed on the docket in the instant case.

35. All documents evidencing the disposition of all money borrowed from Complete Business Solutions Group, Inc. by National Brokers of America, Inc., after such money was deposited upon receipt from Complete Business Solutions Group, Inc.

36. All documents evidencing the disposition of all money borrowed from Complete Business Solutions Group, Inc. by Bene Market, LLC, after such money was deposited upon receipt from Complete Business Solutions Group, Inc.

37. All applications for loans, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to World Business Lenders, LLC and its affiliates or subsidiaries, including WBL SPO I, LLC and WBL SPO II, LLC.

38. All trust agreements, or trust indentures, in which you are a trustee or a beneficiary.

39. All trust agreements, or trust indentures, in which any of your relatives are a trustee or a beneficiary.

40. All organizational documents, bylaws and operating agreements for any business entity (or nonprofit entity) in which you have an ownership interest, membership interest, managerial authority, or control, or which you filed with a government agency on behalf of another person.

41.     All written contracts in which you were a party in your personal capacity and which you signed at any time during the past 10 years, including bank service agreements, accounting services, employment contracts, promissory notes, mortgages, escrow, brokerage, personal guarantees, suretyship agreements, and attorney-client agreements.

42.     Your written budget for personal and household expenses.

43.     All Uniform Commercial Code filings, in any jurisdiction, which list you as a creditor or debtor.

44.     Certificates of title in your name as to any motor vehicle, mobile home, aircraft, or watercraft.

45.     Documents evidencing your title in personal property acquired prior to your marriage to Shannon Kroemmelbein (a/k/a Shannon Redmond) and which is valued in excess of $1,000.00.

**DEFINITIONS**:

"Account," in addition to its ordinary meaning, includes brokerage, business, nonprofit, investment, and personal banking.

The term "documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, minutes, reports, notes, schedules, computations, analyses, drawings, diagrams, specifications, tables, graphs, charts, maps, surveys, books of account, ledgers, invoices, receipts, quotations, bids, purchase orders, pleadings, questionnaires, contracts, agreements, bills, checks, drafts, diaries, logs, proposals, printouts, recordings, telegrams, photographs, films, tests, studies, and all other documents, tangible or retrievable of any kind, including all documents stored in a computer or on a computer disk or thumb drive.

"Documents" also includes any preliminary notes and drafts of all the forgoing, in whatever form, for example: printed, typed, long-hand, short-hand, on paper, paper tape, tabulating cards, computer disks or computer stored or other forms. In all cases where originals and/or non-identified copies are available, "document" also means copies thereof.

"Contracts," in addition to its ordinary meaning, includes those that expired.

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:     Arthur W. Walsh, Jr.

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR     *Joel A. Ready*

_____     _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan , who issues or requests this subpoena, are:

    Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

    I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 *(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 *(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 *(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      All of your IRS Form W2s and 1099s, for the years 2018 through the most recent filing.

2.      Your most recent curriculum vitae or professional resume.

3.      All contracts where you are a party together with any of the following persons:

     a.  Alan Christopher Redmond

     b.  Any insider, relative, or former spouse of Alan Christopher Redmond

     c.  Shannon Kroemmelbein

     d.  Any insider, relative, or former spouse of Shannon Kroemmelbein

     e.  Any creditor of Alan Christopher Redmond

     f.  Any creditor of Shannon Kroemmelbein

     g.  Teresa Ammon

     h.  Heather Briscoe

     i.  Lindsey K. Briscoe

     j.  Katherine Downing

     k.  Gaia Gebbia

     l.  Seni Sok

     m.  Arthur W. Walsh, Jr.

     n.  Norman M. Valz

     o.  Any entity having a relationship of any kind with any of the foregoing persons.

     p.  Any entity where you have an ownership interest of any kind, or managerial authority of any kind, or control.

4.      All contracts between you and any of the following persons:

     a.  ABN Health

     b.  ABN Network, LLC

     c.  Alan Redmond Charitable Foundation

     d.  ARC Realty, LLC

     e.  ARC Realty 1, LLC

     f.  Bene Market, LLC

g. Benefits Now, LLC

h. The Leads House, LLC

i. National Brokers of America, Inc.

j. NextGen Leads, LLC

k. Phase 1 Technology, LLC

l. Q H Quick Health

m. The Redmond Group, LLC

n. Redmond Group Investments, LLC

o. Redmond Holdings, Inc.

p. Redmond Holdings 2, Inc.

q. Redmond Holdings, LLC

r. Redmond Investments, LLC

s. Redmond Marketing, LLC

t. Saoirse, LLC

u. Saoirse, LLP

v. Saoirse Enterprise, LLC

w. Saoirse Holdings, Inc.

x. Seguro Medico, LLC

y. The Turner House of Reading, LLC

z. Two High Properties, LLC

aa. U.S. Consolidation

bb. U.S. Trifecta Limited Liability Company

cc. Any creditor of each of the foregoing persons.

