**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: | § |
| | §   Chapter 11 |
| Alan Christopher Redmond | § |
| | §   Case No.  24-13093 (PMM) |
| Debtor. | § |
| | §   **Related Docket No. 155** |
| | §   **Objection Deadline: January 28, 2025** |
| | § |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
JASON SCOTT JORDAN AND CORNERSTONE LAW FIRM, LLC'S
EXPEDITED MOTION TO COMPEL THE ASSISTANT U.S. TRUSTEE TO
APPOINT A CREDITORS' COMMITTEE AND FOR OTHER RELIEF**

Andrew R. Vara, the United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (this "Objection") to *Jason Scott Jordan and Cornerstone Law Firm, LLC's Expedited Motion to Compel the Assistant U.S. Trustee to Appoint a Creditors' Committee and for Other Relief* (Bankr. Doc. No. 155) (the "Committee Appointment Motion").  In support of this Objection, the U.S. Trustee states as follows:

**PRELIMINARY STATEMENT**

1. Through the Committee Appointment Motion, movants request that the Court form an official committee of unsecured creditors pursuant to Bankruptcy Code section 1102(a)(1).  The Bankruptcy Code, however, provides for no such remedy, as the U.S. Trustee has the sole authority to appoint a committee under Bankruptcy Code section 1102(a)(1).  The Bankruptcy Code provides differing and specifically delineated responsibilities to the U.S. Trustee and the Court with respect to appointment of an official committee of unsecured creditors.  Bankruptcy Code

section 1102(a)(1) relieves the Court from the administrative burden of committee appointment thereunder and tasks solely the U.S. Trustee with formation of the unsecured creditor committee.

2.      In executing his responsibilities regarding committee formation, the U.S. Trustee solicited creditors in this bankruptcy case for interest in serving on the committee.  The U.S. Trustee received only two responses.  Joel A. Ready, Esquire ("Attorney Ready") prepared, executed, and submitted questionnaires for James Scott Jordan ("Jordan") and Cornerstone Law Firm, LLC ("Cornerstone").   Although Attorney Ready has not filed the verified statement required by Bankruptcy Rule 2019, he represents, at minimum, Jordan and Cornerstone in this chapter 11 case.[1]

3.      Appointing a committee of the sole responding creditors would create effectively a committee of one.  Attorney Ready and Cornerstone are duty bound to act consistent with the wishes of their client Jordan.  A committee consisting of solely Cornerstone and Jordan would require either that (i) Cornerstone abdicate decision making to Jordan and rubber stamp all his decisions or (ii) exercise independent judgment that may be contrary to Jordan, thereby placing Attorney Ready and Cornerstone in the untenable position of compromising either (i) the fiduciary duties a committee owes to the unsecured body *in toto* or (ii) those owed to their client Jordan.

---

[1] The failure to comply with Bankruptcy Rule 2019 forms the basis for the relief requested in the *Motion of the United States Trustee for Entry of an Order Determining Counsel has Failed to Comply with Bankruptcy Rule 2019(b) and Imposing Remedies Pursuant to Bankruptcy Rule 2019(e)* (Bankr. Doc. No. 167).

2

4.      Movants request that this Court displace the U.S. Trustee from the role specifically provided to him by the Bankruptcy Code, which tasks him with committee formation under Bankruptcy Code section 1102(a)(1), and to do so to form a committee of in effect one.  A committee of one simply is not a committee within the meaning of Bankruptcy Code section 1102, which requires multiple independent members represent the differing interests and perspectives of the entire unsecured creditor body, a purpose that cannot be fulfilled by a single voice.  The Committee Appointment Motion therefore must be denied.

**JURISDICTION**

5.      Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

6.      Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.),* 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

7.     In carrying out its oversight function the U.S. Trustee is specifically tasked with "monitoring creditors' committees appointed under" the Bankruptcy Code and carrying out the duties Congress conferred upon the U.S. Trustee in the Code.  28 U.S.C. § 586(a)(3)(E).  Among those statutory duties are the administrative functions of appointing such committees of creditors "as the United States trustee deems appropriate" and selecting the members to serve on those committees. 11 U.S.C. § 1102.

8.     Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on the Committee Appointment Motion.  *Id.*

9.     The U.S. Trustee consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

**<u>BACKGROUND FACTS</u>**

10.     On September 3, 2024, a Chapter 11 Involuntary Petitition (Bankr. Doc. No. 1) (the "<u>Petition</u>") was filed against Alan Christopher Redmond (the "<u>Debtor</u>") by Attorney Ready on behalf of petitioning creditors Jordan, Cornerstone, and Ethan Shalter ("<u>Shalter</u>").

11.     On October 2, 2024, an Order for Relief was entered (Bankr. Doc. No. 92).  Since that date, the Debtor has acted as a debtor in possession of his assets and has operated as a debtor-in-possession pursuant to sections 1107 and 1108 of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "<u>Bankruptcy Code</u>").

