**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**NONPARTY JOEL A. READY'S VERIFIED RESPONSE IN OPPOSITION TO THE
MOTION OF THE UNITED STATES TRUSTEE FOR ENTRY OF AN ORDER
DETERMINING COUNSEL HAS FAILED TO COMPLY WITH BANKRUPTCY RULE
2019(b) AND IMPOSING REMEDIES PURSUANT TO BANKRUPTCY RULE 2019(e)**

Nonparty, Joel A. Ready, Esquire, files this verified response in opposition to the Motion

of the U.S. Trustee at ECF No. 167 (the "Motion"); and submits the following:

**FACTS**

Paragraphs 1 through 9 of the Motion [ECF No. 167] are admitted. Paragraphs 10 through

14, and the Wherefore Clause, of such Motion are denied as legal conclusions. Undersigned

counsel represents to the Court that Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan

Shalter never agreed to form any informal committee or group with each other; they went no

further than giving informed consent to retain undersigned counsel jointly. Undersigned counsel

does not, at this time, represent any other creditor of the Debtor.

Undersigned counsel additionally represents to the Court that Attorneys Schanne and

Callahan never requested a Rule 2019 Verified Statement prior to filing the Motion, despite

undersigned counsel having actually conferred with Attorney Callahan on December 6, 2024 and

exchanged several e-mails with him in connection with the request of Jason Scott Jordan and

Cornerstone Law Firm, LLC to be appointed to an official creditors' committee. Instead, Attorney

Callahan filed this Motion, together with a motion to dismiss, after Jordan and Cornerstone Law

Firm, LLC filed a motion to compel the appointment of an official creditors' committee.

1

On December 13, 2024, a legal assistant for undersigned counsel provided to Attorneys Schanne and Callahan, among other things, complimentary copies of transcripts of the October 1, 2024 and September 28, 2024 hearings before this Court together with all exhibits.

Undersigned counsel certifies to the Court that the foregoing facts are true and correct.

## **ARGUMENT**

No ripe controversy is presented here because Bankruptcy Rule 2019 is applicable at the time a plan of reorganization is submitted and objected to by unofficial committees or groups of creditors. Additionally, as applied to Petitioning Creditors who filed an Involuntary Petition, the filing of such substantially complies with Bankruptcy Rule 2019. But if I'm mistaken on either point, then in the alternative I request the Court set a date certain for compliance to be had without any prejudice to the rights of my clients.

**I.      No Ripe Controversy is Presented Where, as Here, Neither Plan of Reorganization has been Submitted Nor Any Position on the Same Taken.**

"The purpose of Rule 2019 is to ensure that plans of reorganization are negotiated and voted upon by people who are authorized to act on behalf of the real parties in interest." Certain Underwriters of Lloyds v. Future Asbestos Claim Representatives (*In re* Kaiser Aluminum Corp.), 327 B.R. 554, 559 (D. Del. 2005). That conclusion is expressly founded on the operative provisions in Bankruptcy Rule 2019: To "represent" means "to take a position before the court . . . ***regarding a plan's conformation on another's behalf***." Fed. R. Bankr. P. 2019(a)(2) (emphasis added). And if there is a failure to comply, then the Court may invalidate "any authority, acceptance, rejection, or objection that the group, committee, or entity has given, procedure, or received." Fed. R. Bankr. P. 2019(e)(2)(B). These provisions are expressly addressed to a critical stage, namely, a plan of reorganization under Chapter 9 or 11, including whether a creditor objects by and through an informal committee or as a group. Therefore, the U.S. District Court for the District of Delaware

2

agreed that no ripe controversy was presented, "In this case, plans have not yet been conceived," therefore, any applicability of Rule 2019 "is contingent and speculative." <u>Certain Underwriters of Lloyds</u>, 327 B.R. at 558.

