## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S RESPONSE TO THE MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE OR CONVERT TO CHAPTER 7 FOR FAILURE TO FILE OPERATING REPORTS AND CROSS-MOTION FOR RELIEF**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter hereby file this response to the Motion of the U.S. Trustee at ECF No. 163 (the "Motion") and further cross-move for relief stated within; and submits the following:

### FACTS

The Debtor filed the monthly operating reports ("MORs") complained of on December 31, 2024. The Court will find that the DIP account as of December 20th has $30.05 in it because this Debtor has substantially transferred all his assets into the name of his wife, Shannon Kroemmelbein. Debtor admitted in the MORs that he hasn't fully paid his child support obligations.

At the time of this submission, it's not clear to Petitioning Creditors if Debtor filed the MOR for the month of December 2024. This, and any other noncompliance with the *United States Trustee's Operating Guidelines*, can be determined by the Court at the forthcoming hearing on February 11, 2025.

### ARGUMENT

Petitioning Creditors respectfully object to any dismissal of this case and we further object, at least for the time being, to any conversion to Chapter 7. The U.S. Trustee seeks to veto the

1

Court's order for relief and overlooks the procedural posture that this is an involuntary Chapter 11 case. This Debtor didn't want to be in Bankruptcy Court to begin with. Thus, any dismissal would only *reward* any misconduct or noncompliance by the Debtor. Where this Debtor has transferred nearly all his assets into the name of his wife, Shannon Kroemmelbein, any action by the Court, which creates the outcome where the Debtor may continue his pattern of paying the creditors he likes and refusing to pay the creditors he dislikes, is clearly not in the best interests of all creditors.

However, while the Debtor has filed the outstanding MORs, we agree there should be a consequence for what the Debtor has done here, particularly where there is a material risk of repetition or noncompliance with other requirements of the *United States Trustee's Operating Guidelines*. Because the Debtor has made himself poor, civil contempt will not serve any purpose. Rather, the Crimes Code directs the bankruptcy courts to make referrals to the United States Attorney in their judicial district for bankruptcy-related criminal offenses. 18 U.S.C. § 158(d). Therefore, the Court can enter an order, compelling the Debtor to comply with the *United States Trustee's Operating Guidelines* or else the Court will make a referral to the United States Attorney in this district for prosecution. It is a criminal offense for a person who "after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a debtor." Id. § 152(9). Additionally, it is an offense if a person, who being a "trustee," "knowingly refuses to permit a reasonable opportunity for the inspection by the United States Trustee of the documents and accounts relating to the affairs of an estate in the person's charge," id. § 154(3). As the Court knows, "a debtor in possession shall have all . . . powers, and shall perform all the functions and duties . . . of a trustee serving in a case under this chapter." 11 U.S.C. § 1107(a).

2

Additionally, under 11 U.S.C. § 105(a), the Court can enter an order, certifying its findings of the Debtor's noncompliance and making reference to the U.S. District Court for the Eastern District of Pennsylvania for an order compelling the Debtor to comply with the *United States Trustee's Operating Guidelines* for so long as he remains a debtor-in-possession. As a result, if the Debtor willfully disobeys the order of the U.S. District Court, then that is punished by way of criminal contempt under 18 U.S.C. § 402 at the investigation and suit of the United States Attorney or by an attorney appointed by the U.S. District Court. Young v. United States ex rel. Vuitton et Fils S.A., 481 U.S. 787, 795-97 & n.7 (1987) (Article III courts can appoint private attorneys to prosecute criminal contempt) (citing with favor Western Fruit Growers, Inc. v. Gotfried, 136 F.2d 98, 100-01 (9th Cir. 1943) (bankruptcy referee may certify findings to the U.S. district court for an order compelling a person to act, or to retain from acting, as a condition precedent for criminal contempt)); see also, Prossser v. Gerber, 777 F.3d 155, 161-62 (3d Cir. 2015) ("A bankruptcy court is a unit of a district court," and the latter is a "court of the United States" under federal law).

## **CONCLUSION**

**WHEREFORE**, based on the foregoing, the Court should enter an order, denying the U.S. Trustee's motion and compelling the Debtor to comply with the requirement of the *United States Trustee's Operating Guidelines* or else he will be referred to the United States Attorney in this district for criminal prosecution, and certifying the Debtor's noncompliance and referring to the U.S. District Court for the Eastern District of Pennsylvania for an order compelling the Debtor to comply with the *United States Trustee's Operating Guidelines* for so long as the Debtor remains a debtor-in-possession or else he will be prosecuted for criminal contempt; and such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

3

**CORNERSTONE LAW FIRM, LLC**

Dated: January 10, 2025          By:     /s/ Joel A. Ready
                                         Joel A. Ready, Esquire
                                         PA Attorney I.D. # 321966
                                         8500 Allentown Pike, Suite 3
                                         Blandon, PA 19510
                                         (610) 926-7875