UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093 pmm |
| Debtor. | : |
| | : |

**RESPONSE OF DEBTOR TO MOTION TO COMPEL
RULE 2004 EXAMINATIONS AND PRODUCTION OF DOCUMENTS
OF DEBTOR, HIS SPOUSE AND ASSOCIATES**

Alan Christopher Redmond, the Debtor and Debtor-in-Possession, by and through his

undersigned counsel, Ciardi Ciardi & Astin, hereby files this objection (the "Objection") to the

Motion of Jason Scott Jordan, Cornerstone Law Firm, LLC and Ethan Shalter to Compel Rule

2004 Examinations and Production of Documents of Debtor, his spouse and associates (the

"Motion to Compel") (DN #183), and respectfully avers as follows:

**FACTUAL BACKGROUND**

1.      On December 13, 2024, Attorney Joel Ready's assistant, William Mulgrew, sent a

letter (the "2004 Letter Request") to counsel seeking Rule 2004 examinations along with

documents of the Debtor, the Debtor's Spouse, Shannon Kroemmelbein, Seguro Medico, LLC,

Arthur W. Walsh, Jr., Norman Valz, Esquire, C. Malcom Smith, III, C. Malcom Smith &

Company, P.C. and Stephanie Miller (the "2004 Requests").

2.      On December 15, 2024, Attorney Ciardi responded to the 2004 Letter Request

and suggested a meet and confer on the discovery requested and indicated that the 2004 Requests

were inappropriate because there were pending matters and discovery should take place under

FRBP 7000 *et al* or, at a minimum, the requests need to be tailored to exclude anything

encompassing the pending litigation (the "Response to 2004 Letter Request").  A true and correct

1

copy of the Response to the 2004 Letter Request is attached hereto and incorporated herein as Exhibit "A."

3.     Specifically, Attorney Ciardi set forth in his Response to 2004 Letter Request the procedural deficiencies with the 2004 Requests including that a) Attorney Ready's client has commenced an adversary proceeding objecting to the Debtor's discharge (Adv. Pro. No. 24-145); b) Attorney Ready's client has sought to remove a proceeding that has been pending in State Court for two (2) years to the Bankruptcy court which asserts two causes of action- Count One for unjust enrichment against all the defendants including the Debtor and Count Two-piercing the corporate veil against Bene Market, LLC (Adv. Pro. 24-145); c) Attorney Ready's client has filed an objection to the exemptions listed on the Debtor's schedules of assets and liabilities (D.N. 126); d)Attorney Ready's client has filed a motion for relief from the stay (D.N. 132). All of these "pieces of litigation" make the 2004 Requests procedurally improper.

4.     On December 18, 2024, Attorney Ciardi and Attorney Ready had a meet and confer *as to the Debtor only.* At the meet and confer, Attorney Ciardi, identified to what aspects of the document requests the Debtor could respond and what aspects were (a) not in the control of the Debtor or (b) involved third parties unknown or known to the Debtor to which the request should be directed, (c) identified entities in which the Debtor had no involvement, and (d) indicated that the requested time frame was excessive. Counsel did not discuss the issue of the pending adversary and contested matters, the list of which has since grown. The discovery requests in the 2004 request are directly related to the contested matters and adversary proceeding and should proceed under the FRBP 7000 rules on discovery. Counsel further made clear that at no point was any attorney client privilege waived.

5. Further, it appears that the Movant continues to (1) use a ten-year time period for certain documents, (2) include entities about which the Debtor has no knowledge or in which the Debtor has no interest, (3) seek documents protected by the attorney client privilege and (4) otherwise seek records that have no purpose in this proceeding.

6. The 2004 Requests include entities owned by third parties, individuals that work for third parties, Debtor's previous counsel, Norman Valz, Esquire, Debtor's accountant, C. Malcom Smith, III and his company, C. Malcom Smith & Company, P.C.[1] It is clear that the 2004 Requests are not limited to entities owned by the Debtor but to entities owned by third parties and other individual and companies who may or may not have received notice. Due process would dictate that those parties receive notice before any of their records are provided.

### THE OBJECTION

7. The 2004 Requests are not proper and the Motion to Compel should be denied

8. Jordan has filed at least four (4) motions and two (2) adversary proceedings raising similar issues to those raised in the Motion to Compel. All of the motions have been opposed by the Debtor. Ironically, the Motion to Compel attempts to incorporate a contested pleading. In particular, the Motion to Compel states "[m]oving creditors incorporate by reference Jordan's Motion to Compel the Debtor to Deliver Property, etc [ECF No. 140] together with all exhibits." Motion to Compel, pg. 3. The moving creditors not only acknowledge one of the contested motions, but also incorporate it in the Motion to Compel as if to say the 2004 is _more_ appropriate now.

9. As this court is aware, the pending proceeding rule requires discovery to be pursued under the Federal Rules of Civil Procedure and not under the liberal provisions of

---

[1] While not included in the 2004 Letter Request, the Motion to Compel also includes Mid Penn Bank.

Bankruptcy Rule 2004. *See, In re Ascentra Holdings, Inc.*, 657 B.R. 339, 361-362 (Bankr. S.D.N.Y. 2023).

10.     Despite the fact that the Response to 2004 Letter Request specifically indicated that the Rule 2004 examination was no longer appropriated and cited the rule, the moving creditors have filed the Motion to Compel seeking this Court to compel the examinations and production of documents under Bankruptcy Rule 2004 and, in some instances, without proper due process.

11.     Accordingly, the Motion to Compel must be denied.  To the extent the moving creditors are seeking discovery, they need to do so under the Federal Rules of Civil Procedure and not under the liberal provisions of Bankruptcy Rule 2004.

WHEREFORE, Alan Christopher Redmond respectfully requests that this court deny the Motion to Compel and grant such other and further relief as is just and proper.

**CIARDI CIARDI & ASTIN**

January 13, 2024

*/s/Nicole M. Nigrelli*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
**Counsel to Debtor, Alan C. Redmond**

4