# Exhibit "A"



**From:** Albert A. Ciardi III <Aciardi@ciardilaw.com>
**Sent:** Sunday, December 15, 2024 9:45 AM
**To:** William Mulgrew <william@cornerstonelaw.us>; Kevin.p.callahan@usdoj.gov; Schanne, John (USTP) <john.schanne@usdoj.gov>; Nicole Nigrelli <nnigrelli@ciardilaw.com>; Daniel Siedman <dSiedman@ciardilaw.com>; Matthew G. Brushwood <mbrushwood@barley.com>; Norman Valz <nvalz@msn.com>; William Rush <wrush@rushlawberks.com>; David P. Heim <dheim@bochettoandlentz.com>
**Cc:** Joel A. Ready, Esq. <joel@cornerstonelaw.us>
**Subject:** RE: Alan C. Redmond Chapter 11 Bankruptcy - Proposed Rule 2004 Examinations and Subpoenas

Counsel

I suggest a meet and confer on your request sometime this week. I am sure you are aware that any matter which is raised in or encompassed by your (a) avoid discharge litigation or (b) your removed litigation must take place under FRBP 7000 et al at the appropriate time in that litigation. At a minimum, you will need to tailor these requests to exclude anything encompassed by the litigation. Further, you have filed a motion for relief and an objection to exemptions. To the extent the discovery is related to those matters, it must take place also under Rule 7000 as set forth in Rule 9014. Finally, my client will not be waiving any attorney client privilege as to communications with

any counsel and I would assume that parties referenced in your letter will also seek a protective order to prevent any disclosure of anything related to "advice" provided by attorneys which is a specific request in your letter. Unless you can advise at the meet and confer the basis for discovery of an attorney's advice to either my client or some other party, your request will need to be further modified.

As set forth above, these comments only address the procedural problems which your 2004 fails to address. There are a multitude of substantive issues which can be addressed once the scope is narrowed. Finally, it should go without saying that the self serving and unsupported allegations you throw around in your letter are denied.

Given the multitude of counsel involved and that it is your request, we will look to your office to take the laboring oar in scheduling a meet and confer. My client reserves all rights, claims and defenses.


Albert A Ciardi III
1905 Spruce Street
Philadelphia PA 19103
215-599 2018 (o)



**From:** William Mulgrew <william@cornerstonelaw.us>
**Sent:** Friday, December 13, 2024 5:56 PM
**To:** Kevin.p.callahan@usdoj.gov; Schanne, John (USTP) <john.schanne@usdoj.gov>; Albert A. Ciardi III <Aciardi@ciardilaw.com>; Nicole Nigrelli <nnigrelli@ciardilaw.com>; Daniel Siedman <dSiedman@ciardilaw.com>; Matthew G. Brushwood <mbrushwood@barley.com>; Norman Valz <nvalz@msn.com>; William Rush <wrush@rushlawberks.com>; David P. Heim <dheim@bochettoandlentz.com>
**Cc:** Joel A. Ready, Esq. <joel@cornerstonelaw.us>
**Subject:** Alan C. Redmond Chapter 11 Bankruptcy - Proposed Rule 2004 Examinations and Subpoenas


Dear Counsel,

On behalf of Attorney Joel Ready for creditors Jason Scott Jordan and Cornerstone Law Firm, LLC, kindly accept the attached letter on requested Bankruptcy Rule 2004 examinations and enclosed, proposed Rule 2004 subpoenas.

Very truly yours,

William Mulgrew
Legal Assistant

CORNERSTONE
LAW FIRM
8500 Allentown Pike, Suite 3
Blandon, PA 19510
Phone: 610-926-7875
Fax: 484-930-0054
CornerstoneLaw.us