**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

## CERTIFICATE OF SERVICE OF SUBPOENAS ON DEBTOR

On January 8, 2025, I electronically served by e-mail the within subpoenas on Attorney

Lindsey E. Snavely, lsnavely@pillaraught.com, being counsel who accepted service for Mid Penn

Bank.

I declare under penalty of perjury under the laws of the United States that the foregoing

information is true and correct.

By: _____

William Mulgrew, Legal Assistant

1

**William Mulgrew**

| | |
|---|---|
| **From:** | Lindsey Snavely <lsnavely@pillaraught.com> |
| **Sent:** | Wednesday, January 8, 2025 7:10 AM |
| **To:** | William Mulgrew |
| **Subject:** | FW: Subpoena Request - In re Alan Christopher Redmond, Case No. 24-13093 |

William,

This Firm represents Mid Penn Bank, and I am in receipt of your email below to Jordan Space.  Please direct all further communications to my attention.

I have authority to accept service of the Subpoena on behalf of the Bank.  Please send to me via email with acceptance of service forms.  Once I have an opportunity to review, I will reach out to Attorney Ready to discuss.

I look forward to working with you.

Best,

Lindsey

**Lindsey E. Snavely**
**PILLAR+AUGHT®**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Mid Penn Bank

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

OR

*Joel A. Ready*
_____
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All your service records, including monthly statements showing deposits and withdrawals, for any and all accounts associated with Alan Christopher Redmond, including where Alan Christopher Redmond was a signatory even if the account was titled in the name of another person.

2.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

3.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

4.      All of your current or former service agreements with any of the following persons:

      a.  ABN Health

      b.  ABN Network, LLC

      c.  Alan Redmond Charitable Foundation

      d.  ARC Realty, LLC

      e.  ARC Realty 1, LLC

      f.  Bene Market, LLC

      g.  Benefits Now, LLC

      h.  The Leads House, LLC

      i.  National Brokers of America, Inc.

      j.  NextGen Leads, LLC

      k.  Phase 1 Technology, LLC

      l.  Q H Quick Health

      m.  The Redmond Group, LLC

      n.  Redmond Group Investments, LLC

      o.  Redmond Holdings, Inc.

      p.  Redmond Holdings 2, Inc.

      q.  Redmond Holdings, LLC

      r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa. U.C. Consolidation, Inc.

    bb. U.S. Trifecta Limited Liability Company

5.     All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

    a.  Teresa Ammon

    b.  Heather Briscoe

    c.  Lindsey K. Briscoe

    d.  Katherine Downing

    e.  Gaia Gebbia

    f.  Stephanie Miller

    g.  Seni Sok

    h.  Arthur W. Walsh, Jr.

    i.  Norman M. Valz

6.     All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

    a.  2 High Rd., Wyomissing, PA 19610

    b.  2005 Regency Dr., Reading, PA 19610

    c.  8 Morgan Dr., Sinking Spring, PA 19608

    d.  1198 Reading Blvd., Wyomissing, PA 19610

    e.  4 S. 4th Street, Reading, PA 19606

    f.  485 Knorr Rd., Gettysburg, PA 17325

g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

h.  39 Lancaster Ave., Strasburg, PA 17579

## ADDITIONAL IDENTIFYING INFORMATION

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

## DEFINITIONS:

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.