**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN AND CORNERSTONE LAW FIRM, LLC'S AMENDED MOTION TO COMPEL RULE 2004 PRODUCTION AS TO NONPARTY REGISTERED AGENTS AND STATE DEPARTMENTS**

Creditors, Jason Scott Jordan and Cornerstone Law Firm, LLC, file this Amended Motion to Compel production under Fed. R. Bankr. P. 2004 as to nonparty registered agents and State Departments; and submit the following:

**FACTS**

In Complete Business Solutions Group, Inc. v. Alan Redmond, C.A. No. 220202794 in the Philadelphia County Court of Common Pleas, the plaintiff filed a Verified Complaint that it lent $35,293,618.31 to National Brokers of America, Inc. and Bene Market, LLC and that Debtor personally guaranteed these debts and defaulted on the same. So where did the money go? That's a running theme in this case.

This Debtor has consistently failed to disclose all business entities associated with him, while claiming that entities are "defunct" even though State records show they are active. At Schedule A/B [ECF No. 111, at 4], Question 19 directed Debtor to disclose all non-publicly traded stock and interests in business entities that he has. He omitted the following entities which are listed in "active" status by public records:

| Entity | Jurisdiction | Status |
|---|---|---|
| The Turner House of Reading Limited Liability Company | Pennsylvania File No. 6912108 | Active |
| NextGen Leads, LLC | Delaware File No. 5471889 | Active |

We believe our investigation is going to reveal more. In addition to that, Debtor maintains that he doesn't "own" companies that we believe and maintain he controls, such as Seguro Medico, LLC, ABN Network, LLC, etc. Accordingly, the Debtor has engaged in a persistent pattern of concealment, warranting an investigation whether additional business entities exist which are associated with him.

Appended within Exhibit B to this Motion are subpoenas to produce documents directed at registered agents:

1. A Registered Agent, Inc.,

2. Corporation Trust Company,

3. Harvard Business Services, Inc.,

4. Northwest Registered Agent, LLC, and

5. Paracorp Incorporated,

— which the Debtor has used for incorporating or forming business entities. We additionally direct subpoenas at the Delaware Department of State and Pennsylvania Department of State.

These subpoenas direct the recipient to produce any contracts they have with, or filings submitted by, the Debtor or with persons associated with the Debtor, such as his current and former business partners. The subpoenas additionally request the recipient to produce any contracts or corporate filings associated with addresses that Debtor has used in the past.

The foregoing subpoenas were disclosed to Debtor's counsel and no objection was made at the time. All subpoenas have been or will be served on each entity prior to the hearing on

2

February 11, 2025.

## STANDARD OF REVIEW

"On a party in interest's motion, the court may order the examination of any entity." Fed. R. Bankr. P. 2004(a). The examination may be coupled with a request to produce documents and electronically stored information by subpoena. Fed. R. Bankr. P. 2004(c). The scope of the requests include the debtor's acts, conduct, or property, the debtor's liabilities and financial condition, any matter that many affect the administration of the debtor's estate, the debtor's right to a discharge and, by reason of this case arising in Chapter 11, the operation of nay business and the desirability of its continuing, the source of any money or property the debtor acquired or will acquire for the purpose of consummating a plan and the consideration given or offered, and "any other matter relevant to the case or to formulating a plan." Fed. R. Bankr. P. 2004(b).

## ARGUMENT

### I.     Rule 2004 Production as to Named Entities.

As set forth in our letter in Exhibit A and Jason Scott Jordan's Motion to Compel the Debtor to Deliver Property at ECF No. 140, we maintain that Debtor has purposefully made himself poor by transferring into his wife's name all his assets and business interests and lives out of his wife's bank accounts for his personal expenses, literally. We further maintain that Debtor has not provided accurate information on all his schedules and financial statements at ECF Nos. 108 to 120. Because of the Debtor's repeated inability to truthfully disclose business entities that he owns, controls, or has managerial authority, we're obligated to subpoena nonparty witnesses for the same information. As one court put it, "Examinations under Rule 2004 are allowed for the purpose of discovering assets and unearthing frauds and have been compared to a fishing expedition." *In re* Duratech Indus., 241 B.R. 283, 289 (E.D.N.Y. 1999) (quotations omitted).

