# Exhibit A

# Exhibit A

# CORNERSTONE LAW FIRM LLC

8500 Allentown Pike, Suite 3
Blandon, PA 19510

December 13, 2024

**Kevin P. Callahan, Trial Attorney**
**John Schanne, Trial Attorney**
Office of The United States Trustee
Robert NC Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
Via e-mail: kevin.p.callahan@usdoj.gov and john.schanne@usdoj.gov

**Albert A. Ciardi, III, Esquire**
**Nicole M. Nigrelli, Esquire**
**Daniel S. Siedman, Esquire**
Ciardi Ciardi & Astin
1905 Spruce St.
Philadelphia, PA 19103
Counsel for Debtor
Via e-mail: aciardi@ciardilaw.com, nnigrelli@ciardilaw.com, dsiedman@ciardilaw.com

**Matthew Gregory Brushwood, Esquire**
Barley Snyder
2755 Century Blvd.
Wyomissing, PA 19610
Counsel for C. Malcolm Smith, III
Via e-mail: mbrushwood@barley.com

**Norman M. Valz, Esquire**
441 Irvington Rd.
Drexel Hill, PA 19026
Via e-mail: nvalz@msn.com

**William R. A. Rush, Esquire**
Rush Law Group, LLC
38 N. 6th St.
Reading, PA 19601
Purported counsel for Debtor and Shannon Kroemmelbein
Via wrush@rushlawberks.com

1

**David P. Heim, Esquire**
Bochetto & Lentz, P.C.
1524 Locust Street
Philadelphia, PA 19102
Via e-mail: dheim@bochettoandlentz.com

> Re: **Rule 2004 Productions and Examinations**
> **In re Alan Christopher Redmond, Case No. 24-13093-PMM**
> **U.S. Bankruptcy Court for the Eastern District of Pennsylvania**

Dear Counsel,

On behalf of Jason Scott Jordan and Ethan Shalter, I seek to conduct Bankruptcy Rule 2004 examinations of the persons listed below and productions of documents. Please treat this letter as an attempt to confer under the local rules. All Rule 2004 requests described below are justified where, as here, Debtor purposefully made himself poor in order to avoid paying his debts, where he is systematically failing to disclose all assets that he controls or business entities he is or has been in a relationship with, and where he's maintaining false narratives that his wife, Shannon Kroemmelbein, owns assets or created businesses which, in fact, are owned by or created by Debtor.

## I. Production of Documents.

Enclosed with this letter are proposed Rule 2004 subpoenas on the following persons:

1. Alan Christopher Redmond
2. Shannon Kroemmelbein
3. C. Malcolm Smith, III, individually and as President of C. Malcolm Smith & Company, P.C.
4. Norman M. Valz
5. Seguro Medico, LLC
6. A Registered Agent, Inc.
7. The Corporation Trust Company
8. Paracorp Incorporated
9. Harvard Business Services, Inc.
10. Northwest Registered Agent, LLC
11. Delaware Department of State
12. Pennsylvania Department of State

I intend to begin service of the forgoing beginning on December 18, 2024. Kindly inform me of the specific grounds of your objections, if any.

I have additional subpoenas that I intend to serve but have not yet finalized for your review, including one for Stephanie Miller.

## II. Examination of Persons.

I am available to conduct the proposed Rule 2004 examinations of the persons below in the months of January and February, 2025 and on the dates listed below:

Wednesday, January 8, 2025

Monday, January 13, 2025

Tuesday, January 14, 2025

Wednesday, January 15, 2025

Tuesday, January 28, 2025

Thursday, February 6, 2025

Monday, February 10, 2025

Wednesday, February 12, 2025

If I do not receive a response from you by the close of business, Friday, December 20, 2024, whether your respective clients are willing to consent to the examination and to provide dates and times for their availability to be deposed at my office or at the Berks County Bar Association, then I will proceed to notice your clients on any of the aforementioned dates and, if necessary, seek an order of the Court to compel the same.

