## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093(PMM) |
| | : |
| Debtor. | : |
| | : |

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §1125, FEDERAL RULES OF
BANKRUPTCY PROCEDURE 3016, 3017, AND LOCAL RULE 3016-1
FOR: (I) APPROVAL OF DISCLOSURE STATEMENT RELATED TO PLAN OF
REORGANIZATION PROPOSED BY THE DEBTOR, AND (II) FOR AUTHORITY
TO FIX THE DATES FOR THE FILING OF ACCEPTANCES, REJECTIONS,
OR OBJECTIONS TO THE PLAN OF REORGANIZATION**

Alan Christopher Redmond (the "Debtor") by and through his counsel, Ciardi Ciardi &

Astin, hereby files this Motion for an Order Pursuant to 11 U.S.C. §1125, Federal Rules of

Bankruptcy Procedure 3016, 3017, and Local Rule 3016-1 for: (I) Approval of Disclosure Statement

Related to Plan of Reorganization Proposed by the Debtor, and (II) for Authority to Fix the Dates for

the Filing of Acceptances, Rejections or Objections to the Plan of Reorganization (the "Motion"),

and in support thereof respectfully represents:

### BACKGROUND

1.      On September 3, 2024 (the "Petition Date"), Jason Scott Jordan, Cornerstone Law

Group, LLC and Ethan Shalter (the "Petitioning Creditors") filed an involuntary petition against

Alan Christopher Redmond (the "Debtor").

2.      On October 3, 2024, an order for relief was entered under chapter 11 of title 11 of the

United States Code, as amended (the "Bankruptcy Code"). The Debtor remains in possession of his

property and continues to operate his business as a debtor-in-possession pursuant to sections 1107

and 1108 of the Bankruptcy Code.

3.      No trustee or examiner has been appointed in this Chapter 11 case.  No creditors' committee has been appointed in this case.

4.      Simultaneously with the filing of the Motion, the Debtor has filed its disclosure statement (the "Disclosure Statement") related to the plan of reorganization (the "Plan").

5.      The Debtor requests approval of his Disclosure Statement, approval of voting procedures, deadline for filing acceptances, rejections or objections to the Plan as well as a hearing date for confirmation of the Plan.

## THE BASIS FOR THE RELIEF AND THE REASONS THEREFOR

6.      Approval of a disclosure statement is warranted if the Court determines that the disclosure statement contains adequate information.  Section 1125(a) of the Bankruptcy Code defines 'adequate information', as follows:

> (1) "adequate information" means information of a kind and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan…

11 U.S.C. § 1125(a)(1).

7.      Section 1125(b) requires that prior to a debtor soliciting votes under a plan, the debtor must obtain approval from the Court of the disclosure statement and must transmit to any holder of a claim the plan and the approved disclosure statement.  See 11 U.S.C. § 115(b).

8.      The Debtor believes that the Disclosure Statement contains adequate information as required under Section 1125(a) of the Bankruptcy Code and, therefore, approval thereof is warranted.

9.      Accordingly, pursuant to Section 1125(b) of the Bankruptcy Code, the Debtor respectfully requests that this Honorable Court approve the Disclosure Statement as containing

2

adequate information, with simultaneous approval of the voting procedures, together with the fixing

of the last day for the acceptance or rejection of the Plan and the filing of objections to said Plan and

fixing a date for a hearing on the confirmation of the proposed Plan.

**WHEREFORE,** the Debtor respectfully requests that this Court enter the attached proposed

form of Order and for such other and further relief as this Court deems just.

CIARDI CIARDI & ASTIN

Dated: January 22, 2025

*/s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(T) (215) 557-3550
(F) (215) 557-3551
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com

*Attorneys for the Debtor and
Debtor-in-Possession*