**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                                          :
                                                : **CHAPTER 11**
**ALAN CHRISTOPHER REDMOND,**                   :
                                                : **BANKRUPTCY NO. 24-13093 pmm**
                               **Debtor.**      :
                                                : **Rel DN 183, 193, 210**

**OBJECTION OF DEBTOR TO *AMENDED* MOTION TO COMPEL
RULE 2004 EXAMINATIONS AND PRODUCTION OF DOCUMENTS
OF DEBTOR, HIS SPOUSE AND ASSOCIATES**

Alan Christopher Redmond, the Debtor and Debtor-in-Possession, by and through his undersigned counsel, Ciardi Ciardi & Astin, hereby files this objection (the "Objection") to the *AMENDED* Motion of Jason Scott Jordan ("Jordan"), Cornerstone Law Firm, LLC ("Cornerstone") and Ethan Shalter ("Shalter") to Compel Rule 2004 Examinations and Production of Documents of Debtor, his spouse and associates (the "Amended Motion to Compel"), and respectfully avers as follows:

**FACTUAL BACKGROUND**

1. On January 7, 2025, Jordan, Cornerstone and Shalter filed a Motion to Compel Rule 2004 Examinations and Production of Documents of Debtor, his spouse and associates, D.N. 183 (the "2004 Motion").

2. On January 13, 2025, the Debtor filed an Objection to the 2004 Motion at docket number 193.

3. On January 21, 2025, Jordan, Cornerstone and Shalter filed an *AMENDED* Motion to Compel Rule 2004 Examinations and Production of Documents of Debtor, his spouse and associates, D.N. 183 (the "Amended 2004 Motion").

1

4.     The Debtor fully incorporates his previous objection filed at Docket Number 193 in this objection to the Amended 2004 Motion.

5.     Despite not receiving any order from this Court on the 2004 Motion or the Amended 2004 Motion, Jordan, Cornerstone and Shalter have served subpoenas on several non-parties.

6.     Similar to the 2004 Motion, the Amended 2004 Motion is not proper and should be denied.

7.     Jordan has filed two (2) adversary proceedings [the discharge action (the "Discharge Action") and the state court case involving Bene Market (the "Removed Action")] raising similar issues to those raised in the Amended 2004 Motion.  Moreover, he has also filed several motions including one compelling the Debtor to deliver property, to extend automatic stay to ARC Realty LLC, and related relief [DN 140] (the "Segregation Motion").  One of the issues raised in the Segregation Motion is the issue of ownership to particular companies; the very issue he is seeking discovery on in the Amended 2004 Motion.

8.     All of discovery sought under the Amended 2004 Motion overlap with issues raised in the Segregation Motion, the Discharge Action, the Removed Action,  and the several other contested motions filed by Jordan, Cornerstone and Shalter.

9.     Accordingly, the Amended 2004 Motion must be denied.  To the extent the moving creditors are seeking discovery, they need to proceed under the Federal Rules of Bankruptcy Procedure 7001 *et seq.* as required by Federal Rule of Bankruptcy Procedure 9014.

2

WHEREFORE, Alan Christopher Redmond respectfully requests that this court deny

the *Amended* 2004 Motion and grant such other and further relief as is just and proper.


**CIARDI CIARDI & ASTIN**


January 24, 2024

*/s/ Nicole M. Nigrelli*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
**Counsel to Debtor, Alan C. Redmond**


3