**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**OBJECTION OF NON-PARTY, NORMAN M. VALZ TO CREDITORS, JASON JORDAN, CORNERSTONE LAW, AND ETHAN SHALTER'S SUBPOENA AND NOTICE OF INTENT TO SUBPOENA FOR DOCUMENTS AND TESTIMONY WITH THEIR AMENDED RULE 2004 MOTION**

These objections are to the above-referenced Creditors' 2004 Motion and accompanying Subpoena's as they relate to Non-Party Norman M. Valz, attorney at law.

1. At no time has counsel for Creditors Shalter, Cornerstone or Jordan attempted to initiate or hold a meet and confer with Norman Valz prior to filing the 2004 Motion and serving the related subpoenas.

2. Movant's counsel did serve a copy of the Amended 2004 Motion upon Norman Valz (related Subpoena attached at Exhibit "A".)

3. Although Norman Valz is not a party to this matter, Movants' counsel issued a Subpoena seeking 14 years of his personal tax returns, although there are no allegations that Valz worked with Debtor more that three years ago in any manner.

4. Attorney Valz believes that seeking 14 years of his personal tax returns is meant to harass him and has absolutely no possible probative value to the matter at hand.

5. Movants are seeking to abrogate all attorney/client privilege, not only between Norman Valz and the Debtor – but also numerous business entities which are not parties to this Bankruptcy.   Movants have failed to lay any foundation or theories as to how most if not

all of said business entities are related to Debtor and this Bankruptcy action – nor have many of these business entities been served copies of the Amended 2004 Motion. Furthermore, Attorney Valz and his clients object to ANY exceptions or waiving said Creditors are seeking to the attorney/client privilege.

6. Attorney Valz does file incorporations and organizational documents for many clients in his practice of law and he uses Northwest Registered Agents for this work as it gives him a good platform from which to service, maintain and initiate various services for various clients (most of which are not related in any way to Debtor or this Bankruptcy).

7. Evidently, counsel for Movants has jumped the gun and has already served a subpoena upon Northwest Registered agents, although it is absolutely unclear as to what purpose it could serve other than to damage business relations between my office and an important service provider.     Registered agents seldom if ever have any information which cannot be found through a simple search of business entities on a Secretary of State's website.

8. The potential probative value of Creditors, Jordan, Shalter, and Cornerstone's 2004 Motion, at least as it related to the Subpoena's against legal counsel and their service providers is simply not evident if it is a sincere effort to discover admissible evidence or information.

9. On information and belief, Norman Valz avers that the underlying purpose of these Subpoenas is not primarily to obtain any admissible evidence.  Instead, this Motion, in so far as it is aimed at present and former legal practitioners and their service providers, is designed to harm, alter, and impede their ability to perform legal services and to dissuade them **from performing future legal services which might directly or indirectly be in**

2

**opposition** to the Cornerstone Law Group or one of its clients, including the named

Creditors – not solely limited to this Bankruptcy.

10. On information and belief, attorney Valz avers that Movants have made many

unsupported allegations of wrongdoing and malfeasance against in a personal manner

against various legal counsel in their pleading and motions throughout this case which

have been in the same vein as this conduct in filing this vastly overreaching set of

Subpoenas (already served) for the Amended 2004 Motion.   These allegations have been

designed to embarrass, cause reputational harm, as well as possibly intimidate and

impede said attorneys from providing services that Movants believe was in opposition to

their or (in the instance of Cornerstone) their various clients' interest. This history should

give credence to the assumptions contained in the prior paragraph.

Norman M. Valz objects to said Creditors' 2004 Motion and the accompanying

Subpoenas for all of the forgoing reasons and further requests that this Court award

damages or sanctions against the filing Creditors to the extent that the premature service

of 2004 has imposed a cost or damages upon any deponent.

RESPECTFULLY SUBMITTED,

_____
Norman M. Valz, Esquire (Pa. No. 61338)
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. (215) 756-2424
Fax  (215) 827-5758
nvalz@msn.com

January 27, 2025