

# CORNERSTONE LAW FIRM

8500 Allentown Pike, Suite 3
Blandon, PA 19510

January 29, 2025

**VIA Electronic Case Filing**
Honorable Patricia M. Mayer
United States Bankruptcy Court for the Eastern District of Pennsylvania
The Gateway Building
201 Penn Street, 4th Floor
Reading, PA 19601

> **Re:   Rule 2004 Practice**
> ***In re* Alan Christopher Redmond, Case No. 24-13093-PMM**

Your Honor,

Official Form 107, Question 27, requires Debtor to disclose all business entities where he had actual or beneficial ownership within four years pre-petition. Official Schedule A/B, Question 19, requires Debtor to disclose all current ownership of business entities. Debtor initially submitted these schedules on November 8, 2024 at ECF Nos. 108 to 120. After he disclosed in his Section 341 Examination that he has additional entities that were not disclosed, he amended his forms at ECF No. 180 but continues selective disclosure while withholding material information. For that reason, my clients seek Rule 2004 document productions on certain registered agents the Debtor had used for business services in the past.

By letter dated January 22, 2025, enclosed, I specifically asked Attorney Nigrelli, "Please give a responsive explanation why, in your opinion, nonparties are prevented from voluntarily cooperating with our request for nonprivileged documents rather than waiting for a court order." Attorney Nigrelli declined to give a responsive explanation then and fails to do so now. On September 23, 2025, Attorney Ciardi responded, "If you believe you have followed the rules, I will not debate you" (enclosed). Instead of attempting to address the merits of their discovery contention, they now come to the Court and repeat the same, nonresponsive contention.

Debtor objects that we followed the law by serving the subpoenas with the motions to compel on the nonparty recipients. The law requires service of process on all parties and nonparties to whom Rule 2004 discovery is directed at or else a motion to compel will be denied for lack of notice. *In re* Diocese of Buffalo, N.Y., 655 B.R. 72, 76 (Bankr. W.D.N.Y. 2023). In fact, Debtor originally objected on the basis of lack of notice to third parties. [ECF No. 170 ¶ 3].

Generally, Local Rule 2004(b)(1) allows the recipient of the subpoena to voluntarily cooperate, in which case, "No motion, subpoena, or court order is required." At ECF Nos. 170 and

229, the Debtor objected to our Motion to Compel Nonparty Registered Agents and State Departments for production of nonprivileged records relating to business formation and entity ownership. In both of those objections, Debtor did not object on the basis of any privilege. Instead, Debtor stated that he "reserves and preserves all attorney client privileges which he may have." That's improper hedging and no facts are submitted which would lay a foundation for a privilege.

Making matters worse, the Court should not find well-taken the fact that the Debtor asserts in his Objection that we're seeking information for entities that have no connection with him, but he doesn't identify by name which entities those are—thereby keeping his "options open" in case we find evidence showing that he lied to the Court. [See ECF No. 170 ¶ 6].

As to production of documents, Bankruptcy Rule 2004(c) incorporates Rule 2016, which incorporates Fed. R. Civ. P. 45. It is well-settled law that the Debtor has no standing to object to subpoenas on third parties except on the basis of privilege. "[D]efendant cannot claim any privilege or interest in the documents sought, and therefore defendant lacks standing to challenge these subpoenas." Thoams v. Marina Assocs., 202 F.R.D. 433, 435 (E.D. Pa. 2001). "A party may not ask for an order to protect the rights of another party or witness if that party or witness does not claim protection for himself . . ." Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (quoting 8 Charles Alan Wright & Arthur W. Miller, Federal Practice and Procedure Civil § 2035 (2d ed.)). Consequently, Debtor cannot frustrate discovery by vicariously objecting for nonparties who are willing to cooperate. The provisions of Local 2004-1(d)(2) to stay a subpoena until a court order is made are not implicated where the Debtor lacks standing and where nonparties do not object. Those provisions relate to objections or motions to quash by the recipient of the subpoena, not the Debtor.

Additionally, there is no valid attorney-client privilege in registered agent services (even if an attorney is hired for that purpose), Grosset & Dunlap, Inc. v. Attorney's Escrow Servs., 1983 U.S. Dist. LEXIS 15082, at *4 (N.D. Ill. July 28, 1983), and the drafting of bylaws and incorporation documents, which identify the record or beneficial owners of a business entity, Montgomery v. Leftwich, Moore & Douglas, 161 F.R.D. 224, 227 (D. D.C. 1995). In all of those instances, the courts recognize that business-related services are being rendered rather than legal advice. Hence why Debtor raised no attorney-client privilege here, because he cannot.

As to the subpoenas for the examinations of individuals, the deadline to object was yesterday and only Debtor and Mr. Valz objected. No one else objected, but no one has consented to appear for an examination without a court order.

I'm prepared to serve the Court if a teleconference will be prudent. Otherwise, Debtor can wait until the scheduled hearing on February 11th.

Sincerely,

By: *Joel A. Ready*

Joel A. Ready, Esquire

Enclosures

Cc:
Counsel for Debtor:
Albert A. Ciardi, III, Esquire, aciardi@ciardilaw.com
Nicole Nigrelli, Esquire, nnigrelli@ciardilaw.com
Daniel Siedman, Esquire, dSiedman@ciardilaw.com

U.S. Trustee Program:
Kevin P. Callahan, Esquire, kevin.p.callahan@usdoj.gov
John Schanne, Esquire, john.schanne@usdoj.gov



8500 Allentown Pike, Suite 3
Blandon, PA 19510

January 22, 2025

**Nicole M. Nigrelli, Esquire**
Ciardi Ciardi & Astin
1905 Spruce St.
Philadelphia, PA 19103
Counsel for Debtor
Via e-mail: nnigrelli@ciardilaw.com

> **Re:      Rule 2004 Practice**
> **Jordan v. Redmond, Case No. 24-00145-PMM.**
> **U.S. Bankruptcy Court for the Eastern District of Pennsylvania**

Dear Attorney Nigrelli,

This letter responds to your letter dated January 21, 2025.

