IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**OBJECTION OF NON-PARTY, SHANNON KROEMMELBIEN TO CREDITORS, JASON JORDAN, CONERSTONE LAW, AND ETHAN SHALTER'S SUBPOENA AND NOTICE OF INTENT TO SUBPOENA FOR DOCUMENTS AND TESTIMONY WITH THEIR AMENDED RULE 2004 MOTION**

These objections are to the above-referenced Creditors' 2004 Motion and accompanying Subpoena's as they relate to Non-Party Shannon Kroemmelbien.

1. At no time has counsel for Creditors, Shalter, Cornerstone or Jordan attempted to initiate or hold a meet and confer with Shannon Kroemmelbien prior to filing the 2004 Motion and serving the related subpoenas. Though the undersigned did attempt such meaningful conference, counsel for filing Creditors declined any attempt to narrow the scope of the discovery requests to those reasonably likely to produce relevant information regarding the bankruptcy.

2. Movant's counsel did serve a copy of the Amended 2004 Motion upon Shannon Kroemmelbien (related Subpoena attached as Exhibit "A").

3. Ms. Kroemmelbein is affiliated with Seguro Medico, LLC, a company in which Debtor has no ownership interest.

4. An examination cannot be used for purposes of abuse or harassment (see *In re Mittco, Inc.*, 44 B.R. at 36).

5. Much of the items and information requested in the subpoena is clearly intended to abuse and harass the Third Party in question.

6.   Further, a 2004 examination in this matter is inappropriate due to Debtor's pending United States criminal matter, wherein spousal privilege applies.

7.   If a party files an objection, the opposing party must establish good cause, taking into consideration the totality of the circumstances, including the importance of the information and the costs and burdens associated with collecting it (see *In re DeShetler*, 453 B.R. 295, 302 (Bankr. S.D. Ohio 2011)).

8.   The costs and burdens to Shannon Kroemmelbein, a third party, in producing or responding to all information, including her personal tax returns, are extremely high and lack probative value.

9.   Courts are typically reluctant to allow Rule 2004 examinations where it appears that a creditor is merely using the examination to aid in its own collection of debts (see *In re J & R Trucking, Inc.*, 431 B.R. 818, 821-22 (Bankr. N.D. Ind. 2010)).

10. In this instance, the filing Creditors are all related, as noted in earlier filings by the Trustee. These requests for examination are a clear attempt by creditors to aid in their own collection of debts through the abusive and harassing discovery requests of Ms. Kroemmelbein. Further, the probative value of such requests is, at best, doubtful.

11. Although Shannon Kroemmelbien is not a party to this matter, Movants' counsel issues a Subpoena seeking contracts and tax returns dating back years prior to her knowing, let alone marrying, the Debtor.

12. Shannon Kroemmelbien believes that seeking years of tax returns, employment contracts from the school in which she is employed, social security cards, birth certificates and other such issues are solely designed as a means to harass her and has absolutely no possibly probative value to the matter at hand.

13. Further, it appears that the filing Creditors have initiated pending litigation regarding Debtor.

14. Courts have generally enforced the rule that once an adversary proceeding *or* another contested matter has commenced, discovery should be pursued under the Federal Rules and *not* under Rule 2004 (see *Bennett Funding*, 203 B.R. at 28*; cf. In re Buick,* 174 B.R. 299, 306 (Bankr. D. Col. 1994) (*emphasis added*).

15. Certain of the requested communications are protected by attorney-client privilege as well as the spousal privilege. Neither Ms. Kroemmelbein nor her attorneys have waived such privilege.

Shannon Kroemmelbien objects to said Creditors' 2004 Motion and the accompanying Subpoenas for all of the forgoing reasons and further requests that this Court award damages or sanctions against the filing Creditors to the extent that the premature service of 2004 has imposed a cost or damages upon any deponent.

Respectfully submitted,

**RUSH LAW GROUP, LLC**

Date: January 28, 2025

By:     **/s/ William R. A. Rush**
William R. A. Rush, Esquire
Attorney I.D. No. 209596
38 N. 6th Street, P.O. Box 758
Reading, PA 19603-758