IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**OBJECTION OF NON-PARTY, C. MALCOLM SMITH TO CREDITORS, JASON JORDAN, CONERSTONE LAW, AND ETHAN SHALTER'S SUBPOENA AND NOTICE OF INTENT TO SUBPOENA FOR DOCUMENTS AND TESTIMONY WITH THEIR AMENDED RULE 2004 MOTION**

These objections are to the above-referenced Creditors' 2004 Motion and accompanying Subpoena's as they relate to Non-Party C. Malcolm Smith.

1. At no time has counsel for Creditors, Shalter, Cornerstone or Jordan attempted to initiate or hold a meet and confer with C. Malcolm Smith prior to filing the 2004 Motion and serving the related subpoenas.

2. Movant's counsel did serve a copy of the Amended 2004 Motion upon C. Malcolm Smith (related Subpoena attached as Exhibit "A").

3. C. Malcolm Smith provides accounting services to numerous businesses and individuals. One such client is Seguro Medico, LLC, a company in which Debtor has no ownership interest.

4. An examination cannot be used for purposes of abuse or harassment (see *In re Mittco, Inc.*, 44 B.R. at 36).

5. Much of the items and information requested in the subpoena is clearly intended to abuse and harass the Third Party in question.

6. If a party files an objection, the opposing party must establish good cause, taking into consideration the totality of the circumstances, including the importance of the information and the costs and burdens associated with collecting it (see *In re DeShetler*, 453 B.R. 295, 302 (Bankr. S.D. Ohio 2011)).

7. The costs and burdens to C. Malcolm Smith, a third party, in producing or responding to all information, including various personal tax returns, are extremely high and lack probative value.

8. Courts are typically reluctant to allow Rule 2004 examinations where it appears that a creditor is merely using the examination to aid in its own collection of debts (see *In re J & R Trucking, Inc.*, 431 B.R. 818, 821-22 (Bankr. N.D. Ind. 2010)).

9. In this instance, the filing Creditors are all related, as noted in earlier filings by the Trustee. These requests for examination are a clear attempt by creditors to aid in their own collection of debts through the abusive and harassing discovery requests of Ms. Miller. Further, the probative value of such requests is, at best, doubtful.

10. Although C. Malcolm Smith is not a party to this matter, Movants' counsel issues a Subpoena seeking the absurdly nonspecific information and materials in the attached subpoena.

11. C. Malcolm Smith believes that seeking the attached information is meant to harass and burden him and his business, as well as his clients, and has absolutely no possible probative value to the matter at hand.

12. Further, it appears that the filing Creditors have initiated pending litigation regarding Debtor.

13. Courts have generally enforced the rule that once an adversary proceeding *or* another contested matter has commenced, discovery should be pursued under the Federal Rules and *not* under Rule 2004 (see *Bennett Funding*, 203 B.R. at 28*; cf. In re Buick,* 174 B.R. 299, 306 (Bankr. D. Col. 1994) (*emphasis added*).

14. C. Malcolm Smith believes that seeking information on numerous clients and their

respective sensitive financial information, much of which is protected under numerous privileges, is meant to harass him and has absolutely no possibly probative value to the matter at hand.

C. Malcolm Smith objects to said Creditors' 2004 Motion and the accompanying Subpoenas for all of the forgoing reasons and further requests that this Court award damages or sanctions against the filing Creditors to the extent that the premature service of the Amended 2004 has imposed any costs or damages upon the proposed deponent.

Respectfully submitted,

RUSH LAW GROUP, LLC

By:    **/s/ William R. A. Rush**

Date: January 28, 2025

William R. A. Rush, Esquire
Attorney I.D. No. 209596
38 N. 6th Street, P.O. Box 758
Reading, PA 19603-758