IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**OBJECTION OF NON-PARTY, SEGURO MEDICO, LLC TO CREDITORS, JASON JORDAN, CONERSTONE LAW, AND ETHAN SHALTER'S SUBPOENA AND NOTICE OF INTENT TO SUBPOENA FOR DOCUMENTS AND TESTIMONY WITH THEIR AMENDED RULE 2004 MOTION**

These objections are to the above-referenced Creditors' 2004 Motion and accompanying Subpoena's as they relate to Non-Party Seguro Medico, LLC.

1. At no time has counsel for Creditors, Shalter, Cornerstone or Jordan attempted to initiate or hold a meet and confer with Stephanie Miller prior to filing the 2004 Motion and serving the related subpoenas. The undersigned initiated such a call to limit the scope of such discovery to relevant materials in order to expedite matters. This was rejected by counsel for the filing Creditors.

2. Movant's counsel did serve a copy of the Amended 2004 Motion upon Seguro Medico, LLC (related Subpoena attached as Exhibit "A").

3. Seguro Medico, LLC, is a company in which Debtor has no ownership interest.

4. An examination cannot be used for purposes of abuse or harassment (see *In re Mittco, Inc.*, 44 B.R. at 36).

5. Much of the items and information requested in the subpoena is clearly intended to abuse and harass the Third Party in question.

6. If a party files an objection, the opposing party must establish good cause, taking into consideration the totality of the circumstances, including the importance of the information and

the costs and burdens associated with collecting it (see *In re DeShetler*, 453 B.R. 295, 302

(Bankr. S.D. Ohio 2011)).

7.   The costs and burdens to Stephanie Miller, a third party, in producing or responding to all

information, including her personal tax returns, are extremely high and lack probative value.

8.   Courts are typically reluctant to allow Rule 2004 examinations where it appears that a

creditor is merely using the examination to aid in its own collection of debts (see *In re J & R*

*Trucking, Inc.*, 431 B.R. 818, 821-22 (Bankr. N.D. Ind. 2010)).

9.   In this instance, the filing Creditors are all related, as noted in earlier filings by the

Trustee. These requests for examination are a clear attempt by creditors to aid in their own

collection of debts through the abusive and harassing discovery requests of Ms. Miller. Further,

the probative value of such requests is, at best, doubtful.

10. Although Seguro Medico, LLC is not a party to this matter, Movants' counsel issues a

Subpoena seeking proprietary and confidential business information, contract information,

employee information, information protected by attorney-client privilege and information about

which Seguro Medico, LLC has no knowledge or information.

11. Further, it appears that the filing Creditors have initiated pending litigation regarding

Debtor.

12. Courts have generally enforced the rule that once an adversary proceeding *or* another

contested matter has commenced, discovery should be pursued under the Federal Rules and *not*

under Rule 2004 (see *Bennett Funding*, 203 B.R. at 28*; cf. In re Buick,* 174 B.R. 299, 306

(Bankr. D. Col. 1994) (*emphasis added*).

13. Seguro Medico, LLC believes that seeking, broadly, what amounts to all business records

of any kind and all business partner information of any kind, in such a vague and capricious

manner is meant to achieve nothing but cause harassment and undue burden to the company and

has no possible probative value to the matter at hand.

Seguro Medico, LLC objects to said Creditors' 2004 Motion and the accompanying

Subpoenas for all of the forgoing reasons and further requests that this Court award damages or

sanctions against the filing Creditors to the extent that the premature service of 2004 has

imposed costs or damages upon any deponent thereof.

Respectfully submitted,

**RUSH LAW GROUP, LLC**

By:    **/s/ William R. A. Rush**

Date: January 28, 2025        William R. A. Rush, Esquire
Attorney I.D. No. 209596
38 N. 6th Street, P.O. Box 758
Reading, PA 19603-758