IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**OBJECTION OF NON-PARTY, ARTHUR WALSH TO CREDITORS, JASON JORDAN, CONERSTONE LAW, AND ETHAN SHALTER'S SUBPOENA AND NOTICE OF INTENT TO SUBPOENA FOR DOCUMENTS AND TESTIMONY WITH THEIR <u>AMENDED RULE 2004 MOTION</u>**

These objections are to the above-referenced Creditors' 2004 Motion and accompanying Subpoenas as they relate to Non-Party Arthur Walsh.

1. At no time has counsel for Creditors, Shalter, Cornerstone or Jordan attempted attempted to initiate or hold a meet and confer with Stephanie Miller prior to filing the 2004 Motion and serving the related subpoenas. The undersigned initiated such a call to limit the scope of such discovery to relevant materials in order to expedite matters. This was rejected by counsel for the filing Creditors.

2. Movant's counsel did serve a copy of the Amended 2004 Motion upon Arthur Walsh (related Subpoena attached as Exhibit "A").

3. Mr. Walsh is affiliated with Seguro Medico, LLC, a company in which Debtor has no ownership interest.

4. An examination cannot be used for purposes of abuse or harassment (see *In re Mittco, Inc.*, 44 B.R. at 36).

5. Much of the items and information requested in the subpoena is clearly intended to abuse and harass the Third Party in question.

6.   If a party files an objection, the opposing party must establish good cause, taking into consideration the totality of the circumstances, including the importance of the information and the costs and burdens associated with collecting it (see *In re DeShetler*, 453 B.R. 295, 302 (Bankr. S.D. Ohio 2011)).

7.   The costs and burdens to Mr. Walsh, a third party, in producing or responding to all information, including his personal tax returns, are extremely high and lack probative value.

8.   Courts are typically reluctant to allow Rule 2004 examinations where it appears that a creditor is merely using the examination to aid in its own collection of debts (see *In re J & R Trucking, Inc.*, 431 B.R. 818, 821-22 (Bankr. N.D. Ind. 2010)).

9.   In this instance, the filing Creditors are all related, as noted in earlier filings by the Trustee. These requests for examination are a clear attempt by creditors to aid in their own collection of debts through the abusive and harassing discovery requests of Mr. Walsh. Further, the probative value of such requests is, at best, doubtful.

10. Although Arthur Walsh is not a party to this matter, Movants' counsel issues a Subpoena seeking seven (7) years of his personal tax returns, although there are no allegations that Walsh worked with Debtor more than four (4) years ago in any manner.

11. Arthur Walsh believes that seeking seven years of his personal tax returns is meant to harass him and has absolutely no possibly probative value to the matter at hand.

12. Further, it appears that the filing Creditors have initiated pending litigation regarding Debtor.

13. Courts have generally enforced the rule that once an adversary proceeding *or* another contested matter has commenced, discovery should be pursued under the Federal Rules and *not*

under Rule 2004 (see *Bennett Funding*, 203 B.R. at 28*; cf. In re Buick,* 174 B.R. 299, 306

(Bankr. D. Col. 1994) (*emphasis added*).

14. Certain of the requested communications are protected by attorney-client privilege.

Neither Mr. Walsh nor his attorneys have waived such privilege.

Arthur Walsh objects to said Creditors' 2004 Motion and the accompanying Subpoenas for

all of the forgoing reasons and further requests that this Court award damages or sanctions

against the filing Creditors to the extent that the premature service of 2004 has imposed a cost or

damages upon any deponent.

Respectfully submitted,

**RUSH LAW GROUP, LLC**

By:    **/s/ William R. A. Rush**

Date: January 28, 2025

William R. A. Rush, Esquire
Attorney I.D. No. 209596
38 N. 6th Street, P.O. Box 758
Reading, PA 19603-758