UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093 pmm |
| Debtor. | : |
| | : Rel DN 157, 183, 210, 211 |

*SUPPLEMENTAL* OBJECTION OF DEBTOR TO *AMENDED* MOTION TO COMPEL
RULE 2004 EXAMINATIONS AND PRODUCTION OF DOCUMENTS
OF DEBTOR, HIS SPOUSE AND ASSOCIATES AND *AMENDED* MOTION TO
COMPEL RULE 2004 PRODUCTION OF DOCUMENTS AS TO NON-PARTY
REGISTERED AGENTS AND STATE DEPARTMENTS

Alan Christopher Redmond, the Debtor and Debtor-in-Possession (the "Debtor"), by and

through his undersigned counsel, Ciardi Ciardi & Astin, hereby files this *Supplemental* objection

(the "Supplemental Objection") to the *AMENDED* Motion of Jason Scott Jordan ("Jordan"),

Cornerstone Law Firm, LLC ("Cornerstone") and Ethan Shalter ("Shalter") to Compel Rule

2004 Examinations and Production of Documents of Debtor, his spouse and associates [DN 210]

and AMENDED Motion of Jordan and Cornerstone to Compel Rule 2004 Production of

Documents as to Non-Party Registered Agents and State Departments [DN211] (collectively, the

"Amended 2004 Motions"), and respectfully avers as follows:

### FACTUAL BACKGROUND

1.      On January 21, 2025, Jordan, Cornerstone and Shalter filed an *AMENDED*

Motion to Compel Rule 2004 Examinations and Production of Documents of Debtor, his spouse

and associates, D.N. 210.

2.      On that same date, Jordan and Cornerstone filed an *AMENDED* Motion to

Compel Rule 2004 Production of Documents as to Non-Party Registered Agents and State

Departments, D.N. 211.

3.     The Debtor fully incorporates his previous objections filed at Docket Numbers 170, 193, 229, 230 in this Supplemental Objection to the Amended 2004 Motions.

4.     Despite not receiving any order from this Court on the Amended 2004 Motions, Jordan, Cornerstone and Shalter (collectively, the "Petitioners") have served subpoenas on several non- parties.

5.     Because counsel would not revoke the subpoenas issued and such subpoenas requested documents prior to the hearing on the Amended 2004 Motions, counsel for the Debtor wrote a letter to this Honorable Court requesting a call with the Court. *See* D.N. 239.

6.     The Court held a zoom call on January 30, 2025 with Debtor's counsel and Petitioners' counsel (the "Court Call").

7.     At the conclusion of the Court Call, Petitioners' counsel was directed to draft a letter to all parties that were issued a subpoena instructing them that the subpoenas were premature and that no documents were to be produced without a court order.

8.     On January 30, 2025, Petitioners' counsel shared with Debtor's counsel a draft of the letter to the recipients (the "Revocation Letter"). A true and correct copy of the Revocation Letter is attached hereto and incorporated herein as Exhibit "A."

9.     Debtor's counsel revised the Revocation Letter to cure the factual inaccuracies (the "Revised Revocation Letter"). As noted in the Revised Revocation Letter, Debtor's counsel articulated that the subpoena was sent prematurely and no compliance was necessary unless and until a court order was entered. A true and correct copy of the Revised Revocation Letter is attached hereto and incorporated herein as Exhibit "B."

10. Instead of making changes requested by Debtor's counsel, Attorney Ready stated that the revisions were "confusing" and then stopped responding to Debtor's Counsel. True and correct copies of the emails between attorneys attached hereto as Exhibit "C."

11. Debtor's counsel requested to see a final copy of the letter being sent out. Debtor's counsel had to email Attorney Ready and William Mulgrew three additional times to receive a copy of the final letter, which had none of the changes requested by Debtor's counsel and mirrored the letter initially sent (the "Final Letter"). A true and correct copy of the Final Letter is attached hereto as Exhibit "D."

12. Instead of contacting Attorney Nigrelli, Attorney Ready ignored the emails and the requests and sent out the Final Letter, which is factually incorrect and fails to address the fact that Attorney Ready blatantly sent out subpoenas prematurely and without a court order.

13. While the inaccurate letter is of great concern to the Debtor, the Debtor has also now received from Jordan the improperly received discovery from certain of the non -parties who did not know the subpoenas were not properly issued.

