**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : **CHAPTER 11** |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : **BANKRUPTCY NO. 24-13093 pmm** |
| Debtor. | : |
| | : **Related DN. 247, 248** |

**OBJECTION OF DEBTOR TO (I) EMERGENCY MOTION FOR SANCTIONS, AND
(II) MOTION FOR A CASE MANAGEMENT ORDER FILED BY JASON SCOTT
JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER**

Alan C. Redmond, the debtor and debtor-in-possession (the "Debtor"), by and through

his undersigned counsel, Ciardi Ciardi & Astin, hereby files this objection to the (I) Emergency

Motion for Sanctions (D.N. 247) (the "Emergency Motion"), and (II) Motion for A Case

Management Order (D.N. 248) (the "Case Management Motion") filed by Jason Scott Jordan

("Jordan"), Cornerstone Law Firm, LLC ("Cornerstone") and Ethan Shalter ("Shalter"), and

respectfully avers as follows:

1.      As has been the case for every motion filed by Jordan, Cornerstone and Shalter

(collectively, the "Petitioning Creditors"), the factual allegations are not specifically delineated

and therefore, the Debtor denies all such factual allegations.  If the Petitioning Creditors want

specific responses, they need to assert factual allegations in the appropriate manner.

2.      The Emergency Motion and the Case Management Motion (collectively, the

"Motions") are essentially the same motion seeking the same relief- staying plan confirmation

process and requiring the Debtor to amend his schedules of assets and liabilities and statement of

financial affairs based on Petitioning Creditors lack of understanding of "defunct" and

"dissolved."  Neither form of these requested relief is proper.

3.      Ironically, it is the Petitioning Creditors that initiated this bankruptcy process.  In

so doing, they have invoked the relief and protections of the Bankruptcy Code and invited all the

1

Debtor's creditors to this process. After negotiations with the largest unsecured creditors and others on what would be an acceptable plan, the Debtor filed a plan of reorganization (the "Plan"), which is his right. That is the essence of the bankruptcy process; a process, once again, started by Petitioning Creditors. Now, however, the Petitioning Creditors object to the speed with which the Debtor is moving through bankruptcy.

4.      As set forth in the Motions, the Petitioning Creditors are not happy with the Debtor's Plan. The Plan contains a release of estate causes of action(s) which may or may not exist against the parties funding the Plan, in an amount in excess of $3,000,000.00. While the Debtor does not believe Jordan has any claim separate from the claims in the estate with any merit, his individual claims are not being released. To be clear, the Debtor does not believe any claim that Jordan has against a third party is valid and, if he brings such claim post-confirmation which interferes with the releases provided in the Plan, the Debtor will seek damages.

5.      The Plan pays any unpaid taxes and provides a distribution to creditors. While Jordan complains that he cannot now file a plan, any plan that Jordan, or another creditor would need to file, would require them to pay at least what the Debtor is paying **plus** administrative creditors in full. The Petitioning Creditors did not have the financial wherewithal to post a $200,000.00 bond (or they lacked confidence in their pleadings). The Debtor suggests that the Petitioners complaint on this issue rings hollow given his lack of funds.

6.      The Petitioning Creditors raise certain confirmation issues in the Motions which are a) premature and b) lack merit. Not one issue raised in the Motions is an actual confirmation issue or the concern refers to plan language used in most plans in this district.

7.      The Petitioning Creditors continue to confuse "defunct" and "dissolved." Defunct is a general business term which means an entity no longer operates or has assets. Dissolved

2

means an entity has been statutorily dissolved. These are different terms. The Debtor has amended his schedules and explained these issues on multiple occasions. The fact that the Petitioning Creditors are not capable of understanding the explanation or the difference between "defunct" and "dissolved" is not the basis for a valid objection.

8.      The Petitioning Creditors spend a lot of time in these pleadings asserting their now failed argument that the parties who received improper subpoenas were allowed to "voluntarily" comply. This issue and the Petitioning Creditors' misapplication of the Federal Rules of Bankruptcy Procedure have already been addressed by the Debtor and the Debtor has filed a Supplemental Objection to raise additional concerns.

9.      None of the Petitioning Creditors have been prevented from obtaining discovery. The Petitioning Creditors chose to use Federal Rule of Bankruptcy Procedure 2004 ("Rule 2004") which is not appropriate. Any delay in discovery is of their own making.

10.      The Debtor and its other creditors would like to exit bankruptcy with a confirmed plan. Jordan has ample time between now and confirmation to take discovery. While responding to Jordan's and Cornerstone's prior frivolous motions, the Debtor actually outlined the appropriate path to assert their claims (which the Debtor believes are frivolous) and seek discovery. The Petitioning Creditors have chosen Rule 2004 which is not appropriate for contested matters. The Debtor can only say that so many times.

11.      The Debtor desires to move forward with the Plan under the time frames set forth in the Code. The Petitioning Creditors will need to work within those timelines as they have squandered the last three months. There should be no delay because of their lack of diligence. The Debtor has filed its Plan and Disclosure Statement after negotiations with its

3

largest creditor and other creditors and believes he will have the votes to confirm. This was the path and process the Petitioning Creditors chose when they filed the involuntary bankruptcy.

12. The Motions are nonsensical and fail to assert any proper issue and as a result should be denied in their entirety.

WHEREFORE, the Debtor respectfully requests that this Honorable Court deny the Emergency Motion and the Case Management Motion (D.N. 247, 248) and grant such further and other relief as is just and proper.

**CIARDI CIARDI & ASTIN**

Dated: February 10, 2025

*/s/Nicole M. Nigrelli, Esquire*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
**Counsel to Debtor, Alan C. Redmond**