**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

## RULE 2019 VERIFIED STATEMENT

Joel A. Ready, Esquire, certifies as follows:

1.     I am an attorney at law and the sole surviving member of the law firm of Cornerstone Law Firm, LLC. I am admitted to practice before the State Courts of Maryland, New Jersey, and Pennsylvania, the United States District Courts for New Jersey and the Middle, Eastern, and Western districts of Pennsylvania, and the United States Court of Appeals for the Third Circuit. I hereby provide this statement ("Statement") required by Bankruptcy Rule 2019 in connection with my representation in this Chapter 11 proceeding of Jason Scott Jordan ("Jordan"), Ethan Shalter ("Shalter"), and Cornerstone Law Firm, LLC ("CLF), collectively, the "Petitioning Creditors." The purpose of this Statement is to set forth certain facts and provide information pursuant to Bankruptcy Rule 2019.

2.     The Petitioning Creditors agreed to joint representation by myself in this case in or around August of 2024. Jason Scott Jordan and Ethan Shalter each have written agreements with myself and CLF in our capacity for legal representation only, not as to business decisions such as proxy voting. Nothing in the joint representation prevents any of the Petitioning Creditors from deciding as to their respective claims whether to support or oppose any plan of reorganization in this case.

3.     The amount of the disclosable economic interest for each of the Petitioning Creditors is provided in their respective proofs of claim filed with the Court and in their testimony and evidence

1

submitted to the Court on September 18, 2024, and October 1, 2024. Jordan may have equitable remedies, such as constructive trust, available for the enforcement of his claim. Subject to the accrual of interest, the face value of these claims of the Petitioning Creditors is as follows:

(a)    Jason Scott Jordan:              $13,105,197.20

(b)    Cornerstone Law Firm, LLC:     $10,484.50

(c)    Ethan Shalter:                 $2,490.10.

4.     As further provided in his Second Proof of Claim, Jordan has a claim of unjust enrichment for consequential gain by the Debtor relative to $8,105,197.20 from the underlying civil judgment in an amount that has not yet been determined.

5.     Jordan and CLF are judgment creditors from the case of National Brokers of America, Inc. et al. v. Jason Scott Jordan, C.A. No. 14-17117, Berks County Court of Common Pleas and their claims were acquired more than one year pre-petition. CLF maintains a right to a contingent percentage of any recovery by Jordan based on the judgment from the aforementioned case, which right arose more than one year pre-petition.

6.     The nature of Shalter's claim is set forth in his testimony and evidence presented to the Court on September 18, 2024, which are incorporated by reference, and arises from his employment with Seguro Medico, LLC in the spring and summer of 2024, and that the Debtor was his statutory employer under the federal Fair Labor Standards Act and Pennsylvania's Wage Payment and Collection Law.

7.     In connection with the order for relief, the Court determined that the claims of Jason Scott Jordan and CLF were undisputed but the claim of Ethan Shalter was disputed. Nothing in this Statement should be construed as adding or amending the evidence that was presented to the Court on September 18, 2024, and October 1, 2024.

8.     The addresses of each of the Petitioning Creditors are provided in the Involuntary Petition filed with the Court.

9.     To the best of my knowledge, in my personal capacity I do not own any claim against the Debtor or an interest in the bankruptcy estate.

10.     The Petitioning Creditors will submit a request for payment of an administrative expense under 11 U.S.C. § 503(b) for reasonable compensation for professional services and actual, necessary expenses incurred by reason of successfully obtaining an order for relief upon the filing of the Involuntary Petition. Such administrative expense will not exceed $130,000.00 in the aggregate and further details will be provided when the request is submitted. The Petitioning Creditors may at some future time seek to have my fees and costs for professional services, and any other actual, necessary expenses, paid by the Debtor's estate to the fullest extent allowed by the Bankruptcy Code. Additionally, the recovery of any funds by Jordan and Shalter is subject to an attorney's charging lien according to law.

11.     Under Fed. R. Bankr. P. 2019(c)(4), attached to this Statement as Exhibit A is a true and correct copy of the Involuntary Petition, being an instrument that authorized me to act on behalf of the Petitioning Creditors. Additionally, attached to this Statement as Exhibits B through D are an affidavit from CLF confirming my authority to have signed the Involuntary Petition for CLF, together with copies of representation agreements for Jordan and Shalter.

Respectfully submitted,

_Joel Ready_

Joel A. Ready, Esquire

3