**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| *In re:* | : | **Chapter 11** |
| | : | |
| **Alan Christopher Redmond** | : | |
| | : | |
| Debtor. | : | **Case No. 24-13093(PMM)** |
| | : | |

**MOTION OF DEBTOR TO QUASH SUBPOENA
AND REQUEST FOR EXPEDITED HEARING**

Alan C. Redmond, Debtor, by and through his counsel, Ciardi Ciardi & Astin, hereby moves to quash the Subpoena to Appear and Testify at a Hearing or Trial in a Bankruptcy Case issued to Alan C. Redmond on March 26, 2025 (the "Subpoena"), and avers as follows:

1. On March 26, 2025, counsel for Jason Scott Jordan ("Jordan") served a Subpoena on Debtor's counsel seeking the attendance of the Debtor at a hearing on April 1, 2025, a copy of which is attached hereto as Exhibit "A."

2. The Subpoena also requested a production of documents related to "agreements and signature cards" for all accounts.

3. Counsel for the Debtor immediately inquired requesting that Jordan provide the basis for the subpoena and identification of the hearing scheduled for April 1, 2025, for which there would be evidence.

4. The April 1, 2025, hearing on the Disclosure Statement is simply the twice adjourned hearing on approval of the Debtor's Disclosure Statement to review revisions made to the original Disclosure Statement as a result of a hearing held on February 25, 2025.

5. No evidence or testimony was requested or presented at the February 25, 2025, hearing.

6. The only matter substantively on the Docket on April 1, 2025, is for approval of the Disclosure Statement which is not evidentiary in nature.

7. None of the objections raised by Jordan to the approval of the Disclosure Statement were evidentiary, and, in fact, Jordan failed to present any evidence in support of those objections at the February 25, 2025, hearing.

8. Mr. Redmond is scheduled to be out of the state most of next week as his attendance was not necessary at the original hearing on February 25, the continued hearing, and now the April 1, 2025, hearing date.

9. The Subpoena has no legitimate purpose as: (a) there are no evidentiary matters scheduled for April 1, 2025; (b) Jordan is taking the Debtor's deposition the following week; and (c) all of Jordan's objections are related to confirmation.

WHEREFORE, the Debtor respectfully requests that the Subpoena be quashed and that the Court schedule a conference call, or an expedited hearing, on this matter at the Court's earliest convenience.

CIARDI CIARDI & ASTIN

By: */s/ Albert A. Ciardi, III*
Albert A. Ciardi, III, Esquire
1905 Spruce Street
Philadelphia, PA 19103
Telephone: 215-557-3550
Facsimile: 215-557-3551
aciardi@ciardilaw.com

Dated: March 27, 2025