B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

┃ re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Plaintiff

v.

Defendant

Case No. 24-13093

Chapter 11

Adv. Proc. No. _____

**EXHIBIT**
**B**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Shannon Kroemmelbein (a/k/a Mrs. Shannon Redmond)

*(Name of person to whom the subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| PLACE  Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3 Blandon, PA 19510 | DATE AND TIME February 6, 2025 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/07/2025

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

*Joel A. Ready*
Attorney's signature

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan _____, who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

        I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required — and also, after a motion is transferred, the issuing court — may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED:**

1.      Your original birth certificate, including any amendments to the same.

2.      Your Social Security card.

3.      All your active driver's licenses in any jurisdiction.

4.      All your passports.

5.      All of your federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing.

6.      Your most recent curriculum vitae or professional resume.

7.      All curriculum vitae and professional resume you have used within five years before September 3, 2024.

8.      All contracts between you and the Pottstown School District.

9.      All documents evidencing the policy of Pottstown School District regarding outside employment and which is in effect during your period of employment with Pottstown School District.

10.     All contracts between you and the Bucks County Intermediate Unit.

11.     Any document evidencing the policy of Bucks County Intermediate Unit regarding outside employment and which was in effect during your period of employment with the Bucks County Intermediate Unit.

12.     Any document evidencing the date of your resignation from employment with the Bucks County Intermediate Unit.

13.     All invoices you received for any debt within one year before September 3, 2024.

14.     All documents evidencing payments made by you and within one year before September 3, 2024.

15.     All documents evidencing payments made on your behalf, by Alan Christopher Redmond, and within one year before September 3, 2024.

16.     All documents evidencing payments made on your behalf, by any person other than Alan Christopher Redmond, and within one year before September 3, 2024.

17.     All documents evidencing transfer of your assets, valued at $1,000.00 or more, within five years before September 3, 2024.

18.	All documents evidencing transfer of assets (1) regardless of the title of those assets, (2) caused by, or requested by, you, (3) valued at $1,000.00 or more, and (4) within five years before September 3, 2024.

19.	All monthly statements for all your accounts at Mid Penn Bank since 2014 to the present.

20.	All monthly statements for all your accounts which you cause, or permit, to be used by Alan Christopher Redmond and beginning five years before September 3, 2024 to the present.

21.	All monthly statements for any account (1) within your possession or control, regardless of how the account is titled, and (2) five years before September 3, 2024.

22.	All powers of attorney and proxy instruments that you signed at any time within five years before September 3, 2024.

23.	All leases that you have signed at any time within five years before September 3, 2024.

24.	All deeds to all real property located anywhere in the world and recorded during the years 2014 through the present, and which are titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

25.	All unrecorded deeds to real property located anywhere in the world and which are titled in your name or titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

26.	All contracts between you and Alan Christopher Redmond.

27.	All contracts between you and any relative, former spouse, or insider of Alan Christopher Redmond.

28.	All contracts between you and any creditor of Alan Christopher Redmond.

29.	All contracts between you and any of your relatives, former spouses, or insiders.

30.	All contracts between you and any current or former joint account holder, including Gaia Gebbia.

31.	All contracts between you and any of the following entities, or between you and any current or former owner, or current or former member, of the following entities:

  a.	Alan Redmond Charitable Foundation
  b.	ARC Realty, LLC
  c.	Bene Market, LLC

    d.  Benefits Now, LLC

    e.  The Leads House, LLC

    f.  National Brokers of America, Inc.

    g.  NextGen Leads, LLC

    h.  Phase 1 Technology, LLC

    i.  Q H Quick Health

    j.  The Redmond Group, LLC

    k.  Redmond Group Investments, LLC

    l.  Redmond Holdings, Inc.

    m.  Redmond Holdings 2, Inc.

    n.  Redmond Holdings, LLC

    o.  Redmond Investments, LLC

    p.  Redmond Marketing, LLC

    q.  Saoirse, LLC

    r.  Saoirse Enterprise, LLC

    s.  Saoirse Holdings, Inc.

