**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093 |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S EXPEDITED MOTION TO COMPEL COMPLIANCE WITH RULE 2004 ORDERS AND FOR OTHER RELIEF**

Moving Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, hereby move on an expedited basis for the Court to compel compliance with its Rule 2004 orders and for other relief, as applied to the following respondents: The Debtor, Shannon Kroemmelbein, Seguro Medico, LLC, Arthur W. Walsh, Jr., Stephanie Farris Miller, C. Malcolm Smith & Company, P.C., C. Malcolm Smith, III, Norman Valz, Esquire, and Katherine Downing, Esquire; and to seek further relief.

**<u>GROUNDS</u>**

By Order filed on February 24, 2025, at ECF No. 289, the Court overruled all objections and compelled a Rule 2004 production and examination as applied to Debtor, Shannon Kroemmelbein, Seguro Medico, LLC, Arthur W. Walsh, Jr., Stephanie Farris Miller, C. Malcolm Smith & Company, P.C., C. Malcolm Smith, III, Norman Valz, Esquire, and Katherine Downing, Esquire, among others.

**I.     Kroemmelbein, Seguro Medico, LLC, Walsh, Miller, Smith, C. Malcolm Smith & Company, P.C., Valz, and Downing have Willfully Failed to Comply with the Court's Rule 2004 Order.**

**A.     No Production of Documents.**

The non-party examinees have had roughly two months to produce requested documents and have refused to do so.

1

On December 13, 2024, undersigned counsel submitted a letter to Attorney William R. A. Rush, requesting Bankruptcy Rule 2004 document productions and examinations in respect of his clients, which included the Debtor's wife, Shannon Kroemmelbein, as well as Seguro Medico, LLC, Arthur W. Walsh, Jr., Norman M. Valz, Esquire, and Stephanie Farris Miller. [ECF No. 210]. On December 23, 2024, Attorney Rush held a phone call with undersigned counsel. Attorney Rush did not raise any particular objections on the call. [Id. at 3].

After we filed a motion at ECF No. 210, the Court held a hearing on February 11th where Attorney Rush appeared and made various objections. By the Order filed on February 24, 2025, at ECF No. 289, Kroemmelbein, Seguro Medico, LLC, Walsh, Miller, C. Malcolm Smith & Company, P.C., Smith (individually), Valz, and Downing had 30 days to produce documents requested by Rule 2004 subpoena. The deadline to produce these documents was March 26, 2025.

To date, each of them has produced nothing.

On March 6, 2025, Attorney Rush submitted a letter to undersigned counsel attached as Exhibit 1. There, Attorney Rush purports to represent Kroemmelbein, Smith (individually), Seguro Medico, LLC, Walsh, and Miller. Attorney Rush is also the Debtor's criminal defense attorney in the criminal action pending in the U.S. District Court for the Eastern District of Pennsylvania, at Cr. A. No. 5:24-CR-00376. Attorney Rush raised new, meritless objections to the request for document production, after the Court had overruled all objections and ordered his clients to produce responsive material. On March 14, 2025, undersigned counsel informed Attorney Rush that the new objections were improper and full compliance with the subpoena should be had. [Exhibit 2].

On March 31, 2025, Attorney Rush filed a motion to quash at ECF No. 321, purportedly for the benefit of Kroemmelbein. The Court denied the motion, and may notice that Kroemmelbein

2

neither verified the motion nor submitted any affidavit in support. There's no evidence that Attorney Rush actually conferred with Kroemmelbein or his other clients, other than Debtor, at any juncture in this proceeding.

The Court overruled all objections for a second time. On March 6, 2025, Attorney Valz contacted undersigned counsel to give notice that "Bill Rush is going to represent me throughout the Rule 2004 Examination process." [Exhibit 3]. On March 6, 2025, Attorney Katherine Downing submitted a response to the subpoena in Exhibit 4, refusing to produce her IRS Form W2s and 1099s as the Court had ordered. March 6th was the same date as Attorney Rush's objections, suggesting coordination.

