UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                 :

                                  : **CHAPTER 11**

ALAN CHRISTOPHER REDMOND,        :

                                  : **BANKRUPTCY NO. 24-13093 pmm**

                      **Debtor.**      :

                                  : **Rel DN 341**

## OBJECTION OF DEBTOR TO EXPEDITED MOTION TO COMPEL COMPLIANCE WITH RULE 2004 ORDERS

Alan Christopher Redmond, the Debtor and Debtor-in-Possession, by and through his undersigned counsel, Ciardi Ciardi & Astin, hereby files this objection (the "Objection") to the Motion of Jason Scott Jordan ("Jordan"), Cornerstone Law Firm, LLC ("Cornerstone") and Ethan Shalter ("Shalter") to Compel Compliance with Rule 2004 Orders and Other Relief [DN 341] (the "Motion To Compel"), and respectfully avers as follows:

## FACTUAL BACKGROUND

1. On January 21, 2025, Jordan, Cornerstone and Shalter (collectively, the "Movants") filed an *AMENDED* Motion to Compel Rule 2004 Examinations and Production of Documents of Debtor, his spouse and associates, D.N. 210(the "Amended Motion").

2. The Debtor filed objections to the Amended Motion, as well as the prior motion, at Docket Numbers 193, 230.

3. On February 11, 2025, a hearing was held on the Amended Motion (the "Hearing").

4. Pursuant to the instructions at the Hearing, competing lists of documents were submitted by the Debtor and the Movants to the Court via email on Friday February 14, 2025.

5. As set forth in the blackline provided to the Court in the Debtor's list of documents, the Debtor indicated that he did not have certain documents.

1

6. In Movants' submission, Mr. Ready acknowledged that he had subpoenaed the Debtor's accountant and Debtor did not need to respond with respect to the tax returns.

7. On February 25, 2025, the Court entered an order granting the Amended Motion pursuant to the terms of the Court Order (the "Order"), D.N. 289. The Order attached a revised Exhibit "A" setting forth the documents to be produced by the Debtor.

8. In compliance with the Order, on March 27, 2025, the Debtor submitted documents bates stamped Debtor-2004 00001 through Debtor-2004 000194 in response to the subpoena as amended by the Order. Despite the fact that the accountant was subpoenaed and the Debtor's tax returns were requested, the Debtor produced his tax returns (2020 was not originally produced).

9. In addition, pursuant to the terms of the Order, a deposition of the Debtor has been scheduled for Thursday, April 17, 2025 at 9 am at the Offices of Cornerstone.[1]

10. On April 14, 2025, the Debtor submitted additional documents bates stamped Debtor-2004 000195 through Debtor-2004 000378 in further response to the subpoena. Included in this supplemental submission was the Debtor's 2020 tax return as well as tax returns for entities in which the Debtor has an interest.[2]

11. On that same day, April 14, 2025, the Movants' filed a Motion to Compel Compliance with Rule 2004 Orders and Other Relief, D.N. 341(the "Motion To Compel"). The Motion To Compel seeks relief against the Debtor as well as other parties. With respect to the Debtor, the Motion To Compel alleges the Debtor willfully failed to comply with the Order alleging that the Movants have not received **_ALL_** of the listed documents.

---

[1] The deposition of the Debtor was originally scheduled for April 8, 2025 but was moved to April 17th upon agreement of the parties.

[2] Important to note that not all entities file individual tax returns; some entities are reported in the individual return of the Debtor.

12. The Movants complaint that they have not received the following documents:

a. Documents "showing the disposition of $35,239,618.31 of loans he personally guaranteed from Complete Business Solutions Group, Inc., which were deposited with his companies that he owned and controlled, namely, Bene Market, LLC and National Brokers of America, Inc.  The Mid Penn Bank records show that the Debtor is the administrator for the accounts of Bene Market LLC.  He therefore was in a position to consult his own business records and produce same." Motion To Compel, ¶ II (1), pg 4.  **Again, as the debtor has said previously, the debtor does _NOT_ have documentation showing the uses of this loan in his possession.  Movants' counsel can question the Debtor at the scheduled deposition on Thursday, April 17 about how these funds were used.**

b. "Profit or Loss from Business Schedule C with income tax returns, the debtor removed the "Business Name" on Line C  . . .."  **Nothing was removed from line "C."  The only thing redacted was the social security numbers of the Debtor and his wife, Ms. Krommelbein.**

c. No income tax returns for 2020.  **The Debtor provided this on April 14, 2025.**

d. Debtor redacted social security numbers.  **The Movants are <u>NOT</u> <u>ENTITLED</u> to the social security number of the Debtor, the Debtor's spouse or the Debtor's kids.**

e. The Debtor produced "no income tax returns for entities where he admitted ownership, such as Bene Market, LLC . . .."  **The Debtor produced income**

3

**tax returns for Bene Market, and other entities, in his supplemental production on April 14, 2025.**

f. The "Debtor produced no loan applications that he submitted to World Business Lenders, LLC . . .." **Again, the Debtor did not keep a copy of the "loan application" that was *submitted to WBL*.**

g. "Debtor produced no agreements where he signed as a personal guarantor . . . including the $4,000,000 owed to the Small Business Administration." **The Debtor did not have a copy, but this has been attached to the adversary proceeding filed by the SBA and the Movants can obtain same from the docket.**

h. Debtor's driver license is not "Active." **Counsel for the Debtor gave the drivers license she had saved in her file. Movants' counsel can make a copy of any current license at the deposition.**

i. Debtor failed to produce contracts. **Again, the Debtor produced what he had access to and found. The Debtor has been clear from the beginning that the Debtor does not have/cannot find certain documents.**

13. To be very clear, the Debtor produced 400 pages of documents and supplemented his documents. Any responsive document that the Debtor had had in his possession was produced. Accordingly, the Movants' allegations that the Debtor "willfully failed to comply with the Court order" is incorrect and not truthful.

14. As such, any directive in the Movants' order requiring the Debtor to "produce all responsive material" is silly; The Debtor has produced what he has in his possession.

15. Moreover, Movants' order banning any other counsel from being present at a Rule 2004 examination of a non-party witnesses, **including counsel for the non-party witness**, is wholly inappropriate. Not only is the Debtor's attorney permitted to attend any 2004 examination, but also any non- party witness is permitted to have counsel at a deposition. There is no basis in any law in this country where a civil witness is barred from having an attorney of that witness' choice present when testifying. This request is more appropriate in North Korea or Venezuela and not a Bankruptcy Court in the United States. The Debtor requests that Jordan provide specific legal authority for the pre-emptive banning of a witness from having counsel of his or her choice present or be sanctioned for making parties address a utterly frivolous and baseless request.

16. As such, to the extent that the Motion to Compel is granted in any capacity, the order should be substantially revised.

**WHEREFORE**, Alan Christopher Redmond respectfully requests that this court deny the Motion To Compel as it relates to the Debtor and grant such other and further relief as is just and proper.

**CIARDI CIARDI & ASTIN**

Dated: April 17, 2025

*/s/Nicole M. Nigrelli*
Albert A. Ciardi, III, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
(215) 557-3550 office
(215) 557-3551 fax
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
**Counsel to Debtor, Alan C. Redmond**