**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*In re:*

                                                 **Chapter 11**

**ALAN CHRISTOPHER REDMOND,**

                  **Debtor.**                        **Case No. 24-13093 (PMM)**

**MOTION OF WILLIAM R.A. RUSH, ESQ., TO WITHDRWAW AS COUNSEL FOR
SHANNON KROEMMELBEIN (a/k/a MRS. SHANNON REDMOND), ARTHUR
WALSH, JR., AND SEGURO MEDICO, LLC, THIRD PARTIES**

William R.A. Rush, Esq. and Rush Law Group, LLC, hereby files this motion (the

"Motion") for entry of an order, in the form attached hereto as Exhibit A, to withdraw

representation for the above-referenced Third Parties due to personal medical issues, and

represents in support thereof the following:

**PRELIMINARY STATEMENT**

1. Before this Honorable Court is the undersigned counsel's petition to withdraw.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b). Venue

   of these cases and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and

   1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The legal predicates for the relief requested herein the Federal Rules of Bankruptcy

   Procedure (the "Bankruptcy Rules") and 39 C.F.R. § 952.16.

## BACKGROUND

4. On September 3, 2024, an involuntary petition was filed against Alan Christopher Redmond.

5. On October 3, 2024 (the "Petition Date"), an order for relief was entered under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor remains in possession of his property and continues to operate his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

6. From early October, 2024 and into the present, the undersigned counsel began experiencing severe right arm pain. In November, 2024, the undersigned was involved in an accident which caused the undersigned to suffer a severe concussion. Following recovery from the concussion, the arm pain continued but the undersigned lost function in the right arm, limiting his abilities to perform his work in this and other matters.

7. The pain and limitations became more severe, forcing an MRI to uncover serious and significant neck injuries which have and will continue to require substantial medical interventions as well as impose significant physical limitations on the undersigned's abilities to perform his duties, and further necessitating temporary adjustments to his practice. To wit, the undersigned has had to relocate offices, reduce office hours and reduce court appearances.

8. The undersigned has made Attorney Reedy and the undersigned's clients aware of these issues, the limitations, and the temporary (though indefinite) nature of these limitations.

2

9. The third party clients of the undersigned agree to the relief requested herein.

## RELIEF REQUESTED

10. For all the reasons set forth herein, the undersigned respectfully requests that this Honorable Court enter an order withdrawing the undersigned's appearance in this matter for these clients. The undersigned further respectfully request that Ms. Kroemmelbein, Mr. Walsh and Seguro Medico, LLC be given reasonable time to obtain new counsel and comply with Attorney Reedy's discovery requests.

## BASIS FOR RELIEF

**A. THE UNDERSIGNED HAS SUFFICIENT LEGAL REASONS TO OBTAIN THE RELIEF REQUESTED.**

11. An attorney may move for leave to withdrawal by motion to the Court.

12. In the present case, all represented parties agree to the relief requested of the undersigned.

13. Medical impediments of an attorney can constitute "good cause" for withdrawal under the Pennsylvania Rules of Professional Conduct, provided such withdrawal can be accomplished *without* material adverse effect on the client's interests *See In re Mazzei,* 522 B.R. 113 (2014) *(emphasis added)*. Courts have recognized that compelling personal circumstances, such as medical issues, can justify an attorney's withdrawal, especially if continuing representation would be detrimental to the attorney's health or ability to provide effective representation. This is the case in this matter. In addition, the undersigned's health is detrimental to Ms. Kroemmelbein, Mr. Walsh and Seguro Medico, LLC as the undersigned is not able to perform his duties at the same expediency or volume as is typical.

14. Thus, the undersigned has legal bases to request the relief sought via this motion.

**B. THE COURT SHOULD PROVIDE A REASONABLE EXTENSION FOR THE THIRD PARTIES TO OBTAIN NEW COUNSEL AND RESPOND TO DISCOVERY.**

15. The Third Parties will be prejudiced by not having a reasonable time to respond to the discovery requests and obtain new counsel as the undersigned is limited to a diminished schedule and very limited court appearances.

16. No prejudice will befall Attorney Reedy and his clients due to the relief requested.

17. The Third Party clients agree to the relief requested in this motion.

<u>**CONCLUSION**</u>

**WHEREFORE**, The undersigned counsel for Third Parties Shannon Kroemmelbein, Arthur Walsh, Jr. and Seguro Medico, LLC respectfully requests the entry of an order in the form attached hereto as Exhibit A and further asks this Honorable Court to grant such other and further relief as the Court deems appropriate.

Respectfully submitted,

**RUSH LAW GROUP, LLC**

Date: April 19, 2025

By:    **/s/ William R. A. Rush**
       William R. A. Rush, Esquire
       Attorney I.D. No. 209596
       38 N. 6th Street, P.O. Box 758
       Reading, PA 19603-758

4