**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093 |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S RESPONSE IN OPPOSITION TO FIRST INTERIM APPLICATION OF CIARDI CIARDI & ASTIN, COUNSEL TO THE DEBTOR, FOR THE PERIOD OF OCTOBER 1, 2024 THROUGH APRIL 30, 2025**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, file this response in opposition to the First Interim Application for Compensation and Reimbursement of Expenses of Ciardi Ciardi & Astin [ECF No. 374] (the "First Interim Application").

**CERTIFICATION**

Undersigned counsel certifies to the Court the following: On June 6, 2025, undersigned counsel submitted a letter to Albert A. Ciardi, III, Esquire, and the U.S. Trustee Program, which was re-directed to the Program's newly-assigned trial attorneys, Samantha Lieb, Esquire and Rachel Wolf, Esquire. In that letter, undersigned counsel outlined the same objections raised in this response to the First Interim Application and asked for the U.S. Trustee to confer with Attorney Ciardi to determine if the deficiencies could be cured and if any resolution could be reached without the Petitioning Creditors having to file this response. Attorney Ciardi rebuffed the letter and, to date, undersigned counsel did not receive a response from the U.S. Trustee Program.

**GROUNDS**

With roughly $66,781,885.94 in claims submitted on the Register and the Debtor claims to have little income or assets, the First Interim Application warrants careful scrutiny. The specific

1

prejudice to the Petitioning Creditors is set forth below but, in general, we are prejudiced as a whole where this Debtor on his schedules has consistently stated that he has a "[p]ossible claim against Jason Scott Jordan, Ethan Shalter, and/or Cornerstone Law" arising from being the Petitioning Creditors in this case. [ECF No. 152 at 6]. The First Interim Application seeks attorneys' fees for items the Court should disallow under 11 U.S.C. § 330, which is made applicable to interim applications by Section 331 of the Code, and does not comply with the requirements of Fed. R. Bankr. P. 2016 and Local Rule 2016-2, as well as the U.S. Trustee Program's *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses in Larger Chapter 11 Cases*, 78 Fed. Reg. 36248 (June 17, 2013).

**I.      Services Not Likely to Benefit the Bankruptcy Estate.**

The Court may disallow compensation for services that were not "reasonably likely to benefit the debtor's estate" or "necessary to the administration of the case." 11 U.S.C. § 330(a)(4)(A). Here, the Ciardi Firm seeks $48,290.00 under Plan & Disclosure Statement (PA12). However, the Debtor's First Plan and related Disclosure Statement, including the First Amended Plan and First Amended Disclosure Statement, were withdrawn, and the Debtor has failed to put forward a confirmable plan within the plan exclusivity period. As further shown below, the Ciardi Firm did not properly attribute hours spent attending hearings relating to the Disclosure Statement, thereby making the amount billed for PA12 significantly less than it actually is.

On behalf of the U.S. Trustee Program, Attorney John Schanne had raised meritorious objections that the proposed plans did not identify the holder of the bank account that would source the distributions to creditors, as well as the proposed escrow agent. Petitioning Creditors repeatedly filed objections on the record that the plans were unconfirmable and the disclosure statements did not comply with the requisites of Section 1125 of the Code. [ECF Nos. 283, 318]. As shown in those objections, that the Ciardi Firm put forward plans that were unconfirmable on their face is

significantly different than a confirmable plan that so happened to be voted down by the creditors. We maintain these services did not materially benefit the estate and compensation for the same should be disallowed by the Court.

**II.      No Disclosure of Sources of Compensation Paid To-Date and if Third Parties Agreed to Pay Debtor's Fees.**

Bankruptcy Rule 2016(a)(1) sets for requirements which "must" be followed in any application. These are mandatory rather than discretionary requirements. In the First Interim Application, the Ciardi Firm did not disclose "the source of the paid or promised compensation," "all payments previously made or promised for services rendered or to be rendered in connection with the cast," and whether any agreement exists between the applicant "and any other entity for sharing compensation for services rendered or to be rendered in connection with a case," as well as the particulars of that agreement. Fed. R. Bankr. P. 2016(a)(1).

