**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**ORDER**

AND NOW, this _____ day of the month of _____, 2025, upon consideration of the First Interim Application for Compensation and Reimbursement of Expenses of Ciardi Ciardi & Astin, Counsel to the Debtor, for the Period of October 1, 2024 through April 30, 2025 [ECF No. 374] (the "First Interim Application"), and the Response in Opposition by Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, IT IS HEREBY ORDERED as follows:

(1)     The First Interim Application is DENIED WITHOUT PREJUDICE.

(2)     Under 11 U.S.C. § 330(a)(4)(A), the First Interim Application may not seek compensation to-date under Project PA12 where, as here, such did not materially benefit Debtor's estate.

(3)     In resubmitting such application, in addition to any other requirements in Fed. R. Bankr. P. 2016 and Local Rule 2016-2, the applicant must disclose the amounts and sources of all payments received to-date, including whether any other entity has agreed to pay on behalf of the Debtor. The applicant must explain why more than one professional attends any hearing or conference. The applicant may not continue the billable projects, PA23 "Motion Practice" and PA24 "Attend Hearings," and must reclassify all billable items submitted under PA23 and PA24 under the appropriate project category. The applicant must itemize each and every contested matter under its description of PA10 Litigation and summarize the number of hours and fees incurred for each. The applicant is directed to utilize a separate billable project for Rule 2004 discovery-related

matters.

(4)      The applicant is encouraged to consult with the U.S. Trustee Program if additional project

categories should be utilized in this case.

BY THE COURT

By:   _____
Hon. Patricia M. Mayer, *J.*