**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093 <br><br> Involuntary Chapter 11 |

| | |
|---|---|
| JASON SCOTT JORDAN, <br> Plaintiff, <br><br> v. <br><br> ALAN CHRISTOPHER REDMOND, <br> Defendant. | Involuntary Chapter 11 <br><br><br> Adv. Proc. No. 24-0145-PMM |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S OBJECTION TO MOTION OF CIARDI CIARDI & ASTIN TO WITHDRAW AS COUNSEL FOR DEBTOR AND REQUEST FOR ALL DEADELINES TO BE STAYED FOR SIXTY (60) DAYS**

For Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter, our objection is limited to Ciardi Ciardi & Astin's request for a 60-day "stay" of the Main Case at No. 24-13093 and Adversary Proceeding No. 24-0145. We have no objection to the balance of this Motion. As the Court knows, we requested and obtained leave of Court to conduct examinations and subpoenas for documents under Fed. R. Bank. P. 2004 and this is still ongoing. Debtor has completed his own Rule 2004 examination. Attorneys Katherine Downing and Norman M. Valz are self-representing and have completed their Rule 2004 examinations and produced documents. Most of the non-party witnesses have now obtained their own counsel and are seeking to schedule examinations.

Debtor's counsel was not present during the Rule 2004 examinations of Norman M. Valz (May 9, 2025), Katherine Downing (May 16, 2025), and C. Malcolm Smith, III (June 19, 2025) — and quite frankly it would not have served any purpose if Debtor's counsel had appeared. Debtor doesn't have to be present, himself or by any legal representative. While it may not be

1

frequently practiced in our district, we note for the Court the black-letter law that the Debtor doesn't have a right to appear and participate in Rule 2004 examinations of other witnesses—and this is a serious distinction from a traditional deposition under Fed. R. Civ. P. 30.[1] The law, at best, would entitle him to a copy of a transcript if requested in context of a contested matter or adversary proceeding.

To grant a generic "stay" at this juncture would cause serious prejudice to the ability of Petitioning Creditors to complete Rule 2004 examinations and subpoenas. Moreover, a stay would improperly benefit the Debtor if trying to conceal evidence and prevent us from obtaining discoverable information.

For Adversary Proceeding No. 24-0145, a stay does not appear to serve any purpose where the Court already suspended all scheduling order deadlines at ECF No. 22 on that docket. All briefing on the motions for summary judgment is completed, and the Court may deliberate and rule on the same whether Debtor has counsel or not. There's no prejudice to him.

**WHEREFORE**, based on the foregoing, Petitioning Creditors respectfully request that the Court grant-in-part and deny-in-part the Motion of Ciardi Ciardi & Astin to Withdraw as Counsel for Debtor and Request for All Deadlines to Be Stayed for Sixty (60) Days [ECF No. 379], namely, that the Court deny the request to stay but grant the balance of the Motion.

Respectfully submitted,

---

[1] "[A] Rule 2004 examination does not provide the same procedural safeguards as Rule 7026. For example, a witness has no general right to representation by counsel during a deposition, and the right to object to immaterial or improper questions is limited." *In re* Washington Mut., Inc., 408 B.R. 45, 49 (Bankr. D. Del. 2009). The right to cross-examine the witness is disallowed without leave of court. *In re* GHR Energy Corp., 33 B.R. 451, 454 (Bankr. D. Mass. 1983) (quotation omitted), cited with favor by, *In re* East West Resort Dev. V, L.P., 2014 Bankr. LEXIS 3930, at *20-21 (Bankr. D. Del. Sept. 12, 2014) and *In re* Continental Forge Co., 73 B.R. 1005, 1007 (Bankr. W.D. Pa. 1987).

2

Dated: June 27, 2025                    By:      /s/ Joel A. Ready
                                                 Joel A. Ready, Esquire
                                                 PA Attorney I.D. # 321966
                                                 8500 Allentown Pike, Suite 3
                                                 Blandon, PA 19510
                                                 (610) 926-7875