**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| Alan Christopher Redmond | § | Case No.  24-13093 (PMM) |
| | § | |
| Debtor. | § | The Honorable Patricia M. Mayer |
| | § | |

**MOTION OF THE UNITED STATES TRUSTEE TO DISMISS DEBTOR'S CASE
OR CONVERT TO CHAPTER 7 PURSUANT TO 11 U.S.C. § 1112(B)**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and through his undersigned counsel, hereby moves (this "Motion") for entry of an order, pursuant to section 1112(b) of title 11 of the United States Code (11 U.S.C. § 101 *et seq.*, the "Bankruptcy Code"), dismissing the above-captioned case or converting the case to chapter 7.  In support of this Motion, the U.S. Trustee states as follows:

**JURISDICTION**

1. Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the Eastern District of Pennsylvania issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine this Motion.

2. Pursuant to 28 U.S.C. § 586(a)(3), the U.S. Trustee is charged with administrative oversight of the bankruptcy system in this District.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.),* 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898

1

F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog"). Under 11 U.S.C.

§ 307, the U.S. Trustee has standing to be heard on the Motion. *Id.*

3. The U.S. Trustee consents to the entry of a final order or judgment by the court if

it is determined that the court, absent consent of the parties, cannot enter a final order or

judgment consistent with Article III of the United States Constitution. *See* L.B.R. 9014-3(b)(2).

## BACKGROUND AND FACTS

### *The Bankruptcy Case*

4. On September 3, 2024, a Chapter 11 Involuntary Petition (the "Petition") was filed

against Alan Christopher Redmond ("Redmond" or the "Debtor") by Joel Ready, Esq. ("Ready")

on behalf of petitioning creditors James Scott Jordan ("Jordan"), Cornerstone Law Firm, LLC

("Cornerstone"), and Ethan Shalter (together, "Petitioning Creditors"). *See* ECF No. 1.

5. On October 1, 2024, the Court entered an Order approving the application of the

Debtor to employ Ciardi Ciardi & Astin ("CCA") as counsel over the objection of the Petitioning

Creditors. *See* ECF No. 89.

6. On October 2, 2024, an Order for Relief was entered. *See* ECF No. 2. Since that

date, the Debtor has acted as a debtor in possession of his assets and manages his affairs as a

debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

7. The United States Trustee's Operating Guidelines (the "UST Guidelines") identify

and explain the requirements imposed on the Debtor, including the obligation to maintain

insurance and provide proof thereof to the U.S. Trustee within 15 days of a petition date, as well

as the requirements that debtors file monthly operating reports and pay quarterly statutory fees.

8.      The Debtor was provided a copy of the UST Guidelines on October 10, 2024.  The UST Guidelines were discussed at the initial debtor interview conducted by the U.S. Trustee in this case.

### *The Disclosure Statements and Plans*

9.      On January 22, 2025, the Debtor filed its First Plan of Reorganization and Disclosure Statement, and a Motion to Approve the Disclosure Statement. *See* ECF Nos. 221, 222, 223.

10.     On January 30, 2025, the Petitioning Creditors filed a Motion to Stay Plan Confirmation Process and for Case Management Order until after discovery and investigations are complete, among other grounds. *See* ECF No. 248. This Motion was later withdrawn. *See* ECF No. 363.

11.     On February 18, 2025, the Petitioning Creditors filed an objection to the Motion to Approve the Disclosure Statement. ECF No. 283.

12.     On March 25, 2025, the Debtor filed a First Amended Plan and First Amended Disclosure Statement. *See* ECF Nos. 310-313.

13.     On March 31, 2025, the Petitioning Creditors filed an objection to the First Amended Disclosure Statement. *See* ECF No. 318.

