**THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:  Alan Christopher Redmond,      :      Chapter 11
                Debtor      :      Case No.  24-13093-pmm
                     :

---

**MOTION BY CAROLYN REDMOND FOR RELIEF FROM THE AUTOMATIC BANKRUPTCY STAY FOR THE PURPOSE OF CHILD SUPPORT ENFORCEMENT AND COLLECTION**

COMES NOW Carolyn Redmond, by and through undersigned counsel at Ross, Quinn & Ploppert, P.C., to request entry of an Order from this Honorable Court, pursuant to 11 U.S.C. §362(d) and Fed. R. Bankr. P. 4001(a)(1), for relief from the automatic stay, and in support thereof, avers the following:

BACKGROUND

1.      On May 5, 2016, Carolyn Redmond ("Movant") filed a complaint for divorce against Alan Christopher Redmond ("Debtor") in the Montgomery County Court of Common Pleas at docket 2016-09017.  A divorce decree was entered by the Court on May 30, 2018.

2.      The Movant and Debtor are the parents of two mutual children, A.R. and N.R.

3.      Montgomery County Domestic Relations issued an Order on August 6, 2018 requiring Debtor to remit monthly payment to Movant for the ongoing support of the children (the "Support Order").  See Exhibit "A": Support Order

4.      The Support Order and its enforcement were subsequently transferred to Berks County, Pennsylvania on May 8, 2025.

5.      Debtor ceased paying Movant for the ongoing support of the children in violation of the Support Order.

6.    A petition for contempt of the Support Order was filed by Movant against Debtor on May 9, 2025 (Docket No. 25DR00324).

7.    The Berks County Court is aware of the above-captioned involuntary Chapter 11 proceeding and is not willing to fully enforce the Support Order without an Order from this Court. See Exhibit "B": Letter from Berks County Domestic Relations Section

## REQUEST FOR LIMITED RELIEF

8.    The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970, does not operate as a stay—

(B) of the collection of a domestic support obligation from property that is not property of the estate;

(C) with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute;

(D) of the withholding, suspension, or restriction of a driver's license, a professional or occupational license, or a recreational license, under State law, as specified in section 466(a)(16) of the Social Security Act;

(E) of the reporting of overdue support owed by a parent to any consumer reporting agency as specified in section 466(a)(7) of the Social Security Act.

See 11 U.S.C § 362(b)(B)-(E)

9.    Movant's claim is an ongoing child support obligation against a Debtor in an involuntary bankruptcy case filed under section 303 of the Code that is expressly excluded from the bankruptcy stay by 11 U.S.C. § 362(B) through (E).

10.    Movant is seeking an Order by this Court allowing Movant to proceed in the Berks County Court of Common Pleas and with Berks County Domestic Relations to enforce and collect

2

child support against Debtor, including but not limited to garnishment of Debtor's income and turnover of Debtor's assets, whether or not they are considered property of the estate.

WHEREFORE, Movant Carolyn Redmond requests relief from the bankruptcy stay be granted to Carolyn Redmond and against Alan Christopher Redmond for enforcement and collection of a child support order.

Respectfully submitted,

**ROSS, QUINN & PLOPPERT, P.C.**

BY:    */s/ Joseph Quinn*
        Joseph Quinn, Esquire
        Attorney I.D. No. 307467
        192 S Hanover Street, Suite 101
        Pottstown, PA 19464
        T: (610) 323 - 5300
        F: (610) 323 - 6081
Date: July 10, 2025        jquinn@rqplaw.com

3