**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | INVOLUNTARY CHAPTER 11 |
| | : | |
| ALAN CHRISTOPHER REDMOND, | : | |
| | : | CASE NO. 24-13093 (PMM) |
| Debtor. | : | |
| | : | |

**MOTION TO VACATE SANCTION AND DISCOVERY ORDERS**

Nonparty Shannon Kroemmelbein ("Ms. Kroemmelbein"), by and through her undersigned counsel, hereby moves this Honorable Court to vacate the sanctions and discovery orders against her, specifically this Court's Orders of February 24, 2025 (ECF No. 289) and April 22, 2025 (ECF No. 352).

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b).

2.      Venue for this matter and this motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The legal predicates for the relief requested in this motion are available pursuant to 11 U.S.C. § 105 and Federal Rule of Bankruptcy Procedure 7037.

**BACKGROUND**

4.      On December 13, 2024, counsel for Petitioning Creditors Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter ("Petitioning Creditors"), provided a letter to prior counsel for Ms. Kroemmelbein requesting production of documents under Fed. R. Bank. P. 2004 and a Rule 2004 examination. *See* ECF No. 183-2 (pp. 2-7 of 75).

5.      Petitioning Creditors sought to question Ms. Kroemmelbein about all sources of her income; all assets purportedly titled in her name; all assets in which she has access or control over regardless of title; all assets transferred to her, directly or indirectly, by Debtor Alan Christopher Redmond ("Debtor") and the date of the transfer; all assets she had prior to her relationship with Debtor; why she is paying Debtor's personal and business debts; her involvement in Seguro Medico, LLC, Benefits Now, LLC, RC Realty, LLC, ABN Network, LLC, and any other business entity; all businesses of any kind that she is involved with; the financial practices in her personal life and marriage to Debtor and all commitments on her productive time; and her professional background, training, education, and current and prior work history, including the start date and end date and the reasons for her departure from any prior employment, as well as work conditions; identification of all family members and "insiders" within the meaning of the Bankruptcy Code and their whereabouts; the relationship, contact information, and whereabouts of all current and former joint accountholders; all documents produced or not produced in response to the Rule 2004 subpoena; and any subject reasonably related to any of the foregoing. *Id.* (p. 5 of 75).

6.      Petitioning Creditors' subpoena for documents to Ms. Kroemmelbein included 47 document requests, several with multiple subparts. The document requests sought production of documents on the same topics as the subjects of the Rule 2004 examination. *Id.* (pp. 54-62 of 75).

7.      On January 7, 2025, Petitioning Creditors moved to compel Ms. Kroemmelbein and others to produce the requested documents and submit to a Rule 2004 examination. *See* ECF No. 183. Petitioning Creditors argued that a subpoena for documents and a Rule 2004 examination were proper because Debtor transferred nearly all of his assets into Ms. Kroemmelbein's name and Debtor was paying his debts through her accounts. *Id.* at 13-14.

2

8.      On January 21, 2025, Petitioning Creditors submitted an amended motion to compel Ms. Kroemmelbein and others to produce the requested documents and submit to a Rule 2004 examination. *See* ECF No. 210. The amended motion asserted the same arguments against Ms. Kroemmelbein as those asserted in the initial motion to compel.

9.      On January 30, 2025, Ms. Kroemmelbein, through her prior counsel, submitted objections to Petitioning Creditors' motion to compel. *See* ECF No. 241. Ms. Kroemmelbein argued that much of the information requested in the subpoena was clearly intended to abuse and harass her, the Rule 2004 examination was inappropriate due to Debtor's federal criminal matter pending in the U.S. District Court for the Eastern District of Pennsylvania (*U.S. v. Alan Redmond, et al.*, Case No. 5:24-cr-00376)[1], the costs and burdens to her in producing and responding to all information request were high, the Rule 2004 examination was a clear attempt by a creditor to aid in its own collection of debts through abusive and harassing discovery requests, and certain requested communications are protected by the attorney-client privilege and spousal privilege.

10.     Following a hearing on February 11, 2025, this Court, by Order dated February 24, 2025, granted Petitioning Creditors' amended motion to compel, and ordered Ms. Kroemmelbein to submit to examination and produce the requested documents. *See* ECF No. 289.

11.     On March 31, 2025, Ms. Kroemmelbein, through Attorney Rush, submitted a motion to quash or modify Petitioning Creditors' subpoena. *See* ECF No. 321. Ms. Kroemmelbein argued that the subpoena sought highly sensitive business information, specifically pricing and other sensitive aspects of her businesses' contracts and dealings with numerous business associates and other individuals with important business relationships to Ms. Kroemmelbein and her businesses, which are beyond of the scope of this proceedings.

---

[1]Attorney William R. A. Rush represented Debtor in his federal criminal matter while he represented Ms. Kroemmelbein in this matter.

12.     On April 2, 2025, this Court denied Ms. Kroemmelbein's motion. *See* ECF No. 330.

13.     On April 14, 2025, Petitioning Creditors filed a motion to compel compliance with the Court's Order of February 24, 2025. *See* ECF No. 341. Petitioning Creditors contended that Ms. Kroemmelbein had not produced any documents in response to the subpoena as required by the Court's February 24th Order, and Attorney Rush had cancelled Ms. Kroemmelbein's Rule 2004 examination the day before it was scheduled to occur and did not allow the examination to move forward. *Id*. at 3-4.

