BRUCE L. CASTOR, JR.
ATTORNEY ID NO.: 46370
TIMOTHY E. POSSENTI
ATTORNEY ID NO.: 76478
VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM
1219 Spruce Street
Philadelphia, PA 19107
(215)-546-1000
bcastor@mtvlaw.com
tpossenti@mtvlaw.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ALAN CHRISTOPHER REDMOND    :
    :    **Bankruptcy no. 24-13093**
    :
    :    **Involuntary Chapter 11**
    :

## PETITIONER STEPHANIE MILLER'S MOTION TO LIFT SANCTIONS AND REQUESTING RELIEF FROM BACK SANCTIONS

Defendant, Stephanie Miller (hereinafter "Miller') by her counsel, van der Veen, Hartshorn, Levin, and Lindheim, through Bruce L. Castor, Jr. and Timothy E. Possenti hereby files the following motion to lift sanctions in the above captioned case, and

*Respectfully Represents*,

## COUNT I: REQUEST THE COURT ORDER THE AGREED TO TERMINATION DATE AS THE END OF SANCTIONS AGAINST MILLER

1.    By Order filed on February 24, 2025, at ECF No. 289, the Court overruled all objections and compelled a Rule 2004 production and examination as applied to *inter alia* Debtor, Shannon Kroemmelbein, Seguro Medico, LLC, Arthur W. Walsh, Jr., **Stephanie Farris Miller (petitioner herein)** (hereinafter "Mrs. Miller"), C. Malcom Smith & Company, P.C., Malcom Smith, III, Norman Valz, Esquire, and Katherine Downing, Esquire.

2.      On March 6, 2025, Attorney William R. A. Rush submitted a letter to Joel Ready,

Esquire, purporting to represent Mrs. Miller, among others.  Mrs. Miller never engaged Attorney

Rush, nor had she signed a fee agreement to have him represent her. Mr. Rush, however,

represented to Mrs. Miller that Debtor Redmond had hired him to handle the matter.

3.      Mrs. Miller agrees with the averments of counsel at the top of p.2, doc #341, where it

states: "There's no evidence that Attorney Rush actually conferred with Kroemmelbein or his

other clients, other than Debtor, at any juncture in this proceeding" in that Attorney Rush had no

meaningful contact with Mrs. Miller except to direct her to write in next to the items listed on the

subpoena 'yes' or 'no' to whether she had it or not. Rush never told her she needed to attend the

scheduled Bankruptcy Rule 2004 examination.

4.      Mrs. Miller never engaged counsel (until hiring present counsel within the past several

months) in this case because she did not know she needed counsel. No lawyer ever presented

Miller with an engagement letter, nor did she sign any engagement letter and/or fee

agreement/contract for legal services in connection with this case.

5.      All attorneys acting on behalf of defendants were hired by Bene Market, LLC

(hereinafter "Bene") or National Brokers of America, Inc. (hereinafter "NBoA") or Alan

Redmond (hereinafter "Redmond").

6.      Unbeknownst to Mrs. Miller did not know that she failed to comply with the Court-

ordered Bankruptcy Rule 2004 examination, nor did she know the Court entered a further Order

on April 22, 2025 (ECF 352), ordering, among other things, sanctions in the amount of $500.00

per each day of non-compliance (not including weekends) per each of the Relevant Parties.  She

did not know, because she had no counsel, did not know she needed counsel, and Mr. Rush never

informed her.

7.      Mrs. Miller engaged current counsel earlier this year when she learned that a judgment had been entered against her in the amount of $1,047,949.16 in a different matter (albeit involving Mr. Redmond yet again failing to inform Mrs. Miller to her detriment) in the EDPA.[1] Upon learning that Mrs. Miller had counsel in that different matter, Mr. Ready reached out to Mr. Castor to inquire if current counsel intended to represent Mrs. Miller in the case at bar.  Mr. Ready explained to Mr. Castor about the present matter and the sanctions running against Mrs. Miller.

