**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S RESPONSE IN OPPOSITION TO STEPHANIE MILLER'S MOTION TO LIFT SANCTIONS AND REQUESTING RELIEF FROM BACK SANCTIONS**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter hereby file this response to the Motion of Stephanie Miller to Lift Sanctions and Requesting Relief from Back Sanctions [ECF No. 421] and submits the following:

Stephanie Miller is raising the same defense that Attorney Bill Rush raised on her behalf in the U.S. District Court for the Eastern District of Pennsylvania. Mrs. Miller appeared for her Rule 2004 examination on July 9, 2025 and, for purposes of imposing final sanctions, the Court may treat that date as cutting off her liability. But the record, as shown below, compels the result that the balance of Mrs. Miller's request should be denied.

. In her Rule 2004 Examination, Mrs. Miller was specifically asked if she had knowledge of her Rule 2004 subpoena and she testified as follows:

Q.      When was the first time you heard about this bankruptcy?

A.      I believe it was in . . . December.

Q.      In December of last year?

A.      2024, yes.

Q.      Who told you about it?

A.      I first received a phone call from Attorney Bill Rush, who indicated that I might be receiving a subpoena about this bankruptcy case. And that if I did I was

to contact him ***that he would be representing me***.

[Exhibit A at 10:13-24 to 11:1-5 (emphasis added)].

Mrs. Miller admitted that she retired from Bene Market, LLC in 2020. On April 29, 2021, Attorney Bill Rush appeared as her attorney and defended Mrs. Miller's deposition in the U.S. Department of Labor's enforcement action at C.A. No. 5:20-CV-04265 (E.D. Pa.) [Exhibit B]. In that case, Mrs. Miller, *under the stewardship of Attorney Rush*, took the position that Attorney Joseph T. Bambrick erroneously claimed to have represented her without her knowledge and that it was only with the help of Attorney Rush as her attorney that she learned she was a party to the case:

> Q.      Ms. Miller, are you aware of any affirmative defenses that you intend to raise in your defense in this case?
>
> A.      I have no knowledge of any of this. I have not seen a Complaint. I have not seen an answer. I don't know. I can't answer this because I don't know.
>
> Q.      You haven't seen the Complaint?
>
> A.      No. I wasn't even aware of the Complaint.
>
> **MR. RUSH:    Prior to my involvement.**
>
> A.      Yeah. Prior to last week and still have not seen it.
>
> Q.      When Mr. Bambrick was represented you, you didn't see the Complaint at that time either?
>
> A      Mr. Bambrick never called me. I have no idea—I had no idea of any of this.
>
> * * *
>
> MS. BLUER:    So Mr. Rush, you have not given Ms. Miller a copy of the Complaint and the answer either?
>
> MR. RUSH:    ***Without getting into any attorney-client privileges***, I can say she hasn't reviewed every document in this case. I have to leave it there at this time. As of the time that we provided answers to the Interrogatories, no, she had not.

[Ex. B at 152:24-25 to 154:1-14 (emphasis added)].

In the U.S. Department of Labor action, Mrs. Miller took the position that Attorney Bambrick never contacted her and she knew nothing about it until Attorney Rush stepped in for her *as her attorney*. Now, she's telling this Court in her Motion she never "engaged Attorney Rush" [ECF No. 421 ¶ 2] but in her Rule 2004 Examination she admits that he contacted her and informed her that he was her attorney in this bankruptcy case.

As a matter of law, Attorney Rush was Mrs. Miller's representative in this case and his acts are therefore imputed as hers. *In re* Chandler, 459 B.R. 215, 225 (Bankr. E.D. Pa. 2011) ("[E]ach party is deemed abound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (quoting Link v. Wabash RR Co., 370 U.S. 626, 633-34 (1962))). That Mrs. Miller never agreed to pay Attorney Rush for his services, assuming that Debtor would cover the expense through any of his companies, is not a defense to her in this case. If Attorney Rush acted in concert with the Debtor and told her not to comply with the Rule 2004 subpoena and kept her ignorant of what was happening in this case, then she may pay over the sanctions the Court assessed against her and press a tort claim against Attorney Rush in State court and look to his malpractice carrier for recovery.

Alternatively, Mrs. Miller move for this Court to impose sanctions on Attorney Rush, but she has not done so here.

**WHEREFORE**, based on the foregoing, the Court should fix July 9, 2025, as the cutoff date for sanctions against Stephanie Miller and impose all sanctions from the February 24, 2025 Order and further order that Mrs. Miller reimburse the Petitioning Creditors for all out-of-pocket loss arising from her failure to appear at the February 7, 2025 Examination in an amount to be determined at the September 10, 2025 hearing. The balance of Mrs. Miller's Motion should be denied.

3

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: <u>September 3, 2025</u>        By:    <u>/s/ Joel A. Ready</u>
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875