**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| In Re:<br><br>    ALAN CHRISTOPHER REDMOND<br>        Debtor(s)<br>ATHENE ANNUITY AND LIFE<br>COMPANY<br>        Movant<br>v.<br>ALAN CHRISTOPHER REDMOND<br>        Debtor(s)<br>SHANNON KROEMMELBEIN<br>        Co-Debtor<br>        Respondent(s) | Chapter 11<br><br>Case Number: 24-13093-pmm |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY WITH
RESPECT TO PROPERTY: 2 HIGH RD, WYOMISSING, PA 19610**

Athene Annuity and Life Company, through its Counsel, Stern & Eisenberg PC, respectfully requests the Court grant its Motion for Relief under 11 U.S.C. §362 and §1301 and in support thereof respectfully represents as follows:

1. Movant is Athene Annuity and Life Company (hereafter referred to as "Movant").

2. Debtor, Alan Christopher Redmond (hereinafter, "Debtor"), is, upon information and belief, adult individual(s) whose last-known address 2 High Road, Wyomissing, PA 19610 (hereinafter, the "Property").

3. Shannon Kroemmelbein, is, upon information and belief, the sole owner of the Property.

4. On August 26, 2022, Shannon Kroemmelbein, executed and delivered a Note in the principal sum of $1,520,000.00 to NP, Inc., a Florida Corporation. A copy of the Note is attached as Exhibit "A" and is hereby incorporated by reference.

5. As security for the repayment of the Note, Shannon Kroemmelbein, executed and delivered a Mortgage encumbering the Property to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for NP, Inc. The Mortgage was duly recorded in the Office of the Recorder of Deeds in and for Berks County on August 31, 2022 as Instrument 2022035110. A copy of the Mortgage is attached as Exhibit "B" and is hereby incorporated by reference.

6. By assignment of mortgage, the loan was ultimately assigned to Athene Annuity and Life Company. A true and correct copy of the assignment is attached as Exhibit "C" and is hereby incorporated by reference.

7. Debtor, upon information and belief, does not own the Property, nor does Debtor maintain a sufficient equitable interest in the Property to provide Movant with adequate protection that would justify imposing the automatic stay as to the Property under 11 U.S.C. §§361-362, and 541.

8. Even though Debtor identified the Property as their primary residence, as a result of Debtor's inability to adequately provide for Movant due to their lack of ownership or equitable interest in the Property, Movant is not adequately protected and is entitled to relief under 11 U.S.C. §§362, and as may be applicable, 1301.

9. A plain language reading of 11 U.S.C. §362(a) notes that the automatic stay does not extend beyond a debtor, their property, and the property of the bankruptcy estate.

10. Movant is therefore seeking to confirm that the automatic stay, and any applicable stay under 11 U.S.C §1301, does not apply to Movant and/or the Property.

11. Movant avers, upon information and belief, that the Property is not necessary for an effective reorganization.

12. Movant avers that it will be unduly prejudiced if relief from the automatic stay is not confirmed as Movant would be able to pursue applicable State Court remedies with respect to the Property.

13. Movant requests that the stay of Bankruptcy Rule 4001(a)(3) be waived.

WHEREFORE, Movant, Athene Annuity and Life Company, respectfully requests this Court to grant the appropriate relief under 11 U.S.C. §362 and §1301 from the automatic stay as set forth in the proposed order together with waiver of Bankruptcy Rule 4001(a)(3).

Respectfully Submitted:

Stern & Eisenberg, PC

*By: /s/ Daniel P. Jones*
Daniel P. Jones
Bar Number: 321876
Email: djones@sterneisenberg.com

Date: September 8, 2025