**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S RESPONSE IN OPPOSITION TO ATHENE ANNUITY AND LIFE COMPANY'S MOTION FOR RELIEF FROM AUTOMATIC STAY AND CROSS-MOTION TO COMPEL SUBPOENA TO PRODUCE DOCUMENTS**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter hereby file this response to opposition to the Athene Annuity and Life Company's Motion for Relief from the Automatic Stay (the "Lift-Stay Motion"), and Petitioning Creditors cross-move for the Court to compel a subpoena to produce documents; and submit the following:

The Lift-Stay Motion should be denied because raising a nonjusticiable claim, namely, an advisory opinion that the real estate at 2 High Road, Wyomissing, PA 19610 (the "2 High Road Property" or "Property") is not part of the bankruptcy estate. First, only a "party in interest" may ask the Court to lift the stay, 11 U.S.C. § 362(d), which incorporates constitutional and prudential standing. *In re* Grant-Covert, 658 F. App'x 175, 177 (3d Cir. 2016) (real parties in interest must show standing). Here, Athene Annuity and Life Company ("Athene") does not allege any actual or immediate injury-in-fact, an essential element of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Athene provides that it is the mortgagee by assignment to the 2 High Road Property, but does not represent to the Court that Kroemmelbein had defaulted on the note and mortgage or that there is any basis for it to commence an in-rem action against the Property. [See EF No. 431]. Thus, Athene goes no further than to request an advisory opinion that the 2 High Road Property is not part of the bankruptcy estate.

1

The mortgage was executed pre-petition in 2022, and the assignment of the mortgage to Athene was recorded post-petition on November 8, 2024. [ECF No. 431-2 at 32]. Under 11 U.S.C. § 362, it is well-settled that a lien was already created and "neither the assignment nor the recordation thereof violated the automatic stay."[1] *In re* Doresca, 2024 Bankr. LEXIS 1628, at *15 (Bankr. E.D.N.Y. July 15, 2024); *In re* Ahmad, 467 B.R. 782, 792 (Bankr. M.D. Pa. 2012) ("The assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate."). Conversely, a lift-stay motion, or a motion for a "comfort order," is appropriate if the mortgagee is seeking "to foreclose on the real property." Grant-Covert, 658 F. App'x at 176. Here, a non-justiciable controversy is presented and the Motion should be denied. The doctrine of standing, whether constitutional or prudential, is intended to prevent "the federal courts from issuing advisory opinions." Carney v. Adams, 592 U.S. 53, 58 (2020).

The Lift-Stay Motion constitutes a contested matter, Fed. Bankr. P. 4001(a)(1), which authorizes discovery and the use of subpoenas. Fed. R. Bankr. P. 9014 and 9016. Accordingly, Petitioning Creditors have propounded a subpoena for documents on Athene, seeking relevant information. Shannon Kroemmelbein has refused to submit to a Rule 2004 Examination or to provide responsive documents to the Rule 2004 subpoena. She is not wealthy enough to be paying this mortgage, strongly indicating that assets of the bankruptcy estate are being used for that purpose. Through a Mortgage Modification with Athene filed with the Berks County Recorder of Deeds on December 20, 2024, Kroemmelbein agreed to make monthly payments of **$15,794.40,** which is **$189,532.80** a year. [Exhibit A, Instrument No. 2024039142, Loan Modification Agreement ¶ 2, at 3 (Oct. 18, 2024)]. As a principal for the Pottstown School District, Kroemmelbein is earning **$109,439** a year. [Exhibit B, Meeting Minutes at 2 (Pottstown School

---

[1] Athene cites 11 U.S.C. § 1301, but this case is not a Chapter 13 proceeding.

District Bd. of School Directors Jan. 11, 2024)].

Consequently, an evidentiary question is raised that these companies that Kroemmelbein allegedly owns, but which Petitioning Creditors maintain were created by Debtor and are hiding assets from this Court, are repaying the mortgage for the 2 High Road Property. Accordingly, the Court should compel Athene to obey a subpoena to produce documents in Exhibit C. The requests in this subpoena are appropriately tailored to the extent of Athene's relationship, if any, with the Debtor, any entity of the Debtor, any insider or relative of the Debtor, in addition to Kroemmelbein herself. This subpoena would have been warranted under Fed. R. Bankr. P. 2004(c) even if Athene had never filed its Lift-Stay Motion.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Motion by Athene Annuity and Life Company should be denied and the Court should grant this Cross-Motion by Petitioning Creditors to compel Athene Annuity and Life Company to obey the subpoena to produce documents in Exhibit C; and such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 16, 2025        By:    /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        PA Attorney I.D. # 321966
                                        8500 Allentown Pike, Suite 3
                                        Blandon, PA 19510
                                        (610) 926-7875

3