# Exhibit A

# Exhibit A





**Fred Sheeler**
**Berks County Recorder of Deeds**

Berks County Services Center 3rd Floor
633 Court Street
Reading, PA 19601
Office: (610) 478-3380
Website: www.berkspa.gov/departments/recorder-of-deeds

**INSTRUMENT # 2024039142**

RECORDED DATE: 12/20/2024 03:00:35 PM



5225844-0017V

**Official Recording Cover Page**
**Receipt for Payment**
**This is not a bill**

| | |
|---|---|
| **Document Type:** MORTGAGE MODIFICATION | **Transaction #:** 6113862<br>**Document Page Count:** 10<br>**Operator Id:** rvrabel |
| **PARCEL ID(s): (See doc for additional parcel #'s)**<br>96439615633786 | **SUBMITTED BY:**<br>First American Title Insurance Company<br>4795 REGENT BLVD<br><br>IRVING, TX 75063-2467<br>(714) 250-4260 |

**\* PROPERTY DATA:**

**\*\* PLEASE SEE DOCUMENT OR INDEX FOR PROPERTY DATA**

**FEES / TAXES:**

| | |
|---|---|
| RECORDING FEES: MORTGAGE MODIFICATION | $66.50 |
| RECORDS IMPROVEMENT FUND | $5.00 |
| WRIT TAX | $0.50 |
| ADDITIONAL PAGE FEE | $24.00 |
| PARCEL ID FEE | $10.00 |
| **Total:** | **$106.00** |

**INSTRUMENT #: 2024039142**
Recorded Date: 12/20/2024 03:00:35 PM

I hereby CERTIFY that this document is recorded in the Recorder of Deeds Office in Berks County, Pennsylvania.



*Fred Sheeler*

**Fred Sheeler**
**Recorder of Deeds**

## OFFICIAL RECORDING COVER PAGE

Page 1 of 11

# PLEASE DO NOT DETACH
## THIS PAGE IS NOW PART OF THIS LEGAL DOCUMENT

**NOTE: If document data differs from cover sheet, document data always supersedes.**
**\*COVER PAGE DOES NOT INCLUDE ALL DATA, PLEASE SEE INDEX AND DOCUMENT FOR ANY ADDITIONAL INFORMATION.**

This Document Prepared By:
**NICHOLE  PHILLIPS**
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT 06450**
**(855) 884-2250**
**NMLS# 17022**

When Recorded Mail To:
**PLANET HOME LENDING, LLC**
**321 RESEARCH PARKWAY, SUITE 303**
**MERIDEN, CT  06450**

**Tax/Parcel #:  96-4396-15-63-3786**
_____ [Space Above This Line for Recording Data] _____

| | |
|---|---|
| **Original Principal Amount: $1,520,000.00** | **Investor Loan No.: 2000026540** |
| **Unpaid Principal Amount: $1,494,726.64** | **Loan No: 2000026540** |
| **New Principal Amount: $1,575,544.43** | |
| **Capitalization Amount: $80,817.79** | |

# LOAN MODIFICATION AGREEMENT (MORTGAGE)
## (Providing for Fixed Interest Rate)

    This Loan Modification Agreement ("Agreement"), made this    **18TH**    day of **OCTOBER, 2024**, between **SHANNON KROEMMELBEIN** ("Borrower") whose address is **2 HIGH RD, WYOMISSING, PENNSYLVANIA 19610** and **PLANET HOME LENDING, LLC AS SERVICER FOR ATHENE ANNUITY AND LIFE COMPANY** ("Lender"), whose address is **120 ERIE CANAL DRIVE SUITE 240, ROCHESTER, NY**



**14626**, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), and Timely Payment Rewards Rider, if any, dated **AUGUST 26, 2022** and recorded on **AUGUST 31, 2022** in **INSTRUMENT NO. 2022035110**, of the **OFFICIAL** Records of **BERKS COUNTY, PENNSYLVANIA**, and (2) the Note **bearing the same date as**, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

**2 HIGH RD, WYOMISSING, PENNSYLVANIA 19610**
(Property Address)

the real property described being set forth as follows:

**THE LAND REFERRED TO IN THIS DOCUMENT IS SITUATED IN THE CITY OF WYOMISSING, COUNTY OF BERKS, STATE OF PENNSYLVANIA, AND DESCRIBED AS FOLLOWS:**

**SEE ATTACHED**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of, **DECEMBER 1, 2024**, the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. **$1,575,544.43**, consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **7.7500%** from **DECEMBER 1, 2024**, and Borrower promises to pay monthly payments of principal and interest in the amount of U.S. **$10,660.45** beginning on the **1ST** day of **JANUARY, 2025**. The new Maturity Date will be **DECEMBER 1, 2064**.

