**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM |
| | Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S RESPONSE IN OPPOSITION TO SHANNON KROEMMELBEIN'S MOTION TO VACATE SANCTION AND DISCOVERY ORDERS AND CROSS-MOTION TO COMPEL**

Petitioning Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter hereby file this response in opposition to the Motion of Shannon Kroemmelbein to Vacate Sanction and Discovery Orders [ECF No. 419], and cross-move to compel Kroemmelbein to comply with the Rule 2004 requests on the grounds that she waived the Fifth Amendment privilege as applied to the Rule 2004 subpoena and as to the Rule 2004 examination relative to her involvement with Seguro Medico, all businesses identified in the Rule 2004 subpoena that she owns, her involvement with Mid Penn Bank, and her employment as a teacher; and submits the following:

Kroemmelbein's Motion should be denied in its entirety, and the Court should impose sanctions against Kroemmelbein for contempt. By Order filed February 24, 2025, the Court compelled Shannon Kroemmelbein to answer the Rule 2004 requests that Petitioning Creditors had propounded. [ECF No. 289]. This includes the request for documents shown before the Court at ECF No. 210-3 at 62-70, incorporated by reference. The Court overruled Kroemmelbein's Motion to Quash on April 2, 2025. [ECF No. 330]. This is now Kroemmelbein's third objection to the Court over the same Rule 2004 requests, of which she has provided nothing in response.

Kroemmelbein, through her counsel, invoked "the Fifth Amendment in response to all questions at a Rule 2004 examination **and** to all document requests in their subpoena." [ECF No.

1

419 ¶ 21 (emphasis added)]. This fails on several levels. First, and foremost, Kroemmelbein waived her Fifth Amendment privilege as applied to her admissions in open court and to the subpoena for documents by not timely asserting it on the Motion to Compel by Petitioning Creditors which the Court granted. Secondly, the law does not permit her to raise a "blanket" objection to Rule 2004 examinations. Thirdly, the Fifth Amendment does not shelter Kroemmelbein from the subpoena for records even if she had not waived her objection. Finally, the Bankruptcy Code provides Kroemmelbein with a process where she can obtain use and derivative immunity from the U.S. Attorney in exchange for her Rule 2004 examination.

I.      **Kroemmelbein Waived the Fifth Amendment Privilege to the Extent of Her Admissions in Open Court and by Not Timely Asserting It in Response to the Court's Approval of the Rule 2004 Subpoena.**

Petitioning Creditors moved to compel Kroemmelbein's Rule 2004 examination and subpoena on January 7, 2025. [ECF No. 183]. We amended our motion on January 21, 2025. [ECF No. 210]. Kroemmelbein filed an objection on January 30, 2025. [ECF No. 241]. She raised objections under attorney-client privilege and spousal testimonial privilege. [Id. ¶ 15]. She did not raise any Fifth Amendment privilege in her objection. [See id.]. Kroemmelbein's attorney appeared on her behalf during the Court's hearing on February 11, 2025, and the Court granted the Motion on February 24th. [ECF No. 289]. On March 31, 2025, Kroemmelbein filed a Motion to Quash. [ECF No. 321]. The Court denied the same. [ECF No. 330].

The Fifth Amendment privilege is "not a self-executing mechanism; it can be affirmatively waived, or lest by not asserting it in a timely fashion." Maness v. Meyers, 419 U.S. 449, 465 (1975). Where Bankruptcy Rule 2004 incorporates Civil Rule 45 as to subpoenas for documents, Fed. R. Bankr. P. 2004(c) (incorporating Fed. R. Bankr. P. 9016 (incorporating Fed. R. Civ. P. 45))), that "require[s] the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a 'game.'" In re DG Acquisition Corp., 151

F.3d 75, 81 (2d Cir. 1998) (quoting United States v. Bryan, 339 U.S. 323, 331 (1950)). "A non-party's failure to timely make objections to a Rule 45 subpoena duces tecum generally requires the court to find that any objection . . . has been waived." R.B. v. Hollibaugh, 2017 U.S. Dist. LEXIS 49072, at *5 (M.D. Pa. Mar. 31, 2017) (citation omitted); Celanese Corp. v. E.I. duPont de Nemours & Co., 58 F.R.D. 606, 609 (D. Del. 1973) ("[A] party who fails to abide by the procedural rules governing litigation does so at his own risk and peril."). "This principle of waiver applies to an objection that the information sought is privileged under the Fifth Amendment." SEC v. Kiselak Capital Group, LLC, 2011 U.S. Dist. LEXIS 107624, at *15 (N.D. Tex. Sept. 20, 2011) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)); accord. Coregis Ins. v. Baratta & Fenerty, Ltd., 187 F.R.D. 528, 529 (E.D. Pa. 1999) (citing Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)).

