**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | INVOLUNTARY CHAPTER 11 |
|  | : |  |
| ALAN CHRISTOPHER REDMOND, | : |  |
|  | : | CASE NO. 24-13093 (PMM) |
| Debtor. | : |  |
|  | : |  |

**NONPARTY SHANNON KROEMMELBEIN'S RESPONSE IN OPPOSITION
TO PETITIONING CREDITORS' CROSS-MOTION TO COMPEL**

Nonparty Shannon Kroemmelbein, by and through her undersigned counsel, hereby files this response in opposition to Petitioning Creditors Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter's ("Petitioning Creditors") cross-motion to compel Ms. Kroemmelbein to comply with their Rule 2004 requests [ECF No. 437].

On August 12, 2025, Ms. Kroemmelbein filed a motion to vacate the sanctions and discovery orders against her [ECF No. 419], specifically this Court's Orders of February 24, 2025[ECF No. 289] and April 22, 2025 [ECF No. 352]. In her motion, Ms. Kroemmelbein argued that due to her assertion of her Fifth Amendment rights against self-incrimination and her former attorney's inadequate representation of her in this matter, this Court has good cause to vacate its discovery and sanction orders to prevent an abuse of process against her.

In their opposition and cross-motion, filed on September 16, 2025, Petitioning Creditors argue that Ms. Kroemmelbein waived her Fifth Amendment privilege, that she cannot assert a "blanket" objection to Rule 2004 examination, and that the Fifth Amendment does not protect her from producing the subpoenaed documents. Ms. Kroemmelbein did not waive the privilege, she did not assert a blanket objection to the Rule 2004 examination, and the Fifth Amendment indeed

protects her from producing all requested documents. Accordingly, subject to the concessions below, Petitioning Creditors' cross-motion should be denied.

## ARGUMENT

### A.    Ms. Kroemmelbein Did Not Waive Her Fifth Amendment Rights

Petitioning Creditors assert two waiver arguments. First, they argue that Ms. Kroemmelbein's former attorney made open court admissions imputed to her which waive the Fifth Amendment privilege to the subject matter of the admissions. They argue she is required to submit to a Rule 2004 examination on the following issues:

1.    Her involvement with Seguro Medico, LLC (Ms. Kroemmelbein's opposition to Petitioning Creditor's motion to compel provides that she "is affiliated with Seguro Medico, LLC, a company in which Debtor has no ownership interest" [ECF No. 241 ¶ 3]).

2.    All businesses identified in the Rule 2004 subpoena (Ms. Kroemmelbein's motion to quash provides that the Rule 2004 subpoena "seeks confidential and sensitive commercial information from Kroemmelbein that affects Kroemmelbein's business" [ECF No. 321¶ 7], and from "companies in which Ms. Kroemmelbein has interests" [*id*. ¶ 7], "Kroemmelbein is the passive owner of several businesses engaged in the business of real estate investment, insurance sales and the like." [*id*. ¶ 14]).

3.    Her involvement with Mid Penn Bank (Ms. Kroemmelbein's motion to quash provides that the subpoena to Mid Penn Bank caused "disruptions to her personal and professional financial interests" [*id*. ¶ 16]).

4.      Her employment in public education (Ms. Kroemmelbein's motion to quash provides that "Kroemmelbein is further employed as a principal in the Pottstown School District where she oversees the educational needs of children with special needs." [*id*. ¶ 14]).

Petitioning Creditors rely on *In re Oxford Mushroom Prods., Inc.*, 46 B.R. 77 (E.D. Pa. 1985), for the argument that "once a witness makes an incriminating admission, he or she cannot stop testifying by claiming the Fifth Amendment privilege and may not refuse to disclose details unless such further disclosure would pose a real danger of further incrimination." *Id*. at 79 (citing *Rogers v. U.S.*, 340 U.S. 367, 370-74 (1951)). The court in *Oxford Mushroom* compelled debtor's former president to submit to a Rule 2004 examination and overruled his Fifth Amendment objection where the witness had previously testified to subjects during a Section 341 Examination. *Id*. In *Rogers*, the Supreme Court held that once a witness makes an incriminating admission, he or she cannot stop testifying by claiming the Fifth Amendment privilege and may not refuse to disclose details unless such further disclosure would pose a real danger of further incrimination. *Rogers*, 340 U.S. at 370-74.

