UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

In re:                                              :  Chapter 7

   ALAN CHRISTOPHER REDMOND,                         :

                                                                  :  Case No. 24-13093 (PMM)

         Debtor.                                  :

                                                                    :  Hon. Patricia M. Mayer

                                                                    :

                                                                     :

## EMERGENCY MOTION FOR STAY PENDING APPEAL AND FOR TEMPORARY

## ADMINISTRATIVE STAY PURSUANT TO FED. R. BANKR. P. 8007

Movant: Alan Christopher Redmond (pro se)

**Relief Requested**

1. A stay of the effectiveness of the Court's September 23, 2025 Conversion Order (Doc. 448) pending resolution of Movant's appeal to the United States District Court for the Eastern District of Pennsylvania.

2. A temporary administrative stay effective immediately while this Motion is decided.

**Rule 8007 Compliance**

3. Movant seeks relief in the bankruptcy court in the first instance pursuant to Fed. R. Bankr. P. 8007(a).

**Legal Standard**

4. A stay pending appeal turns on four factors: (1) likelihood of success on the merits;

(2) irreparable harm absent a stay; (3) injury to other interested parties; and (4) the public interest. Movant satisfies each element.

**Grounds for Relief**

Likelihood of Success

5. Lack of statutory "cause" (§1112(b)). The Conversion Order grants the UST's motion "upon the record as a whole" without identifying any specific §1112(b) ground or the evidentiary basis for it. Conclusory disposition is reversible error where §1112(b) requires particularized findings supporting "cause."

6. Failure to apply §1112(b)(2) ("unusual circumstances"). The Court did not weigh whether unusual circumstances made conversion contrary to creditors' best interests. This case presents atypical, documented constraints—including parallel criminal proceedings with Fifth Amendment implications and court-mandated custody obligations on the hearing date— that limited the Debtor's ability to participate while a viable reorganization path and asset value preservation remained in play.

7. Insufficient findings under Fed. R. Bankr. P. 7052. The Order contains no factual findings enabling meaningful appellate review on "cause," alternatives to conversion, feasibility of Chapter 11 remedies, or creditor best interests. The absence of findings alone warrants reversal or remand.

**Due Process**

8. Debtor was not afforded a fair opportunity to oppose conversion. Multiple filings were lodged in the run-up to the hearing while Debtor proceeded pro se with competing court-ordered obligations and criminal-case constraints. Denying a short continuance and converting on a skeletal record deprived Debtor of a meaningful chance to be heard.

**Improper Reliance on Collateral Discovery Fights**

9. To the extent conversion rested on discovery friction or sanctions disputes, that is not "cause" under §1112(b). Discovery controversies—especially where Fifth Amendment concerns exist—cannot substitute for the required statutory showing of loss, mismanagement, or inability to effectuate a plan.

**Irreparable Harm**

10. Without a stay, the Chapter 7 trustee may take irreversible steps (e.g., liquidation of real and personal property, turnover and control of accounts, contract rejection) that would moot the appeal and permanently destroy going-concern value. No later appeal can unscramble a sale.

**Minimal Injury to Others**

11. A short stay preserves the status quo. Creditors face at most a brief delay while oversight by the U.S. Trustee continues. The requested stay is calibrated to prevent irreversible harm, not to frustrate administration.

**Public Interest**

12. The public interest favors adherence to statutory standards, adequate findings, and due process—particularly where conversion is case-dispositive and risks mooting appellate review.

**Request for Temporary Administrative Stay**

13. Given the immediacy of the risks above, Movant requests a temporary administrative stay pending disposition of this Motion.

WHEREFORE, Movant respectfully requests that the Court enter an Order: (i) staying the September 23, 2025 Conversion Order pending appeal; (ii) granting a temporary administrative

stay effective immediately; and (iii) granting such other and further relief as is just.

**Dated: October 7, 2025**

Respectfully submitted,

/s/ Alan Christopher Redmond

Alan Christopher Redmond (pro se)

2 High Road

Wyomissing, PA 19610

814-440-9068

AlanRedmond23@gmail.com