UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                              .  Involuntary Chapter 11
                                    .
ALAN CHRISTOPHER REDMOND,           .Case No. 24-13093-PMM
                                    .
                    Debtor.         .  September 23, 2025
                                    .  Time:  11:02 a.m.
. . . . . . . . . . . . . . . . . .

TRANSCRIPT OF HEARING
BEFORE THE HONORABLE PATRICIA M. MAYER
UNITED STATES BANKRUPTCY JUDGE

<u>APPEARANCES</u>:

Counsel to Petitioning    Cornerstone Law Firm
Creditors:                     BY:    JOEL READY, ESQ.
                               8500 Allentown Pike, Ste 3
                               Blandon, PA  19510

Counsel to SBA:                Small Business Administration
                               BY:    ANTHONY ST. JOSEPH, ESQ.

For the UST:                   BY:    JOHN SHANNE, ESQ.

Audio Operator:                UNKNOWN ECRO

Transcription Company:    Reliable
                               The Nemours Building
                               1007 N. Orange Street, Suite 110
                               Wilmington, Delaware 19801
                               Telephone: (302)654-8080
                               Email:  gmatthews@reliable-co.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

INDEX

HEARING REGARDING:

Item N0. 40:  Motion to vacate;

Item No. 41:  Status hearing;

Item No. 42:  Motion of UST to dismiss debtor's case or convert to chapter 7;

Item No. 43:  Objection to debtor's claim of exemption;

Item No. 44:  Motion to approve disclosure statement.

(Recorded proceedings commence at 11:02 a.m.)

THE CLERK:  All rise.

The United States Bankruptcy Court in and for the Eastern District of Pennsylvania is now in session.  The Honorable Patricia Mayer presiding.

THE COURT:  Good morning.

ALL:  Good morning, Your Honor.

THE COURT:  Okay.

THE CLERK:  I'll call Matter Nos. 40, 41, 42, 43, 44, and 46, Alan Christopher Redmond, motion to vacate the order on motion to compel; motion to vacate sanctions and discovery; status hearing; motion of the U.S. Trustee to dismiss debtor's case or convert to chapter 7; objection to debtor's claim of exemptions, motion to approve disclosure statement; and cross-motion to compel, Shannon Kroemmelbein's -- I think we're going to continue that one, Judge.

THE COURT:  That one is continued.  Right.

THE CLERK:  Okay.

THE COURT:  Okay.  Good morning, everyone.

ALL:  Good morning, Your Honor.

THE COURT:  Mr. Shanne, you're here.  Mr. Ready, you're here and Mr. St. Joseph.

All right.  So let's talk about the motion to dismiss or convert since I think that that guides everything else that we're going to do today.

So, Mr. Shanne, the floor is yours.

MR. SHANNE:  May it please the Court, John Shanne on behalf of the UST.  Good morning, Your Honor.

THE COURT:  Good morning.

MR. SHANNE:  Thank you for allowing me to appear remotely, just in general, but especially with a hearing in Phillie this afternoon.

THE COURT:  Sure.  So tell me what your position is with respect to your motion to dismiss or convert this case.

MR. SHANNE:  Sure.  We would like to present it.

THE COURT:  Sure.  It's all yours.

MR. SHANNE:  Okay.  On July 8th, 2025, the UST filed the motion to dismiss or convert for a failure to maintain insurance on estate property; failure to file monthly operating reports; failure to pay quarterly fees; and failure to move on a viable path to confirmation.

As of the date hereof, which is now more than two months, about six weeks since we filed that motion, all of those deficiencies remain.  The debtor has not provided proof of insurance on the rental property; the debtor has not filed monthly reports for March, April, May, June, July, August, six months, half the year with no reported.

And this issue is recurring.  I checked the docket for my colleague's prior work, this is not the first time the

UST has filed a motion to dismiss or convert for a failure to file monthly reports in this case.

The debtor has not paid all of the quarterly fees. Of course, we don't know how much is owed because the reports have not been filed.  But those payments are deficient from what we do know.

The debtor has not made progress towards confirmation.  The petition date was more than a year ago. Cause therefore is established under a variety of prongs of Section 1112(b).  And because cause is established, the Code does not permit this case to stay in chapter 11 any longer. Once cause is established under Section 1112(b), the Court shall dismiss or convert, whichever is in the best interest of creditors.

Your Honor, the UST will take no position on which way the Court should go from there.  Just, it's cause is established, the case cannot stay in chapter 11, it shall under 1112(b).

