**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 7** |
| **Alan Christopher Redmond,** | : | |
| **Debtor.** | : | **Case No. 24-13093 (PMM)** |

## ORDER TO SHOW CAUSE WHY ATTORNEY WILLIAM RUSH SHOULD NOT BE SANCTIONED AND OR DISCIPLINED

**AND NOW**, a hearing having been held on October 21, 2025 with regard to both

Shannon Kroemmelbein's Motion to Vacate Sanctions (doc. #419, the "Kroemmelbein Motion")

and Stephanie Miller's Motion to Vacate Sanctions (doc. #421, the "Miller Motion," together

with the Kroemmelbein Motion, the "Motions");

AND the Motions, which were both granted following the hearing, sought to vacate this

Court's imposition of discovery sanctions against Ms. Kroemmelbein and Ms. Miller (together,

the "Movants"), see doc. #'s 289, 352, 480, 481;

AND the Movants were both purportedly previously represented by William R.A. Rush,

Esquire ("Mr. Rush"), see doc. #'s 348, 351;[1]

AND Mr. Rush having filed pleadings in this case on behalf of the Movants. See e.g. doc.

#'s 241, 246, 321;

BUT the testimony at the October 21, 2025 hearing indicating that Mr. Rush either did

not have authority to represent the Movants or that he failed competently to represent the

interests of his clients;

AND the facts stated in the Motions supporting the same conclusion, see Kroemmelbein

Motion at 7 ("Attorney Rush clearly gave erroneous and inappropriate advice to Ms.

---

[1] The Motions were not filed by Mr. Rush; Ms. Kroemmelbein and Ms. Miller now have different, separate counsel.

Kroemmelbein and likely committed malpractice in not asserting her Fifth Amendment rights in December 2024 in response to Petitioning Creditors' request for examination and document production."); Miller Motion at 2 ("Mrs. Miller never engaged Attorney Rush, nor had she signed a fee agreement to have him represent her.");

AND Federal Rule of Bankruptcy Procedure 9011specifies that a representation to the Court shall not be "presented for any improper purpose" and further that "the allegations and other factual contentions have evidentiary support."   Fed. R. Bankr. P. 9011 (b)(1) and (b)(3);

AND it appearing that the Mr. Rush may have made one or more submissions to this Court knowing that the information contained therein was not true and accurate;

AND it further appearing that Mr. Rush may have committed misconduct with regard to the representation of his clients or purported clients in violation of the Pennsylvania Rules of Professional Conduct, see Pa. R. Prof. Conduct Rule 1.61, 1.2, 1.7, 4.1, 4.2, and 8.4;

AND, therefore, it is hereby **ordered** that Mr. Rush **SHALL APPEAR** for a hearing on **Thursday, November 20, 2025 at 2:00 p.m.** in the United States Bankruptcy Court, Gateway Building, Fourth Floor Courtroom, 201 Penn St., Reading, Pennsylvania and **show cause why he should not be sanctioned and or face disciplinary action**.

Dated: 10/22/25

_____
Hon. Patricia M. Mayer
U.S. Bankruptcy Judge