IN THE UNITED STATES BANKRUPTCY COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

**IN RE: ALAN CHRISTOPHER REDMOND**  :

                       :     Bankruptcy no. 24-13093

                       :

                       :     Involuntary Chapter 11

                       :

                       :

**PETITIONER C. MALCOLM SMITH III and C. MALCOLM SMITH & COMPANY,
P.C.'S  MOTION TO LIFT SANCTIONS AND REQUESTING
RELIEF FROM BACK SANCTIONS**

Third parties, C. Malcolm Smith, III and C. Malcolm Smith & Company by his counsel, Barley

Snyder, LP hereby files the following motion to lift sanctions in the above captioned case, and

*Respectfully Represents*,

## COUNT I: REQUEST THE COURT ORDER THE AGREED TO TERMINATION DATE AS THE END OF SANCTIONS AGAINST MILLER

1.    In  late January 2025,  Mr. Smith informed his attorneys at  Barley Snyder that he wanted

to terminate Barley Snyder's representation of Mr. Smith and C. Malcolm Smith & Company, P.C. in

relation to this bankruptcy docket and that he hired Attorney William R.A. Rush to represent him and

his accounting firm going forward.

2.    On or about March 17, 2025, Attorney Matthew G. Brushwood of Barley Snyder

formally withdrew his appearance for Mr. Smith and C. Malcolm Smith & Company, P.C. relying on

Mr. Smith's assertion that Attorney Rush had taken over representation in this matter.

3.  By Order filed on February 24, 2025, at ECF No. 289, the Court overruled all objections

and compelled a Rule 2004 production and examination as applied to *inter alia* Debtor, Shannon

Kroemmelbein, Seguro Medico, LLC, Arthur W. Walsh, Jr., Stephanie Farris Miller, **C. Malcom

Smith & Company, P.C., Malcom Smith, III (petitioner herein)**, Norman Valz, Esquire, and

Katherine Downing, Esquire.

4.  In late February 2025, Mr. Smith was served with a copy of a subpoena requesting

13588911.1

documents and to sit for a Rule 2004 Examination.

5.   On or about February 28, 2025, Mr. Smith emailed Attorney Rush a copy of the subpoena and asked Attorney Rush what he was required to do. A copy of the email chain is attached as Exhibit A.

6.   On March 4, 2025 Attorney Rush replied: "Nothing for you to concern yourself with." (*See* Exhibit A.)

7.   In reliance on Attorney Rush's guidance, Mr. Smith took no action on the subpoena.

8.   Mr. Smith did not know that he failed to comply with the Court- ordered Bankruptcy Rule 2004 examination, nor did he know the Court entered a further Order on April 22, 2025 (ECF 352), ordering, among other things, sanctions in the amount of $500.00 per each day of non-compliance (not including weekends) per each of the Relevant Parties.  He did not know, because Attorney Rush never informed him.

9. On or about May 2, 2025, Mr. Smith received a subpoena to sit for a Rule 2004 Examination from Attorney Joel A. Ready scheduled on May 7, 2025.

10. Mr. Smith contacted Attorney Rush that same day to inform Attorney Rush that he would be in Florida on May 7, 2025 and asked what he should do.

11. On May 2, 2025, Attorney Rush told Mr. Smith "I'll get it moved." A copy of the email chain is attached as Exhibit B.

12. When Mr. Smith questioned why he was receiving a subpoena when he believed that the subpoena was quashed Attorney Rush told Mr. Smith the subpoena was initially quashed but that the Judge "changed her mind and re-ordered them."  Attorney Rush then claimed that the Judge had removed him from the case. *See* Exhibit B.

13. Regardless, Attorney Rush promised Mr. Smith that he would delay Mr. Smith's examination and production of documents to Attorney Ready.

14. Realizing that Attorney Rush had failed to instruct him to produce documents as required, Mr. Smith terminated Attorney Rush on May 5, 2025 and reengaged Barley Snyder to represent him.

13588911.1

15. On May 5, 2025, Attorney Kevin A. Moore from Barley Snyder emailed Attorney Ready to inform Attorney Ready that Mr. Smith was unable to attend the Rule 2004 Examination on May 7, 2025.  Attorney Ready informed Attorney Moore that Mr. Smith was under daily sanctions and Attorney Moore promised to work with Mr. Smith to comply as soon as possible.

16. Mr. Smith complied with the Court's Order and on or about June 12, 2025, the documents requested were delivered to Attorney Ready.

