UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

In re:

**ALAN CHRISTOPHER REDMOND,**

Debtor.

**Case No. 4:24-bk-13093-PMM**

Chapter 7

Hon. Patricia M. Mayer

**DEBTOR'S EMERGENCY MOTION FOR CONTINUANCE**

**OF HEARING ON OBJECTION TO EXEMPTIONS (Doc. 126)**

Alan Christopher Redmond, the Debtor appearing pro se, respectfully moves this Court for a continuance of the hearing on the Objection to Debtor's Claim of Exemptions (Doc. 126), currently scheduled for March 10, 2026 at 11:00 a.m., and in support thereof states as follows:

This motion is filed on an emergency basis because the hearing on Doc. 126 is scheduled for today, March 10, 2026, at 11:00 a.m. The Debtor has been unable to obtain a response from his court-approved special counsel, Attorney William R.A. Rush, despite a written demand sent March 8, 2026. The circumstances giving rise to this motion—including the scheduling of the continued §341 meeting for March 16, 2026 (Doc. 517, entered February 25, 2026) and the service of the Rule 9011 safe harbor notice on March 10, 2026—are of recent origin and could not have been raised earlier.

**BACKGROUND**

1. On December 6, 2024, creditor Jason Scott Jordan, through counsel Joel A. Ready, Esquire, filed an Objection to Debtor's Claim of Exemptions (Doc. 126).

2. On December 20, 2024, the Debtor, through then-counsel Ciardi, Ciardi & Astin, filed a Response (Doc. 151) and Amended Schedules (Doc. 152).

3. This matter has been continued multiple times since January 2025. On August 19, 2025, the Court indicated that no further continuances would be granted (Doc. 425).

4. Since that time, the following material changes have occurred in this case, none of which existed at the time of the Court's August 2025 directive.

## MATERIAL CHANGED CIRCUMSTANCES SINCE THE COURT'S AUGUST 2025 DIRECTIVE (Doc. 425)

### A. The §341 Meeting of Creditors Has Not Been Completed, Is Scheduled for March 16, 2026, and the Debtor's Prior Attendance Is Subject to a Pending Rule 9011 Challenge

5. The §341 meeting of creditors in this case has never been completed. The meeting was not held on January 28, 2026 (Doc. 507) and was subsequently continued.

6. On February 25, 2026, this Court entered an Order (Doc. 517) scheduling the continued §341 meeting for March 16, 2026 at 2:00 p.m. via Zoom — six days after the currently scheduled exemptions hearing.

7. The §341 meeting is the proceeding at which a debtor's claimed exemptions are examined under oath. 11 U.S.C. § 341; Fed. R. Bankr. P. 2003. It is procedurally anomalous to adjudicate objections to exemptions before the §341 examination of those exemptions has occurred.

8. On March 10, 2026, the Debtor served a safe harbor notice under Federal Rule of Bankruptcy Procedure 9011(c)(1)(A) upon the Chapter 7 Trustee and the United States Trustee, challenging the accuracy of the Trustee's representations in Docket Nos. 494, 507, and 508 regarding the Debtor's alleged non-appearance at prior §341 meetings. The Debtor possesses evidence, including Zoom login records, contradicting these representations. The 21-day cure period under Rule 9011(c)(1)(A) does not expire until March 31, 2026.

9. The Debtor respectfully submits that the exemptions hearing should not proceed until the §341 process is resolved and the accuracy of the Trustee's docket representations has been addressed.

### B. The District Court Appeal Has Been Dismissed and Remanded

10. On January 27, 2026, the Honorable Joseph F. Leeson, Jr. entered an Order dismissing the Debtor's appeal in Civil Action No. 25-cv-5957 and remanding the matter to this Court (Doc. 518, entered on the docket February 26, 2026).

11. The remand was entered on this docket twelve days ago. The Debtor has not had adequate time to assess the impact of the remand on the exemptions dispute or the broader case posture.

### C. Attorney Rush Has Failed to Substantively Communicate

12. Attorney William R.A. Rush serves as the Debtor's criminal defense counsel in a pending 27-count federal case (No. 24-376, E.D. Pa.). Attorney Rush was also approved as special counsel in this bankruptcy case.

13. On March 8, 2026, the Debtor sent Attorney Rush a written demand requesting a telephone call to discuss: (a) Rush's position at the March 10 show cause hearing; (b) how Rush's statements at the show cause hearing could affect the Debtor's criminal case, given that such statements are potentially discoverable by the government; and (c) the conflict of interest arising from Rush defending himself against sanctions while simultaneously representing the Debtor in the criminal matter. See Pa. R.P.C. 1.7(a)(2).

14. As of the date of this filing, Attorney Rush has not responded to the Debtor's March 8 demand. The Debtor cannot adequately prepare to defend his exemptions when his court-approved special counsel is non-communicative and facing discipline by this Court.

### D. The Rush Show Cause Should Resolve Before the Exemptions Hearing

15. This Court issued an Order to Show Cause against Attorney Rush (Doc. 485), which is calendared as Item #21 on the same date as the exemptions hearing (Item #22).

16. This Court previously vacated sanctions against Shannon Kroemmelbein (Doc. 480) and remitted sanctions against Stephanie Miller to $0 (Doc. 481), finding in both instances that Attorney Rush — not the sanctioned parties — was responsible for non-compliance with Court orders.

