**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | **Case No. 4:24-bk-13093-PMM** |
| | ) | |
| **ALAN CHRISTOPHER REDMOND,** | ) | Chapter 7 (converted from Chapter 11) |
| | ) | |
| Debtor. | ) | Hon. Patricia M. Mayer |

**Errata to Document 514**

Alan Christopher Redmond, Debtor pro se, respectfully files this errata to Document 514 (filed February 24, 2026) and states as follows:

1. On February 24, 2026, Debtor filed Document 514 in the above-captioned case. As docketed, Document 514 was rendered in corrupted formatting, making portions of the filing illegible or unintelligible on the Court's docket.

2. The attached document is a true and correct copy of Document 514 in clean, readable formatting. No substantive changes have been made to the content. This filing corrects only the formatting corruption that occurred during the original docketing process.

3. Debtor respectfully requests that this corrected version be accepted as a substitute for the corrupted version of Document 514 currently appearing on the docket.

Respectfully submitted,

Dated: March 9, 2026

/s/ Alan Christopher Redmond
Alan Christopher Redmond, Pro Se Debtor
2 High Road
Wyomissing, PA 19610
(814) 440-9068
alanredmond23@gmail.com

Page 1 of 2

## Certificate of Service

I, Alan Christopher Redmond, certify that on March 9, 2026, I served a true and correct copy of this Errata to Document 514, together with the attached corrected document, upon the following parties by email:

1. Lynn E. Feldman — Chapter 7 Trustee
   trustee.feldman@rcn.com; lfeldman@ecf.axosfs.com
2. Andrew R. Vara, UST Regions 3 & 9
   (by Malcolm M. Bates) — United States Trustee
   USTPRegion03.PH.ECF@usdoj.gov;
   mbates@duanemorris.com
3. Kevin P. Callahan — Assistant U.S. Trustee
   kevin.p.callahan@usdoj.gov
4. Joel A. Ready, Esq. — Cornerstone Law Firm LLC
   joel@cornerstonelaw.us
5. Benjamin J. Lewis, Esq. — Cornerstone Law Firm LLC
   [NEED EMAIL]
6. Daniel S. Siedman, Esq. — Ciardi Ciardi & Astin
   dsiedman@ciardilaw.com
7. Nicole Marie Nigrelli, Esq. — Ciardi Ciardi & Astin
   nnigrelli@ciardilaw.com
8. Norman M. Valz, Esq. — Counsel for Bene Market
   nvalz@msn.com
9. William R.A. Rush, Esq. — Counsel for multiple parties
   wrush@rushlawberks.com
10. Fred W. Hoensch, Esq. — Hinshaw & Culbertson LLP
    fhoensch@hinshawlaw.com

/s/ Alan Christopher Redmond
Dated: March 9, 2026

Page 2 of 2

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
**ALAN CHRISTOPHER REDMOND,**
Debtor.

Chapter 7
**Case No. 24-13093 (PMM)**
Hon. Patricia M. Mayer

## DEBTOR'S RESPONSE TO ORDER TO SHOW CAUSE [Doc. 509]

## I. INTRODUCTION

**COMES NOW** Alan Christopher Redmond (the "Debtor"), appearing pro se, and respectfully responds to the Order to Appear and Show Cause [Doc. 509] as follows. The Order to Show Cause is premised upon a Notice of Deficiency filed by the United States Trustee on January 29, 2026 [Doc. 508] alleging that the Debtor failed to appear at meetings on "10/19/25, 12/17/25, and 1/28/26." That premise is factually false and is directly contradicted by this Court's own docket, by Google's own timestamped server records, and by the Notice of Deficiency itself, which contains a meeting date that does not exist on this Court's docket. Dismissal is not warranted.

## II. THE NOTICE OF DEFICIENCY CONTAINS A FACTUALLY INCORRECT DATE

1.  The United States Trustee's Notice of Deficiency [Doc. 508], filed January 29, 2026 by paralegal Maria Borgesi on behalf of Andrew R. Vara, United States Trustee for Regions 3 and 9, states that the Debtor failed to appear at meetings on "10/19/25, 12/17/25, and 1/28/26."