5. All contracts between you and any of the following persons:

a. Rosewood Custom Cabinetry, LLC

b. Stone Arch Associates, LLC

c. Willow Tree Remodeling, LLC

d. Any creditor of each of the foregoing persons.

6. All contracts where you have personally guaranteed the debt of another person.

7. All federal income tax returns, with all schedules, in your possession or control as to each of the following persons:

a. ABN Health

b. ABN Network, LLC

c. Alan Redmond Charitable Foundation

d. ARC Realty, LLC

e. ARC Realty 1, LLC

f. Bene Market, LLC

g. Benefits Now, LLC

h. The Leads House, LLC

i. National Brokers of America, Inc.

j. NextGen Leads, LLC

k. Phase 1 Technology, LLC

l. Q H Quick Health

m. The Redmond Group, LLC

n. Redmond Group Investments, LLC

o. Redmond Holdings, Inc.

p. Redmond Holdings 2, Inc.

q. Redmond Holdings, LLC

r. Redmond Investments, LLC

s. Redmond Marketing, LLC

t. Saoirse, LLC

u. Saoirse, LLP

v. Saoirse Enterprise, LLC

w. Saoirse Holdings, Inc.

x. Seguro Medico, LLC

y. The Turner House of Reading, LLC

z. Two High Properties, LLC

aa. U.S. Consolidation

bb. U.S. Trifecta Limited Liability Company

8.      All federal income tax returns, with all schedules, in your possession or control as to any
business or nonprofit entity that has a relationship of any kind with Alan Christopher Redmond
or Shannon Kroemmelbein (a/k/a Shannon Redmond).

9.     All evidence of payment of monetary contributions for your ownership in any of the following entities:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa.  U.S. Consolidation

    bb.  U.S. Trifecta Limited Liability Company

10.    All contracts you signed with any insurance carrier on behalf of, at the request of, or for

the benefit of any of the following persons:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa.  U.S. Consolidation

    bb.  U.S. Trifecta Limited Liability Company

11.    All documents in your possession or control evidencing transfer of assets of Alan Christopher Redmond.

12. All documents in your possession or control evidencing transfer of assets of Shannon Kroemmelbein (a/k/a Shannon Redmond).

13. All contracts you signed with any insurance carrier and at the request of or for the benefit of Alan Christopher Redmond.

14. All contracts you signed with any insurance carrier and at the request of or for the benefit of Shannon Kroemmelbein.

15. All hearing, trial, and deposition transcripts from and discovery answers you provided in the case of Washington National Insurance Company v. Seguro Medico, LLC et al., Case No. 1:22-CV-00644-JMS-MG, in the U.S. District Court for the Southern District of Indiana, including all arbitrations arising out of and relating to that case.

16. All documents evidencing transfer of assets, directly or indirectly, to you and from any of the following persons:

    a. ABN Health

    b. ABN Network, LLC

    c. Alan Redmond Charitable Foundation

    d. ARC Realty, LLC

    e. ARC Realty 1, LLC

    f. Bene Market, LLC

    g. Benefits Now, LLC

    h. The Leads House, LLC

    i. National Brokers of America, Inc.

    j. NextGen Leads, LLC

    k. Phase 1 Technology, LLC

    l. Q H Quick Health

    m. The Redmond Group, LLC

    n. Redmond Group Investments, LLC

    o. Redmond Holdings, Inc.

    p. Redmond Holdings 2, Inc.

    q. Redmond Holdings, LLC

    r. Redmond Investments, LLC

    s. Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa. U.S. Consolidation

    bb. U.S. Trifecta Limited Liability Company

17. All documents evidencing your licensure to engage in the business of insurance.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"Shannon Kroemmelbein" includes her married name, Shannon Redmond, and any person acting on her behalf.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: C. Malcolm Smith, III, individually, and C. Malcolm Smith & Company, P.C.

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR

_____          *Joel A. Ready*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Jason Scott Jordan , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      All federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing that you prepared for Alan Christopher Redmond.