12. On November 8, 2024, the Debtor filed an *Amended List of Creditors Holding the 20 Largest Unsecured Claims* (Bankr. Doc. No. 109) (the "Top 20 List"), *Amended Summary of Assets and Liabilities* (Bankr. Doc. No. 110), *Amended Schedules* (Bankr. Doc. No. 111-118), and *Amended Statement of Financial Affairs* (Bankr. Doc. No. 119).

13. On November 12, 2024, the U.S. Trustee posted the solicitation of interest for serving on an official committee of unsecured creditors (the "Committee Solicitation"), with completed questionnaires ("Responses") due by November 19, 2024. The U.S. Trustee also served the Committee Solicitation upon each creditor listed on the Top 20 List.

14. On November 21, 2024, Attorney Ready submitted a Response on behalf of Jordan, which was completed, executed, and submitted by Attorney Ready.

15. On November 21, 2024, Attorney Ready also submitted a Response on behalf of Cornerstone, which also was completed, executed, and submitted by Attorney Ready

16. To date, the U.S. Trustee has not received any other Response.

17. Attorney Ready represents Cornerstone and Jordan in this bankruptcy case and therefore owes them the fiduciary duties attendant to the attorney-client relationship.

18. Attorney Ready and Cornerstone represent Jordan in the underlying litigation that forms the basis for his claim, and therefore both have fiduciary obligations to Jordan.

19.    On December 16, 2024, the U.S. Trustee filed the *Statement That Unsecured Creditors Committee Has Not Been Appointed* (Bankr. Doc. No. 142), noting the "Insufficient response to the United States Trustee communication/contact for service on the committee."

20.    On December 20, 2024, Attorney Ready filed the Committee Appointment Motion on behalf of Cornerstone and Jordan.

## OBJECTION

### A. The U.S. Trustee Has the Sole Authority to Appoint a Committee Under Bankruptcy Code Section 1102(a)(1)

21.    Bankruptcy Code section 1102(a) governs the formation, appointment, and modification of official committees.  It provides under what circumstances the Court and U.S. Trustee may act and under what standards they may act.   Congress provided the Court and the U.S. Trustee important, but divergent, authority with respect to committees in chapter 11.

22.    Section 1102(a)(1) provides that the U.S. Trustee "shall appoint" a committee of creditors holding unsecured claims (if there are creditors willing to serve) "as soon as practicable after the order for relief[.]" 11 U.S.C. § 1102(a)(1).  The U.S. Trustee therefore must appoint a committee of unsecured creditors unless, as is the case here, such a committee cannot be appointed because of lack of interest of eligible and suitable candidates.

23.    The U.S. Trustee also monitors committee membership and modifies their composition, as appropriate.   11 U.S.C. § 1102(a)(1) and (2).  The U.S. Trustee

is also authorized to appoint multiple committees as he or she "deems appropriate."
11 U.S.C. § 1102(a)(1).

24.    The Court has a differing and specifically delineated role and
responsibilities.  *See* 11 U.S.C. § 1102(a)(1)-(4).

25.    The differing roles for the Courts and the U.S. Trustee in matters under
Bankruptcy Code section 1102 are no accident.  Part of the impetus for the
comprehensive revamping of the bankruptcy system in the 1986 amendments was
Congress's desire to bifurcate judicial from administrative functions and screen
courts from administrative functions that could raise conflict of interest issues.  *See
In re Victory Markets, Inc.,* 196 B.R. 1, 3-4 (Bankr. N.D.N.Y. 1995); *see also In re
ShoreBank Corp.*, 467 B.R. 156, 160 (Bankr. N.D. Ill. 2012) (discussing the historical
development of the role of bankruptcy courts and U.S. Trustees regarding committee
membership).[2]

> After the adoption of the Code in 1978, Congress recognized that requiring
> courts to appoint creditors' committees was an administrative burden which
> should be shifted entirely to the U.S. Trustee. It also became apparent that by
> shifting the responsibility of appointing creditors' committees to the U.S.
> Trustee, Congress could avoid any questions as to the court's neutrality in the
> bankruptcy process when deciding disputes between its hand-picked
> committee and other parties in interest.

*Victory Markets*, 196 B.R. at 3-4 (citations omitted)

---

[2] The 1986 amendments established the United States Trustee system on a
permanent, nationwide basis (except for North Carolina and Alabama). The U.S.
Trustee program was originally established as a pilot program in the 1978
legislation.

26. Between 1978 and 1986, the power to appoint and modify a committee rested with the bankruptcy courts (except in those districts participating in the U.S. Trustee pilot program). *Victory Markets, Inc.,* 196 B.R. at 3. But the 1986 amendments withdrew the authority of bankruptcy courts (in districts other than those in North Carolina and Alabama) to appoint or modify committees and vested that authority in the U.S. Trustee:

> [T]he 1986 Act repealed Code § 1102(c) which had expressly granted courts the authority to add to and delete from the creditors' committee. The U.S. Trustee, pursuant to the 1986 Act, was endowed with the authority to appoint a creditors committee and the courts were relieved of their authority to affect the composition of the same upon a finding of inadequate representation.

*Id.* at 4 (citation omitted).