Here, no plan of reorganization has been submitted by the Debtor and I have not taken any position before the Court regarding any plan, where none have been submitted at this time. The U.S. Trustee, therefore, misunderstands Rule 2019. In particular, the Trustee overlooks the grammar of multiple postmodification in the definition of "represents." It reads: "'represent' or 'represents' means to take a position before the court or to solicit votes regarding a plan's confirmation on another's behalf." Fed. R. Bankr. P. 2019(a). In this case, however, the *-ing* participle clause ("regarding a plan's confirmation on another's behalf") is nonrestrictive and postmodifies both prepositional phrases, "to take a position before the court" and "to solicit votes." The test for a nonrestrictive clause is mobility, i.e., the ability to move it to the initial position within the complement without altering any meaning. RANDOLPH QUIRK ET AL., A COMPREHENSIVE GRAMMAR OF THE ENGLISH LANGUAGE § 17.34, at 1271 (1985). For instance, "'represent' or 'represents' means**, regarding a plan's confirmation on another's behalf,** to take a position before the court or to solicit votes." In <u>Certain Underwriters of Lloyds</u>, the U.S. District Court for the District of Delaware read Rule 2019 the same way I do. If my interpretation wasn't the intent of the Rules Committee, then it could have inserted a comma to defeat the postmodification (i.e., "to take a position before the court[**,**] or to solicit votes regarding a plan's confirmation on another's behalf."), but the Committee did not.

The definition of "represents" does not apply to any and all times two or more creditors jointly move or apply to the Court for something else. If the U.S. Trustee's interpretation were correct, then a Verified Statement would have to be supplemented under Rule 2019(d) each and

every time two or more creditors jointly applied to the Court for any purpose — an unnecessary drain on resources which also crowds the Court's docket. See Fed. R. Bankr. P. 2019(d). In the event of ambiguity, rules of court "must be construed, administered, and employed by both the court and the parties to secure the just, speedy, and inexpensive determination of every case and proceeding." Fed. R. Bankr. P. 1001(a). The U.S. Trustee's reading of Rule 2019 does not further any of the foregoing purposes, in addition to its grammatical import. Rather, the protections embodied within Rule 2019 are intended for a critical stage — voting on a plan of reorganization.

Consequently, the Court should dismiss the Motion as unripe. However, because the Debtor stated he intends to file a plan of reorganization shortly, I respectfully request the Court decide the Motion on the basis of Part II, infra for the sake of conserving time and preventing repetition of the same objection should a plan of reorganization become submitted.

II.     **The Involuntary Petition Substantially Complies with Bankruptcy Rule 2019, Expressly Confirming the Authority of Undersigned Counsel to Act for the Petitioning Creditors.**

No court in this country has applied Bankruptcy Rule 2019 to the petitioning creditors of an involuntary Chapter 11 petition, jointly represented by the same counsel, and the Court can readily see why: The information required by the Rule is substantially the same disclosed in Official Form 105 and its attachments for the filing of an involuntary petition. Official Form 105, in and of itself, is signed by a creditor and designates the attorney who represents that creditor, thereby achieving the same object as Bankruptcy Rule 2019 of confirming an attorney's authority to act.

In the words of the U.S. Bankruptcy Court for the District of Delaware, "Rule 2019 is not a discovery tool," and such verified statements "are not, and do not substitute for, proof of claims or ballots of creditors who vote on a plan of reorganization." In re ACandS, Inc., 462 B.R. 88, 97 (Bankr. D. Del. 2011). "A 2019 statement is a statement by a lawyer and it says these are the

people I represent in this case. That's it. [It] doesn't give you any information about what evidence the clients have in support of their claims and it doesn't tell you whether the lawyer is ultimately even going to file a claim in the case or is going to file a ballot in the case." Id. Therefore, "It has been recognized that Rule 2019 need not always be strictly applied." Certain Underwriters of Lloyds v. Future Asbestos Claim Representatives (In re Kaiser Aluminum Corp.), 327 B.R. 554, 559 (D. Del. 2005).