This will additionally unveil whether Debtor has fraudulently transferred assets into the

3

name of other persons to avoid his creditors. Here, we have subpoenaed documents from five registered agents and two State departments (Delaware and Pennsylvania). Because of the need to move expeditiously and that Movants are not seeking a Rule 2004 examination, but a production of documents only, we have not undertaken to contact counsel for the foregoing nonparties but will serve this Motion on them together with the subpoena.

**II.     Authorization to Subpoena Additional Registered Agents and Business Formation Service-Providers.**

Moving Creditors additionally ask the Court for authorization to serve subpoenas to produce documents on any additional registered agents and business formation service-providers which are reasonably suspected of having a relationship with the Debtor or with Shannon Kroemmelbein or the associates of either of them. We fully expect to find additional entities, and such authorization will speed up the process of locating the same without having to constantly burden the Court with Rule 2004 motion practice. Any nonparty entities which have an objection will retain the right to object to the extent allowed under Fed. R. Civ. P. 45.

The Court's powers in 11 U.S.C. § 105 are an independent basis to authorize discovery outside of Bankruptcy Rule 2004 and any adversary proceeding. *In re* Summit Corp., 891 F.2d 1, 5 (1st Cir. 1989) (discussing 11 U.S.C. § 105) ("The discovery decree in this case is such an order."); *In re* Ascentra Holdings, Inc., 657 B.R. 339, 354 (Bankr. S.D.N.Y. 2023) (discovery authorization is an "inherent power"). Where, as here, evidence shows that the Debtor has not fully disclosed all business entities in which he has a current or prior ownership, direct or beneficial, within four years prepetition, in violation of Official Form 107, Question 27, and Schedule A/B, Question 19, the Court may grant leave to a moving creditor to conduct discovery for that purpose and relax the strictures of Bankruptcy Rule 2004. Fed. R. Bankr. P. 1001(a) (authority to modify or dispense with rules of procedure "to secure the just, speedy, and inexpensive determination of

4

every case and proceeding."); 9 COLLIER ON BANKRUPTCY ¶ 1001.01[1] (16th ed., 2025 cum supp.)

(Rule 1001 authorizes courts to dispense with "unnecessary formalities."). Where Bankruptcy Rule

2004 contemplates examinations, it is too cumbersome to follow where only documents are sought

and given the material risk that this Debtor may conceal information or transfer assets before the

Court could make a ruling on a Rule 2004 motion.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should grant this Motion and enter the

proposed order, granting the following relief:

(A)      overruling any objections to the Bankruptcy Rule 2004 production of documents as to the

following persons or agencies:

1.      A Registered Agent, Inc.

2.      Corporation Trust Company

3.      Harvard Business Services, Inc.

4.      Northwest Registered Agent, LLC

5.      Paracorp Incorporated

6.      Delaware Department of State

7.      Pennsylvania Department of State

(B)      authorizing Moving Creditors to serve additional subpoenas for documents on the

foregoing persons and on any additional registered agent or business formation services-provider

that may be associated with the Debtor or with Shannon Kroemmelbein and their associates,

provided that nonparties reserve the right to object under Fed. R. Civ. P. 45.

AND any other relief the Court deems necessary, just, and appropriate.

Respectfully submitted,

5

**CORNERSTONE LAW FIRM, LLC**

Dated: January 21, 2025      By:    /s/ Joel A. Ready_____
                                      Joel A. Ready, Esquire
                                      PA Attorney I.D. # 321966
                                      Benjamin J. Lewis, Esquire
                                      PA Attorney I.D. # 313733
                                      8500 Allentown Pike, Suite 3
                                      Blandon, PA 19510
                                      (610) 926-7875