Generally, the scope of the examination for each and every person listed below relates to all dealings of any kind with Alan Christopher Redmond ("Redmond" or "Debtor"), Shannon Kroemmelbein ("Kroemmelbein"), and any entity under the ownership or control of either of them or any entity having a relationship of any kind with them and without regard to job title. The scope of the examination is to be viewed broadly in connection with Jordan's contentions: that Redmond transferred property to his wife, and to third parties, for the purpose of making himself poor to hinder and defraud creditors; that Redmond is the actual owner of Seguro Medico, LLC, Benefits Now, LLC, and additional entities that will be discovered and that his job title as "consultant" is a fiction; that all schedules, including amended schedules, filed with the Bankruptcy Court by Redmond are substantially inaccurate or untruthful; and that Redmond persistently lacks the ability to give truthful and accurate testimony and, therefore, written documentation is necessary to corroborate any claim whether a transaction was bona fide. The examination for each person below will include a request for production of documents that includes any business transactions involving Redmond, Kroemmelbein, or any entity under the ownership or control of either of them or which either of them have a relationship of any kind. Additional requests for production of documents are noted with each person listed below.

**(1)     Alan Redmond**— I will need at least an all-day Rule 2004 examination with Mr. Redmond. In addition to the above, the scope of the examination will include as follows: all sources of his income with exactness for the past 10 years; all transfers of property made by him to any person over the course of the past 10 years; all work history of any kind; all businesses in which he has any involvement with whatsoever and regardless of his job title, including all entities listed on the Rule 2004 subpoena; all debts, including debts he personally guaranteed, and the dates and

3

purposes of such debts; the disposition of all assets of and moneys borrowed by Bene Market, LLC, National Brokers of America, Inc., and other entities in which Redmond has a relationship with; the disposition of all moneys borrowed from Complete Business Solutions Group, Inc. d/b/a Par-Funding; the location of all accounts of any kind, including business accounts of third persons in which Redmond has a relationship with of any kind; all accountants used for any purpose, including for the use of third parties in which Redmond has a relationship with of any kind; all answers Redmond provided on any original or amended schedule; all lawyers fees that he is directly or indirectly paying and the purpose of the same; all alimony and child support obligations, including any arrears; all work related history, including Human Relations-related work for Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, and ARC Realty, LLC; identification of all known family members and "insiders" within the meaning of the Bankruptcy Code and their whereabouts; the relationship, contact information, and whereabouts of all current and former joint account holders; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(2)      Shannon Kroemmelbein**— I will need at least an all-day Rule 2004 examination for Ms. Kroemmelbein. In addition to the above, the scope of the examination will include as follows: all sources of her income; all assets purportedly titled in her name, all assets in which she has access or control over and regardless of title; all assets transferred to her, directly or indirectly, by Redmond and the date of the transfer; all assets she had prior to her relationship with Redmond; why she is paying Redmond's personal and business debts; her involvement in Seguro Medico, LLC, Benefits Now, LLC, ARC Realty, LLC, ABN Network, LLC, and any other business entity; all businesses of any kind that she is involved with; the financial practices in her personal life and marriage to Redmond and all commitments on her productive time; and her professional background, training, education, and current and prior work history, including the start date and end date and the reasons for her departure from any prior employment, as well as work conditions; identification of all family members and "insiders" within the meaning of the Bankruptcy Code and their whereabouts; the relationship, contact information, and whereabouts of all current and former joint account holders; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(3)      C. Malcolm Smith**— I will need at least an all-day Rule 2004 examination of Mr. Smith, and such examination will be in his individual capacity and as a corporate representative for C. Malcolm Smith & Company, P.C. In addition to the above, the scope of the examination will include as follows: all accounts maintained on behalf of or having any relationship with Redmond, Kroemmelbein, and any entity that is related to either of them; all income taxes prepared and filed on behalf of Redmond, Kroemmelbein, and any entity that is related to either of them, including any forthcoming 2023 and 2024 tax returns; the location of all accounts maintained by ARC Realty, LLC, Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, any entity listed on the Rule 2004 subpoena, and any entity having a relationship of any kind with Redmond or Kroemmelbein; all assets purportedly titled in Kroemmelbein's name; all assets in which Kroemmelbein has access or control over and regardless of title; all information in his possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all businesses of any kind that Redmond and Kroemmelbein are involved with; the financial practices in her personal life and marriage to