On December 20, 2024, at ECF No. 157, my clients filed a Motion to Compel Rule 2004 Production as to Nonparty Registered Agents and State Departments. This related to the Delaware Department of State, the Pennsylvania Department of State, A Registered Agent, Inc., Corporation Trust Company, Harvard Business Services, Inc., Northwest Registered Agent, LLC, and Paracorp Incorporated. The subpoenas attached to that motion relate to document production only, not examinations. None of the requested information is privileged.

On December 30th, at ECF No. 170, Debtor objected to the Motion on the basis of due process that the nonparties have not been given any notice. [ECF No. ¶ 7]. In our system, notice is effected by service of process. As the specific result of your objection, I arranged for service of the subpoenas and the motion. Several attorneys have voluntarily accepted service for their client as shown on the certificates filed on the docket.

Now, per your January 21st letter, you have objected that I have served the subpoenas and papers, thereby effecting notice as the law requires. The subpoenas contain a court-approved notice, setting out the recipient's right to object. The motion to compel sets forth why we're asking for a court order and references Bankruptcy Rule 2004, and the nonparties are capable of reading that document and reviewing it with their counsel.

If you believe there is an additional requirement that isn't being met here and which I cannot find on the face of Fed. R. Bankr. P. 2004 and Local Rule 2004-1, then please describe in

detail what that is, together with citation and discussion of pertinent authority so that I can understand the law rather than your client's personal preference.

Under Local Rule 2004-1(b)(1), if the recipient voluntarily cooperates with a subpoena for documents in which case, "No motion, subpoena or court order is required." Please give a responsive explanation why, in your opinion, nonparties are prevented from voluntarily cooperating with our request for nonprivileged documents rather than waiting for a court order.

Neither have you attempted to describe what prejudice your client might have incurred here. Your client's desire to filibuster is not prejudice. At best, if there somehow is a technical error here that I haven't comprehended, but the information is nonprivileged and my clients were entitled to have it, your suggestion of a motion for sanctions is not well-taken.

Now that you've broached the subject of sanctions, we have been forced to resort to this practice of seeking information from nonparties precisely because of your client's persistent inability to remember and recite accurate information while under oath, whether he submits official forms and schedules or he testifies in-person. Your client continues to assert that entities are "defunct" while public records show the same are active. This is not the "honor system" here, particularly where the monthly operating report at ECF 175-1 shows your client had exactly $30.05 in the DIP account while ECF No. 180 shows that his income of $1,143.904 in 2021 disappeared to $0.00 in 2023, and ECF No. 117, Question 8b, shows his wife is receiving $40,000 *per month* just from interest and dividends.

Unless your client has something to hide, despite having more than 90 days to investigate and multiple opportunities to amend his Official Form 107 and Schedule A/B following the Section 341 Examination, there's no legitimate objection from the Debtor to the process that was followed here and nothing in the law prohibits the nonparties from voluntarily cooperating with document production. I respectfully suggest you inform your client that this is his last chance to come clean or else there may be consequences for him if any of these nonparties produce documents showing ownership of business entities he didn't disclose. Your client had ample opportunity to do the right thing.

Sincerely,

By: _Joel A. Ready_

Joel A. Ready, Esquire

Cc:
Counsel for Debtor:
Albert A. Ciardi, III, Esquire, aciardi@ciardilaw.com
Daniel Siedman, Esquire, dSiedman@ciardilaw.com

U.S. Trustee Program:
Kevin P. Callahan, Esquire, kevin.p.callahan@usdoj.gov
John Schanne, Esquire, john.schanne@usdoj.gov

| **From:** | Albert A. Ciardi III <Aciardi@ciardilaw.com> |
| **Sent:** | Thursday, January 23, 2025 5:32 AM |
| **To:** | Valeria Amato; Nicole Nigrelli |
| **Cc:** | Joel A. Ready, Esq.; Daniel Siedman; kevin.p.callahan@usdoj.gov; john.schanne@usdoj.gov |
| **Subject:** | RE: Jordan v. Redmond, Case No. 24-00145-PMM |

Mr. Ready

You have a tendency to make factual determinations which, last I checked, are the province of the Judge.  If you believe you have followed the rules, I will not debate you.  As stated, we will simply note your non compliance with the Court and let the Court handle it.

Albert A Ciardi III
1905 Spruce Street
Philadelphia PA 19103
215-599 2018 (o)

**From:** Valeria Amato <Valeria@cornerstonelaw.us>
**Sent:** Wednesday, January 22, 2025 11:31 AM
**To:** Nicole Nigrelli <nnigrelli@ciardilaw.com>
**Cc:** Joel A. Ready, Esq. <joel@cornerstonelaw.us>; Albert A. Ciardi III <Aciardi@ciardilaw.com>; Daniel Siedman <dSiedman@ciardilaw.com>; kevin.p.callahan@usdoj.gov; john.schanne@usdoj.gov
**Subject:** Jordan v. Redmond, Case No. 24-00145-PMM

Good Morning:

Attached, please find correspondence from Attorney Ready in regards to the above-referenced matter.

Thank you,
Valeria

**Valeria Amato**
*Paralegal*

8500 Allentown Pike
Suite 3
Blandon, PA 19510

1