14. While some of the records received and reviewed are tangentially related to the Debtor or parties related to the Debtor, despite objections having been raised by the Debtor and those parties, there is private information of third parties with no connection, remote or otherwise, to the Debtor included in the production.

15. On counsel's first meet and confer call with Petitioners' counsel in December, 2024, Attorney Ciardi identified entities about which the Debtor had no knowledge, and which were unrelated to the Debtor.

16. Jordan and Cornerstone, despite that admonition, pressed forward and has now received documents of third parties, entities or unrelated persons regarding their companies,

assets, or other information to which Petitioners had no right to receive or review and more importantly, the third parties had no idea or notice that the information was being disclosed.

17.    The entities listed below have no connection or relation to the Debtor or any entity affiliated with the Debtor or his family:

a.  Symbiotic Agency, Zone USA, Inc

b.   Network Swap Systems Administration, Incorporated.

c.  Nextgen Leads LLC Jacob Williams seems to be the owner.

d.  ABN HEALTH LLC. - craig sanders seems to be the owner.

e.  ARC REALTY LLC - Shannon Manerchia seems to be the owner

f.  GPS 1 llc – the owner appears to be a Stephanie Miller but not a person known to the Debtor.

g.  Sairoise Holding Inc. -  no connection to the Debtor or Debtor's family.  This appears to be a company out of Oklahoma.

h.  PRIVATE AVIATION GROUP, LC - the owner appears to be a Stephanie Miller but not a person known to the Debtor.

i.  Roscoe's Home Remedies, LC - This appears to be a company formed by an attorney who in the past performed services for the Debtor but there is no connection.

j.  Redmond Group Investments LLC Listed Company Owner is Lenbirgh Redmond, Jr. – No connection.

k.  Immersion Travel LLC – no connection.

18.    The information provided on the companies and people listed in 17 includes corporate and banking information and is a violation of the privacy of those persons or entities.

4

19.     To be clear, with these improper and unauthorized subpoenas, Jordan and Cornerstone accessed personal information of eleven persons or entities and caused registered agents to breach their duties to those entities because Jordan and Cornerstone served subpoenas which come with the imprimatur of the Court.

20.     At the meet and confer on the 2004 motion, Debtor's counsel advised Attorney Ready that Saorise and Redmond Group Investments, among another six or seven entities had nothing to do with the Debtor.  Despite that admonition, Jordan plowed on with no regard to the rights of others.

21.     The Debtor had nothing to do with these improper subpoenas or improper conduct and Jordan must indemnify the estate and Debtor from all liability.

22.     Further, as Jordan and his counsel embarked on this quest with full knowledge of (a) the unauthorized status of the subpoenas, (b) the lack of notice to the persons who owned the data, and (c) the lack of any connection to the Debtor, Jordan and his counsel should be immediately required to alert each person or company as well as the party subpoenaed that the production of documents was inappropriate, their data was viewed by persons with no right to do so, and that any liability lies with Jordan and his counsel.

23.     There is no difference between what occurred here and a data breach or hack. Jordan used an unauthorized subpoena to obtain records of people who he was warned had nothing to do with the Debtor.

24.     Some of the information relates to entities formed by an attorney for third parties in Florida and Texas that have no relationship with the Debtor thus creating a breach of an attorney client relationship.

5

25.     The Debtor raises these issues to (a) protect the estate from any liability, and (b) to make sure that parties who have nothing to do with this case are not adversely impacted and have knowledge of a data breach caused by Jordan.

**WHEREFORE**, Alan Christopher Redmond respectfully requests that this Court (a) deny the *Amended* 2004 Motions, (b) order Jordan and Cornerstone to notify each party who received a Subpoena that such a party SHALL NOT COMPLY until further order of the Court, (c) order Jordan and his counsel to notify each person whose data was improperly accessed and each registered agent who improperly provided such access that the subpoenas had no authority and the personal information of such person was accessed and file such notification on the docket, (d) reimburse the Debtor for the costs attendant to these supplemental filings and (e) grant such other and further relief as is just and proper.

**CIARDI CIARDI & ASTIN**

Dated: February 3, 2025

*/s/Nicole M. Nigrelli*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA  19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
**Counsel to Debtor, Alan C. Redmond**

6