    t.  Seguro Medico, LLC

    u.  U.S. Consolidation

    v.  U.S. Trifecta Limited Liability Company

32.    All federal income tax returns, with all schedules, filed for all business entities in which you currently or previously had a relationship of any kind, including (but not limited to) the following:

    a.  ABN Health

    b.  ABN Network, LLC

    c.  Alan Redmond Charitable Foundation

    d.  ARC Realty, LLC

    e.  ARC Realty 1, LLC

    f.  Bene Market, LLC

    g.  Benefits Now, LLC

    h.  The Leads House, LLC

    i.  National Brokers of America, Inc.

    j.  NextGen Leads, LLC

    k.  Phase 1 Technology, LLC

    l.  Q H Quick Health

    m.  The Redmond Group, LLC

    n.  Redmond Group Investments, LLC

    o.  Redmond Holdings, Inc.

    p.  Redmond Holdings 2, Inc.

    q.  Redmond Holdings, LLC

    r.  Redmond Investments, LLC

    s.  Redmond Marketing, LLC

    t.  Saoirse, LLC

    u.  Saoirse, LLP

    v.  Saoirse Enterprise, LLC

    w.  Saoirse Holdings, Inc.

    x.  Seguro Medico, LLC

    y.  The Turner House of Reading, LLC

    z.  Two High Properties, LLC

    aa. U.S. Consolidation

    bb. U.S. Trifecta Limited Liability Company

33.    All contracts between you and each and every one of the following persons:

    a.  Teresa Ammon

    b.  Heather Briscoe

    c.  Lindsey K. Briscoe

    d.  Katherine Downing

    e.  Stephanie Miller

    f.  Gaia Gebbia

    g.  Seni Sok

    h.  Arthur W. Walsh, Jr.

    i.  Norman M. Valz

34.    All contracts in your possession, or control, where any of the following persons are a party (even if you are not a party):

a. Teresa Ammon

b. Heather Briscoe

c. Lindsey K. Briscoe

d. Katherine Downing

e. Stephanie Miller

f. Gaia Gebbia

g. Seni Sok

h. Arthur W. Walsh, Jr.

i. Norman M. Valz

35. All contracts between you and NP, Inc. and with any owner or inside of NP, Inc.

36. All applications for a mortgage, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to NP, Inc. or any of its managers, servicers, affiliates, or subsidiaries.

37. All contracts between you and each of your creditors.

38. All applications for loans, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to World Business Lenders, LLC and its affiliates or subsidiaries, including WBL SPO I, LLC and WBL SPO II, LLC.

39. All trust agreements, or trust indentures, in which you are a trustee or a beneficiary.

40. All trust agreements, or trust indentures, in which any of your relatives are a trustee or a beneficiary.

41. All organizational documents, bylaws and operating agreements for any business entity (or nonprofit entity) in which you have an ownership interest, membership interest, managerial authority, or control, or which you filed with a government agency on behalf of another person.

42. All written contracts in which you were a party in your personal capacity and which you signed at any time during the past 10 years, including bank service agreements, accounting services, employment contracts, promissory notes, mortgages, escrow, brokerage, personal guarantees, suretyship agreements, and attorney-client agreements.

43. Your written budget for personal and household expenses.

44. All Uniform Commercial Code filings, in any jurisdiction, which list you as a creditor or debtor.

45. Certificates of title in your name as to any motor vehicle, mobile home, aircraft, or

watercraft.

46.     Documents evidencing your title in personal property acquired prior to your marriage to Alan Christopher Redmond and which is valued in excess of $1,000.00.

47.     All contracts between you and any of the following persons:

     a.   Rosewood Custom Cabinetry, LLC

     b.   Stone Arch Associates, LLC

     c.   Willow Tree Remodeling, LLC

     d.   Any creditor of each of the foregoing persons.

**DEFINITIONS**:

    "Account," in addition to its ordinary meaning, includes brokerage, business, nonprofit, investment, and personal banking.

    "Contracts," in addition to its ordinary meaning, includes those that expired.

    "Organizational documents" refer to all documents filed for the purpose to create, change proper name, convert, merge, or dissolve a legal entity of any kind, including a corporation, limited liability company, limited partnership, limited liability partnership, etc.

    "Insider" has the same meaning as 11 U.S.C. § 101(31).