> **B.      Attorney Rush Cancels Shannon Kroemmelbein's April 4th Examination and Indicated His Intent to Raise More Objections during Any Examination of Kroemmelbein and the Other Non-Party Witnesses.**

Moving Creditors had noticed Shannon Kroemmelbein's in-person examination for April 4, 2025. [Exhibit 6]. On April 3rd, Attorney Rush cancelled the examination, asserting that, next week, he expected to have a medical procedure. On April 3rd, undersigned counsel notified Attorney Rush that, under bankruptcy law, he doesn't have to be present during Kroemmelbein's examination. Rush responded that same day that he wanted to be able to raise more objections because of unparticularized "other actions and investigations involving this client *and the others* . . . ." [Exhibit 7 (emphasis added)].

Attorney Rush cannot raise objections during Kroemmelbein's examination for the sake of protecting the Debtor as a result of a criminal proceeding against the latter. Additionally, the Court already considered and rejected that objection. Attorney Rush raised the objection for Kroemmelbein on January 30th that "a 2004 examination [of Kroemmelbein] in this matter is inappropriate due to *Debtor's pending Untied States criminal matter*, wherein spousal privilege applies." [ECF No. 241 ¶ 6 (emphasis and alternations added)].

By letter dated April 11, 2025, Debtor's counsel notified the Court that Shannon Kroemmelbein "is in the process of obtaining new counsel . . ." [ECF No. 338].

### C. Attorney Rush Cancels Stephanie Farris Miller's April 10th Examination and Stymies the Remainder of the Examinations.

Attorney Rush then canceled the scheduled examination of Stephanie Farris Miller for April 10, 2025. By reason of failing to produce the documents the Court had ordered, Moving Creditors are unable to move forward with the examinations.

## II. Debtor Willfully Failed to Comply with the Court's Rule 2004 Order.

The Debtor has had at least three months to produce requested documents and refused to do so entirely and instead has made selective disclosures. On December 13, 2024, undersigned counsel submitted a letter to Debtor's counsel, requesting a Bankruptcy Rule 2004 productions and examination. On December 18, 2024, undersigned counsel conferred with Attorney Ciardi for that purpose. [ECF No. 210 at 2].

On March 27, 2025, Debtor produced documents in response to the subpoena totaling roughly 194 pages. While the other subpoenaed persons refused to produce, Debtor engaged in selective production while withholding material documents:

(1)     Debtor produced no documents showing the disposition of the $35,239,618.31 of loans he personally guaranteed from Complete Business Solutions Group, Inc., which were deposited with his companies that he owned and controlled, namely, Bene Market, LLC and National Brokers of America, Inc. The Mid Penn Bank records show that Debtor is the administrator for the accounts of Bene Market, LLC. He therefore was in a position to consult his own business records and produce the same.

(2)     In all Profit or Loss from Business Schedule Cs with the income tax returns, the Debtor removed the "Business name" on Line C so that the reader is unable to determine the source

4

of the income for himself and for Shannon Kroemmelbein, who filed jointly with Debtor. See, e.g., Exhibit 5 at Debtor 2004-0016, -0018.

(3)    Debtor produced his income tax returns for 2022 and 2021, *but not* for 2020, thereby concealing material evidence of assets he possessed prior to his marriage to Shannon Kroemmelbein. The Court had directed the Debtor to produce his returns four years pre-petition, which includes 2020.

(4)    Without permission from the Court, the Debtor applied redactions over Social Security numbers and taxpayer identification numbers (TINs). This deprived us of the ability to determine if the Debtor is doing business under an Employer Identification Number (EIN) he filed with the IRS without having created any corporation or business entity. Thus, if the Debtor is operating as a sole proprietorship, then concealing his TIN is violative of the Court's Order.

(5)    Debtor produced no income tax returns for entities where he's admitted ownership, such as Bene Market, LLC. The Mid Penn Bank records show that Bene Market, LLC has been active in 2022, 2023, 2024, and 2025.