From the Mid Penn Bank records produced in Rule 2004 discovery, the Ciardi Firm received payments from Seguro Medico, LLC in the amounts of $10,000.00 on September 11, 2024 and $25,000.00 on October 9, 2024. [Exhibit A]. These amounts, and the sources of the payment, are not disclosed in the First Interim Application, as well as whether any further amounts were received by the Ciardi Firm. The First Interim Application does not disclose whether any agreements exist between the Ciardi Firm and any other entity for sharing compensation for services rendered or to be rendered in this case.

The noncompliance isn't academic here. Three days after receiving my letter, the firm of Ciardi Ciardi & Astin (the "Ciardi Firm") moved to withdraw as counsel on the basis that the Debtor cannot pay [ECF No. 379]. But if the Debtor is, through third parties, making periodic payments then that should be disclosed to the Court and to other creditors. If third parties are paying, or have agreed to pay, the Debtor's attorneys' fees in this case, then that needs to be

disclosed on the record. The Court should deny the First Interim Application and direct the Ciardi Firm to resubmit in compliance with Bankruptcy Rule 2016(a)(1)(B), (C), (D), (E), and (F).

**III.     Improper Project Categories in Violation of Local Rule 2016-2.**

Where the First Interim Application does not comply with Local Rule 2016-2, Petitioning Creditors are prejudiced by the improper project categories for PA23 "Motion Practice" and PA24 "Attend Hearings." Under Project Category "PA24" ("Attend Hearings"), "This category represents time spent preparing for, traveling and attending hearings on motions filed by or against the Debtor." [ECF No. 374 at 6]. Under Local Rule 2016-2(f), however, "An applicant shall not use a category that refers only to a procedural task (e.g., 'attend court hearings')." The First Interim Application is therefore noncompliant by creating PA23 and PA24 project billing for procedural tasks only. Local Rule 2016-2(e)(14) requires the Ciardi Firm to itemize each contested matter separately within "Litigation."

There is also "PA23," "Motion Practice," relating to "research, analysis, drafting and filing various motions on behalf of the Debtor." From a review of the billing records, the Ciardi Firm improperly included Rule 2004 discovery matters, such as reviewing document productions and corresponding with nonparty entities [e.g., ECF No. 374-6 at 68 (entries for Feb. 14/2025 through 2/24/2025)]. The Ciardi Firm further characterized Petitioning Creditors' motion to lift stay under PA23 [ECF No. 374-6 at 63 (entry for Dec. 16, 2024)], whereas Local Rule 2016-2(e)(19) requires lift-stay motions to have a separate project code entirely.

The Ciardi Firm also fails to show consistency within these improper project categories. For instance, the Ciardi Firm improperly characterized preparing for and attending hearings under PA23 instead of PA24:

| Chart 1: Billing Improperly Characterized as PA23 Motion Practice | | | | |
|---|---|---|---|---|
| **ECF No.** | **Date** | **Description** | **Attorney** | **Amount** |
| 374-6 at 66 | 2/05/2025 | Prepare pleadings for hearing on 2 11 25 | Nicole Nigrelli | $630.00 |
| 374-6 at 67 | 2/10/2025 | prepare for hearings on 2/11 | Albert Ciardi | $1,562.50 |
| 374-6 at 67 | 2/11/2025 | Attend 9 hearing on Redmond | Nicole Nigrelli | $2,835.00 |
| 374-6 at 69 | 3/31/2025 | Preparing for hearings on DS and other matters | Attorney Ciardi | $1,250.00 |
| 374-6 at 70 | 4/22/2025 | Travel to and attend hearing on expedited motion to compel | Nicole Nigrelli | $2,257.50 |
| | | | **Total:** | $8,535.00 |

Petitioning Creditors are further prejudiced by such categorization where some of this time related to the Disclosure Statement (DS), which we maintain did not benefit the bankruptcy estate and should be disallowed by the Court under Part III, supra.