14.     On April 1, 2025, the Debtor filed Exhibit D to the First Amended Disclosure Statement. *See* ECF No. 323.

15.     On May 1, 2025, the Debtor filed two praecipes to withdraw the First Amended Disclosure Statement and First Amended Plan. *See* ECF Nos. 358-359.[1]

---

[1] Although the U.S. Trustee did not file a formal objection to any of the filed Disclosure Statements or Plans, the U.S. Trustee provided CCA with informal comments as to deficiencies in both documents during the pendency of the case. Particularly, during the disclosure statement stage, the Debtor never provided the parties, the U.S. Trustee, or the Court with any document proving that the Debtor's wife could fund plan payments

### *Non-Compliance with UST Guidelines and Recent Filings*

16.     On May 21, 2025, the U.S. Trustee informed CCA that it had received a notice that the Debtor's dwelling insurance policy for the rental property located at 2005 Regency Drive, Wyomissing, PA, was cancelled and requested the status of the insurance.

17.     On May 30, 2025, CCA emailed the UST that they had not received any answer from the Debtor regarding the cancelled insurance policy.

18.     On June 2, 2025, the U.S. Trustee emailed CCA to request that the Debtor file the March and April 2025 monthly operating reports and provide updated proof of insurance by June 6, 2025. Upon information and belief, the Debtor does not have current insurance coverage for the rental property.

19.     On June 9, 2025, CCA filed a Motion to Withdraw as Counsel for Debtor and Request that the Case be Stayed for 60 Days ("Motion to Withdraw"). *See* ECF No. 379.

20.     On June 27, 2025, the Petitioning Creditors filed an Objection to CCA's Motion to Withdraw with respect to the 60-day stay since discovery in their adversary proceeding is ongoing. *See* ECF No. 396.

21.     To date, the docket reflects that the Debtor's monthly operating reports for March, April, and May 2025 have not been filed, and the Debtor owes estimated quarterly fees to the U.S. Trustee in the amount of $759.24.

### **RELIEF REQUESTED**

22.     Through this Motion, the U.S. Trustee seeks entry of an order converting the Debtor's case to chapter 7 or dismissing the case.

4

23.     Absent unusual circumstances, the Bankruptcy Court shall convert or dismiss a case for cause, taking into consideration the "best interests of the creditors and the estate."  11 U.S.C. § 1112(b)(1) (emphasis added); *In re Am. Capital Equip., LLC*, 688 F.3d 145, 161 (3d Cir. 2012).

24.     Bankruptcy Code section 1112 does not explicitly define "cause."  Subsection (b)(4) sets out a non-exclusive list of grounds that constitute cause for purposes of either converting or dismissing a chapter 11 case, "whichever is in the best interests of creditors and the estate."  11 U.S.C. § 1112(b)(1).  The legislative history for the statute provides in part, "[t]he court will be able to consider other factors, and to use its equitable powers to reach an appropriate result in individual cases." H. Rep. 595, 95th Cong., 1st Sess. 406 (1977). *See In re Pittsfield Weaving Co.*, 393 B.R. 271, 274 (Bankr. D.N.H. 2008) (Section 1112(b)(4) provides a non-exhaustive list of "causes" for conversion or dismissal).

25.     Once the Bankruptcy Court finds cause, the burden shifts to the opposing party to demonstrate "unusual circumstances" establishing that dismissal or conversion would not be in the best interests of the estate and the creditors.  11 U.S.C. § 1112(b)(2); *In re Grasso*, 497 B.R. 448, 455 (Bankr. E.D. Pa. 2013).

26.     The Bankruptcy Court has considerable discretion in determining whether to dismiss a case or rather to convert a case to Chapter 7.  *In re SGL Carbon Corp.*, 200 F.3d 154, 159 (3d Cir. 1999).

### *Cause Exists Under 11 U.S.C. § 1112(b)(4)(c)*

27.     Cause, as defined in section 1112(b), includes the "failure to maintain appropriate insurance that poses a risk to the estate or public." 11 U.S.C. § 1112(b)(4)(C). When a debtor owns real property with structures, § 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *In re Van Eck*, 425 B.R. 54 (Bankr. D. Conn. 2010) (citing

*Gilroy v. Ameriquest Mortg. Co., et.al. (In re Gilroy),* No. NH 07-054, 2008 WL 4531982 (B.A.P. 1st Cir. August 4, 2008)).

28.    The Debtor's insurance policy for his rental property located at 2005 Regency Drive, Wyomissing, PA, was cancelled, and upon information and belief, has not been reinstated or replaced. The Debtor's failure to maintain current insurance on his rental property poses a risk to the estate and creditors. Accordingly, failure to provide adequate insurance coverage is "cause" for dismissal or conversion of this case.