14.     On April 22, 2025, this Court granted Petitioning Creditors' motion to compel and ordered Ms. Kroemmelbein to produce all subpoenaed documents by May 2, 2025, and submit to a Rule 2004 examination by May 6, 2025. *See* ECF No. 352. If she did not comply, Ms. Kroemmelbein would be sanctioned $500.00 per day of non-compliance (not including weekends). *Id*.

15.     Prior to issuance of the April 22nd Order, Attorney Rush filed a motion to withdraw as counsel for Ms. Kroemmelbein and other nonparties on April 19, 2025, due to Attorney Rush's personal medical issues. *See* ECF No. 348.

16.     Following Attorney Rush's withdrawal, Ms. Kroemmelbein retained the undesigned as her counsel in this matter.

17.     Upon being engaged, the undersigned reviewed the discovery requests and topics of the Rule 2004 examination as they relate to the criminal matter against Ms. Kroemmelbein's husband and an entity she owned, Seguro Medico, LLC ("Seguro").

18.     The undersigned counsel contacted Petitioning Creditors' counsel to discuss the matter and began discussions to comply with this Court's prior orders.

19.     In doing so, undersigned counsel learned that Ms. Kroemmelbein's husband is a named defendant in a superseding criminal indictment in the federal criminal matter. *See* Superseding Indictment ¶6 (attached hereto as Exhibit A). That indictment mentions Ms. Kroemmelbein.

20.     Undersigned counsel then investigated and reviewed the criminal case against Ms. Kroemmelbein's husband, the Debtor.

21.     In mid-July, the undersigned informed Petitioning Creditors' attorney that Ms. Kroemmelbein will take the Fifth Amendment in response to all questions at a Rule 2004 examination and to all document requests contained in their subpoena. The undersigned confirmed this position with Petitioning Creditors' attorney by letter dated July 24, 2025. *See* W. Weir Ltr. (attached hereto as Exhibit B).

22.     The undersigned requested that Petitioning Creditors agree to vacate the April 22nd Sanctions Order based on Ms. Kroemmelbein's assertion of her Fifth Amendment rights, but also on the conflict that Attorney Rush had in misadvising her about this matter as it relates to the criminal case where Attorney Rush also represents Debtor. *Id*.

23.     Petitioning Creditors' attorney refused to agree to vacate the sanctions against Ms. Kroemmelbein. *See* J. Ready Email (attached hereto as Exhibit C).

### ARGUMENT

24.     Ms. Kroemmelbein has the right to assert her right against self-incrimination and does so in good faith.  Ms. Kroemmelbein's prior counsel should have asserted this privilege upon service of the original subpoena and failed to do so.

25.     This Court has the authority to vacate discovery and sanction orders that it previously issued pursuant to its inherent powers under 11 U.S.C. § 105(a), its authority under

5

Federal Rule of Bankruptcy Procedure 7037, and its discretion in managing sanctions and discovery-related matters.

26.     Under Section 105(a), bankruptcy courts may "issue any order … necessary or appropriate to carry out the provisions" of Title 11 or take any action or make any "determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

27.     Federal Rule of Bankruptcy Procedure 7037 incorporates Federal Rule of Civil Procedure 37, which provides the Court the authority to issue sanctions for failure to comply with a discovery order. Fed. R. Civ. P. 37(b)(2)(A).

28.     The United States Supreme Court has recognized that courts may assess sanctions pursuant to their inherent power. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 45-46 (1991).

29.     This Court has the power to vacate such orders and sanctions for good cause.

30.     There are compelling reasons to vacate the discovery order and sanctions imposed on Ms. Kroemmelbein in the Court's February 24th and April 22nd Orders.

31.     First, Ms. Kroemmelbein has a constitutional right to assert her Fifth Amendment privilege against self-incrimination.

32.     Ms. Kroemmelbein's current counsel has informed Petitioning Creditors' attorney that Ms. Kroemmelbein would assert the privilege in response to questions presented to her at a Rule 2004 examination and would assert the privilege to the document requests provided in the subpoena. Notwithstanding, the undersigned agreed to produce Ms. Kroemmelbein for examination with the understanding that she would exercise her Fifth Amendment rights. Petitioning Creditors' counsel accepted this position but refused to vacate the sanctions.

6

33.     Second, Attorney Rush clearly gave erroneous and inappropriate advice to Ms. Kroemmelbein and likely committed malpractice in not asserting her Fifth Amendment rights in December 2024 in response to Petitioning Creditors' request for examination and document production. Attorney Rush represents Debtor (Ms. Kroemmelbein's husband) in the criminal matter. Therefore, he is aware that an entity owned by Ms. Kroemmelbein (Seguro) is also a defendant in the criminal matter, that Ms. Kroemmelbein was named in the Superseding Indictment, and that the topics and documents requested by Petitioning Creditors in this matter are at issue in the criminal matter.

34.     Accordingly, due to Ms. Kroemmelbein's assertion of her Fifth Amendment rights and Attorney Rush's inadequate representation of her in this matter, Ms. Kroemmelbein asserts that this Court has good cause to vacate its discovery and sanction orders to prevent an abuse of process against her.

WHEREFORE, Ms. Kroemmelbein respectfully requests that the court vacate all its orders issued on this matter.

Respectfully submitted:

WEIR LLP

By: _____
Walter Weir, Jr., Esquire
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181 Phone
(215) 665-8464 Fax
wweir@weirlawllp.com

*Attorneys for Shannon Kroemmelbein*

Dated:  August 12, 2025

7