8.      Upon conferring with Mrs. Miller, present counsel advised Mr. Ready that present counsel would undertake to represent Mrs. Miller in the instant matter. Until Mr. Ready explained the instant matter to Mr. Castor, Mrs. Miller was unaware of the sanctions order and accruing penalties charged to her.

9.      Mrs. Miller directed Mr. Castor to immediately take steps to comply with the Court's Order, and her Rule 2004 examination took place at Mr. Ready's office on July 9, 2025.

10.      Mr. Ready agreed on the record that Mrs. Miller complied with the Court's order as of July 9, 2025, and that any such sanctions should end at least as of that date.

**WHEREFORE,** Petitioner, Stephanie Miller, respectfully requests this Honorable Court order that the sanctions imposed upon her by Order dated April 22, 2025, at the latest, terminate as of July 9, 2025 because she is now in compliance.

---

[1]      This action is docketed at 5:20-cv-04265 and Mrs. Miller is similarly asking the court for relief because she was unaware that she was a defendant.  Mrs. Miller believes that, in that case, lawyers for the United States Department of Labor served the complaint on lawyers for Bene Markets and failed to serve Mrs. Miller despite listing her as an individual defendant.  No one associated with Bene Markets ever told Mrs. Miller that she was an individual named defendant and when Bene Markets had a judgment entered against it, the Court, unaware Mrs. Miller was never on notice she was a defendant, ordered her liable jointly and severally.  When a lawyer for Bene asked her to sign  stipulation that she owed the money is when she learned she was a defendant and contacted Mr. Castor.  Motions seeking to set aside that judgment as relates to Mrs. Miller are briefed and are pending a hearing in District Court.

**COUNT II: PETITIONER'S REQUEST THE COURT ORDER THE SANCTIONS AGAINST MILLER ACCRUING FROM APRIL 22, 2025 TO JULY 9, 2025 BE REMITTED AND SET AT $0.00 AGAINST MILLER AND ORDERED AGAINST A RESPONSIBLE ACTOR**

9.      Petitioner incorporates all the averments in Count I as though were set forth fully herein.

10.      Bankruptcy Rule 7030 applies FRCP 37 for discovery sanctions to Bankruptcy cases. Federal Rule of Civil Procedure 37 – Failure to Make Disclosures or to Cooperate in Discovery; Sanctions (Title 28 App. US Code) states:

(a) Motion for Order Compelling Disclosure or Discovery

1.  Motion.
    - If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosures and request sanctions. The motion must include a certification that the movant has, in good faith, attempted to confer with the non-compliant party to resolve the issue without court intervention.
    - If a deponent fails to answer under Rules 30 or 31, or a party fails to respond to interrogatories (Rule 33) or inspection requests (Rule 34), a motion may be filed to compel responses. If denied, the court may enter a protective order and requires the movant to pay reasonable expenses (including attorney's fees) of the party who opposed the motion—unless the motion was substantially justified or an award would be unjust.
    - If the motion is partially granted and partially denied, the court may still issue a protective order and fairly apportion the reasonable expenses among the parties.

(b) Failure to Comply with Order: Sanctions

- If a deponent fails to be sworn or answer a question after court direction, the failure may be treated as contempt of court.
- If a party or its agent fails to obey a discovery order—including those under Rule 35 or Rule 26(f)—the court may issue any just orders, including:
    1.  Treat the matter as established in favor of the requesting party.
    2.  Prohibit the disobedient party from supporting/opposing designated claims or introducing designated matters into evidence.
    3.  Strike pleadings, stay proceedings, dismiss the action in whole or part, or enter a default judgment.
    4.  Treat the failure as contempt of court.

11.     Allowing a party to ignore discovery orders without consequence undermines the authority of the Court and disrupts the judicial process. If a party consciously refuses to comply with discovery, it can give that party an unfair advantage or prevent the other side from preparing their case properly. Sanctions serve as a deterrent — both to the offending party and others — to ensure that litigants follow rules and court orders.