2000026540

| Months | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest | Monthly* Escrow Payment | Total Monthly Payment* | Payment Begins On | Number of Monthly Payments |
|--------|---------------|---------------------------|--------------------------------|-------------------------|------------------------|-------------------|----------------------------|
| 1-480 | 7.7500% | 12/01/2024 | $10,660.45 | $5,134.95 May adjust periodically | $15,795.40 May adjust periodically | 01/01/2025 | 480 |

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a)     all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b)     all terms and provisions of any adjustable rate rider, or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

5. Borrower understands and agrees that:


2000026540

(a)    All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

(b)    All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

(c)    Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

(d)    All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

(e)    Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. **If the Borrower has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy, and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Lender is not attempting to re-establish any personal liability for the underlying debt**

7. Notwithstanding anything to the contrary contained in this Agreement, Borrower and Lender acknowledge the effect of a discharge in bankruptcy that has been granted to Borrower prior to the execution of this Agreement and that Lender may not pursue Borrower for personal liability. However, Borrower acknowledges that Lender retains certain rights, including but not limited to the right to foreclose its lien evidenced by the Security Instrument under appropriate circumstances. The parties agree that the consideration for this Agreement is Lender's forbearance from presently exercising its

Planet Home Lending Private 3179 12012023_474

2000026540

rights and pursuing its remedies under the Security Instrument as a result of Borrower's default thereunder. Nothing in this Agreement shall be construed to be an attempt to collect against Borrower personally or an attempt to revive personal liability.

2000026540

In Witness Whereof, I have executed this Agreement.

_____     _10-31-24_
Borrower: SHANNON KROEMMELBEIN                Date

_____[Space Below This Line for Acknowledgments]_____

## BORROWER ACKNOWLEDGMENT

State of PENNSYLVANIA
County of _Berks_

This record was acknowledged before me on __10|31|24__ (date)
by SHANNON KROEMMELBEIN (name(s) of individual(s)).

_No_____ This notarial act involved the use of communication technology.

(Stamp)

_____
Signature of notarial officer

Phyllis Wisniewski, Notary Public
Printed Name and Title of office

My commission expires: 06|14|2028

Commonwealth of Pennsylvania - Notary Seal
Phyllis Wisniewski, Notary Public
Berks County
My Commission Expires June 14, 2028
Commission Number 1160956

Planet Home Lending Private 3179 12012023_474

2000026540

In Witness Whereof, the Lender has executed this Agreement.

**PLANET HOME LENDING, LLC AS SERVICER FOR ATHENE ANNUITY AND LIFE COMPANY**

By STEPHANIE L. FOX NMLS#          (print name)
1641956
    **Director Portfolio Management**          (title)

11/14/2024
Date

_____ [Space Below This Line for Acknowledgments] _____

State of NEW YORK

               SS:

County of MONROE

On the __14__ day of __Nov_____ in the year __2024__ before me, the undersigned, personally appeared **STEPHANIE L. FOX NMLS# 1641956**, the **DIRECTOR PORTFOLIO MANAGEMENT**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____This remote notarial act involved the use of communication technology.

CARIE SCIABICA, Notary Public

My commission expires: 08/06/2026

        CARIE SCIABICA
    Notary Public, State of New York
       No. 01SC4970224
    Qualified in Monroe County
  Commission Expires 08/06/20_26_

## EXHIBIT A

PREMISES A

ALL THAT CERTAIN tract or piece of land together with the two and one-half story brick dwelling house, garage, and other improvements thereon erected, lying on the Easterly side of High Road, 60 feet wide, North of Lauers Lane, situate in the Borough of Wyomissing, County of Berks, and Commonwealth of Pennsylvania, being more fully bounded and described as follows, to wit:

BEGINNING at a point in the Eastern building line of High Road, a corner of property now or late belonging to Wyomissing Foundation, Inc.; thence leaving said High Road and extending along said property now or late belonging to Wyomissing Foundation, Inc. North seventy-eight degrees twenty-nine minutes East (N. 78°29' E.), a distance of two hundred ninety-nine and sixty-one one-hundredths feet (299.61') to a point; thence extending along property now or late of the Borough of Wyomissing South eleven degrees thirty minutes East (S. 11° 30' E.), a distance of three hundred fifty-seven and sixty-eight one-hundredths feet (357.68') to a point; thence extending along property now or late belonging to Marriott D. Sturgis and Lottie B. Sturgis, his wife, South eighty-three degrees five minutes West (S. 83°05' W.), a distance of three hundred thirty-two and sixty-five one-hundredths feet (332.65') to a point in the curve of the aforesaid Eastern building line of High Road. Thence extending along said building line of High Road along the arc of a curve deflecting to the left, having a radius of eight hundred fifty feet (850'), a central angle of fifteen degrees forty-five minutes fifty-four seconds (15°45' 54"), a distance along the arc of two hundred thirty-three and eighty-eight one-hundredths feet (233.88'), said arc having a chord bearing of North three degrees thirty-seven minutes three seconds West (N. 03°37' 03" W.), a distance along the chord of two hundred thirty-three and fourteen one-hundredths feet (233.14') to a point of tangent in said building line; thence continuing along said building line of High Road North eleven degrees thirty minutes West (N. 11°30' W.), a distance of one hundred and three one-hundredths feet (100.03') to the place of beginning.

CONTAINING in area two and four hundred thirty-three one-thousandths (2.433) acres.

**Legal Description- Page 2**

PREMISES B

ALL THAT CERTAIN irregular shaped lot or piece of ground representing that area lying between the former right-of-way line of High Road and the new right-of-way line of High Road, adjacent to property belonging to Joseph F. Welch on the East side of High Road, as shown on High Road - Relocation and Subdivision, dated May 25, 1984, prepared by McCloud, Scatchard, Derck and Edson, Landscape Architects, for Wyomissing Foundation, Inc., recorded in Berks County records in Plan Book No. 134 page 35, situate in the Borough of Wyomissing, County of Berks, and Commonwealth of Pennsylvania, being more fully bounded and described as follows, to wit:

BEGINNING at a point in the Eastern right-of-way line or building line of High Road at P.C.C. Station 17 plus 03.14, a corner of property belonging to Marriott D. Sturgis and Lottie B., his wife; thence extending in a Northerly direction along the new right-of-way line of said High Road as shown on said Plan the three following courses and distances, viz: (1) along the arc of a curve deflecting to the left, having a radius of 363.23 feet, a central angle of 20 degrees 24 minutes 50 seconds, a distance along the arc of 129.42 feet, said arc having a chord bearing of North 14 degrees 29 minutes 02 seconds West, a distance along the chord of 128.73 feet to a point of tangent; (2) North 24 degrees 41 minutes 27 seconds West, a distance of 55.70 feet to a point of curve; and (3) along the arc of a curve deflecting to the right, having a radius of 1817.57 feet, a central angle of 04 degrees 38 minutes 57 seconds, a distance along the arc of 147.48 feet, said arc having a chord bearing of North 22 degrees 21 minutes 58 seconds West, a distance along the chord of 147.44 feet to a point in line of property belonging to the Borough of Wyomissing. Thence leaving said right-of-way line of High Road and extending along said property belonging to the Borough of Wyomissing North 69 degrees 56 minutes 30 seconds East, a distance of 30.00 feet to a point; thence extending in a Southerly direction along the former right-of-way line of High Road, being along property belonging to Joseph F. Welch and Marcia P., his wife, the two following courses and distances, viz: (1) South 20 degrees 02 minutes 29 seconds East, a distance of 100.04 feet to a point of curve, and (2) along the arc of a curve deflecting to the right, having a radius of 850.00 feet, a central angle of 15 degrees 45 minutes 53 seconds, a distance along the arc of 233.87 feet, said arc having a chord bearing of South 12 degrees 09 minutes 33 seconds East, a distance of 233.14 feet to the place of beginning.

CONTAINING in area 0.1308 acres.

BEING THE SAME PREMISES WHICH Joseph F. Welch and Marcia P. Welch, his wife, by Deed dated 07/27/2000 and recorded 07/28/2000 in the Office for the Recorder of Deeds in and for the County of Berks, and Commonwealth of Pennsylvania in Record Book 3225, Page 51, granted and conveyed unto Patrick J. Shields and Margaret M. Shields, husband and wife.

. . . .