Based on the foregoing authorities, Kroemmelbein waived the Fifth Amendment privilege entirely as applied to the subpoena for documents by not timely raising the same. The instant Motion was filed on August 12, 2025 — more than half a year later — and Kroemmelbein has no excuse for the late assertion of the Fifth Amendment privilege, particularly where she asserted other privileges in her January 30, 2025 Response to the Court and afterwards filed a Motion to Quash which the Court denied. In subpoenas for documents, the law does not permit Kroemmelbein to raise privileged objections on a piecemeal basis.

In her response filed on the docket with the Court, Kroemmelbein additionally admitted she "is affiliated with Seguro Medico, LLC, a company in which Debtor has no ownership interest." [EF No. 241 ¶ 3]. In Kroemmelbein's March 31st Motion to Quash, she represented to the Court that the Rule 2004 subpoena "seeks confidential and sensitive commercial information from Kroemmelbein that affects Kroemmelbein's business" [ECF No. 321 ¶ 7], and from

3

"companies in which Ms. Kroemmelbein has interests" [id. ¶ 24], "Kroemmelbein is the passive owner of several businesses engaged in the business of real estate investment, insurance sales and the like. Kroemmelbein is further employed as a principal in the Pottstown School District where she oversees the educational needs of children with special needs." [Id. ¶ 14]. Kroemmelbein further stated that the subpoena to Mid Penn Bank caused "disruptions to her personal and professional financial interests." [Id. ¶ 16].

The foregoing constitutes open court admissions by her representative, which the law imputes as her action. In re Chandler, 459 B.R. 215, 225 (Bankr. E.D. Pa. 2011) ("[E]ach party is deemed abound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney." (quoting Link v. Wabash RR Co., 370 U.S. 626, 633-34 (1962))). Kroemmelbein's open court admissions waive the privilege to the subject matter involved: "[T]he Supreme Court held that once a witness makes an incriminating admission he or she cannot stop testifying by claiming the Fifth Amendment privilege and may not refuse to disclose details unless such further disclosure would pose a real danger of further incrimination." In re Oxford Mushroom Prods., Inc., 46 B.R. 77, 79 (E.D. Pa. 1985) (discussing Rogers v. United States, 340 U.S. 367 (1951)). In that case, this Court compelled the witness to submit to a Rule 2004 examination and overruled the witness' Fifth Amendment objection, where the witness had testified to subjects during a Section 341 Examination. Id. at 80.

Based on the foregoing, Kroemmelbein waived her Fifth Amendment privilege and is required to submit to a Rule 2004 Examination and answer questions relative to (1) her involvement with Seguro Medico, (2) all businesses identified in the Rule 2004 subpoena, (3) her involvement with Mid Penn Bank, and (4) her employment in public education. Additionally, she has entirely waived the privilege as applied to the subpoena for documents.

4

## II.      Kroemmelbein Cannot Raise a Blanket Objection to Her Rule 2004 Examination.

Kroemmelbein inappropriately raised a blanket objection to all questions that could be put to her in a Rule 2004 Examination. It is well-settled law that "a witness in a civil proceeding may not invoke a blanket fifth amendment privilege prior to the propounding of questions," National Life Ins. v. Hartford Accident & Indem. Co., 615 F.2d 595, 596 (3d Cir. 1980), and this rule was applied equally in a bankruptcy case of In re Hoffman Can Corp., 373 F.2d 622, 626-27 (3d Cir. 1967). Based on the foregoing, Kroemmelbein's Motion fails.

## III.     The Fifth Amendment Does Not Shield Kroemmelbein from the Subpoena for Documents Even if She Had Not Waived It.