*Oxford Mushroom* and *Rogers* are distinguishable from this matter. First, Ms. Kroemmelbein did not make the alleged admissions; rather, her attorney wrote them in filings he submitted. Second, the alleged admissions are not testimony. Third, Ms. Kroemmelbein has not testified in any proceeding where her "testimonial admissions" are used to further her interest and now she is refusing to testify further – *i.e.*, she is not selectively invoking the privilege in furtherance of giving testimonial evidence in a hearing. Finally, by invoking the privilege now, she is not "stopping her testimony."

Petitioning Creditors attempt to get around those facts by arguing that her prior attorney's

"admissions" are imputed to Ms. Kroemmelbein, relying on *In re Chandler*, 459 B.R. 215, 225 (Bankr. E.D. Pa. 2011) (citing *Link v. Wabash RR Co.*, 370 U.S. 626, 633-34 (1962) ("[E]ach party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney.")). Neither *Chandler* nor *Link* involve the invocation of the Fifth Amendment privilege and Petitioning Creditors cite none. *Chandler* concerned a motion for reconsideration filed by new counsel seeking to present additional evidence that should have been presented at trial. *In re Chandler*, 459 B.R. at 226. *Link* concerned the Court's affirmance of the trial court's dismissal of a complaint for a failure to prosecute and whether this is considered an unjust penalty on the client, which the Court found that it was not. *Link*, 370 U.S. at 634-35. Accordingly, Ms. Kroemmelbein did not waive her Fifth Amendment rights as to any examination topics.

Petitioning Creditors next argue that Ms. Kroemmelbein waived her Fifth Amendment privilege entirely as applied to the subpoena for documents by not timely raising it in her objections to their motion to compel filed in January. They further argue that the law does not allow her to raise privilege objections on a piecemeal basis. Petitioning Creditors rely on *In re DG Acquisition Corp.*, 151 F.3d 75 (2d Cir. 1998), which provides that Federal Rule of Civil Procedure 45 requires the recipient of a subpoena to raise all objections at once, rather than in staggered batches, so that discovery does not become a "game." *Id*. at 81. The court's decision in *DG Acquisition* supports Ms. Kroemmelbein, not Petitioning Creditors, as it has a similar factual and procedural history.

In *DG Acquisition*, four men and a corporation filed for Chapter 11 bankruptcy (collectively, the "Debtors"). *Id*. at 77-78. The Trustee served subpoenas for documents and testimony on the debtors' spouses (collectively, the "Dabah Wives"). *Id*. at 78. The Dabah Wives objected to the subpoenas on the grounds of improper service, lack of authority to issue the

4

subpoenas and spousal privilege. *Id*. They did not assert a Fifth Amendment objection. *Id*. New subpoenas were issued and the Dabah Wives responded with a letter referring to and reasserting their prior objections. *Id*. The Dabah Wives moved to quash the subpoenas and the Trustee cross-moved to compel compliance. *Id*. The Trustee noted that the Dabah Wives had not raised (and argued that they could not raise) a Fifth Amendment privilege claim. *Id*. The bankruptcy court denied the Dabah Wives' motion to quash and granted the Trustee's motion to compel. *Id*.

The Dabah Wives then retained new counsel who told the Trustee's counsel orally and in writing that the Dabah Wives would assert the Fifth Amendment privilege in response to all document requests or deposition questions. *Id*. After the Trustee moved for an order holding the Dabah Wives in contempt, the bankruptcy court ordered the Dabah Wives to attend depositions pertaining to the requested documents. *Id*. At the depositions, each asserted the Firth Amendment privilege in response to almost every questions. *Id*. The bankruptcy judge reviewed the subpoenaed documents in camera and had oral argument on the issues of timeliness and waiver. *Id*.