There are creditors in the courtroom today, and I'm sure they would be happy to weigh in on which way the Court should go from there.

Unless Your Honor has any questions, I think we can keep it brief.

THE COURT:  Okay.

Mr. Ready.

MR. READY:  Good morning, Your Honor, Joel Ready on behalf of Jason Scott Jordan, Cornerstone Law Firm, LLC. We agree with the analysis of the UST under Section 1112(b) and we would ask that the Court convert it to a 7.

Our reasoning as laid out in our brief is that we don't believe that the debtor should be rewarded for his failure to do these things in an involuntary.

So I'm happy to go into more detail, but we think a chapter 7 is clearly the right next move, and we would ask the Court to convert.

THE COURT:  Okay.

Mr. St. Joseph, do you have a position?

MR. ST. JOSEPH:  Good morning, Your Honor, Anthony St. Joseph on behalf of the Small Business Administration. And generally the Small Business Administration is comfortable with either path, but chapter 7 does make sense because it would provide some monitoring of the debtor's assets.

THE COURT:  Okay.  Understood.

Okay.  Well, given where we are in this case, and I've given certainly adequate time for the debtor to try and get new counsel and move this case forward.  It hasn't happened.  And given the deficiencies that Mr. Shanne has outlined, I certainly believe that he has shown cause.  And given that this is an involuntary, I'm not sure that

dismissal does anything but perhaps reward the debtor.  So for that reason, I will enter an order converting it to a chapter 7.

What that will do is it will terminate the disclosure statement event that we have scheduled.  The objection to exemptions is still going to viable in the 7, so that will be dealt with once a chapter 7 trustee is appointed.

And then with respect to the adversary proceeding, presumably that will move forward, it will just be in a different chapter at that point of time.  I don't know what's going on with it at the moment, but I presume it's been on hold at least for some time.

MR. ST. JOSEPH:  Yes, Your Honor, and to give you the update, it froze, you know, in late spring and nothing has happened.  Since then there haven't been formal discovery requests because we're working informally with counsel.

THE COURT:  Right.

MR. ST. JOSEPH:  Mr. Redmond is not clear on whether or not he's obtaining new counsel for this, so that is the update.  I think I'm going to have to have formally serve something on him just to try to make sure that's out there.

THE COURT:  Okay.  And with regard to the other motion that we continued, do we have a new date for that?

THE CLERK:  I was just going to ask you, Judge, let me check if they have any other motions on.

THE COURT:  Because it's also your motion to compel.

MR. ST. JOSEPH:  That's correct, Your Honor.

THE COURT:  Okay.

THE CLERK:  October 21, there's a proposed motion for sanctions.  Should we move it that day or --

THE COURT:  That's fine. That will give time for a 7 trustee to get appointed in the interim.  So October 21st?

THE CLERK:  Yes.

THE COURT:  Okay.  All right.  So we'll move the motion to compel and the motion to vacate to that day as well.

All right.  I will enter my order.  Thank you all.

Thank you, Mr. Shanne.

MR. SHANNE:  Thank you, Your Honor.

MR. ST. JOSEPH:  Your Honor, I have one question as to the adversary.

THE COURT:  Yes.

MR. ST. JOSEPH:  So we don't have a schedule because everything was on --

THE COURT:  You don't.  Correct.

MR. ST. JOSEPH:  -- hold.  Would you --

THE COURT:  I can certainly, you know, enter a new

order with pretrial dates at this point, because I quite frankly don't think that counsel is going to enter an appearance in that.  So I don't think it needs to sit around, I think it does need to move forward.   So I can enter an amended pretrial with new dates.

MR. ST. JOSEPH:  I think that would be helpful, Your Honor.

THE COURT:  All right.  I will do that as well.

THE CLERK:  Are we also moving the objection to debtor's claim of exemptions, Judge?

THE COURT:  That, yes, you can move that to that same date.

THE CLERK:  October 21 as well.  I'll put motion to approve disclosure statement?

THE COURT:  That one is going to be terminated.

THE CLERK:  Terminated.

THE COURT:  Because of the conversion.

THE CLERK:  Okay, thank you.

That concludes the list, Judge.

THE COURT:  All right.  I think that's it.

ALL:  Thank you, Your Honor.

(Proceedings adjourned 11:09 a.m.)

*****

CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter to the best of my knowledge and ability.

/s/ Theresa Pullan                    October 17, 2025

Theresa Pullan, CET-782

Certified Court Transcriptionist

For Reliable