17. On or about June 19, 2025, Mr. Smith sat for his Rule 2004 examination at the office of Attorney Ready and was represented by Attorney Fultz.

18. Attorney Ready agreed on the record that Mr. Smith substantially complied with this Court's order as of June 19, 2025 and that any such sanctions should end at least as of that date. (A copy of the relevant portion of the Rule 2004 Examination Transcript is attached as Exhibit C, Tr. 203:3-7).

**WHEREFORE,** Petitioners, C. Malcolm Smith III and C. Malcolm Smith & Company, P.C, respectfully request this Honorable Court order that the sanctions imposed upon them by Order dated April 22, 2025, at the latest, terminate as of June 19, 2025 because they are now in compliance.

### COUNT II: PETITIONERS REQUEST THE COURT ORDER THE SANCTIONS AGAINST C. MALCOLM SMITH III AND C. MALCOLM SMITH & COMPANY, P.C. ACCRUING FROM APRIL 22, 2025 TO JUNE 19, 2025 BE REMITTED AND SET AT $0.00 AGAINST C. MALCOLM SMITH AND C. MALCOLM SMITH & COMPANY, P.C.  AND ORDERED AGAINST A RESPONSIBLE ACTOR

19. Petitioners incorporate all the averments in Count I as though were set forth fully herein.

20. Bankruptcy Rule 9016 applies Federal Rule of Civil Procedure 45 for discovery sanctions in Bankruptcy cases.

21. F.R.C.P. 37(3)(a) – Failure to Make Disclosures or to Cooperate in Discovery; Sanctions states: If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosures and request sanctions.

22. If a deponent fails to answer under Rules 30 or 31, or a party fails to respond to interrogatories (Rule 33) or inspection requests (Rule 34), a motion may be filed to compel responses.

13588911.1

F.R.C.P. 37(3)(B).

23. The Court where the action is pending may, on motion, order sanctions if a party or a party's officer, director, or managing agent - - fails, after being served with proper notice, to appear for that person's deposition; or if a party, after being properly served with interrogatories or a request for inspection, fails to serve its answers, objections, or written response.  F.R.C.P. 37(d).  Due process, under the Fifth and Fourteenth Amendments to the U.S. Constitution, guarantees that no person shall be deprived of life, liberty, or property without due process of law. In a lawsuit, an individual must be given notice and an opportunity to be heard before a Court should enter a judgment against that person.

24. Attorney Rush assured Mr. Smith on multiple occasions to not "worry" about responding to the subpoena and promised that he would reschedule Mr. Smith's Rule 2004 Examination. (*See* Exhibits A and B.)

25. Attorney Rush did not put Mr. Smith on notice of the Motion to Compel and Motion for Sanctions.  Mr. Smith did not know such motions existed until advised by current counsel.

26. As soon as Mr. Smith became aware of the Court's order, he worked diligently to compile the requested documents within his possession and to schedule a deposition before Attorney Ready.

27. Mr. Smith testified under oath that Attorney Rush did not provide Mr. Smith with any information regarding his need to comply with the subpoena or the Court's orders.  (A copy of the relevant portions of the Rule 2004 Examination Transcript is attached as Exhibit C, Tr. 12:14-13:13, 14:2-20).

28. Mr. Smith believes and therefore avers, that although sanctions were warranted, generally, in this case against persons who knowingly failed to comply with the Court's order, circumstances deprived Mr. Smith of his right under the Constitution to due process  of law as he was unaware of the Court's Orders and therefore unable to comply to his detriment.

13588911.1

29.     Petitioners request that this matter be set for a hearing in conjunction with the hearing already set by this Court's order for March 10, 2026 on Petitioner Kroemmelbein's Motion to Remit Sanctions against Attorney Rush.

**WHEREFORE**, **,** Petitioners, C. Malcolm Smith III and C. Malcolm Smith & Company, P.C, respectfully request this Honorable Court this Honorable Court remit the sanctions imposed upon him by Order dated April 22, 2025.

Respectfully submitted,

BARLEY SNYDER, LLP


By:     */s/ Kevin A. Moore*
Kevin A. Moore, Esquire
Attorney I.D. No. 75068
2755 Century Blvd
Wyomissing, PA 19610
610-370-8110
kmoore@barley.com
*Attorneys for C. Malcolm Smith III & C. Malcolm Smith Company, P.C.*

13588911.1