17. On February 17, 2026, the Debtor's accountant, C. Malcolm Smith III, filed a Motion to Lift Sanctions (Doc. 512) through Barley Snyder LLP, attaching exhibits documenting that Attorney Rush concealed court orders from Mr. Smith and told him there was 'nothing for you to concern yourself with' while discovery obligations were pending.

18. Three separate parties — Ms. Kroemmelbein, Ms. Miller, and Mr. Smith — have now submitted evidence to this Court that Attorney Rush was responsible for their non-compliance. The outcome of the show cause hearing will materially affect the Debtor's ability to retain or replace counsel and to prepare the exemptions defense.

**E. The Debtor Is Pro Se in a Complex Multi-Party Case**

19. General counsel Ciardi, Ciardi & Astin withdrew on July 15, 2025 (Doc. 409). The Debtor has been pro se since that date.

20. Since the withdrawal, the case has been converted from Chapter 11 to Chapter 7 (Doc. 448), the Debtor's appeal has been dismissed (Doc. 518), creditor Jordan has commenced an adversary proceeding alleging non-dischargeability under §§ 523(a)(4) and (a)(6) (Doc. 506), and the §341 meeting has not been completed. The Debtor's prior response to the exemptions objection (Doc. 151) was filed by counsel and relied on a Chapter 11 reorganization plan that is no longer operative.

21. The Debtor requires a brief continuance to attend the §341 meeting scheduled for March 16, allow the Rule 9011 safe harbor period to expire on March 31, assess the current case posture, and prepare an updated defense of his claimed exemptions under the Chapter 7 framework.

22. Denying this continuance would prejudice the Debtor because: (a) the Debtor's prior Response (Doc. 151) was filed by counsel under a Chapter 11 reorganization framework that is no longer operative following conversion to Chapter 7 (Doc. 448); (b) the Debtor has not yet had the opportunity to be examined at a completed §341 meeting regarding the exemptions at issue; and (c) the Debtor's court-approved special counsel is non-communicative and the subject of a pending Order to Show Cause. Proceeding under these circumstances would deny the Debtor a meaningful opportunity to defend his claimed exemptions.

23. Creditor Jordan will suffer no prejudice from a brief continuance. The Objection to Exemptions (Doc. 126) has been pending since December 6, 2024, and the underlying claims are not time-sensitive. A thirty-day continuance will allow the §341 meeting to occur (March 16), the Rule 9011 safe harbor period to expire (March 30), and the Debtor to prepare an updated response under the Chapter 7 framework.

**RELIEF REQUESTED**

WHEREFORE, the Debtor respectfully requests that this Court continue the hearing on the Objection to Debtor's Claim of Exemptions (Doc. 126) for a period of not less than thirty (30) days, or until after the §341 meeting of creditors scheduled for March 16, 2026 has been

completed and the Rule 9011(c)(1)(A) safe harbor period has expired on March 31, 2026, whichever is later, and for such other and further relief as this Court deems just and proper.

I, Alan Christopher Redmond, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief. 28 U.S.C. § 1746.

Respectfully submitted,

Alan Christopher Redmond

Debtor, Pro Se

2 High Road

Wyomissing, PA 19610

Tel: (814) 440-9068

alanredmond23@gmail.com

Dated: March 10, 2026

## CERTIFICATE OF SERVICE

I, Alan Christopher Redmond, hereby certify that on March 10, 2026, I caused a true and correct copy of the foregoing Debtor's Emergency Motion for Continuance to be served upon the following parties via electronic mail and first-class United States mail, postage prepaid:

Joel A. Ready, Esquire

Cornerstone Law Firm LLC

joel@cornerstonelaw.us

(Counsel for creditor Jason Scott Jordan)

William R.A. Rush, Esquire

Rush Law Group, LLC

38 North Sixth Street, P.O. Box 758

Reading, PA 19603-0758

wrush@rushlawberks.com

(Respondent / Debtor's criminal defense counsel)


Matthew Kopecki, Esquire

Bentley, Gibson, Kopecki, Smith, P.C.

1118 Penn Avenue

Wyomissing, PA 19610

matt@bentley-law.com

(Counsel for William R.A. Rush, Esquire)


Lynn E. Feldman, Esquire

Chapter 7 Trustee

2310 Walbert Avenue, Suite 103

Allentown, PA 18104

lynn@feldmanlawofficespc.com

(Chapter 7 Trustee)


Office of the United States Trustee

833 Chestnut Street, Suite 500

Philadelphia, PA 19107

(United States Trustee)

_____

Alan Christopher Redmond

Debtor, Pro Se


**PROPOSED ORDER**

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

In re: Alan Christopher Redmond, Debtor.

Case No. 4:24-bk-13093-PMM, Chapter 7

**ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR CONTINUANCE**

AND NOW, this _____ day of _____, 2026, upon consideration of the Debtor's Emergency Motion for Continuance of Hearing on Objection to Exemptions (Doc. 126), and for good cause shown, it is hereby ORDERED as follows:

1. The Motion is GRANTED.

2. The hearing on the Objection to Debtor's Claim of Exemptions (Doc. 126), previously scheduled for March 10, 2026, is hereby CONTINUED to _____, 2026 at _____ a.m./p.m., or at such other date and time as the Court may direct.

3. The Clerk shall serve a copy of this Order on all parties in interest.

_____

Honorable Patricia M. Mayer

United States Bankruptcy Judge