2.  **There was no Section 341(a) Meeting of Creditors scheduled on October 19, 2025.** The Chapter 7 Meeting was scheduled for **October 29, 2025,** as confirmed by Doc. 450, BNC Certificate Doc. 452, and Trustee Feldman's own Doc. 494. The US

Trustee's Notice of Deficiency misstates the meeting date by ten days. This facial error in the predicate filing undermines the entire basis for the Show Cause order. **(Exhibit G.)**

### III. THE DEBTOR ATTENDED THE OCTOBER 29, 2025 MEETING

3.    The first Chapter 7 Section 341(a) Meeting was scheduled for October 29, 2025 at 9:20 AM via Zoom (Meeting ID: 338 913 1039, Passcode: 3443449121), as reflected in Doc. 450 and BNC Certificate Doc. 452.

4.    **The Debtor attended.** Google Account activity records — recorded by Google's own servers — show two visits to *us02web.zoom.us/postattendee* on October 29, 2025 at 9:29 AM and 10:39 AM. The Zoom "postattendee" page is Zoom's post-meeting exit page, which loads only after a participant has attended and exited a live Zoom session. The 9:29 AM timestamp is nine minutes after the 9:20 AM scheduled start. **(Exhibits E-1, E-2, E-3.)**

5.    Doc. 494, filed the same day, is captioned "Meeting of Creditors Continued (multi)." The Trustee did not report any failure to appear. **(Exhibit H.)**

### IV. THE DEBTOR ATTENDED THE DECEMBER 17, 2025 MEETING

6.    The continued Section 341(a) Meeting was held December 17, 2025 via Trustee Feldman's personal Zoom room (same Meeting ID: 338 913 1039).

7.    **The Debtor attended.** A Zoom portal calendar entry shows the Debtor accessed "Lynn Feldman, Chapter 7 Trustee's Personal Meeting Room" on December 17, 2025, session 08:54 to 15:05, hosted by "Lynn Feldman, Chapter 7 Trustee." **(Exhibit D.)**

8.    An associate of Joel A. Ready, Esq. of Cornerstone Law Firm LLC — counsel for Petitioning Creditors Jason Scott Jordan and Ethan Shalter — was present on the

December 17, 2025 Zoom call for its entirety. The presence of opposing counsel's representative on the call independently corroborates the Debtor's attendance and participation at the meeting.

9.   Shannon Kroemmelbein, who resides with the Debtor, personally witnessed the Debtor enter his home office at 2 High Road, Wyomissing, PA 19610 and close the door for the December 17, 2025 Zoom meeting. After the meeting concluded, the Debtor exited and told Ms. Kroemmelbein: *"The trustee is continuing."* Ms. Kroemmelbein then witnessed the Debtor call attorney William Rush and overheard him relay that the meeting had been continued. **(Exhibit F — Declaration of Shannon Kroemmelbein.)**

10.   On December 18, 2025, the Trustee herself filed Doc. 505, stating: *"Meeting held and not concluded for further examination of debtor."* A meeting cannot be "held" if the debtor was absent. A debtor cannot require "further examination" if the debtor never appeared. **(Exhibit G.)**

## V. THE DEBTOR NEVER RECEIVED NOTICE OF THE JANUARY 28, 2026 MEETING

11.   Doc. 505 continued the meeting to January 28, 2026 at 2:00 PM. The Debtor never received notice of this date.

12.   **The docket confirms that Doc. 505 was served only via CM/ECF electronic notice.** The Debtor is not registered on the CM/ECF system. No BNC Certificate of Mailing was generated for Doc. 505. No first-class mail notice was sent to the Debtor.

13.   By contrast, the BNC Certificate for Doc. 452 confirms the Debtor was noticed by first-class mail for the October 29, 2025 meeting. The BNC Certificate for Doc. 495 likewise confirms notice by first-class mail. And Doc. 510 confirms a BNC Certificate

was generated for the Show Cause order [Doc. 509]. The January 28 continuance notice [Doc. 505] is the only Section 341(a) scheduling document in this case that lacks a corresponding BNC mailing. **(Exhibit G.)**

14.  The Debtor attended both meetings for which he received notice. He missed only the meeting for which he received no notice. The Debtor has never received a single piece of correspondence from Trustee Feldman throughout the entirety of this case.