2.      All federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing that you prepared for Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All federal income tax returns, with all schedules, that you prepared for any legal entity at the request of Alan Christopher Redmond, including the following:

     a.   ABN Health

     b.   ABN Network, LLC

     c.   Alan Redmond Charitable Foundation

     d.   ARC Realty, LLC

     e.   ARC Realty 1, LLC

     f.   Bene Market, LLC

     g.   Benefits Now, LLC

     h.   The Leads House, LLC

     i.   National Brokers of America, Inc.

     j.   NextGen Leads, LLC

     k.   Phase 1 Technology, LLC

     l.   Q H Quick Health

     m.  The Redmond Group, LLC

     n.   Redmond Group Investments, LLC

     o.   Redmond Holdings, Inc.

     p.   Redmond Holdings 2, Inc.

     q.   Redmond Holdings, LLC

     r.   Redmond Investments, LLC

     s.   Redmond Marketing, LLC

     t.   Saoirse, LLC

     u.   Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa. U.S. Consolidation

    bb. U.S. Trifecta Limited Liability Company

4.     All federal income tax returns, with all schedules, that you prepared for any legal entity at the request of Shannon Kroemmelbein (a/k/a Shannon Redmond).

5.     All federal income tax returns, with all schedules, that you prepared for any legal entity at the request of any agent or attorney of Alan Christopher Redmond or of Shannon Kroemmelbein (a/k/a Shannon Redmond).

6.     All general ledgers and books of account from the years 2014 through the present as applied to each of the following:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m. The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

r.   Redmond Investments, LLC

s.   Redmond Marketing, LLC

t.   Saoirse, LLC

u.   Saoirse, LLP

v.   Saoirse Enterprise, LLC

w.   Saoirse Holdings, Inc.

x.   Seguro Medico, LLC

y.   The Turner House of Reading, LLC

z.   Two High Properties, LLC

aa.  U.S. Consolidation

bb.  U.S. Trifecta Limited Liability Company

7.    All general ledgers and books of account maintained for any legal entity that has a relationship with Alan Christopher Redmond or Shannon Kroemmelbein (a/k/a Shannon Redmond).

8.    All documents evidencing ownership of assets submitted to you by Alan Christopher Redmond.

9.    All documents evidencing ownership of assets submitted to you by Shannon Kroemmelbein (a/k/a Shannon Redmond).

10.   All documents evidencing transfer of assets of Alan Christopher Redmond.

11.   All documents evidencing transfer of assets of Shannon Kroemmelbein (a/k/a Shannon Redmond).

12.   All IRS forms W2 and 1099 that were issued to individuals for income earned from any of the following entities:

a.   ABN Health

b.   ABN Network, LLC

c.   Alan Redmond Charitable Foundation

d.   ARC Realty, LLC

e.   ARC Realty 1, LLC

f.   Bene Market, LLC

g.   Benefits Now, LLC

h.   The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa.  U.S. Consolidation

    bb.  U.S. Trifecta Limited Liability Company

**DEFINITIONS**:

    "Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

    "Insider" has the same meaning as 11 U.S.C. § 101(31).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re  Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No.  24-13093

Chapter  11

_____
Plaintiff

v.

Adv. Proc. No.  _____

_____
Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  Mid Penn Bank

*(Name of person to whom the subpoena is directed)*

☑ *Production*:  **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*:  **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  01/07/2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Joel A. Ready*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Jason Scott Jordan  , who issues or requests this subpoena, are:
   Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      All your service records, including monthly statements showing deposits and withdrawals, for any and all accounts associated with Alan Christopher Redmond, including where Alan Christopher Redmond was a signatory even if the account was titled in the name of another person.

2.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

3.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

4.      All of your current or former service agreements with any of the following persons:

        a.   ABN Health

        b.   ABN Network, LLC

        c.   Alan Redmond Charitable Foundation

        d.   ARC Realty, LLC

        e.   ARC Realty 1, LLC

        f.   Bene Market, LLC

        g.   Benefits Now, LLC

        h.   The Leads House, LLC

        i.   National Brokers of America, Inc.

        j.   NextGen Leads, LLC

        k.   Phase 1 Technology, LLC

        l.   Q H Quick Health

        m.   The Redmond Group, LLC

        n.   Redmond Group Investments, LLC

        o.   Redmond Holdings, Inc.

        p.   Redmond Holdings 2, Inc.

        q.   Redmond Holdings, LLC

        r.   Redmond Investments, LLC

    s.   Redmond Marketing, LLC

    t.   Saoirse, LLC

    u.   Saoirse, LLP

    v.   Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.   Seguro Medico, LLC

    y.   The Turner House of Reading, LLC

    z.   Two High Properties, LLC

   aa.  U.C. Consolidation, Inc.

   bb.  U.S. Trifecta Limited Liability Company

5.     All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

    a.   Teresa Ammon

    b.   Heather Briscoe

    c.   Lindsey K. Briscoe

    d.   Katherine Downing

    e.   Gaia Gebbia

    f.   Stephanie Miller

    g.   Seni Sok

    h.   Arthur W. Walsh, Jr.

    i.   Norman M. Valz

6.     All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

    a.   2 High Rd., Wyomissing, PA 19610

    b.   2005 Regency Dr., Reading, PA 19610

    c.   8 Morgan Dr., Sinking Spring, PA 19608

    d.   1198 Reading Blvd., Wyomissing, PA 19610

    e.   4 S. 4th Street, Reading, PA 19606

    f.   485 Knorr Rd., Gettysburg, PA 17325

g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

h.  39 Lancaster Ave., Strasburg, PA 17579

## ADDITIONAL IDENTIFYING INFORMATION

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

## DEFINITIONS:

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

_____
Plaintiff

v.