27. Bankruptcy Code section 1102(a)(4), added in 2005 as part of BAPCPA, granted courts express authority for the first time since 1986 to review committee membership and order its modification. But the scope of a court's authority is not unfettered. A court is confined to determining whether an appointed committee is adequately representative, not to appointing the committee in the first instance. 11 U.S.C. § 1102(a)(4). If a court finds the committee not adequately representative, it makes factual findings about the representation needed but does not appoint a member or direct the appointment of any particular creditor.

28. The appointment of a committee under Bankruptcy Code section 1102(a)(1) is a time-consuming administrative role Congress expressly reserved for the U.S. Trustee. Any order by the Court requiring appointment under section 1102(a)(1) would conflate the relative roles and responsibilities given by Congress to

8

the U.S. Trustee and the Court and "would encourage parties to move for the Court's intervention whenever any action by the UST was less than perfectly satisfactory to them; would render the UST largely superfluous; and would frustrate Congressional intention to relieve the Courts themselves of administrative duties." *In re Vance*, 120 B.R. 181, 195 (Bankr. N.D. Okla. 1990).

### B. The U.S. Trustee's Determination Must Be Upheld Even Under an <u>Abuse of Discretion Standard</u>

29. In the Committee Appointment Motion, the movants argue that the U.S. Trustee's determination that a committee cannot be formed is subject to review under the "abuse of discretion" standard. Assuming, *arguendo*, that review is appropriate (which, for the reasons stated *supra*, it is not) under an abuse of discretion standard, the U.S. Trustee's decision not to appoint must be upheld.

30. Through their attorney-client relationship, Attorney Ready and Cornerstone both owe fiduciary duties to Jordan, including a duty of loyalty. *See, e.g.,* Pennsylvania Rules of Professional Conduct ("<u>PRPC</u>"), 1.7, Comment No. 1 ("Loyalty and independent judgment are essential elements in the lawyer's relationship to a client."); *Maritrans GP, Inc. v. Pepper, Hamilton & Scheetz*, 529 Pa. 241, 253, 602 A.2d 1277, 1283 (1992) ("At common law, an attorney owes a fiduciary duty to his client; such duty demands undivided loyalty and prohibits the attorney from engaging in conflicts of interest, and breach of such duty is actionable."). Moreover, "[a] court may restrain conduct which it feels may develop into a breach of ethics; it

'is not bound to sit back and wait for a probability to ripen into a certainty.'" *United States v. RMI Co.*, 467 F.Supp. 915, 923 (W.D.Pa.1979) (citation omitted).

31. Moreover, it is blackletter bankruptcy law that members of the unsecured creditor committee have a fiduciary duty to represent interests of all unsecured creditors along with a fiduciary obligation prohibiting them from using position to advance own interests, and they can be removed if duty is violated. *See, e.g. In re Grant Broadcasting of Philadelphia, Inc.,* 71 B.R. 655, Bankr. L. Rep. (CCH) ¶ 71744, 1987 Bankr. LEXIS 377 (Bankr. E.D. Pa. 1987); *In re Haskell-Dawes, Inc.,* 188 B.R. 515, 28 Bankr. Ct. Dec. (LRP) 92, 1995 Bankr. LEXIS 1562 (Bankr. E.D. Pa. 1995).

32. The U.S. Trustee received only two responses: (i) a Response from Jordan and (ii) a Response from Cornerstone. Both Responses were completed, executed, and submitted by Attorney Ready. Given Cornerstone and Attorney Ready's fiduciary obligations to Jordan, appointment of the sole responding creditors would create a committee in which Cornerstone and Attorney Ready would face the specter of a conflict between the best interest of the general creditor body and those of their client Jordan, which would leave them in the untenable situation of violating their duties either to the unsecured creditors or to Jordan.

33. Attorney Ready and Cornerstone are duty bound to take actions as directed by and consistent with Jordan and any committee consisting of the sole responding creditors of Jordan and Cornerstone would be effectively a committee of one. It has long been recognized by the Courts, though rarely required to be written

upon, that a single creditor does not a committee make. *See, In re M.H. Corp.*, 30 B.R. 266, 10 Bankr. Ct. Dec. (LRP) 954, 1983 Bankr. LEXIS 6195 (Bankr. S.D. Ohio 1983). Because Jordan and Cornerstone must act as one unified voice and no other creditor submitted a Response, the U.S. Trustee determined that a committee cannot be appointed here. The U.S. Trustee submits that in accordance with the statutory framework discussed *supra*, his determination is not subject to review. Nevertheless, the U.S. Trustee's determination that a committee of one is improper must be upheld even if reviewable under the "abuse of discretion standard" movant argues is applicable.

## CONCLUSION

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court enter an order denying the relief requested in this Committee Appointment Motion.

Dated:  January 8, 2025          Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: */s/Kevin P. Callahan*
Kevin P. Callahan, Trial Attorney
John Schanne, Trial Attorney
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Phone: (215) 597-4411
kevin.p.callahan@usdoj.gov
john.schanne@usdoj.gov