Subsection (c)(4) of Rule 2019 requires "a copy of any instrument authorizing the group, committee, or entity to act on behalf of creditors or equity security holders." Fed. R. Bankr. P. 2019(c)(4). Subsection (c)(1)(B) requires that the attorney's verified statement include each creditor represented by that attorney. On September 3, 2024, Jason Scott Jordan, Cornerstone Law Firm, LLC ("CLF"), and Ethan Shalter each signed and filed an Involuntary Petition at ECF No. 1. On Page 5 of the Involuntary Petition, and the Information in Support of Official Form 105, at ECF No. 1, undersigned counsel is listed as the authorized attorney for them. [ECF No. 1, at 5]. Undersigned counsel had preexisting relationships with each of those creditors. Consequently, the Involuntary Petition satisfies the purpose of Rule 2019 of verifying the authority of counsel to act for more than one creditor.

Subsection (c) of Rule 2019 sets forth other required information for disclosure. Each member of the group (assuming hypothetically, there is a group here) must provide "(A) name and address," "(B) the nature and amount of each disclosable economic interest held in relation to the debtor when the group or committee was formed or the entity was employed," and "(C) for each member of a group or committee claiming to represent any entity in addition to its own member . . . the quarter and year in which each disclosable economic interest was acquired—unless it was acquired more than 1 year before the petition was filed." Fed. R. Bank. P. 2019(c)(2).

5

Jordan, CLF, and Shalter have all filed proofs of claim. Their names and addresses, and the amount of their disclosable economic interest, were also provided in the Involuntary Petition at ECF No. 1. In the course of litigating the order for relief, the timing of each claim was disclosed: Jordan and CLF are judgment creditors whose judgments were entered in 2021, more than a year before the Involuntary Petition. Ethan Shalter testified to the Court that his minimum wage and overtime pay claims relate to his employment with Seguro Medico, LLC, which began on April 15, 2024 and ended on July 25, 2024, on the basis that Debtor is a statutory employer. [Tr. 30:19-25 (Sept. 18, 2024); Exhibits at 113 (Shalter Aff. ¶ 4) (Sept. 18, 2024)].

Here, there's no question that undersigned counsel has authority to act for the creditors represented. The U.S. Trustee's demand for repetitive information, previously disclosed to the Court, does not serve any purpose at all, much less the purposes embodied in Bankruptcy Rule 2019. The U.S. Trustee made no attempt here to show how it is prejudiced under Rule 2019, given the filing of the Involuntary Petition and the evidence and testimony the Court received on the order for relief, which evidence was submitted to the U.S. Trustee. The Court should deny this Motion on the basis of substantial compliance.

### III.    The U.S. Trustee's Request for Forfeiture of Rights is Inappropriate.

The U.S. Trustee did not submit a proposed order but asked the Court that "Attorney Ready should be prohibited from being heard or intervening in the Debtor's bankruptcy case until such time as Attorney Ready submits a verified statement under Bankruptcy Rule 2019(b) that includes the information required by Bankruptcy Rule 2019(c) and permanently if Attorney Ready declines to file the verified statement." [ECF No. 167 ¶ 14]. Where, as here, the Involuntary Petition, signed by the creditors, expressly designates undersigned counsel as having authority to act on their behalf in this proceeding, it is manifestly inappropriate to work a forfeiture of rights over a technical matter of supposed noncompliance. While undersigned counsel maintains that Rule 2019 is unripe,

if the Court should disagree, then in the alternative I request a date certain for a Rule 2019 Verified Statement to be filed.

### CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should deny the Motion as unripe or, alternatively, rule that undersigned counsel has substantially complied with Bankruptcy Rule 2019; or, alternatively, the Court should set a date certain for the filing of a Rule 2019 Verified Statement to be filed and without any prejudice to the rights of the clients of undersigned counsel; and such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: January 10, 2025      By:    /s/ Joel A. Ready
                                           Joel A. Ready, Esquire
PA Attorney I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875