4

Redmond; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(4)    Norman Valz, Esquire**— In addition to the above, the scope of the examination will include as follows: Valz's involvement with Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, Bene Market, LLC, National Brokers of America, Inc., Alan Redmond Charitable Foundation, and any entity having a relationship of any kind with Redmond or Kroemmelbein; and any subject reasonably related to any of the foregoing. The examination will include all acts, assistance, transactional work (including document drafting), and advice rendered to Redmond, Kroemmelbein, or any entity having a relationship with either of them, relative to the transfer of property and the timing and purposes of such transfers; all information in his possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing. Please also note that based on Redmond's testimony on October 1, 2024 and other evidence, we take the position that any claim of attorney-client privilege is waived by reason of the crime-fraud exception, among other grounds.

**(5)    Seguro Medico, LLC**— In addition to the above, the scope of the examination will include as follows: Seguro Medico, LLC's ownership structure, management structure, including identification of all managers, tax structure, capital and debt structure, including identification of all creditors, and employment structure, including identification of all employees; all relationships with any person legally entitled to a share of the revenue or profits of Seguro Medico, LLC, regardless of whether that person's title; the sources of all venture or startup capital; the sources of all insurance commissions of any kind; legal compliance, including federal income tax withholding, minimum wage and overtime pay, and insurance licensure; the nature of Debtor's role and functions performed for Seguro Medico, LLC; all moneys transferred to or from Debtor, his wife, or any third person having a relationship of any kind with either of them; all correspondence, wage payment, and documents relating to Ethan Shalter, including the original copy of the purported release and separation agreement that were submitted to the Bankruptcy Court; all information in the possession or control of Seguro Medico, LLC on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(6)    Arthur W. Walsh, Jr.**— In addition to the above, the scope of the examination will include as follows: his professional background, training, education, and work history; all sources of his income with exactness for the past five years; all transfers of property made by him to any person over the course of the past five years; all work history of any kind; all businesses in which he has any involvement with whatsoever and regardless of his job title, including all entities listed on the Rule 2004 subpoena; all debts, including debts he personally guaranteed, and the dates and purposes of such debts; his role with Seguro Medico; all businesses in which he has a relationship with of any kind; his debts, including all personal guarantees; all information in his possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; his work and licensure in the insurance industry; the scope includes the same matter as Seguro Medico, LLC's examination; all documents

5

produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

**(7)     Stephanie Miller**— In addition to the above, the scope of the examination will include as follows: Her professional background, training, education, and work history; her relationship, compensation, and functions with Bene Market, LLC, National Brokers of America, Inc., Seguro Medico, LLC, Benefits Now, LLC, ABN Network, LLC, and any entity that has a relationship, directly or indirectly, with Redmond, Kroemmelbein, or any of them; all information in her possession or control on the fullest extent of any transfers of property by Redmond, Kroemmelbein, and any third person having a relationship with either of them; all financial books and records in her possession or control relating to Redmond, Kroemmelbein, or any third person having a relationship with either of them; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing.

Sincerely,

By: _____
Joel A. Ready, Esquire

6

# Exhibit B

Exhibit B

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To: A Registered Agent, Inc.

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME Feb. 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

OR

_____          *Joel A. Ready*

*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan          , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

2.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All of your current or former service agreements with any of the following persons, including any reasonable variants in spelling or business designation:

      a.   ABN Health

      b.   ABN Network, LLC

      c.   Alan Redmond Charitable Foundation

      d.   ARC Realty, LLC

      e.   ARC Realty 1, LLC

      f.   Bene Market, LLC

      g.   Benefits Now, LLC

      h.   The Leads House, LLC

      i.   National Brokers of America, Inc.

      j.   NextGen Leads, LLC

      k.   Phase 1 Technology, LLC

      l.   Q H Quick Health

      m.  The Redmond Group, LLC

      n.   Redmond Group Investments, LLC

      o.   Redmond Holdings, Inc.

      p.   Redmond Holdings 2, Inc.

      q.   Redmond Holdings, LLC

      r.   Redmond Investments, LLC

      s.   Redmond Marketing, LLC

      t.   Saoirse, LLC

      u.   Saoirse, LLP

     v.  Saoirse Enterprise, LLC

     w.  Saoirse Holdings, Inc.