(6)    Debtor produced no loan applications that he submitted to World Business Lenders, LLC and its affiliates and subsidiaries, despite having personally guaranteed a $500,000 loan from World Business Lenders on which he became sued in WBL SPO II, LLC v. Alan C. Redmond, C.A No. 21-13390 in the Berks County Court of Common Pleas.

(7)    Debtor produced no agreements which he signed as a personal guarantor or incurred contingent liability, even where shown on his schedules. That includes the $4,000,000 owed to the Small Business Administration.

(8)    We asked for Debtor's "active" driver's license. He instead produced his expired driver's license.

(9)    Debtor did not produce all contracts between himself and each of his current or former business entities. From the Mid Penn Bank records, we learned that a third-party escrow agent, INOVA Benefit Solutions, LLC, submitted "payout" distributions to the Debtor on behalf of his company, U.S. Trifecta, LLC.[1] Those "payout" distributions were deposited into Seguro Medico, LLC's business account ending in No. 6145, and show the following:

| Date | Amount |
|---|---|
| 12/10/2021 | $1,131.41 |
| 12/13/2021 | $5,152.46 |
| 12/14/2021 | $10,723.81 |
| 12/16/2021 | $8,191.33 |
| 12/17/2021 | $2,417.29 |
| 12/20/2021 | $10,256.28 |
| 12/21/2021 | $8,256.01 |
| 12/22/2021 | $12,149.00 |
| 12/23/2021 | $16,283.87 |
| 12/29/2021 | $35,170.39 |
| 12/30/2021 | $4,982.76 |
| 1/5/2022 | $17,144.96 |
| 1/5/2022 | $18,200.57 |
| 1/6/2022 | $6,279.69 |
| 1/7/2022 | $4,325.18 |
| 1/11/2022 | $10,239.16 |
| 1/13/2022 | $11,173.61 |
| 1/13/2022 | $15,761.88 |
| 1/14/2022 | $28,245.75 |
| 1/19/2022 | $7,662.58 |
| 1/20/2022 | $14,208.69 |
| 1/24/2022 | $4,201.94 |
| 1/25/2022 | $4,405.35 |
| 1/26/2022 | $15,894.83 |
| 1/28/2022 | $8,390.52 |
| 1/28/2022 | $15,268.46 |
| 2/1/2022 | $5,461.65 |
| 2/2/2022 | $5,264.08 |
| 2/3/2022 | $10,403.18 |
| **Total:** | **$317,246.69** |

---

[1] Debtor identified U.S. Trifecta as a "Defunct Company," at ECF No. 180 at 8.

The figure of $317,246.99 *does not* include all direct transfers from U.S. Trifecta, LLC. Clearly, the Debtor had a contractual right to these distributions administered by a third-party escrow agent but did not produce the agreement in response to the Rule 2004 subpoena.

### ARGUMENT

While the Court already possessed authority to hold the respondents in contempt for disobeying its Rule 2004 orders,[2] Moving Creditors seek a narrower set of remedies for the sake of moving this forward expeditiously. Under 11 U.S.C. § 105 the Court has the same discovery powers as other courts and may compel obedience with its orders, among other things. *In re* Summit Corp., 891 F.2d 1, 5 (1st Cir. 1989) (discussing 11 U.S.C. § 105) ("The discovery decree in this case is such an order."); *In re* Ascentra Holdings, Inc., 657 B.R. 339, 354 (Bankr. S.D.N.Y. 2023) (discovery authorization is an "inherent power").

First, we ask the Court to compel the respondents to produce the requested documents within 14 days or else the Court will hold a contempt hearing and impose sanctions. For all respondents, including the Debtor, we ask that the Court compel that all documents produced cannot have whiteout or redactions.