The Court should deny the First Interim Application and direct the Ciardi Firm to resubmit in compliance with Local Rule 2016-2 and provide that Project Categories PA23 and PA24 are disallowed.

**IV.     Materially Misleading Project Descriptions in Violation of Local Rule 2016-2.**

Under Local Rule 2016-2(e)(14), the "Litigation" Category must list contested matters and adversary proceedings "each identified separately." Guideline C(8)(g) makes express, "Applicants are encouraged to consult with the United States Trustee regarding the need to formulate case-specific project billing with respect to a particular case." 78 Fed. Reg. at 36253.

Under Litigation (PA10), the Ciardi Firm erroneously conveys to the Court billable matters "litigating two (2) adversary matters and other issues all related to the Petitioning Creditors." From

a review of the billing under PA10, the Ciardi Firm included the following:

- Proceedings on the Order for Relief.
- Adversary Proceeding 24-00144 (Jason Scott Jordan v. Redmond and Bene Market, LLC)
- Adversary Proceeding 24-00145 (Jason Scott Jordan v. Redmond)
- Adversary Proceeding 24-00119 (U.S. Small Business Administration v. Redmond)
- Stipulations for Extension of Time to File Adversary Proceeding with American Workers Insurance Services, Inc.
- Rule 2004 Examinations and written discovery

My clients are prejudiced by these descriptions because the Ciardi Firm is creating a misleading impression to the Court that only Petitioning Creditors' adversary proceedings or contested matters are being billed when that's not accurate. Moreover, because the Debtor claims that he has a "claim" against us for being the Petitioning Creditors, then we request that the Court direct the Ciardi Firm to comply with Local Rule 2016-2(e)(14) by separately identifying each and every contested matter and adversary proceeding. Moreover, the Ciardi Firm should use a separate billable project for Rule 2004 discovery as it is not a contested matter.

**V.      No Explanation for Need of Multiple Attorneys Attending Hearings.**

The U.S. Trustee Program's Guideline C(8)(f) provides, "If more than one professional attends a hearing or conference, the applicant should explain the need for multiple attendees." 78 Fed. Reg. at 36254.

| **Chart 2:** | | | |
|---|---|---|---|
| **More than One Professional Attending a Hearing or Conference** | | | |
| **ECF No.** | **Hearing Date** | **Attorney Albert Ciardi's Billables** | **Attorney Nicole Nigrelli's Billables** |
| ECF No. 374-5 at 3 | October 1, 2024 | $6,325.00 | $5,775.00 |
| ECF No. 374-5 at 40 | February 11, 2025 | $3,750.00 | $2,835.00 |

The First Interim Application does not provide the Court with a detailed explanation whenever more than one professional attended a hearing or conference. The Court should deny the First Interim Application and direct the Ciardi Firm to resubmit the same and cure such deficiency.

6

## **CONCLUSION**

**WHEREFORE**, based on the foregoing, Petitioning Creditors respectfully request that the Court deny the First Interim Application for Compensation and Reimbursement of Expenses of Ciardi Ciardi & Astin [ECF No. 374] to the extent of PA12 billing to-date, and direct the firm to resubmit the application in compliance with Fed. R. Bankr. P. 2016 and Local Rule 2016-2, including that all sources of compensation received be disclosed, that any agreement to pay the debtor's fees with any other entity be disclosed, to discontinue the project categories PA23 and PA24 and reclassify all billing submitted under those categories, to itemize each and every contested matter submitted under PA10 and summarize the number of hours and fees incurred for each, and to use a separate billable project for Rule 2004 discovery-related matters.

AND such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: June 12, 2025          By:     /s/ Joel A. Ready
                                               Joel A. Ready, Esquire
                                               PA Attorney I.D. # 321966
                                               8500 Allentown Pike, Suite 3
                                               Blandon, PA 19510
                                               (610) 926-7875