### *Cause Exists Under 11 U.S.C. § 1112(b)(4)(F)*

29.    Cause, as defined in Bankruptcy Code section 1112(b), includes the "unexcused failure to satisfy timely any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F).

30.    Pursuant to 11 U.S.C. § 704(a)(7) and (8), made applicable in Chapter 11 cases by §§ 1106(a)(1) and 1107(a) and Fed. R. Bankr. P. 2015, a debtor is required to supply certain reports concerning the estate's administration and the operation of the debtor's post-petition business as prescribed by the UST Guidelines, which were distributed to the Debtor at the inception of the case.

31.    Untimely filed and/or incomplete monthly operating reports are grounds for dismissal or conversion under 11 U.S.C. § 1112(b)(4)(F). *In re Alston,* 756 Fed. Appx. 160, 164 (3rd Cir. 2019); *see also In re Andover Covered Bridge, LLC*, 553 B.R. 162, 173 (1st Cir. BAP 2016) (noting that "[m]onthly reports and the financial disclosures contained within them are the life-blood of the Chapter 11 process" serving as the "primary means for monitoring the debtor's compliance with the Code's requirements" and a "litmus test for a debtor's ability to reorganize") (quotation marks and citations omitted).

6

32.     Timely filing of monthly operating reports is "one of the most fundamental and crucial duties of a debtor-in-possession." *Grasso*, 490 B.R. at 520 n.15.  "Refusal or inability to provide financial disclosure sounds the death knell of a chapter 11 case.  The failure to file monthly operating statements required by the UST Guidelines, whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal or conversion of the Chapter 11 proceedings." *In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995) (internal citations omitted).

33.     Here, the Debtor has failed to file its March, April, and May 2025 operating reports. *See generally* docket. The Debtor is aware that it is required to file monthly operating reports and was alerted that the March and April reports were delinquent in May 2025. Despite that knowledge, Debtor has failed to file those reports and the May 2025 report. This is the second time during the pendency of this case that the U.S. Trustee has sought conversion or dismissal due to the Debtor's failure to file monthly operating reports. *See* ECF No. 163. Thus, cause exists to convert or dismiss this case.

### Cause Exists Under 11 U.S.C. § 1112(b)(4)(J)

34.     A further form of cause for dismissal or conversion is the failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court. *See* 11 U.S.C. § 1112(b)(4)(J).

35.     In this case, the Debtor filed a Disclosure Statement and Plan, then it filed a First Amended Disclosure Statement and Plan. In May 2025, the Debtor, without explanation, filed praecipes withdrawing the First Amended Disclosure Statement and Plan. CCA is seeking to withdraw as counsel for the Debtor in this case, so there is doubt that the Debtor will file a further

7

amended disclosure statement and plan or confirm a plan within the time fixed by this title. Thus, the Court should consider converting or dismissing the case.

### *Cause Exists Under 11 U.S.C. § 1112(b)(4)(K)*

36.    Cause also includes the "failure to pay any fees or charges required under chapter 123 of title 28," including fees pursuant to 28 U.S.C. § 1930(a)(6). *See* 11 U.S.C. § 1112(b)(4)(K).

37.    To date, the Debtor owes estimated quarterly fees in the amount of $759.24. Thus, cause exists to convert or dismiss the case.

### **CONCLUSION**

38.    The Debtor's failure to comply with the Bankruptcy Code and the UST Guidelines by not maintaining insurance on his rental property, not filing monthly operating reports, withdrawing his disclosure statement and plan, and failing to pay statutory fees places the estate at risk and constitutes grounds for the dismissal or conversion of this case to chapter 7 pursuant to Bankruptcy Code section 1112(b).

WHEREFORE, the U.S. Trustee respectfully requests the entry of an order granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated: July 8, 2025                Respectfully submitted,

**ANDREW R. VARA**
**UNITED STATES TRUSTEE**
**For Regions 3 and 9**

By: /s/ *Samantha S. Lieb*
Samantha S. Lieb, Trial Attorney
Office of The United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102
Phone: (973) 645-3014
Samantha.Lieb2@usdoj.gov

8