12.     Due process, under the Fifth and Fourteenth Amendments to the U.S. Constitution, guarantees that no person shall be deprived of life, liberty, or property without due process of law. In a lawsuit, an individual must be given notice and an opportunity to be heard before a Court should enter a judgment against that person.

13.     Mr. Rush asked Mrs. Miller to mark up the exhibit, return it and he would address the matter with the Court. Rush told her not to attend the February 7, 2025 examination.

14.     No one put Mrs. Miller on notice of the motion to compel and motion for sanctions. She did not know such motions existed until advised by current counsel after the Court's ruling.

15.     Mrs. Miller believes and therefore avers, that although sanctions were warranted, generally, in this case against persons who knowingly failed to comply with the Court's order, circumstances deprived Mrs. Miller of her right under the Constitution to due process  of law as she was unaware of the Court's Orders and therefore unable to comply to her detriment.

      **WHEREFORE**, Petitioner, Stephanie Miller, respectfully requests this Honorable Court remit the sanctions imposed upon her by Order dated April 22, 2025.

      Respectfully Submitted,

      **VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

      By:     __/s/ Bruce L. Castor, Jr.

August 11, 2025      Bruce L. Castor, Jr.

By:      /s/ Timothy E. Possenti
Timothy E. Possenti

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ALAN CHRISTOPHER REDMOND     :

            :    **Bankruptcy no. 24-13093**

            :

            :    **Involuntary Chapter 11**

            :

## <u>ORDER</u>

AND NOW, this       day of           , 2025, it is hereby ORDERED and

DECREED as follows:

1. Sanctions imposed upon petitioner, Stephanie Miller, by Order dated April 22, 2025, shall

   terminate effective July 9, 2025, as she is in compliance with the Rule 2004 examination

   order.

2. The sanctions that accrued against Stephanie Miller from April 22, 2025 until July 9,

   2025 (57 business days at $500/day) are hereby remitted and set at $0.00.

3. The said remitted sanctions in amount of $28,500.00 are hereby imposed upon

   _____.

                                     **BY THE COURT:**

                                        _____

                                                     **J.**

## CERTIFICATE OF COMPLIANCE

We, the undersigned, hereby certify that this filing complies with the provisions of the Federal Rules that prohibit filing confidential information and documents that contain personal information.

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

By:      /s/ Bruce L. Castor, Jr.

August 11, 2025                Bruce L. Castor, Jr.

By:      /s/ Timothy E. Possenti

Timothy E. Possenti

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE: ALAN CHRISTOPHER REDMOND    :

:  **Bankruptcy no. 24-13093**

:

:  **Involuntary Chapter 11**

:

**<u>CERTIFICATE OF SERVICE</u>**

I, Timothy E. Possenti, Esquire, do hereby certify that a true and correct copy of the

Defendant's Motion to Lift Sanctions has been served upon the following persons in accordance

with the Pennsylvania Rules of Civil Procedure:

**JOEL A. READY**
Cornerstone Law Firm, LLC
8500 Allentown Pike
Suite 3
Blandon, PA 19510
610-926-7875
joel@cornerstonelaw.us

**WILLIAM R.A. RUSH**
Rush Law Group
38 N. 6th Street
P.O. Box 0758
Reading, PA 19601
610 413 5337
wrush@rushlawberks.com

**JOHN HENRY SCHANNE**
DOJ-Ust
Office of The United States Trustee
Robert N.C. Nix Federal Building
900 Market Street, Suite 320
Philadelphia, PA 19107
202-934-4154
John.Schanne@usdoj.gov

**VAN DER VEEN, HARTSHORN, LEVIN & LINDHEIM**

By:    /s/ Bruce L. Castor, Jr.

August 11, 2025                    Bruce L. Castor, Jr.


By:    /s/ Timothy E. Possenti
Timothy E. Possenti