# CERTIFICATE OF RESIDENCE

## TITLE OF DOCUMENT
**LOAN MODIFICATION AGREEMENT (MORTGAGE)**

## BETWEEN:
**SHANNON KROEMMELBEIN** (assignor/Mortgagor/grantor)

## AND:
**PLANET HOME LENDING, LLC AS SERVICER FOR ATHENE ANNUITY AND LIFE COMPANY**
(assignee/Mortgagee/grantee)

I do hereby certify that the precise address of the within named Mortgagee is:
**PLANET HOME LENDING, LLC AS SERVICER FOR ATHENE ANNUITY AND LIFE COMPANY**
**120 ERIE CANAL DRIVE SUITE 240**
**ROCHESTER, NY 14626**

*By:* _____

*Print Name:* **STEPHANIE L FOX**

*Title:* Director Portfolio Management

2000026540

# Exhibit B

# Exhibit B

Thursday, January 11, 2024
Board Workshop w/limited action items

Pottstown School Board of Directors Board Workshop
6:30 pm
Admin Building, Conference Room, 230 Beech Street

# 1. MEETING OPENING

| | |
|---|---|
| Subject : | 1.01 Meeting Opening - Mrs. Bearden |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 1. MEETING OPENING |
| Type : | Information |
| Subject : | 1.02 Roll Call - Mrs. Oakley |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 1. MEETING OPENING |
| Type : | Procedural |
| Subject : | 1.03 Moment of Silence |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 1. MEETING OPENING |
| Type : | Procedural |
| Subject : | 1.04 Pledge of Allegiance |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 1. MEETING OPENING |
| Type : | Procedural |

# 2. LIMITED BOARD ACTION ITEMS (CONSENT)

| | |
|---|---|
| Subject : | 2.01 Limited Board Action Items - Mr. Rodriguez |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 2. LIMITED BOARD ACTION ITEMS (CONSENT) |
| Type : | Communication |

# Public Content

Action Items for discussion, followed by Hearings from the Patrons: Board action on topic #3 to #5.

# 3. PERSONNEL: (CONSENT)

| | |
|---|---|
| Subject : | 3.01 Personnel - Mr. Boyer |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 3. PERSONNEL: (CONSENT) |
| Type : | Action (Consent) |
| Recommended Action : | The Superintendent recommends the Board approve /ratify the following personnel items: |

# Public Content

<u>Administration</u>

Shannon Kroemmelbein, Supervisor of Special Ed, Edgewood, $109,439/yr., effective January 16, 2024.

# 4. PERSONNEL: TUITION REIMBURSEMENT (CONSENT)

| | |
|---|---|
| Subject : | 4.01 Tuition Reimbursement - Mr. Boyer |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 4. PERSONNEL: TUITION REIMBURSEMENT (CONSENT) |
| Type : | Action (Consent) |
| Recommended Action : | The Superintendent recommends the Board approve the tuition reimbursements as presented: *Exhibit |

### File Attachments

[Tuition Reimbursement 12-31-23 Deadline for Agenda 1-11-24.pdf (87 KB)](#)

# 5. PERSONNEL: FIELD TRIPS (CONSENT)

| | |
|---|---|
| Subject : | 5.01 Field Trips - Mr. Boyer |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 5. PERSONNEL: FIELD TRIPS (CONSENT) |
| Type : | Action (Consent) |
| Recommended Action : | The Superintendent recommends the Board approve /ratify the following field trip(s) as presented: *Exhibit |

# Public Content

| # students | Conference | Conference Location | Date of Trip | Cost to Student | Cost to District-substitutes |
|---|---|---|---|---|---|
| 1 | Bensalem High School | Bensalem, PA | 1/24/24-1/26/24 | $190.00 | $827.6 |
| | DECA 2024 State Career | | | | |

| 21 | Development Conference | Hershey, PA | 2/21/24- 2/23/24 | $350.00 | $8,767.0 |

# 6. HEARING FROM PATRONS (limited to consent items)

| | |
|---|---|
| Subject : | 6.01 Hearings from Patrons (limited to consent items) - Mrs. Bearden |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 6. HEARING FROM PATRONS (limited to consent items) |
| Type : | Procedural |

# 7. BOARD ACTION CONSENT

| | |
|---|---|
| Subject : | 7.01 Board Action: Personnel - Mrs. Bearden |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 7. BOARD ACTION CONSENT |
| Type : | Action |
| Recommended Action : | Personnel: Motion: 1st and 2nd; Roll Call Vote |

# 8. INFORMATION

| | |
|---|---|
| Subject : | 8.01 Information |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 8. INFORMATION |
| Type : | Information |

# Public Content

- Monthly Meeting Notice - Mrs. Oakley
- Pottstown Pride: Spring/Summer- Mr. Armato

**File Attachments**

2024-02 Feb Monthly Meetings.pdf (70 KB)
Fall Pride-2023.pdf (12,936 KB)

# 9. FEDERATION REMARKS

# 10. ADJOURMENT FOR WORKSHOP

| | |
|---|---|
| Subject : | 10.01 Adjourn from Board Action Items |
| Meeting : | Jan 11, 2024 - Board Workshop w/limited action items |
| Category : | 10. ADJOURMENT FOR WORKSHOP |
| Type : | Procedural |

# Public Content

January 11, 2024: Board Workshop Agenda * Exhibit

## File Attachments

[PSD Board Workshop Agenda JAN2024.pdf (65 KB)](#)

# Exhibit C

Exhibit C

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Pennsylvania

In re Alan Christopher Redmond

Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 24-13093

Chapter 11

_____

Plaintiff

v.