While we have shown that Kroemmelbein has waived the Fifth Amendment privilege as applied to the subpoena for documents, we additionally show that the privilege offers no shelter here even if it was not waived. In his Rule 2004 Examination, Debtor identified numerous business entities that he asserted were owned by Ms. Kroemmelbein, in whole or in part. This includes ARC Realty, LLC, which is co-owned with the Debtor [Ex. A, at 34:2-7], ABN Network, LLC [id. at 129:25 to 130:1-3], Seguro Medico, LLC, which is allegedly co-owned with Arthur Walsh [id. at 144:12-13], Digital Bridge, LLC [id. at 171:25 to 172:1-2], Digital Principles Corporation [id. at 176:7-8], Benefits Now, LLC [id. at 222:10-12], and Endless Horizons, LLC, which is allegedly co-owned either with the Debtor or with Arthur Walsh. [Id. at 186:4-25 to 187:1-9]. With this factual backdrop in view, Kroemmelbein's Fifth Amendment privilege objection fails for the reasons shown below.

### A.      The Required Records Exception.

For personal records or business records, the Fifth Amendment of the U.S. Constitution does not shield a compulsory production under the circumstances where "(1) the reporting or recordkeeping scheme must have an essentially regulatory purpose; (2) a person must customarily

5

keep the records that the scheme requires him to keep; and (3) the records must have 'public aspects.'" Untied States v. Chabot, 793 F.3d 338, 342-43 (3d Cir. 2015) (discussing Shapiro v. United States, 335 U.S. 1 (1948) and Gross v. United States, 390 U.S. 62 (1968)). The Required Records Exception applies to the Rule 2004 subpoena for documents the Court approved here:

1.      Your original birth certificate, including any amendments to the same.

2.      Your Social Security card.

3.      All your active driver's licenses in any jurisdiction.

4.      All your passports.

5.      All of your federal income tax returns, with all schedules, including Form W2s and 1099s, for the years 2014 through the most recent filing.

* * *

24.     All deeds to all real property located anywhere in the world and recorded during the years 2014 through the present, and which are titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

* * *

32.     All federal income tax returns, with all schedules, filed for all business entities in which you currently or previously had a relationship of any kind, including (but not limited to) the following:

ABN Health
ABN Network, LLC
Alan Redmond Charitable Foundation
ARC Realty, LLC
ARC Realty 1, LLC
Bene Market, LLC
Benefits Now, LLC
The Leads House, LLC
National Brokers of America, Inc.
NextGen Leads, LLC
Phase 1 Technology, LLC
Q H Quick Health
The Redmond Group, LLC
Redmond Group Investments, LLC
Redmond Holdings, Inc.

6

> Redmond Holdings 2, Inc.
> Redmond Holdings, LLC
> Redmond Investments, LLC
> Redmond Marketing, LLC
> Saoirse, LLC
> Saoirse, LLP
> Saoirse Enterprise, LLC
> Saoirse Holdings, Inc.
> Seguro Medico, LLC
> The Turner House of Reading, LLC
> Two High Properties, LLC
> U.S. Consolidation
> U.S. Trifecta Limited Liability Company

44.     All Uniform Commercial Code filings, in any jurisdiction, which list you as a creditor or debtor.

45.     Certificates of title in your name as to any motor vehicle, mobile home, aircraft, or watercraft.

46.     Documents evidencing your title in personal property acquired prior to your marriage to Alan Christopher Redmond and which is valued in excess of $1,000.00.

[ECF No. 210-3 at 68 to 70].

The Required Records Exception to the Fifth Amendment applies to the foregoing documents. Kroemmelbein is required by law to submit and to retain copies of federal income tax returns to the extent of her liability or the liability of any business entity she genuinely owns or controls. 26 U.S.C. § 6001. Birth certificates, Social Security cards, driver's licenses, and passports all have public aspects in that all exist for the purpose of identification as well as residency. For passports, those additionally are proof of "admission of the bearer into a foreign country." 8 U.S.C. § 1101(a)(30). The Fifth Amendment does not shield those documents because of "the government's legitimate interest in using the records that it requires individuals to keep." Chabot, 793 F.3d at 343. Deeds, certificates of title, and UCC filings are expressly intended by law to further public disclosure, and that is universally the norm regardless of the jurisdiction, inclusive of foreign jurisdictions.

7

**B.      The Collective Entity Doctrine.**

From Kroemmelbein's open admission to the Court that she "is affiliated with Seguro Medico, LLC" [EF No. 183 ¶ 3] and Debtor's Rule 2004 Examination testimony regarding her ownership of entities, that establishes that Kroemmelbein is in possession of business records. Under the Collective Entity Doctrine, "An individual cannot rely on the [Fifth Amendment] privilege to avoid producing the records of a collective entity which are in his possession in a representative capacity, even if these records may incriminate him personally." *In re* Grand Jury Empanelled on May 9, 2014, 786 F.3d 255, 258 (3d Cir. 2015) (quoting Bellis v. United States, 417 U.S. 85, 88 (1974) (alteration in original)). The rule applies regardless of whether a corporation or partnership is involved, so long as it is a legal entity distinct from its members. Id. at 259-60.