The bankruptcy court sustained the assertion of the Fifth Amendment privilege. *Id*. The court noted that "waiver of such a fundamental constitutional guarantee is not to be lightly inferred" and that "courts are to indulge every reasonable presumption" against waiver. *Id*. The bankruptcy court rejected the Trustee's argument that Rule 45 requires all objections to be made within 14 days after service of the subpoena, and rejected the argument that failure to raise the Fifth Amendment in the motion to quash barred raising it in defense of a contempt motion under the doctrine of res judicata. *Id*. at 79. The court found that the Dabah Wives had no obligation to assert the Fifth Amendment Privilege until their first opportunity to answer specific questions, when they did assert it. *Id*. The district court affirmed on appeal. *Id*.

On appeal, the Second Circuit noted that "because the Fifth Amendment protects a person

only against being incriminated by his own compelled testimonial communications, it does not obviously apply to production of documents." *Id*. (citations omitted). However, "[a]lthough the contents of a document may not be privileged, the act of producing the document may be." *Id*. (citations omitted). "Document production pursuant to a subpoena tacitly concedes the existence of the papers demanded and their possession or control by the person producing the documents, and thus has communicative aspects of its own." *Id*. (citations omitted). The bankruptcy court considered at length whether this "act-of-production" privilege applied to the documents subpoenaed from the Dabah Wives and determined that it did apply. *Id*. The Second Circuit acknowledged the principle that "[t]he Fifth Amendment privilege is not self-executing; if not invoked it may be deemed to have been waived[,] including by litigation conduct short of a knowing and intelligent waiver." *Id*. at 80 (citations omitted). However, "waiver of such a fundamental right is not lightly to be inferred" and "courts must indulge every reasonable presumption against waiver." *Id*. (citations omitted).

Ms. Kroemmelbein did not waive her Fifth Amendment privilege by her counsel's failure to raise it in the objections he submitted. As noted by the court in *DG Acquisition*, there is "no reason to assume that Congress intended" Rule 45 to be an absolute "time-bar for the assertion of Fifth Amendment rights." *Id*. at 81 (some courts suggest that untimeliness, without more, can never justify a finding of waiver of the Fifth Amendment privilege because that privilege is "qualitatively distinct from other discovery objections.") (quoting *United States v. A & P Arora, Ltd.*, 46 F.3d 1152, 1995 WL 18276, *1 (10th Cir.1995)). The "presumption [against waiver] is especially heavy when the purported waiver has occurred through non assertion." *Id*. "[S]ilence is necessarily ambiguous, and equivocal waivers of Fifth Amendment rights are ineffective." *Id*. Further, there

6

is no unmistakable deadline in Rule 45 for assertion of objections. *Id*. Accordingly, this court has the discretion to decide whether waiver is warranted here, which it is not.

    **B.**    **Ms. Koemmelbein's Counsel Offered to Present Her for Examination, But Petitioning Creditors' Counsel Declined**

Petitioning Creditors argue that the law does not permit Ms. Kroemmelbein to raise a "blanket" objection to all questions that could be put to her in a Rule 2004 examination. "A witness in a civil proceeding may not invoke a blanket fifth amendment privilege prior to the propounding of questions." *National Life Ins. Co. v. Hartford Acc. And Indem. Co.*, 615 F.2d 595, 596 (3d Cir. 1980). The witness must appear and assert the privilege as specific questions are asked. *Id*. at 599.

Although Petitioning Creditor's correctly cite the law, they incorrectly recite the history on this issue. Counsel for Ms. Kroemmelbein offered to present her for an examination where she would assert the Fifth Amendment privilege as specific questions are asked. *See* Exhibit B to Motion [ECF No. 441-2] ("Of course, I remain willing to produce her in your office, but she will exercise her rights under the Fifth Amendment."). Counsel for Petitioning Creditors declined to have the examination.