## VI. THE TRUSTEE'S OWN FILINGS CONTRADICT EACH OTHER

15.  **Doc. 505 (December 18, 2025):** *"Meeting held and not concluded for further examination of debtor."*

16.  **Doc. 507 (January 28, 2026):** *"Debtor failed to appear twice and request for dismissal."*

17.  These two filings, by the same Trustee 41 days apart, are irreconcilable. If the Debtor "failed to appear twice," then the December 17 meeting was not "held." If the meeting was "held" and further examination was needed, the Debtor appeared. The contemporaneous record (Doc. 505, filed the day after the meeting) is more reliable than the after-the-fact characterization (Doc. 507, filed five weeks later). **(Exhibit G.)**

## VII. THE TRUSTEE'S OWN PROPOSED ORDER DOES NOT SEEK DISMISSAL

18.  Chapter 7 Trustee Lynn E. Feldman's proposed order filed as an attachment to Doc. 508 does not seek dismissal. The Trustee requests a rescheduled Section 341(a) meeting with extensions of deadlines under Rules 4004(a), 4007(b), 4007(c), and 1017(e). The appropriate remedy mirrors exactly what the Trustee herself proposed. Dismissal would be disproportionate and is unsupported by the evidentiary record.

## VIII. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court:

**A.    Discharge the Order to Show Cause** and decline to dismiss this case;

**B.    Schedule one properly-noticed Section 341(a) meeting** with direct notice to the Debtor by first-class mail at 2 High Road, Wyomissing, PA 19610, consistent with the Trustee's own proposed order;

**C.    Direct Trustee Feldman to produce the Zoom host attendance logs** for the October 29, 2025 and December 17, 2025 sessions of Meeting ID 338 913 1039;

**D.    Extend all deadlines** under Rules 4004(a), 4007(b), 4007(c), and 1017(e) to sixty (60) days following conclusion of the rescheduled meeting; and

**E.    Grant such other and further relief** as this Court deems just and proper.

Respectfully submitted,

_____

Alan Christopher Redmond, Pro Se

2 High Road, Wyomissing, PA 19610

alanredmond23@gmail.com

(814) 440-9068

Dated:  3/9/25

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:
**ALAN CHRISTOPHER REDMOND,**
   Debtor.

Chapter 7
**Case No. 24-13093 (PMM)**
Hon. Patricia M. Mayer

## INDEX OF EXHIBITS

| Exhibit | Description | Ref. |
|---|---|---|
| D | Zoom Portal Calendar Entry — Feldman Personal Meeting Room, Dec. 17, 2025, session 08:54–15:05 | ¶¶ 7–8 |
| E-1 | Google Activity Log (Overview) — Two visits to us02web.zoom.us/postattendee, Oct. 29, 2025 | ¶¶ 4–5 |
| E-2 | Google Activity Log (Detail) — postattendee, Oct. 29, 2025, 9:29 AM | ¶¶ 4–5 |
| E-3 | Google Activity Log (Detail) — postattendee, Oct. 29, 2025, 10:39 AM | ¶¶ 4–5 |
| F | Declaration of Shannon Kroemmelbein — Eyewitness to Dec. 17, 2025 attendance | ¶ 8 |
| G | Court Docket Entries — Docs. 505, 507, 508, 509, 510 showing Doc. 505 contradiction with Doc. 507 and absence of BNC mailing for Doc. 505 | ¶¶ 2, 9, 12, 14–16 |
| H | PACER Monitor Docket — Docs. 494–505 showing Oct. 29 "Continued (multi)" and Dec. 17–18 entries with timestamps | ¶¶ 5, 9 |

# EXHIBIT D

## ZOOM PORTAL CALENDAR ENTRY

*"Lynn Feldman, Chapter 7 Trustee's Personal Meeting Room"*
*December 17, 2025 — Session 08:54 to 15:05*
*Hosted by Lynn Feldman, Chapter 7 Trustee*

*Case No. 24-13093 (PMM)*
*In re: Alan Christopher Redmond, Debtor*



*Exhibit D: Zoom portal calendar entry confirming Debtor accessed Trustee Feldman's personal Zoom meeting room on December 17, 2025.*

# EXHIBIT E-1

## GOOGLE ACTIVITY LOG — OVERVIEW

*Two visits to us02web.zoom.us/postattendee on October 29, 2025*
*at 9:29 AM and 10:39 AM*
*The Zoom postattendee page loads only after attending and exiting a Zoom meeting*