_____
Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Norman M. Valz, Esquire

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR

_____          *Joel A. Ready*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

        I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

    *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All of your IRS Form W2s and 1099s, for the years 2014 through the most recent filing.

2.      All organizational documents that you have drafted or filed at the request of Alan Christopher Redmond or Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All contracts between you and Alan Christopher Redmond.

4.      All contracts between you and any relative, former spouse, or insider of Alan Christopher Redmond.

5.      All contracts between you and Shannon Kroemmelbein (a/k/a Shannon Redmond).

6.      All contracts between you and any relative, former spouse, or insider of Shannon Kroemmelbein (a/k/a Shannon Redmond).

7.      All contracts that you drafted and which Alan Christopher Redmond signed.

8.      All contracts that you drafted and which Shannon Kroemmelbein (a/k/a Shannon Redmond) signed.

9.      All general ledgers and books of account from the years 2014 through the present as applied to each of the following:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

o. Redmond Holdings, Inc.

p. Redmond Holdings 2, Inc.

q. Redmond Holdings, LLC

r. Redmond Investments, LLC

s. Redmond Marketing, LLC

t. Saoirse, LLC

u. Saoirse, LLP

v. Saoirse Enterprise, LLC

w. Saoirse Holdings, Inc.

x. Seguro Medico, LLC

y. The Turner House of Reading, LLC

z. Two High Properties, LLC

aa. U.S. Consolidation

bb. U.S. Trifecta Limited Liability Company

10. All general ledgers and books of account maintained for any legal entity that has a relationship with Alan Christopher Redmond or Shannon Kroemmelbein (a/k/a Shannon Redmond).

11. All documents evidencing ownership of assets submitted to you by Alan Christopher Redmond.

12. All documents evidencing ownership of assets submitted to you by Shannon Kroemmelbein (a/k/a Shannon Redmond).

13. All documents evidencing transfer of assets (regardless of the title of the assets), directly or indirectly, at the request Alan Christopher Redmond or by any entity he controls or owns, in whole or in part.

14. All documents evidencing transfer of assets (regardless of the title of the assets), directly or indirectly, at the request of Shannon Kroemmelbein (a/k/a Shannon Redmond) or by any entity she controls or owns, in whole or in part.

15. All notes and records in your possession or control which relate to the transfer of assets of, or transfer of ownership interests in, ARC Realty, LLC.

16. All notes and records in your possession or control which relate to the transfer of assets of Alan Christopher Redmond.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"Sign" or "signed," in addition to their ordinary meaning, include electronic signature.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Seguro Medico, LLC

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*Joel A. Ready*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan _____ , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      Your organizational documents, bylaws, and original and current operating agreements, and shareholders' agreements.

2.      All federal income tax returns, with all schedules, that you have filed since formation.

3.      All documents evidencing the source of all your startup capital or venture capital.

4.      All documents evidencing the source of all capital contributions made by your current or former owners.

5.      All contracts between you and Alan Christopher Redmond or any relative or insider of Alan Christopher Redmond.

6.      All contracts between you and Shannon Kroemmelbein or any relative or insider of Shannon Kroemmelbein.

7.      All documents evidencing all payments by you, directly or indirectly, to Alan Christopher Redmond or to any legal entity associated with him.

8.      All documents evidencing all payments by you, directly or indirectly, to Shannon Kroemmelbein or to any legal entity associated with her.

9.      All contracts evidencing the source of, and your entitlement to, insurance commissions since your formation.

10.     All contracts between you and your current and former managers.

11.     All contracts between you and your current and former consultants.

12.     All contracts between you and any bank, brokerage, or financial institution that maintains accounts on your behalf.

13.     All contracts between you and any of your current and former accountants.

14.     All contracts between you and any of the following persons:

     a.   ABN Health
     b.   ABN Network, LLC
     c.   Alan Redmond Charitable Foundation
     d.   ARC Realty, LLC
     e.   ARC Realty 1, LLC
     f.   Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa. U.S. Consolidation

    bb. U.S. Trifecta Limited Liability Company

15.    All documents evidencing transfer of assets, directly or indirectly, to you and from any of the following persons:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa.  U.S. Consolidation

    bb.  U.S. Trifecta Limited Liability Company

16.    All bank statements relating to the credit card, or debit card, that you permit to be used by Alan Christopher Redmond.