     x.  Seguro Medico, LLC

     y.  The Turner House of Reading, LLC

     z.  Two High Properties, LLC

     aa. U.C. Consolidation, Inc.

     bb. U.S. Trifecta Limited Liability Company

4.     All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

     a.  Teresa Ammon

     b.  Heather Briscoe

     c.  Lindsey K. Briscoe

     d.  Katherine Downing

     e.  Gaia Gebbia

     f.  Stephanie Miller

     g.  Seni Sok

     h.  Arthur W. Walsh, Jr.

     i.  Norman M. Valz

5.     All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

     a.  2 High Rd., Wyomissing, PA 19610

     b.  2005 Regency Dr., Reading, PA 19610

     c.  8 Morgan Dr., Sinking Spring, PA 19608

     d.  1198 Reading Blvd., Wyomissing, PA 19610

     e.  4 S. 4th Street, Reading, PA 19606

     f.  485 Knorr Rd., Gettysburg, PA 17325

     g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

     h.  39 Lancaster Ave., Strasburg, PA 17579

**ADDITIONAL IDENTIFYING INFORMATION**

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: The Corporation Trust Company

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

OR

_____                *Joel A. Ready*

*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

     I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

2.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All of your current or former service agreements with any of the following persons, including any reasonable variants in spelling or business designation:

       a.   ABN Health

       b.   ABN Network, LLC

       c.   Alan Redmond Charitable Foundation

       d.   ARC Realty, LLC

       e.   ARC Realty 1, LLC

       f.   Bene Market, LLC

       g.   Benefits Now, LLC

       h.   The Leads House, LLC

       i.   National Brokers of America, Inc.

       j.   NextGen Leads, LLC

       k.   Phase 1 Technology, LLC

       l.   Q H Quick Health

       m.  The Redmond Group, LLC

       n.   Redmond Group Investments, LLC

       o.   Redmond Holdings, Inc.

       p.   Redmond Holdings 2, Inc.

       q.   Redmond Holdings, LLC

       r.   Redmond Investments, LLC

       s.   Redmond Marketing, LLC

       t.   Saoirse, LLC

       u.   Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa. U.C. Consolidation, Inc.

    bb. U.S. Trifecta Limited Liability Company

4.     All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

    a.  Teresa Ammon

    b.  Heather Briscoe

    c.  Lindsey K. Briscoe

    d.  Katherine Downing

    e.  Gaia Gebbia

    f.  Stephanie Miller

    g.  Seni Sok

    h.  Arthur W. Walsh, Jr.

    i.  Norman M. Valz

5.     All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

    a.  2 High Rd., Wyomissing, PA 19610

    b.  2005 Regency Dr., Reading, PA 19610

    c.  8 Morgan Dr., Sinking Spring, PA 19608

    d.  1198 Reading Blvd., Wyomissing, PA 19610

    e.  4 S. 4th Street, Reading, PA 19606

    f.  485 Knorr Rd., Gettysburg, PA 17325

    g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

    h.  39 Lancaster Ave., Strasburg, PA 17579

**ADDITIONAL IDENTIFYING INFORMATION**

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Delaware Department of State, Division of Corporations

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attachment.

| PLACE Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3, Blandon, PA 19510 | DATE AND TIME February 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

OR

_____         *Joel A. Ready*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Jason Scott Jordan , who issues or requests this subpoena, are:
Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      Uncertified copies of all organizational documents, original and amended, and foreign entity registrations for the following entities:

   a.   ABN Health, LLC (File No. 5771015)

   b.   Benefits Now, LLC (File No. 7380842)

   c.   ARC Realty, LLC (File No. 6038602)

   d.   Bene Market, LLC (File No. 6052234)

   e.   Redmond Group Investments, LLC (File No. 4674083)

   f.   Redmond Investments, LLC (File No. 7734915)

   g.   Redmond Holdings, LLC (File No. 5852799)

   h.   Redmond Holdings, Inc. (File No. 6764832)

   i.   Redmond Holdings 2, Inc. (File No. 6764835)

   j.   Seguro Medico, LLC (File No. 7772685)

   k.   Saoirse Corporation (File No. 3453304)

   l.   Saoirse, LLC (File No. 4764976)

   m.   Saoirse Enterprise, LLC (File No. 7816493)

   n.   Saoirse Holdings, Inc. (File No. 4540089)

   o.   NextGen Leads, LLC (File No. 5471889)

   p.   U.C. Consolidation, Inc. (File No. 6356194)