Second, it's well-settled law that Rule 2004 examinations can be conducted without counsel for the examinee: "[A] Rule 2004 examination does not provide the same procedural safeguards as Rule 7026. For example, a witness has no general right to representation by counsel during a deposition, and the right to object to immaterial or improper questions is limited." *In re* Washington Mut., Inc., 408 B.R. 45, 49 (Bankr. D. Del. 2009). "The right to counsel shall be

---

[2] Refusing to obey an order, compelling a Rule 2004 examination or production is remedied by holding in contempt and imposing sanctions. *In re* Jones, 2022 Bankr. LEXIS 246, at *2 (Bankr. W.D. Mich. Jan. 26, 2022); see also, EHT US1, Inc. v. EHT Asset Mgmt., LLC (*In re* EHT US1, Inc.), 633 B.R. 223, 232 (Bankr. D. Del. 2021) (contempt power); Joubert v. ABN Mortg. Group, Inc. (*In re* Joubert), 411 F.3d 452, 455 (3d Cir. 2005) (same).

permitted sparingly and with caution," and right to cross-examine the witness is disallowed without leave of court. *In re* GHR Energy Corp., 33 B.R. 451, 454 (Bankr. D. Mass. 1983) (quotation omitted), cited with favor by, *In re* East West Resort Dev. V, L.P., 2014 Bankr. LEXIS 3930, at *20-21 (Bankr. D. Del. Sept. 12, 2014) and *In re* Continental Forge Co., 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987).

Here, by reason of Attorney Rush's obstruction, and by reason of his vague assertion that the witnesses will all find some replacement counsel at some unspecified time in the future, the Court can order the non-party examinees to submit to a Rule 2004 examination without any counsel present.

For this Debtor, however, any monetary sanctions will not afford adequate relief. The Debtor had two months to gather and produce documents before March 26th and did not. If the Debtor does not obey the Court's order by turning over all responsive material within 14 days and then making a good faith participation in his examination, then the Court should sanction the Debtor by way of forfeiture of the privilege to obtain a discharge, in 11 U.S.C. § 727(a)(6), which is incorporated into Chapter 11 proceedings under Section 1141(d)(3). "Refusing to respond to a [Rule 2004] subpoena can form the basis for a denial of discharge under section 727(a)(6)(A)," *In re* Bressler, 601 B.R. 318, 338 (Bankr. S.D.N.Y. 2019) (citations omitted). The Court may further direct that it will stay any plan confirmation hearing if there is any further noncompliance by the Debtor or by the non-party respondents.

For his own Rule 2004 production, the Court should further order the Debtor to give full and complete documents without any whiteout or redactions, and all Schedule Cs on his income tax returns must clearly identify the entity from which the income was derived. The Debtor must submit all income tax returns for National Brokers of America, Inc. and Bene Market, LLC,

8

including any other entity that he owns, has managerial authority, or is an account administrator. By reason of owning and controlling National Brokers of America, Inc. and Bene Market, LLC, the Debtor must produce all records, including bank records, showing the disposition of the $35,223,618.31 that was borrowed from Complete Business Solutions Group, Inc. The Debtor must produce all loan applications that he submitted to World Business Lenders, LLC. The Debtor must produce all agreements in which he was a personal guarantor or had incurred contingent liability, including the loans from the U.S. Small Business Administration.

The Court should further sanction the Debtor by directing that he produce his federal income tax returns, with all schedules and forms, for 2019 and 2020. The 2020 return was already within the scope of what the Court had ordered.

## CONCLUSION

**WHEREFORE**, based on the foregoing, Moving Creditors respectfully request that the Court grant this Motion, enter the proposed order, and compel the respondents to obey its Rule 2004 order, namely, Shannon Kroemmelbein, Seguro Medico, LLC, Arthur W. Walsh, Jr., Stephanie Farris Miller, C. Malcolm Smith & Company, P.C., C. Malcolm Smith, III, Norman Valz, Esquire, and Katherine Downing, Esquire, or else they will be held in contempt; and impose sanctions on them as shown in the proposed order, incorporated by reference, and to order the non-party respondents to submit to a Rule 2004 examination without counsel present.

AND such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: April 14, 2025          By:     /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        PA Attorney I.D. # 321966

9

8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875