Adv. Proc. No. _____

_____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Athene Annuity and Life Company

*(Name of person to whom the subpoena is directed)*

☑ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:  See Schedule A

| PLACE   Cornerstone Law Firm, LLC, 8500 Allentown Pike, Suite 3   Blandon, PA 19510 | DATE AND TIME Sept. 30, 2025 |
|---|---|

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: Sept. 16, 2025

CLERK OF COURT

OR

_____          *Joel A. Ready*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Jason Scott Jordan _____ , who issues or requests this subpoena, are:

Joel A. Ready, Esq.; joel@cornerstonelaw.us; (610) 926-7875

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information on Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____  .


    I declare under penalty of perjury that this information is true and correct.

Date: _____

                                                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## SCHEDULE A

**DOCUMENTS TO BE PRODUCED**:

1.      All contracts between you and the Borrower in respect of the Real Property.

2.      All contracts between you and Shannon Kroemmelbein.

3.      All contracts between you and Alan Christopher Redmond.

4.      All contracts between you and any relative and insider of Shannon Kroemmelbein.

5.      All contracts between you and any relative and insider of Alan Christopher Redmond.

6.      All contracts between you and any entity that is owned, in whole or in part, by Shannon Kroemmelbein.

7.      All contracts between you and any entity that is owned, in whole or in part, by Alan Christopher Redmond.

8.      All IRS Form 1098 you provided to the Borrower in respect of the Real Property.

9.      All documents evidencing the entire payment history by the Borrower in respect of the Real Property.

10.     All payment instructions you provided to the Borrower.

11.     All documents evidencing the Borrower's account where payments to you originated.

12.     All documents evidencing any person submitting payments to you on behalf of the Borrower.

13.     All correspondence between you and Alan Christopher Redmond.

14.     All correspondence between you and any person acting on behalf of Alan Christopher Redmond.

15.     All contracts between you and any of the following persons:

        a.   ABN Health

        b.   ABN Network, LLC

        c.   Alan Redmond Charitable Foundation

        d.   ARC Realty, LLC

        e.   ARC Realty 1, LLC

        f.   Bene Market, LLC

        g.   Benefits Now, LLC

        h.   Benefitz Plus, LLC

i.   Digital Bridge Network Corporation

j.   Digital Principles Corporation

k.   Endless Horizons, LLC

l.   Frontera, LLC

m.  The Leads House, LLC

n.   National Brokers of America, Inc.

o.   NextGen Leads, LLC

p.   Phase 1 Technology, LLC

q.   Q H Quick Health

r.   Red Horizon, LLC

s.   Red Horizon Ventures, LLC

t.   The Redmond Group, LLC

u.   Redmond Group Investments, LLC

v.   Redmond Holdings, Inc.

w.  Redmond Holdings 2, Inc.

x.   Redmond Holdings, LLC

y.   Redmond Investments, LLC

z.   Redmond Marketing, LLC

aa. Saoirse, LLC

bb. Saoirse, LLP

cc. Saoirse Enterprise, LLC

dd. Saoirse Holdings, Inc.

ee. Seguro, LLC

ff. Seguro Medico, LLC

gg. Seguro Holdings, LLC

hh. Seguro Y Futuro, LLC

ii. Triquetra United, LP

jj. Triquetra Talent, LLC

kk. The Turner House of Reading, LLC

ll. Two High Properties, LLC

mm.   U.S. Consolidation

nn. U.S. Trifecta Limited Liability Company

**DEFINITIONS**:

"Borrower" means any person who is submitting payments to you in respect of your mortgage and note on the Real Property.

"Insider" has the same meaning as 11 U.S.C. § 101(31).

"Real Property" means 2 High Road, Wyomissing, PA 19610.

"Shannon Kroemmelbein" includes her married name, Shannon Redmond, and any person acting on her behalf.

"You" means Athene Annuity and Life Company and any person acting on its behalf, including Planet Home Lending, LLC.