The Rule 2004 subpoena served on Kroemmelbein defined "accounts" as included "brokerage, business, nonprofit, investment, and personal banking." [ECF No. 210-3, at 70]. Thus, in addition to any business records mentioned in Subpart A, *supra*, the Fifth Amendment gives Kroemmelbein no shield to these aspects of the subpoena for documents:

19.      All monthly statements for all your accounts at Mid Penn Bank since 2014 to the present.

* * *

21.      All monthly statements for any account (1) within your possession or control, regardless of how the account is titled, and (2) five years before September 3, 2024.

* * *

25.      All unrecorded deeds to real property located anywhere in the world and which are titled in your name or titled in your name or titled in the name of a business entity (or nonprofit entity) in which you have an ownership interest, or membership interest, or managerial authority or control, in whole or in part.

26.      All contracts between you and Alan Christopher Redmond.

27.      All contracts between you and any relative, former spouse, or insider of

Alan Christopher Redmond.

28.    All contracts between you and any creditor of Alan Christopher Redmond.

29.    All contracts between you and any of your relatives, former spouses, or insiders.

30.    All contracts between you and any current or former joint account holder, including Gaia Gebbia.

31     All contracts between you and any of the following entities, or between you and any current or former owner, or current or former member, of the following entities:

Alan Redmond Charitable Foundation
ARC Realty, LLC
Bene Market, LLC
Benefits Now, LLC
The Leads House, LLC
National Brokers of America, Inc.
NextGen Leads, LLC
Phase 1 Technology, LLC
Q H Quick Health
The Redmond Group, LLC
Redmond Group Investments, LLC
Redmond Holdings, Inc.
Redmond Holdings 2, Inc.
Redmond Holdings, LLC
Redmond Investments, LLC
Redmond Marketing, LLC
Saoirse, LLC
Saoirse Enterprise, LLC
Saoirse Holdings, Inc.
Seguro Medico, LLC
U.S. Consolidation
U.S. Trifecta Limited Liability Company

32.    All federal income tax returns, with all schedules, filed for all business entities in which you currently or previously had a relationship of any kind, including (but not limited to) the following:

ABN Health
ABN Network, LLC
Alan Redmond Charitable Foundation
ARC Realty, LLC
ARC Realty 1, LLC

Bene Market, LLC
Benefits Now, LLC
The Leads House, LLC
National Brokers of America, Inc.
NextGen Leads, LLC
Phase 1 Technology, LLC
Q H Quick Health
The Redmond Group, LLC
Redmond Group Investments, LLC
Redmond Holdings, Inc.
Redmond Holdings 2, Inc.
Redmond Holdings, LLC
Redmond Investments, LLC
Redmond Marketing, LLC
Saoirse, LLC
Saoirse, LLP
Saoirse Enterprise, LLC
Saoirse Holdings, Inc.
Seguro Medico, LLC
The Turner House of Reading, LLC
Two High Properties, LLC
U.S. Consolidation
U.S. Trifecta Limited Liability Company

33.    All contracts between you and each and every one of the following persons:

Teresa Ammon
Heather Briscoe
Lindsey K. Briscoe
Katherine Downing
Stephanie Miller
Gaia Gebbia
Seni Sok
Arthur W. Walsh, Jr.
Norman M. Valz

34.    All contracts in your possession, or control, where any of the following persons are a party (even if you are not a party):

Teresa Ammon
Heather Briscoe
Lindsey K. Briscoe
Katherine Downing
Stephanie Miller
Gaia Gebbia
Seni Sok

10

Arthur W. Walsh, Jr.
Norman M. Valz

35. All contracts between you and NP, Inc. and with any owner or inside of NP, Inc.

36. All applications for a mortgage, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to NP, Inc. or any of its managers, servicers, affiliates, or subsidiaries.

37. All contracts between you and each of your creditors.

38. All applications for loans, with all supporting documentation relating to personal wealth and ownership of assets, that you submitted to World Business Lenders, LLC and its affiliates or subsidiaries, including WBL SPO I, LLC and WBL SPO II, LLC.