    **C.**    **The Fifth Amendment Privilege Prevents Production of All Requested Documents**

Petitioning Creditors argue that even if the Fifth Amendment privilege was not waived, it does not shelter Ms. Kroemmelbein from the subpoena for records under the (1) required records exception, (2) collective entity doctrine, and (3) foregone conclusion rule. Ms. Kroemmelbein is not asserting a blanket objection to all documents requested by Petitioning Creditors. Ms. Kroemmelbein has agreed to produce some of the requested documents that are within her possession, custody, or control, and to provide a privilege log for any documents being withheld. *See* W. Weir Ltr. (attached hereto as Exhibit A). As explained below, some of the requested

documents that Ms. Kroemmelbein has agreed to produce fall into these exceptions. The documents that do not fall into any of the exceptions and that Ms. Kroemmelbein has withheld from production are protected by the act-of-production doctrine under the Fifth Amendment.

### 1.    Required Records Exception

Petitioning Creditors argue that the required records exception to the Fifth Amendment privilege applies to following requested documents: birth certificate, social security card, driver's license, passport, personal tax returns, deeds to real property, business tax returns, UCC filings, vehicle title certificates, and documents evidencing title to personal property valued more than $1,000.

"The act of producing documents may trigger the Fifth Amendment privilege." *U.S. v. Chabot*, 793 F.3d 338, 342 (3d Cir. 2015). "This is because, by producing documents, one acknowledges that the documents exist, admits that the documents are in one's custody, and concedes that the documents are those that the subpoena requests." *Id*. "When these testimonial aspects of compelled production are self-incriminating, the Fifth Amendment privilege applies." *Id*. The required records exception to the Fifth Amendment privilege applies when records are required to be kept by law as part of a regulatory scheme, and the act of producing them does not implicate the Fifth Amendment privilege. *Id*. The following three prongs must be met for records to fall within the required records exception: "(1) the reporting or recordkeeping scheme must have an essentially regulatory purpose; (2) a person must customarily keep the records that the scheme requires him to keep; and (3) the records must have 'public aspects.'" *Id*. at 343.

Ms. Kroemmelbein agrees that the following documents fall into the exception and will be produced: birth certificate, social security card, driver's license, passport, personal tax returns, deeds to real property, business tax returns, UCC filings, and vehicle title certificates. Documents

8

evidencing title to personal property valued at more than $1,000, however, are not covered by the exception because there is no reporting or regulatory scheme requiring Ms. Kroemmelbein to keep such documents and such documents have no "public aspects."

### 2.       Collective Entity Doctrine

Petitioning Creditors argue that (1) prior counsel's admission that Ms. Kroemmelbein "is affiliated with Seguro Medico, LLC," and (2) Debtor's testimony regarding Ms. Kroemmelbein's ownership of certain entities, establish that Ms. Kroemmelbein is in possession of business records. They argue that under the collective entity doctrine, "[a]n individual cannot rely on the [Fifth Amendment] privilege to avoid producing records of a collective entity which are in his possession in a representative capacity, even if these records may incriminate him personally." *In re Grand Jury Empanelled on May 9, 2014*, 786 F.3d 255, 258 (3d Cir. 2015). They contend that under this doctrine, the Fifth Amendment gives no shield to the following subpoenaed documents: monthly bank statements, unrecorded deeds to real property, contracts between Ms. Kroemmelbein and various people, tax returns for all businesses she has or had a relationship of any kind, mortgage applications, loan applications, trust agreements, and organizational documents for business entities where she has an interest. Petitioning Creditor's argument is without merit.

Most of the requested documents at issue in this argument are Ms. Kroemmelbein's personal financial documents and records. *See* Opposition at 8-11 (e.g., "all monthly statements for all your accounts at Mid Penn Bank since 2014 to the present"; "all contracts between you and Alan Christopher Redmond"). The collective entity doctrine, however, does not apply to Ms. Kroemmelbein's personal financial documents.

There are two sets of documents requested that arguably are not Ms. Kroemmelbein's personal records: No. 32 – all federal income tax returns filed for all business entities in which Ms.

Kroemmelbein currently or previously had a relationship of any kind; and No. 41 – all organizational documents, bylaws and operating agreements for any business entity (or nonprofit entity) in which Ms. Kroemmelbein has an ownership interest, membership interest, managerial authority, or control, or which she filed with a government agency on behalf of another person. Petitioning Creditors do not argue that Ms. Kroemmelbein is the custodian of records for such companies or that these documents are in her possession in a representative capacity for the companies. Therefore, Petitioning Creditors fail to establish that the collective entity doctrine applies to these documents.