*Case No. 24-13093 (PMM)*

*In re: Alan Christopher Redmond, Debtor*



*Exhibit E-1: Google Activity log showing two visits to Zoom postattendee page on October 29, 2025, the date of the first Chapter 7 Section 341(a) meeting.*

# EXHIBIT E-2

## GOOGLE ACTIVITY LOG — DETAIL (9:29 AM)

*us02web.zoom.us/postattendee visited October 29, 2025 at 9:29 AM*
*Nine minutes after the 9:20 AM scheduled meeting start*

*Case No. 24-13093 (PMM)*

*In re: Alan Christopher Redmond, Debtor*



*Exhibit E-2: Google Activity detail — Zoom postattendee page accessed at 9:29 AM on October 29, 2025.*

# EXHIBIT E-3

## GOOGLE ACTIVITY LOG — DETAIL (10:39 AM)

*us02web.zoom.us/postattendee visited October 29, 2025 at 10:39 AM*
*Consistent with Debtor rejoining or concluding the session*

*Case No. 24-13093 (PMM)*

*In re: Alan Christopher Redmond, Debtor*



*Exhibit E-3: Google Activity detail — Zoom postattendee page accessed at 10:39 AM on October 29, 2025.*

# EXHIBIT F

## DECLARATION OF SHANNON KROEMMELBEIN

*Eyewitness testimony: Witnessed Debtor enter home office for December 17, 2025
Zoom meeting with Trustee — Heard Debtor state "the trustee is continuing"
— Witnessed Debtor call attorney William Rush to relay continuance*

*Case No. 24-13093 (PMM)*

*In re: Alan Christopher Redmond, Debtor*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:   | Chapter 7
ALAN CHRISTOPHER REDMOND,   | Case No. 24-13093 (PMM)
Debtor.   | Hon. Patricia M. Mayer

## DECLARATION OF SHANNON KROEMMELBEIN

### EXHIBIT F

I, Shannon Kroemmelbein, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.   I am over the age of eighteen (18) and competent to testify to the matters set forth herein. I make this declaration based on my personal knowledge.

2.   I reside at 2 High Road, Wyomissing, PA 19610, with the Debtor, Alan Christopher Redmond.

3.   On December 17, 2025, I personally witnessed Alan Christopher Redmond enter his home office at 2 High Road, Wyomissing, PA 19610 and close the door to attend a scheduled Zoom meeting with the Chapter 7 Trustee, Lynn E. Feldman, in connection with the above-captioned bankruptcy case.

4.   After the meeting concluded, Mr. Redmond exited the home office and told me, in substance: *"The trustee is continuing."*

5.   I then witnessed Mr. Redmond place a telephone call to his attorney, William Rush. I was present in the room and overheard Mr. Redmond tell Mr. Rush that the Section 341(a) meeting had been continued by the Trustee.

6.  I have no financial or personal interest in the outcome of this bankruptcy case, other than my relationship with Mr. Redmond.

7.  The foregoing statements are true and correct to the best of my knowledge, information, and belief.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 24, 2026.

Location: Wyomissing, Berks County, Pennsylvania

_____
Shannon Kroemmelbein

# EXHIBIT G

## COURT DOCKET ENTRIES — Docs. 505, 507, 508, 509, 510

*Doc. 505 (12/18/2025): "meeting held and not concluded for further examination of debtor"*
*Doc. 507 (01/28/2026): "Debtor failed to appear twice and request for dismissal"*
*Doc. 510 (02/04/2026): BNC Certificate for Doc. 509 — but NO BNC for Doc. 505*