17.    All documents evidencing your licensure to engage in the business of insurance.

18.    All documents evidencing payment, including the person who is the source of such payment, owed by you to Ethan Shalter.

19.    Any IRS Form W-2 you issued to Ethan Shalter.

20.    Any other documents bearing Ethan Shalter's signature in your possession or control.

21.    Proof of the most recent payment made by you to Ethan Shalter.

22.    Original copies, including metadata, of your document titled, "Separation and Release from Employment," purportedly signed by Ethan Shalter on August 6, 2024 and purportedly in

the presence of Tonya Hatmaker and Arthur W. Walsh, Jr.

23.     All your standard operating procedures and employee handbook regularly used in the course of business.

24.     All hearing, trial, and deposition transcripts from and discovery answers you provided in the case of Washington National Insurance Company v. Seguro Medico, LLC et al., Case No. 1:22-CV-00644-JMS-MG, in the U.S. District Court for the Southern District of Indiana, including all arbitrations arising out of and relating to that case.

**DEFINITIONS**:

    "Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

    "Insider" has the same meaning as 11 U.S.C. § 101(31).

    "Shannon Kroemmelbein" includes her married name, Shannon Redmond, and any person acting on her behalf.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: Shannon Kroemmelbein (a/k/a Mrs. Shannon Redmond)

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3   Blandon, PA 19510 | DATE AND TIME   February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR

_____        *Joel A. Ready*
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan , who issues or requests this subpoena, are:
Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      Your original birth certificate, including any amendments to the same.

2.      Your Social Security card.

3.      All your active driver's licenses in any jurisdiction.

4.      All your passports.

5.      All of your federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing.

6.      Your most recent curriculum vitae or professional resume.

7.      All curriculum vitae and professional resume you have used within five years before September 3, 2024.

8.      All contracts between you and the Pottstown School District.

9.      All documents evidencing the policy of Pottstown School District regarding outside employment and which is in effect during your period of employment with Pottstown School District.

10.     All contracts between you and the Bucks County Intermediate Unit.

11.     Any document evidencing the policy of Bucks County Intermediate Unit regarding outside employment and which was in effect during your period of employment with the Bucks County Intermediate Unit.

12.     Any document evidencing the date of your resignation from employment with the Bucks County Intermediate Unit.

13.     All invoices you received for any debt within one year before September 3, 2024.

14.     All documents evidencing payments made by you and within one year before September 3, 2024.

15.     All documents evidencing payments made on your behalf, by Alan Christopher Redmond, and within one year before September 3, 2024.

16.     All documents evidencing payments made on your behalf, by any person other than Alan Christopher Redmond, and within one year before September 3, 2024.

17.     All documents evidencing transfer of your assets, valued at $1,000.00 or more, within five years before September 3, 2024.

18.     All documents evidencing transfer of assets (1) regardless of the title of those assets, (2) caused by, or requested by, you, (3) valued at $1,000.00 or more, and (4) within five years before September 3, 2024.

19.     All monthly statements for all your accounts at Mid Penn Bank since 2014 to the present.

20.     All monthly statements for all your accounts which you cause, or permit, to be used by Alan Christopher Redmond and beginning five years before September 3, 2024 to the present.

21.     All monthly statements for any account (1) within your possession or control, regardless of how the account is titled, and (2) five years before September 3, 2024.

22.     All powers of attorney and proxy instruments that you signed at any time within five years before September 3, 2024.

23.     All leases that you have signed at any time within five years before September 3, 2024.

24.     All deeds to all real property located anywhere in the world and recorded during the years 2014 through the present, and which are titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

25.     All unrecorded deeds to real property located anywhere in the world and which are titled in your name or titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

26.     All contracts between you and Alan Christopher Redmond.

27.     All contracts between you and any relative, former spouse, or insider of Alan Christopher Redmond.

28.     All contracts between you and any creditor of Alan Christopher Redmond.

29.     All contracts between you and any of your relatives, former spouses, or insiders.

30.     All contracts between you and any current or former joint account holder, including Gaia Gebbia.

31.     All contracts between you and any of the following entities, or between you and any current or former owner, or current or former member, of the following entities:

     a.   Alan Redmond Charitable Foundation

     b.   ARC Realty, LLC

     c.   Bene Market, LLC

    d.  Benefits Now, LLC

    e.  The Leads House, LLC

    f.  National Brokers of America, Inc.

    g.  NextGen Leads, LLC

    h.  Phase 1 Technology, LLC

    i.  Q H Quick Health

    j.  The Redmond Group, LLC

    k.  Redmond Group Investments, LLC

    l.  Redmond Holdings, Inc.

    m.  Redmond Holdings 2, Inc.