2.      Uncertified copies of all documents filed with you, on behalf of any person, since January 1, 2014 and which were submitted by, signed by, or relate to any of the following individuals:

   a.   Alan Christopher Redmond

   b.   Alan C. Redmond

   c.   Alan Redmond

   d.   A. C. Redmond

   e.   Shannon Kroemmelbein

   f.   Shannon Redmond

   g.   Arthur W. Walsh, Jr.

   h.   Arthur Walsh, Jr.

      i.   Seni Sok

      j.   Theresa Ammon

      k.  Stephanie Miller

      l.   Norman Valz

      m. Norman M. Valz

      n.  Katherine Downing

      o.  Heather Briscoe

      p.  Lindsey K. Briscoe

      q.  Gaia Gebbia

3.      Uncertified copies of all documents filed with you, on behalf of any person, since January 1, 2014 and which were submitted by, signed by, or relate to any filer using any of the following addresses, including any related suite or apartment numbers or variants in ZIP code:

      a.  2 High Rd., Wyomissing, PA 19610

      b.  2005 Regency Dr., Reading, PA 19610

      c.  8 Morgan Dr., Sinking Spring, PA 19608

      d.  1198 Reading Blvd., Wyomissing, PA 19610

      e.  4 S. 4th Street, Reading, PA 19606

      f.   485 Knorr Rd., Gettysburg, PA 17325

      g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

      h.  39 Lancaster Ave., Strasburg, PA 17579

**ADDITIONAL IDENTIFYING INFORMATION**

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

**DEFINITIONS**:

"DOB" means Date of Birth.

"Organizational documents" refer to all documents filed with the Delaware Department of State, Division of Corporations, to create, change proper name, convert, merge, or dissolve a legal entity, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:  Harvard Business Services, Inc.

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| PLACE  Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

_____
*Signature of Clerk or Deputy Clerk*

OR

*Joel A. Ready*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Jason Scott Jordan , who issues or requests this subpoena, are:
   Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

2.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All of your current or former service agreements with any of the following persons:

   a.  ABN Health

   b.  ABN Network, LLC

   c.  Alan Redmond Charitable Foundation

   d.  ARC Realty, LLC

   e.  ARC Realty 1, LLC

   f.  Bene Market, LLC

   g.  Benefits Now, LLC

   h.  The Leads House, LLC

   i.  National Brokers of America, Inc.

   j.  NextGen Leads, LLC

   k.  Q H Quick Health

   l.  Phase 1 Technology, LLC

   m.  The Redmond Group, LLC

   n.  Redmond Group Investments, LLC

   o.  Redmond Holdings, Inc.

   p.  Redmond Holdings 2, Inc.

   q.  Redmond Holdings, LLC

   r.  Redmond Investments, LLC

   s.  Redmond Marketing, LLC

   t.  Saoirse, LLC

   u.  Saoirse, LLP

   v.  Saoirse Enterprise, LLC

    w. Saoirse Holdings, Inc.

    x. Seguro Medico, LLC

    y. The Turner House of Reading, LLC

    z. Two High Properties, LLC

    aa. U.C. Consolidation, Inc.

    bb. U.S. Trifecta Limited Liability Company

4. All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

    a. Teresa Ammon

    b. Heather Briscoe

    c. Lindsey K. Briscoe

    d. Katherine Downing

    e. Gaia Gebbia

    f. Stephanie Miller

    g. Seni Sok

    h. Arthur W. Walsh, Jr.

    i. Norman M. Valz

5. All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

    a. 2 High Rd., Wyomissing, PA 19610

    b. 2005 Regency Dr., Reading, PA 19610

    c. 8 Morgan Dr., Sinking Spring, PA 19608

    d. 1198 Reading Blvd., Wyomissing, PA 19610

    e. 4 S. 4th Street, Reading, PA 19606

    f. 485 Knorr Rd., Gettysburg, PA 17325

    g. 4960 NE 27th Ave., Lighthouse Point, FL 33064

    h. 39 Lancaster Ave., Strasburg, PA 17579

**ADDITIONAL IDENTIFYING INFORMATION**

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:    Northwest Registered Agent, LLC