39. All trust agreements, or trust indentures, in which you are a trustee or a beneficiary.

40. All trust agreements, or trust indentures, in which any of your relatives are a trustee or a beneficiary.

41. All organizational documents, bylaws and operating agreements for any business entity (or nonprofit entity) in which you have an ownership interest, membership interest, managerial authority, or control, or which you filed with a government agency on behalf of another person.

\* \* \*

47. All contracts between you and any of the following persons:

Rosewood Custom Cabinetry, LLC
Stone Arch Associates, LLC
Willow Tree Remodeling, LLC
Any creditor of each of the foregoing persons.

[ECF No. 210-3, at 66-70]. Based on the Collective Entity Doctrine, the Fifth Amendment does not shield these records and Kroemmelbein must produce the same.

**C.     The Act of Production Doctrine to the Fifth Amendment.**

Under the Act of Production Doctrine, the Fifth Amendment of the U.S. Constitution "does not independently proscribe the compelled production of every sort of incriminating evidence but

11

applies **only** to when the accused is compelled to make a testimonial communication that is incriminating." Fisher v. United States, 425 U.S. 391, 408 (1976) (emphasis added). "We have, accordingly, declined to extend the protection of the privilege to the giving of blood samples; to the giving of handwriting exemplars; or the donning of a blouse worn by the perpetrator." Id. (internal citations deleted). As applied to a subpoena for documents, "the Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the [accused], for the privilege protects a person only against being incriminated by his own compelled testimonial communications." Id. at 409. Whether the act of production amounts to "both 'testimonial' and 'incriminating'" are fact sensitive questions but "implicitly admitting the existence and possession of the papers" does not, standing alone, rise "to the level of testimony within the protection of the Fifth Amendment." Id. at 411. This is particularly the case where existing evidence and witnesses have already established as "a foregone conclusion" that the accused has possession of such documents or evidence. Id. The Third Circuit clarified that the Collective Entity Doctrine is an exception to the Act of Production Doctrine. *In re* Grand Jury, 786 F.3d at 260-61.

The Foregone Conclusion standard is shown if independent evidence already establishes (1) "that files exist" and (2) the witness "can access them." United States v. Apple Mac Pro Computer, 851 F.3d 238, 248 (3d Cir. 2017).

Here, the Foregone Conclusion standard is clearly met. The Debtor has repeatedly testified before this Court that relevant documents relating to banking and whereabouts of millions of dollars are in possession of his wife, Shannon Kroemmelbein. In his Rule 2004 Examination, the Debtor repeatedly said, over and over again, to direct all questions to Kroemmelbein rather than to him and that she knew the answers rather than him. From using Control-F, the Court may find that "Shannon" was mentioned at least 156 times in the Examination. Debtor testified that he

12

regularly engaged Kroemmelbein's help to search for records in response to his own subpoena, that Kroemmelbein maintains records using a laptop, MacBook, and desktop computer at home, regularly paid his debts, had access to bank accounts, including ABN Network, LLC, and possessed all financial records for various businesses that she allegedly owned.

> Q.      My question at this point is if there's anything else out there that you need to search before confirming that you don't have anything else than what you're already provided?
>
> A.      * * * I provided everything that I could with Shannon's help.

[Ex. A, Redmond Exam. 59:16-20, 60:1-17]

> Q.      In the last three years, who's paid your debts to Bochetto and Lentz?
>
> A.      2022 to 2025; is that correct?
>
> Q.      Correct.
>
> A.      Shannon is the breadwinner right now. She has been for the last number of years. So, it would have been Shannon.
>
> Q.      Okay. How about your debts to Duane Morris?
>
> A.      That would have been Shannon.
>
> Q.      Same for Rush Law Group?
>
> A.      I believe so, yeah. I've known Bill for a long time, as you know, Joel, but yes.
>
> Q.      * * * How many of those payments came from Shannon versus Seguro Medico?
>
> A.      I have no idea.

[Id. at 69:24-25 to 70:1-19]

> Q.      What records, other than the ones you've already talked about, did you consult to search for responsive documents in number 36?
>
> A.      I think I engaged Shannon. I did engage Shannon on that. Many of them ones were—were hers because she was an owner of Seguro—excuse me, ARC

Realty, and she also owned Seguro, so— Yeah, I can't remember what we find. If we find anything.