### 3.    Foregone Conclusion Rule

Petitioning Creditors argue that the foregone conclusion rule applies and requires the production of requested documents that have been confirmed to exist and that Ms. Kroemmelbein can access. They argue that Debtor testified that relevant documents relating to banking and the location of millions of dollars are in Ms. Kroemmelbein's possession. This argument is also without merit.

The Supreme Court in *Fischer v. U.S.*, 425 U.S. 391 (1976), articulated the "foregone conclusion" rule, which acts as an exception to the act-of-production doctrine.[1] *Id*. at 411. Under

---

[1] While the compelled production of already-existing incriminating information is not protected by the Fifth Amendment, if the *act of producing* that evidence has some testimonial, incriminating significance, it may be protected. *Fischer*, 425 U.S. at 410.

As the Court explained in *Fisher*:

> The act of producing evidence in response to a subpoena nevertheless has communicative aspects of its own, wholly aside from the contents of the papers produced. Compliance with the subpoena tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer. It also would indicate the taxpayer's belief that the papers are those described in the subpoena.

*Id*.

this rule, the Fifth Amendment does not protect an act-of-production when any potentially testimonial component of the act of production—such as the existence, custody, and authenticity of evidence—is a "foregone conclusion" that "adds little or nothing to the sum total of the Government's information." *Id*. For the rule to apply, the Government must be able to "describe with reasonable particularity" the documents or evidence it seeks to compel. *U.S. v. Hubbell*, 530 U.S. 27, 30 (2000). In short, the requesting party must demonstrate that the testimonial aspects of the act of producing documents in response to the subpoena is a foregone conclusion – *i.e.*, that the documents and their authenticity are provable from other sources. *Id*. at 44-45; *see In re Generic Pharma. Pricing Antitrust Lit.*, 2019 WL 13444929 at *6 (E.D. Pa. Dec. 23, 2019) ("Here as well, plaintiffs have not demonstrated that they have prior knowledge of the existence, the former executive's possession, or the authenticity of the documents that would be produced in response to the subpoenas.").

The Third Circuit has applied the act-of-production doctrine and the foregone conclusion exception on a few occasions. For example, in *U.S. v. Apple Mac Pro Computer*, 851 F.3d 238 (3d Cir. 2017), the court relied on *Fisher and Hubbell* to conclude that the government could compel an individual to decrypt his digital devices seized by the government pursuant to a search warrant. *Id*. at 247-48 & n.7. Applying plain error review to a magistrate judge's rejection of the individual's Fifth Amendment claim, the court held that the magistrate judge had not erred in applying the foregone conclusion exception because "the Government has provided evidence to show both that files exist on the encrypted portions of the devices and that Doe can access them." *Id.* at 248. The court described a number of facts relied on by the government for its search warrant and held that the magistrate judge's finding that "any testimonial component of the production of

11

decrypted devices added little or nothing to the information already obtained by the Government" was amply supported by that evidence. *Id*.

Petitioning Creditor's reliance on the forgone conclusion rule fails. First, Debtor may have said that Ms. Kroemmelbein has the requested documents, but she did not. Second, Petitioning Creditors have not met their burden of establishing that the testimonial aspects of the act of producing documents in response to the subpoena is a foregone conclusion – *i.e.*, that the documents and their authenticity are provable from other sources.

WHEREFORE, except for the documents she agreed to produce as provided in counsel's letter attached as Exhibit A, Ms. Kroemmelbein respectfully requests that the Court deny Petitioning Creditor's cross-motion, grant her motion and vacate the sanctions and discovery orders against her.