*Case No. 24-13093 (PMM)*

*In re: Alan Christopher Redmond, Debtor*

| 511 | 02/17/2026 | Notice of Appearance and Request for Notice of Kevin A. Moore by SUSANNA M. FULTZ Filed by SUSANNA M. FULTZ on behalf of C. Malcom Smith Co. P.C. |
| 510 | 02/04/2026 | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc [509])). No. of Notices: 1. Notice Date 02/04/2026. |
| 509 | 01/30/2026 | Order to Appear and Show Cause. Hearing scheduled 2/24/2026 at 11:00 AM at PENN4 - 4TH fl Courtroom. Failure to appear for the hearing may result in dismissal of this case without further notice or hearing. |
| 507 | 01/28/2026 | Meeting of Creditors Not Held. Debtor failed to appear twice and request for dismissal. |
| 505 | 12/18/2025 | Trustees Notice of Continued Meeting of Creditors. Reason for continuance: meeting held and not concluded for further examination of debtor. 341(a) meeting to be held on 1/28/2026 at 02:00 PM at Zoom.us - Feldman: Meeting ID 338 913 1039, Passcode 3443449121, Phone 1 (267) 635-2246. |
| 504 | 12/17/2025 | Hearing Continued on 126 Objection to Debtor's Claim of Exemptions Filed by Cornerstone Law Firm, LLC, Jason Scott Jordan, Ethan Shalter. Hearing continued from 01/06/2026 to 03/10/2026 at 11:00 AM at PENN4 - 4TH fl Courtroom. |
| 503 | 12/08/2025 | Hearing Continued on 485 Order to Appear and Show Cause why the attorney William Rush should not be sanctioned and or disciplined. Hearing continued from 12/9/2025 to 03/10/2026 at 11:00 AM at PENN4 - 4TH fl Courtroom. |
| 502 | 12/08/2025 | Document |
| 501 | 12/08/2025 | Notice of Appearance and Request for Notice by MATTHEW KOPECKI Filed by MATTHEW KOPECKI on behalf of William R.A. Rush. |
| 499 | 11/20/2025 | District Court Receipt of Transmission of Record on Appeal for Cv-25-cv-5957 related document(s)(498). |
| 498 | 11/19/2025 | Transmittal of Record on Appeal to District Court (related documents [457] Notice of Appeal) |

*Exhibit G: Court docket entries showing (1) Doc. 505 states "meeting held and not concluded for further examination of debtor," directly contradicting Doc. 507's claim that "Debtor failed to appear twice"; (2) Doc. 510 confirms BNC mailing for the Show Cause order but no BNC Certificate exists for Doc. 505, the January 28 continuance notice.*

# EXHIBIT H

## PACER MONITOR DOCKET — Docs. 494 through 505

*Doc. 494 (10/29/2025): "Meeting of Creditors Continued (multi)" — NOT "Not Held"*
*Doc. 505 (12/18/2025): "Meeting of Creditors Continued (multi)" — with timestamps*
*Showing sequence of events with court-system timestamps*

*Case No. 24-13093 (PMM)*

*In re: Alan Christopher Redmond, Debtor*



**Tuesday, February 17, 2026**

512 ▸ 🔲 🔲 🔲 🔲
   Att: 1 📄 ↻ 🔲 Exhibit Exhibit A
   Att: 2 📄 ↻ 🔲 Exhibit Exhibit B
   Att: 3 📄 ↻ 🔲 Exhibit Exhibit C
   Att: 4 📄 ↻ 🔲 Service List Certificate of Service

511 📄 ↻ 🔲 🔲 🔲 🔲 🔲
   Notice of Appearance and Request for Notice of Kevin A. Moore by SUSANNA M. FULTZ Filed by SUSANNA M. FULTZ on behalf of C. Malcom Smith Co. P.C.. (FULTZ, SUSANNA)

**Wednesday, February 04, 2026**

**Friday, January 30, 2026**

509 📄 ↻ 🔲 🔲 🔲 🔲
   Order to Appear and Show Cause. Hearing scheduled 2/24/2026 at 11:00 AM at PENN4 - 4TH fl Courtroom. Failure to appear for the hearing may result in dismissal of this case without further notice or hearing.(TD)

**Thursday, January 29, 2026**

508 ▸ 🔲 🔲 🔲 🔲
   Att: 1 📄 ↻ 🔲 Proposed Order

**Wednesday, January 28, 2026**

507 🔲 🔲 🔲 🔲 🔲

**Monday, December 29, 2025**

506 📄 ↻ 🔲 🔲 🔲 🔲
   Adversary case 25-00254 Complaint by JOEL A. READY on behalf of Jason Scott Jordan against Alan Christopher Redmond. Fee Amount $350 Objecting to Discharge . (41 (Objection / revocation of discharge - 727(c),(d),(e))),(67 (Dischargeability - 523(a)(4), fraud as fiduciary, embezzlement, larceny)),(68 (Dischargeability - 523(a)(6), willful and malicious injury)) (READY, JOEL)