    n.  Redmond Holdings, LLC

    o.  Redmond Investments, LLC

    p.  Redmond Marketing, LLC

    q.  Saoirse, LLC

    r.  Saoirse Enterprise, LLC

    s.  Saoirse Holdings, Inc.

    t.  Seguro Medico, LLC

    u.  U.S. Consolidation

    v.  U.S. Trifecta Limited Liability Company

32.    All federal income tax returns, with all schedules, filed for all business entities in which you currently or previously had a relationship of any kind, including (but not limited to) the following:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

     j.  NextGen Leads, LLC

     k.  Phase 1 Technology, LLC

     l.  Q H Quick Health

     m.  The Redmond Group, LLC

     n.  Redmond Group Investments, LLC

     o.  Redmond Holdings, Inc.

     p.  Redmond Holdings 2, Inc.

     q.  Redmond Holdings, LLC

     r.  Redmond Investments, LLC

     s.  Redmond Marketing, LLC

     t.  Saoirse, LLC

     u.  Saoirse, LLP

     v.  Saoirse Enterprise, LLC

     w.  Saoirse Holdings, Inc.

     x.  Seguro Medico, LLC

     y.  The Turner House of Reading, LLC

     z.  Two High Properties, LLC

     aa.  U.S. Consolidation

     bb.  U.S. Trifecta Limited Liability Company

33.    All contracts between you and each and every one of the following persons:

     a.  Teresa Ammon

     b.  Heather Briscoe

     c.  Lindsey K. Briscoe

     d.  Katherine Downing

     e.  Stephanie Miller

     f.  Gaia Gebbia

     g.  Seni Sok

     h.  Arthur W. Walsh, Jr.

     i.  Norman M. Valz

34.    All contracts in your possession, or control, where any of the following persons are a party (even if you are not a party):

    a.   Teresa Ammon

    b.   Heather Briscoe

    c.   Lindsey K. Briscoe

    d.   Katherine Downing

    e.   Stephanie Miller

    f.   Gaia Gebbia

    g.   Seni Sok

    h.   Arthur W. Walsh, Jr.

    i.   Norman M. Valz

35.    All contracts between you and NP, Inc. and with any owner or inside of NP, Inc.

36.    All applications for a mortgage, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to NP, Inc. or any of its managers, servicers, affiliates, or subsidiaries.

37.    All contracts between you and each of your creditors.

38.    All applications for loans, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to World Business Lenders, LLC and its affiliates or subsidiaries, including WBL SPO I, LLC and WBL SPO II, LLC.

39.    All trust agreements, or trust indentures, in which you are a trustee or a beneficiary.

40.    All trust agreements, or trust indentures, in which any of your relatives are a trustee or a beneficiary.

41.    All organizational documents, bylaws and operating agreements for any business entity (or nonprofit entity) in which you have an ownership interest, membership interest, managerial authority, or control, or which you filed with a government agency on behalf of another person.

42.    All written contracts in which you were a party in your personal capacity and which you signed at any time during the past 10 years, including bank service agreements, accounting services, employment contracts, promissory notes, mortgages, escrow, brokerage, personal guarantees, suretyship agreements, and attorney-client agreements.

43.    Your written budget for personal and household expenses.

44.    All Uniform Commercial Code filings, in any jurisdiction, which list you as a creditor or debtor.

45.    Certificates of title in your name as to any motor vehicle, mobile home, aircraft, or

watercraft.

46.     Documents evidencing your title in personal property acquired prior to your marriage to Alan Christopher Redmond and which is valued in excess of $1,000.00.

47.     All contracts between you and any of the following persons:

      a.  Rosewood Custom Cabinetry, LLC

      b.  Stone Arch Associates, LLC

      c.  Willow Tree Remodeling, LLC

      d.  Any creditor of each of the foregoing persons.

**DEFINITIONS**:

"Account," in addition to its ordinary meaning, includes brokerage, business, nonprofit, investment, and personal banking.

"Contracts," in addition to its ordinary meaning, includes those that expired.

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond
_____
Debtor

Case No. 24-13093

*(Complete if issued in an adversary proceeding)*

Chapter 11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Stephanie Miller
_____
*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 7, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*Joel A. Ready*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Jason Scott Jordan , who issues or requests this subpoena, are:
Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　(i) is a party or a party's officer; or
　　(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
　(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

　*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
　*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
　*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　(i) fails to allow a reasonable time to comply;
　　(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　(iv) subjects a person to undue burden.
　*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　(i) disclosing a trade secret or other confidential research, development, or commercial information; or

　　(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
　*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　(i) expressly make the claim; and
　　(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      All of your federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing.

2.      Your most recent curriculum vitae or professional resume.

3.      All organizational documents that you have filed with a government entity at the request of Alan Christopher Redmond or Shannon Kroemmelbein (a/k/a Shannon Redmond), or at the request of any entity associated with either of them.