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| PLACE    Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

OR

_____            *Joel A. Ready*

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
 Jason Scott Jordan    , who issues or requests this subpoena, are:
   Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

2.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All of your current or former service agreements with any of the following persons:

       a.   ABN Health

       b.   ABN Network, LLC

       c.   Alan Redmond Charitable Foundation

       d.   ARC Realty, LLC

       e.   ARC Realty 1, LLC

       f.   Bene Market, LLC

       g.   Benefits Now, LLC

       h.   The Leads House, LLC

       i.   National Brokers of America, Inc.

       j.   NextGen Leads, LLC

       k.   Phase 1 Technology, LLC

       l.   Q H Quick Health

       m.  The Redmond Group, LLC

       n.   Redmond Group Investments, LLC

       o.   Redmond Holdings, Inc.

       p.   Redmond Holdings 2, Inc.

       q.   Redmond Holdings, LLC

       r.   Redmond Investments, LLC

       s.   Redmond Marketing, LLC

       t.   Saoirse, LLC

       u.   Saoirse, LLP

       v.   Saoirse Enterprise, LLC

w.  Saoirse Holdings, Inc.

x.  Seguro Medico, LLC

y.  The Turner House of Reading, LLC

z.  Two High Properties, LLC

aa. U.C. Consolidation, Inc.

bb. U.S. Trifecta Limited Liability Company

4.      All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

a.  Teresa Ammon

b.  Heather Briscoe

c.  Lindsey K. Briscoe

d.  Katherine Downing

e.  Gaia Gebbia

f.  Stephanie Miller

g.  Seni Sok

h.  Arthur W. Walsh, Jr.

i.  Norman M. Valz

5.      All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

a.  2 High Rd., Wyomissing, PA 19610

b.  2005 Regency Dr., Reading, PA 19610

c.  8 Morgan Dr., Sinking Spring, PA 19608

d.  1198 Reading Blvd., Wyomissing, PA 19610

e.  4 S. 4th Street, Reading, PA 19606

f.  485 Knorr Rd., Gettysburg, PA 17325

g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

h.  39 Lancaster Ave., Strasburg, PA 17579

**ADDITIONAL IDENTIFYING INFORMATION**

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

_____

Plaintiff

v.

_____

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To:   Paracorp Incorporated

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

OR

_____         *Joel A. Ready*
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan_____ , who issues or requests this subpoena, are:
  Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____  .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
 (i) is a party or a party's officer; or
 (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
 (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
 *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
 *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information; or

 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
 *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      All of your current or former service agreements with Alan Christopher Redmond or with any legal entity associated with Alan Christopher Redmond.

2.      All of your current or former service agreements with Shannon Kroemmelbein (a/k/a Shannon Redmond) or with any legal entity associated with Shannon Kroemmelbein (a/k/a Shannon Redmond).

3.      All of your current or former service agreements with any of the following persons:

     a.  ABN Health

     b.  ABN Network, LLC

     c.  Alan Redmond Charitable Foundation

     d.  ARC Realty, LLC

     e.  ARC Realty 1, LLC

     f.  Bene Market, LLC

     g.  Benefits Now, LLC

     h.  The Leads House, LLC

     i.  National Brokers of America, Inc.

     j.  NextGen Leads, LLC

     k.  Phase 1 Technology, LLC

     l.  Q H Quick Health

     m.  The Redmond Group, LLC

     n.  Redmond Group Investments, LLC

     o.  Redmond Holdings, Inc.

     p.  Redmond Holdings 2, Inc.

     q.  Redmond Holdings, LLC

     r.  Redmond Investments, LLC

     s.  Redmond Marketing, LLC

     t.  Saoirse, LLC

     u.  Saoirse, LLP

     v.  Saoirse Enterprise, LLC

    w. Saoirse Holdings, Inc.

    x. Seguro Medico, LLC

    y. The Turner House of Reading, LLC

    z. Two High Properties, LLC

    aa. U.C. Consolidation, Inc.