Q.      Do you know what Shannon searched to help you find those documents?

A.      I—she would have looked at her laptop. She also has a MacBook and also her desktop in the basement as well.

[Id. at 94:15-25 to 95:1-8]

Debtor testified that Kroemmelbein added him as signatories on bank accounts, including

ABN Network, LLC:

Q.      What bank accounts are you a signatory on today?

A.      There's a lot of old business accounts, Shannon had put me on as the signatory for some of her businesses when I started to get involved in managing cash flow or helping her manage cash flow. Yeah, I would say there's a good half a dozen to a dozen to—to be honest. But, yeah, she—when she wants me to do something for her business I'll—I'll do it, you know.

[Id. at 109:24-25 to 110:1-11].

Q.      Same question about bank accounts for ABN Network, LLC?

A.      That's her gig. It's another business of—of Shannon's. I'm not sure exactly where she banks, Attorney Ready. I can speculate, but ***you're going to have to ask her that***.

[Id. at 129:25 to 130:1-8 (emphasis added)]

Q.      Where else do they [Seguro Medico, LLC] bank?

A.      * * * you need to ask Shannon or Arthur, of course.

[Id. at 167:19-25 to 168:1-4].

Q.      What other entities did you have that generated money that went into Seguro?

A.      * * * that would honestly be more of a Shannon question.

[Id. at 198:20-25 to 199:6-19].

Additionally, as mentioned in Part I, supra, Kroemmelbein has already made open

14

admissions to this Court, including her involvement with Seguro Medico and other businesses identified in the Rule 2004 subpoena, her employment in public education, and her banking with Mid Penn Bank. All of that is established already.

It gets worse when the Court considers each and every time the Debtor testified in this case. In his Section 341 Examination, the Debtor testified that his tenants were wiring rents "into Shannon's personal bank account" [ECF No. 227-1 (Tr. 14:20-25)], that "Shannon keeps" all Mid Penn Bank records [id. (Tr. 17:12-21)], and "I also have Shannon's Discovery [credit] card." [Id. (Tr. 40:17-24)].

Based on the foregoing, nearly everything in the subpoena is proper and not shielded by the Fifth Amendment because Debtor's testimony establishes that these records exist and Kroemmelbein has access to them, such that a compulsory production is a foregone conclusion. Where the Debtor testified that Kroemmelbein was paying his debts with allegedly her assets, then she can be compelled to produce account records where she allowed Debtor to have access (Item 20) and invoices for pre-petition debts (Items 13 to 16). [ECF No. 210-3, at 66]. Moreover, where her employment with the Pottstown School District and former employment with the Bucks County Intermediate Unit are public knowledge and were established by Debtor's testimony in this case, then Kroemmelbein may be compelled to provide employment records with those entities, including contracts. [Id. at 65]. Everything we asked for is a forgone conclusion, unless *the Debtor* committed perjury in this case, which is of course not a ground for Kroemmelbein to object under the Fifth Amendment because it shields her from giving incriminating, testimonial evidence against herself only and this Court has already overruled her spousal-related privileges.

## IV.     Kroemmelbein Could have Obtained Use Immunity if She Really Needed It.

Finally, it bears mention that Kroemmelbein has statutory options for use immunity here and refuses to avail herself of the same. "Immunity for persons required to submit to examination,

to testify, or to provide information in a case under this title may be granted under part V of title 18." 11 U.S.C. § 344. Use and derivative immunity are available if a witness refuses to testify. 18 U.S.C. § 6002. It is requested of this Court by the U.S. Attorney in this judicial district with approval by any designated assistant attorney general or deputy attorney general. Id. § 6003. Petitioning Creditors would not oppose any request by Kroemmelbein under these statutes to the U.S. Attorney in this district, but she refuses to seek such relief.

**WHEREFORE**, based on the foregoing, the Court should deny the Motion and, additionally, grant Petitioning Creditors' cross-motion and compel Shannon Kroemmelbein to comply with all prior orders of the Court applicable to her, hold that Shannon Kroemmelbein is liable for all sanctions accrued to date and which continue to accrue for each day of her continued noncompliance after the Court ruled on her Fifth Amendment objections, and hold that Shannon Kroemmelbein waived the Fifth Amendment privilege as applied to the Rule 2004 subpoena for documents (and the privilege was otherwise inapplicable) and as applied to a Rule 2004 examination in respect of her involvement with Seguro Medico, LLC, all businesses identified in the Rule 2004 subpoena, her involvement with Mid Penn Bank, and her employment in public education; and such other relief as the Court deems necessary, just, or proper.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: September 16, 2025      By:     /s/ Joel A. Ready
Joel A. Ready, Esquire
PA Attorney I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875