Respectfully submitted:

WEIR LLP

By: _____
Walter Weir, Jr., Esquire
The Widener Building, Suite 500
1339 Chestnut Street
Philadelphia, PA 19107
(215) 665-8181 Phone
(215) 665-8464 Fax
wweir@weirlawllp.com

*Attorneys for Shannon Kroemmelbein*

Dated:  October 3, 2025

12

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | INVOLUNTARY CHAPTER 11 |
|  | : |  |
| ALAN CHRISTOPHER REDMOND, | : |  |
|  | : | CASE NO. 24-13093 (PMM) |
| Debtor. | : |  |
|  | : |  |

## <u>ORDER</u>

AND NOW, on this _____ day of _____, 2025, upon

consideration of Petitioning Creditors Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan

Shalter's Cross-Motion to Compel [ECF No. 437], and the Response in Opposition submitted by

Nonparty Shannon Kroemmelbein, IT IS HEREBY ORDERED that the Cross-Motion to Compel

is DENIED.

BY THE COURT:

_____
Hon. Patricia M. Mayer
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | : | INVOLUNTARY CHAPTER 11 |
|  | : |  |
| ALAN CHRISTOPHER REDMOND, | : |  |
|  | : | CASE NO. 24-13093 (PMM) |
| Debtor. | : |  |
|  | : |  |

## CERTIFICATE OF SERVICE

I, Walter Weir, Jr., certify that on October 3, 2025, I did cause a true and correct copy of the documents described below to be served on the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and to all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- Nonparty Shannon Kroemmelbein's Response in Opposition to Petitioning Creditors Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter's Cross-Motion to Compel

I certify under penalty of perjury that the above document(s) was sent using the mode of service indicated.

Dated:  October 3, 2025

WEIR LLP

By: _____
     Walter Weir, Jr., Esquire
     The Widener Building, Suite 500
     1339 Chestnut Street
     Philadelphia, PA 19107
     (215) 665-8181 Phone
     (215) 665-8464 Fax
     wweir@weirlawllp.com

*Attorneys for Shannon Kroemmelbein*

In re:  Alan Christopher Redmond
Involuntary Chapter 11
Bankruptcy No. 24-13093 (PMM)

**Mailing List Exhibit:**

| NAME AND ADDRESS | RELATIONSHIP OF PARTY | MODE OF SERVICE |
|---|---|---|
| **Lynn E. Feldman**<br>**Trustee**<br>2310 Walbert Avenue, Suite 103<br>Allentown, PA 18104 | **Office of the**<br>**United States Trustee** | Via CM/ECF |
| **Alan C. Redmond**<br>2005 Regency Drive<br>Wyomissing, PA  19610 | **Debtor** | Via Electronic Mail |
| **Melissa N. Licker, Esq.**<br>Hinshaw & Culbertson, LLP<br>800 Third Avenue, 13th Floor<br>New York, New York l0022 | **World Business Lenders, LLC; WBL SPO I, LLC; and WBL SPO 11,LLC** | Via CM/ECF |
| **Producer Advance LLC**<br>c/o Angelina E Lim, Esquire<br>Johnson Pope Bokor Ruppel & Bums, LLP<br>400 North Ashley Drive, Ste 3100<br>Tampa, Fl 33602 | **Producer Advance LLC** | Via CM/ECF |
| **US-SBA**<br>c/o Anthony St. Joseph, Esquire<br>US Attorney Office<br>615 Chestnut Street, Ste 1250<br>Philadelphia, PA  19106 | **US-SBA** | Via CM/ECF |
| **Commonwealth of PA**<br>**Dept of Revenue**<br>Office of Attorney General<br>c/o Brenda S. Bishop, Esquire<br>15th Floor Strawberry Square<br>4th & Walnut Streets<br>Harrisburg, PA  17120 | **Commonwealth of PA**<br>**Dept of Revenue** | Via CM/ECF |
| **Petitioning Creditors**<br>Ethan Shalter & Jason Scott Jordan<br>Cornerstone Law Firm<br>c/o Joel A. Ready, Esquire<br>8500 Allentown Pike, Ste 3<br>Blandon, PA  19510 | **Petitioning Creditors** | Via CM/ECF |