**Thursday, December 18, 2025**

505 🔲 🔲 🔲 🔲 🔲

**Wednesday, December 17, 2025**

--- 🔲 🔲 🔲 🔲 🔲

---

*Exhibit H: PACER Monitor docket view showing Doc. 494 captioned "Meeting of Creditors Continued (multi)"
on October 29, 2025 (NOT "Not Held"), Doc. 505 captioned "Meeting of Creditors Continued (multi)" on
December 18, 2025, and Doc. 507 captioned "Meeting of Creditors Not Held" on January 28, 2026, with
court-system timestamps.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br>**ALAN CHRISTOPHER REDMOND,**<br>Debtor. | Chapter 7<br>**Case No. 24-13093 (PMM)**<br>Hon. Patricia M. Mayer |

### CERTIFICATE OF SERVICE

I hereby certify that on February 24, 2026, a true and correct copy of the foregoing:

(1)  Debtor's Response to Order to Show Cause [Doc. 509]

(2)  Declaration of Shannon Kroemmelbein (Exhibit F)

(3)  Proposed Order Discharging Order to Show Cause

(4)  Exhibits D, E-1, E-2, E-3, G, and H

was served **via electronic mail** to the following parties at the email addresses indicated below:

| Party | Email Address |
|---|---|
| Lynn E. Feldman, Chapter 7 Trustee | trustee.feldman@rcn.com |
| Office of the United States Trustee | USTPRegion03.PH.ECF@usdoj.gov |
| John Henry Schanne, Esq., U.S. Trustee | John.Schanne@usdoj.gov |
| Kevin P. Callahan, Esq., U.S. Trustee | kevin.p.callahan@usdoj.gov |
| Malcolm M. Bates, Esq., U.S. Trustee | mbates@duanemorris.com |
| Joel A. Ready, Esq.<br>Cornerstone Law Firm LLC | joel@cornerstonelaw.us |
| Daniel S. Siedman, Esq.<br>Ciardi Ciardi & Astin | dsiedman@ciardilaw.com |
| Nicole Marie Nigrelli, Esq.<br>Ciardi Ciardi & Astin | nnigrelli@ciardilaw.com |
| Norman M. Valz, Esq. | nvalz@msn.com |
| William R.A. Rush, Esq. | wrush@rushlawberks.com |
| Fred W. Hoensch, Esq.<br>Hinshaw & Culbertson | fhoensch@hinshawlaw.com |
| Joseph L. Quinn, Esq. | CourtNotices@rqplaw.com |

| Walter Weir, Jr., Esq. | wweir@weirlawllp.com |
|---|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

_____

Alan Christopher Redmond, Pro Se

2 High Road, Wyomissing, PA 19610

alanredmond23@gmail.com

(814) 440-9068

Dated: February 24, 2026

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:                                           | Chapter 7
**ALAN CHRISTOPHER REDMOND,**                    | **Case No. 24-13093 (PMM)**
Debtor.                                          | Hon. Patricia M. Mayer

### PROPOSED ORDER DISCHARGING ORDER TO SHOW CAUSE
### AND GRANTING RELATED RELIEF

AND NOW, this _____ day of _____, 2026, upon consideration of the Response of Alan Christopher Redmond, Debtor, to Order to Show Cause [Doc. 509], the Declaration of Shannon Kroemmelbein, the exhibits attached thereto, and the record as a whole, it is hereby **ORDERED** that:

1. The Order to Show Cause entered January 30, 2026 [Doc. 509] is hereby **DISCHARGED**.

2. This case shall **NOT** be dismissed.

3. Trustee Lynn E. Feldman is directed to produce the complete Zoom attendance log for the October 29, 2025 and December 17, 2025 Section 341(a) Meetings of Creditors (Meeting ID 338 913 1039) within seven (7) days of the date of this Order.

4. A rescheduled Section 341(a) Meeting of Creditors shall be conducted within thirty (30) days of the date of this Order, with notice to the Debtor by first-class mail at 2 High Road, Wyomissing, PA 19610.

5. All deadlines under Rules 4004(a), 4007(b), 4007(c), and 1017(e) are extended to sixty (60) days following conclusion of the rescheduled Section 341(a) Meeting.

6.  The Court retains jurisdiction over all matters arising from or related to the interpretation or implementation of this Order.

_____
The Honorable Patricia M. Mayer
United States Bankruptcy Judge

Date: _____