4.      All contracts where you are a party together with any of the following persons:

      a.  Alan Christopher Redmond

      b.  Any insider, relative, or former spouse of Alan Christopher Redmond

      c.  Shannon Kroemmelbein

      d.  Any insider, relative, or former spouse of Shannon Kroemmelbein

      e.  Any creditor of Alan Christopher Redmond

      f.  Any creditor of Shannon Kroemmelbein

      g.  Teresa Ammon

      h.  Heather Briscoe

      i.  Lindsey K. Briscoe

      j.  Katherine Downing

      k.  Gaia Gebbia

      l.  Seni Sok

      m.  Arthur W. Walsh, Jr.

      n.  Norman M. Valz

      o.  Any entity having a relationship of any kind with any of the foregoing persons.

5.      All federal income tax returns, with all schedules, that you prepared for any legal entity at the request of Alan Christopher Redmond, including the following:

      a.  ABN Health

      b.  ABN Network, LLC

      c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa.  U.S. Consolidation

    bb.  U.S. Trifecta Limited Liability Company

6.    All federal income tax returns, with all schedules, that you prepared for any legal entity at the request of Shannon Kroemmelbein (a/k/a Shannon Redmond).

7.    All federal income tax returns, with all schedules, that you prepared for any legal entity at the request of any agent or attorney of Alan Christopher Redmond or of Shannon Kroemmelbein (a/k/a Shannon Redmond).

8.    All general ledgers and books of account from the years 2014 through the present as

applied to each of the following:

     a.  ABN Health

     b.  ABN Network, LLC

     c.  Alan Redmond Charitable Foundation

     d.  ARC Realty, LLC

     e.  ARC Realty 1, LLC

     f.  Bene Market, LLC

     g.  Benefits Now, LLC

     h.  The Leads House, LLC

     i.  National Brokers of America, Inc.

     j.  NextGen Leads, LLC

     k.  Phase 1 Technology, LLC

     l.  Q H Quick Health

     m.  The Redmond Group, LLC

     n.  Redmond Group Investments, LLC

     o.  Redmond Holdings, Inc.

     p.  Redmond Holdings 2, Inc.

     q.  Redmond Holdings, LLC

     r.  Redmond Investments, LLC

     s.  Redmond Marketing, LLC

     t.  Saoirse, LLC

     u.  Saoirse, LLP

     v.  Saoirse Enterprise, LLC

     w.  Saoirse Holdings, Inc.

     x.  Seguro Medico, LLC

     y.  The Turner House of Reading, LLC

     z.  Two High Properties, LLC

     aa.  U.S. Consolidation

     bb.  U.S. Trifecta Limited Liability Company

9.     All general ledgers and books of account maintained for any legal entity that has a

relationship with Alan Christopher Redmond or Shannon Kroemmelbein (a/k/a Shannon

Redmond).

10.     All documents evidencing ownership of assets submitted to you by Alan Christopher Redmond.

11.     All documents evidencing ownership of assets submitted to you by Shannon Kroemmelbein (a/k/a Shannon Redmond).

12.     All documents evidencing transfer of assets of Alan Christopher Redmond.

13.     All documents evidencing transfer of assets of Shannon Kroemmelbein (a/k/a Shannon Redmond).

14.     All contracts you signed with any insurance carrier on behalf of, at the request of, or for the benefit of any of the following persons:

     a.  ABN Health

     b.  ABN Network, LLC

     c.  Alan Redmond Charitable Foundation

     d.  ARC Realty, LLC

     e.  ARC Realty 1, LLC

     f.  Bene Market, LLC

     g.  Benefits Now, LLC

     h.  The Leads House, LLC

     i.  National Brokers of America, Inc.

     j.  NextGen Leads, LLC

     k.  Phase 1 Technology, LLC

     l.  Q H Quick Health

     m.  The Redmond Group, LLC

     n.  Redmond Group Investments, LLC

     o.  Redmond Holdings, Inc.

     p.  Redmond Holdings 2, Inc.

     q.  Redmond Holdings, LLC

     r.  Redmond Investments, LLC

     s.  Redmond Marketing, LLC

     t.  Saoirse, LLC

     u.  Saoirse, LLP

Page **4** of **5**

    v.   Saoirse Enterprise, LLC

    w.   Saoirse Holdings, Inc.

    x.   Seguro Medico, LLC

    y.   The Turner House of Reading, LLC

    z.   Two High Properties, LLC

    aa.  U.S. Consolidation

    bb.  U.S. Trifecta Limited Liability Company

15.    All contracts you signed with any insurance carrier and at the request of or for the benefit of Alan Christopher Redmond.