    bb. U.S. Trifecta Limited Liability Company

4.    All of your current or former service agreements with any of the following persons or any legal entity owned by or controlled by the following persons, including reasonable variants in spelling:

    a. Teresa Ammon

    b. Heather Briscoe

    c. Lindsey K. Briscoe

    d. Katherine Downing

    e. Gaia Gebbia

    f. Stephanie Miller

    g. Seni Sok

    h. Arthur W. Walsh, Jr.

    i. Norman M. Valz

5.    All of your current or former service agreements with any person, regardless of the name of the person, that used any of the following addresses for contact purposes, including any related suite or apartment numbers or variants in ZIP code:

    a. 2 High Rd., Wyomissing, PA 19610

    b. 2005 Regency Dr., Reading, PA 19610

    c. 8 Morgan Dr., Sinking Spring, PA 19608

    d. 1198 Reading Blvd., Wyomissing, PA 19610

    e. 4 S. 4th Street, Reading, PA 19606

    f. 485 Knorr Rd., Gettysburg, PA 17325

    g. 4960 NE 27th Ave., Lighthouse Point, FL 33064

    h. 39 Lancaster Ave., Strasburg, PA 17579

**ADDITIONAL IDENTIFYING INFORMATION**

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

**DEFINITIONS**:

"Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"You" means the recipient of this subpoena and all predecessors-in-title.

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Pennsylvania Department of State, Bureau of Corporations and Charitable Organizations

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See attachment.

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3, Blandon, PA 19510 | DATE AND TIME February 10, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/10/2025

CLERK OF COURT

_____          OR      *Joel A. Ready*
Signature of Clerk or Deputy Clerk              *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan_____ , who issues or requests this subpoena, are:
   Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


 I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

### (c) Place of compliance.

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

### (d) Protecting a Person Subject to a Subpoena; Enforcement.

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

### (e) Duties in Responding to a Subpoena.

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**SCHEDULE A**

**DOCUMENTS TO BE PRODUCED**:

1.      Uncertified copies of all documents filed with you, on behalf of any person, since January 1, 2014 and which were submitted by, signed by, or relate to any of the following individuals:

     a.   Alan Christopher Redmond

     b.   Alan C. Redmond

     c.   Alan Redmond

     d.   A. C. Redmond

     e.   Shannon Kroemmelbein

     f.   Shannon Redmond

     g.   Arthur W. Walsh, Jr.

     h.   Arthur Walsh, Jr.

     i.   Seni Sok

     j.   Theresa Ammon

     k.   Stephanie Miller

     l.   Norman Valz

     m.   Norman M. Valz

     n.   Katherine Downing

     o.   Heather Briscoe

     p.   Lindsey K. Briscoe

     q.   Gaia Gebbia

2.      Uncertified copies of all documents filed with you, on behalf of any person, since January 1, 2014 and which were submitted by, signed by, or relate to any filer using any of the following addresses:

     a.   2 High Rd., Wyomissing, PA 19610

     b.   2005 Regency Dr., Reading, PA 19610

     c.   8 Morgan Dr., Sinking Spring, PA 19608

     d.   1198 Reading Blvd., Wyomissing, PA 19610

     e.   4 S. 4th Street, Reading, PA 19606

     f.   485 Knorr Rd., Gettysburg, PA 17325

g.  4960 NE 27th Ave., Lighthouse Point, FL 33064

h.  39 Lancaster Ave., Strasburg, PA 17579

## ADDITIONAL IDENTIFYING INFORMATION

Alan Christopher Redmond currently resides at 2 High Rd., Wyomissing, PA 19610. His date of birth is Oct. 1, 1982.

Shannon Kroemmelbein is married to Alan Christopher Redmond and currently resides at 2 High Rd., Wyomissing, PA 19610.

Other addresses associated with Alan Christopher Redmond and Shannon Kroemmelbein:

- 2005 Regency Dr., Reading, PA 19610
- 8 Morgan Dr., Sinking Spring, PA 19608
- 1198 Reading Blvd, Wyomissing, PA 19610

Stephanie Miller's middle-name is Farris, and she resides at 485 Knorr Rd., Gettysburg, PA 17325.

## DEFINITIONS:

"DOB" means Date of Birth.

"Organizational documents" refer to all documents filed with the Delaware Department of State, Division of Corporations, to create, change proper name, convert, merge, or dissolve a legal entity, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.