| **Verizon by American InfoSource**<br>4515 N. Santa Fe Ave<br>Oklahoma City, OK 73118 | **Creditors** | Via U.S. First Class Mail |
|---|---|---|
| **U.S. Department of Labor 1835**<br>Market Street Mailstop SOL/22<br>Philadelphia, PA 19103-2968 | **Creditors** | Via U.S. First Class Mail |
| **Berks County Tax Dept.**<br>**c**/o Nicole E. Blanding, Director<br>633 Court Street<br>Reading, PA 19601 | **Berks County Tax Dept** | Via U.S. First Class Mail |
| **John W. Kettering, Esquire**<br>**Pietragallo Gordon Alfano Bosick**<br>**& Raspanti, LLP**<br>7 West State Street, Suite 100<br>Sharon, PA 16146 | | Via U.S. First Class Mail |
| **C. Malcolm Smith, PC**<br>Susanna M. Fultz, Esquire Matthew<br>G. Brushwood, Esquire Barley<br>Snyder, LLP<br>2755 Century Boulevard<br>Wyomissing, PA 19610 | **C. Malcolm Smith, PC** | Via U.S. First Class Mail |
| **Bene Market**<br>c/o Norman Valz Norman M. Valz<br>& Associates<br>441 Irvington Road<br>Drexel Hill, PA 19026 | **Bene Market** | Via CM/ECF |
| **William Rush, Esquire**<br>**Rush Law Group**<br>38 N. 6th Street<br>PO Box 0758<br>Reading, PA 19601 | **C. Malcolm Smith Co PC** | Via CM/ECF |
| **Santander Consumer USA**<br>c/o William E. Craig, Esquire<br>Eisenberg Gold & Agrawal, P.C.<br>1040 Kings Hwy N #200<br>Cherry Hill, NJ 08034 | **Santander Consumer USA** | Via U.S. First Class Mail |

| | | |
|---|---|---|
| **AWIS**<br>**c**/o Justin J. Boron, Esquire Freeman Mathis & Gary, LLP<br>1600 Market Street, Suite 1210<br>Philadelphia, PA 19103 | **AWIS** | Via U.S. First Class Mail |
| **The Corporation Trust Company**<br>c/o Daniel M. Pereira, Esquire Stradley, Ronon, Stevens & Young, LLP<br>2005 Market Street, Suite 2600<br>Philadelphia, PA 19103 | **The Corporation Trust Company** | Via U.S. First Class Mail |
| **Internal Revenue Service**<br>600 Arch Street<br>Philadelphia, PA 19106 | | Via U.S. First Class Mail |
| **Pennsylvania Dept of Revenue Bankruptcy Division**<br>PO Box 280946<br>Harrisburg, PA l 7128-0946 | | Via U.S. First Class Mail |
| **Pennsylvania UC Tax Services**<br>Labor & Industry Building<br>651 Boas Street, Suite 1113<br>Harrisburg, PA 17121 | | Via U.S. First Class Mail |
| **Pennsylvania Dept. of Revenue**<br>Strawberry Square, 11th Floor<br>Harrisburg, Pennsylvania | | Via U.S. First Class Mail |
| **PA Dept of Labor and Industry -**<br>UCTS c/o Carla Arias<br>Joseph Kots Bankruptcy & Compliance Unit<br>625 Cherry Street; Room 203<br>Reading, PA 19602-1152 | | Via U.S. First Class Mail |
| **Office of Attorney General**<br>c/o Carol E. Momjian, Esquire<br>Office of Attorney General 21 S. 12th Street, 3rd Floor<br>Philadelphia, PA 19l07-3603 | | Via U.S. First Class Mail |

| | | |
|---|---|---|
| **Office of Tax & Revenue Office of the Chief Financial Officer**<br>1101 4th Street, SW - Suite W270<br>Washington, DC 20024 | | Via U.S. First Class Mail |
| **SEC**<br>One Penn Center 1617 JFK Blvd.,<br>Suite 520<br>Philadelphia, PA 19103 | | Via U.S. First Class Mail |
| **The Honorable Patricia M. Mayer**<br>United States Bankruptcy Court<br>Eastern District of Pennsylvania<br>The Gateway Building<br>201 Penn Street, 4th Floor<br>Reading, PA 19601<br>Attention: Sara Roman, Courtroom Deputy | **Courtesy Copy** | Via Electronic Mail<br>PMM_CRD@paeb.uscourts.gov<br>Keith_Borzillo@paeb.uscourts.gov |