16.    All contracts you signed with any insurance carrier and at the request of or for the benefit of Shannon Kroemmelbein.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

Page **5** of **5**

# Exhibit C

# Exhibit C

1

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

)
IN RE:                              )  24-13093-pmm
                                    )
ALAN CHRISTOPHER REDMOND,           )  Reading, PA
                                    )  October 1, 2024
              Debtor.               )  10:02 AM

TRANSCRIPT OF EXPEDITED MOTION TO DISMISS
BEFORE THE HONORABLE PATRICIA M. MAYER
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Debtor:              ALBERT A. CIARDI III, ESQ.
                             NICOLE M. NIGRELLI, ESQ.
                             CIARDI CIARDI & ASTIN
                             1905 Spruce Street
                             Philadelphia, PA 19103

For the Petitioning          JOEL A. READY, ESQ.
Creditors:                   BENJMAIN J. LEWIS, ESQ.
                             CORNERSTONE LAW FIRM
                             519 Walnut Street
                             Reading, PA 19601

For C. Malcolm Smith III     BRANDON D. PACK, ESQ.
and C. Malcolm Smith &       BARLEY SNYDER
Company, P.C.                2755 Century Boulevard
                             Wyomissing, PA 19610

For the Internal Revenue     ANTHONY ST. JOSEPH, ESQ.
Service:                     Assistant United States Attorney
                             UNITED STATES ATTORNEY'S OFFICE
                             615 Chestnut Street, Suite 1250
                             Philadelphia, PA 19106

ECR OPERATOR:                KEITH R. BORZILLO

Proceedings recorded by electronic sound recording.

Michael Drake, CET**D-513
eScribers
7227 North 16th Street
Suite #207
Phoenix, AZ 85020
(800) 257-0885

**eScribers, LLC**

2

I N D E X

| WITNESSES: | VOIR DIRE DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| For the Debtor:<br>Khody Detwiler | 20 | 47 | 52 | |
| For the Debtor:<br>Jason Scott Jordan | 220 | | | |
| For the Petitioning Creditors:<br>Alan Christopher Redmond | 60 | 175 | 204 | |

| EXHIBITS: | Offered | Received |
|---|---|---|
| Exhibit 19 | 157 | 162 |
| Exhibit 20 | 157 | 162 |
| Exhibit 21 | 157 | 162 |
| Exhibit 22 | 161 | 162 |
| Exhibit 51 | 157 | 162 |
| Exhibit 52 | 157 | 162 |
| Exhibit 53 | 157 | 162 |
| Exhibit 54 | 157 | 162 |
| Exhibit 77 | 160 | 162 |
| Exhibit 78 | 160 | 162 |
| Exhibit 79 | 160 | 162 |
| Exhibit 80 | 160 | 162 |
| Exhibit 81 | 161 | 162 |

213

A    That -- that's -- that's who it was.  Yes, sir.  Thank you.

Q    Norman Valz helped you organize the Redmond Charitable Foundation, correct?

A    He did.

Q    And he helped you organize Arc Realty, correct?

A    He started to organize -- he started to organize Arc Realty or help us get reorganized, after he -- he started working with me directly, yes.

Q    And he's the one that told you to put it as a tenancy by the entirety, correct?

A    Correct.

Q    Okay.  Number 7 says, identify all of your real properties you have conveyed, including the grantee.  You object, and then you answer, none.  Did I read that correctly?

A    You did.

Q    And you had, at this point, conveyed your interest in Arc Realty from yourself to yourself and Shannon Kroemmelbein, correct?

A    Not to play dumb, but I -- can you explain "conveyed" and "including the grantee"?  And then I can tell you if I've answered the question incorrectly.

Q    Sure, sure.  This was March of this year.

A    Um-hum.

A    When did you change the ownership structure of Arc realty

214

to be a tenancy by the entirety?

A    I believe -- I believe that was at the beginning of 2021.

Q    Okay.  And Mr. Valz is the one who assisted you with that, correct?

A    Correct.

Q    Same attorney who helped you answer this question saying, none, correct?

A    Correct.

Q    Okay.  Number 14, identify all your sources of income, including self-employment and rental income.  What's your understanding of the term "sources of income"?

A    Any income that goes -- flows into -- to Alan Redmond or -- or his bank account.

Q    Okay.  So we asked for sources of income, and you responded, "Consulting income, rental income".  Did you believe that was a full and complete answer to this question?

A    Yeah.  It's a -- you're -- you're asking to identify where it's coming from.  And I'm receiving -- I was receiving consulting income and rental income.

Q    From where, Mr. Redmond?

A    The consulting income was coming from Seguro, and the rental income was coming from 2005 Regency Drive.

Q    And it would be fair to say that those would be the sources of that income, correct?

A    Yeah.