UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                          : Case No. 4:24-bk-13093-PMM
                                                :
ALAN CHRISTOPHER REDMOND,          : Chapter 7
                                                :
Debtor, Pro Se.                              : Hon. Patricia M. Mayer

## DEBTOR'S MOTION TO STRIKE OBJECTION TO EXEMPTIONS (Doc. 126) AND MEMORANDUM IN SUPPORT

The Debtor, Alan Christopher Redmond, pro se, respectfully moves this Court pursuant to Local Bankruptcy Rule 9013-1 to strike the Objection to Debtor's Claim of Exemptions filed at Doc. 126 on December 6, 2024, by Cornerstone Law Firm, LLC, Jason Scott Jordan, and Ethan Shalter (through counsel Joel A. Ready), and in support thereof states the following:1

## I. THE OBJECTING PARTIES LACK STANDING

### A. Attorney Ready Has Been Sanctioned and Restricted by This Court

1. On February 11, 2025, this Court entered an Order at Doc. 268 sanctioning Attorney Joel A. Ready under Rule 2019 and imposing a permanent prohibition against further violations. This Court found that Ready and Cornerstone Law Firm held an undisclosed $10,000 conflict of interest as both petitioning creditor and counsel to co-petitioning creditors. Ready's continued prosecution of this objection must be evaluated in light of this Court's own findings regarding his conduct.

### B. Jason Scott Jordan's Claims Have Been Adjudicated

2. On July 31, 2025, this Court entered summary judgment in favor of the Debtor and against Jason Scott Jordan in Adversary Proceeding No. 24-00145 (Doc. 42 of that proceeding). This Court found Jordan's evidence "insufficient" and characterized his litigation conduct as "cavalier."

1

3. Jordan's claims against the Debtor have been fully adjudicated on the merits. Under the doctrine of issue preclusion, Jordan is barred from relitigating factual and legal determinations resolved by this Court's July 31, 2025 opinion. Jordan's participation as an objecting party in Doc. 126 should be stricken.

4. Jordan filed a subsequent discharge objection in Adversary Proceeding No. 25-00254 on December 29, 2025—five months after losing on summary judgment. The Debtor has filed an answer in that proceeding and intends to move for dismissal on res judicata and issue preclusion grounds.

### C. Ethan Shalter Is Not and Was Not a Creditor of the Debtor

5. Ethan Shalter was an employee of an entity affiliated with Shannon Kroemmelbein and Arthur Walsh—not an employee of the Debtor. Shalter's own testimony confirms he was not the Debtor's employee. Shalter has no claim against the Debtor because no debtor-creditor relationship existed between them.

6. Under 11 U.S.C. § 303(b), only holders of claims against the debtor that are not contingent as to liability or the subject of a bona fide dispute may join an involuntary petition. If Shalter was never the Debtor's creditor—because he was employed by a separate entity, not the Debtor—his participation as a petitioning creditor and as an objecting party under Doc. 126 lacks standing. The Debtor reserves the right to challenge the validity of the involuntary petition itself under § 303(b) and to seek damages under § 303(i), including punitive damages for bad faith filing.

## II. THE OBJECTION FAILS ON THE MERITS

### A. Burden of Proof Is on the Objecting Party

2

7. Under Federal Rule of Bankruptcy Procedure 4003(c), the party objecting to a claim of exemptions has the burden of proving that the exemptions are not properly claimed. The Debtor is not required to prove entitlement—the objecting parties must prove error.

8. The Objection at Doc. 126 was filed as a shotgun pleading without particularized grounds for each exemption challenged. Ready's pattern of filing vague, overbroad motions has been documented throughout this case and was specifically addressed by this Court at Doc. 268.

**B. Key Property Is Protected Independent of Exemptions**

9. The Debtor's real property at Regency Drive, Wyomissing, Pennsylvania is subject to a federal lis pendens arising from United States v. Redmond, No. 24-376 (E.D. Pa.). The Chapter 7 Trustee cannot administer or sell property encumbered by a federal lis pendens. The Trustee's own prior motion to dismiss this case acknowledged the absence of administrable assets.

10. To the extent the real property is encumbered by a federal lis pendens, the Chapter 7 Trustee cannot administer or sell the property. This protection exists independent of Schedule C and cannot be defeated by an exemption objection.

**C. The Trustee Has Filed a No Distribution Report**

11. On March 16, 2026, the Chapter 7 Trustee concluded the Meeting of Creditors and filed a No Distribution Report at Entry 534, certifying under Fed. R. Bankr. P. 5009 that the estate has been fully administered and that there is no property available for distribution. The Trustee determined, after diligent inquiry, that there are no assets to liquidate for creditors.

12. The Petitioning Creditors, through counsel Joel A. Ready, have consumed nineteen months of this Court's resources prosecuting claims that have been systematically rejected. Mr. Ready's client Jason Scott Jordan lost on summary judgment on July 31, 2025. Mr. Ready was sanctioned by this Court at Entry 268 with a permanent prohibition under Rule 2019. The

Trustee has now certified there are no assets to distribute. Despite these findings, Mr. Ready persists in objecting to the Debtor's exemptions—exemptions to assets that the Trustee has already determined she will not pursue. This Court's docket should not be burdened by objections that serve no administrable purpose.

The standing analysis is governed by 11 U.S.C. § 522(l), which provides that only "a party in interest" may object to claimed exemptions. The Supreme Court has recognized that exemptions serve a fundamental debtor-protection purpose. See Taylor v. Freeland & Kronz, 503 U.S. 638, 643-44 (1992) (exemptions must be timely objected to or they are deemed valid). Where a Trustee has filed a No Distribution Report certifying no assets available for distribution, an exemptions objection serves no administrable purpose and is subject to dismissal as moot. See In re Zarnel, 619 F.3d 156, 171 (2d Cir. 2010) ("party in interest" standing requires a direct financial stake in the bankruptcy estate). Ready's standing is further undermined by this Court's sanctions at Entry 268 and the summary judgment loss in Adversary Proceeding 24-00145, which establish that Ready's client's claims have been adjudicated and rejected. The doctrine of issue preclusion bars relitigation of issues actually decided in prior proceedings. See Grogan v. Garner, 498 U.S. 279, 284 n.11 (1991).

### III. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court:

(a) Strike the Objection to Exemptions (Doc. 126) in its entirety for lack of standing by the objecting parties;

(b) In the alternative, overrule the objection on the merits pursuant to Fed. R. Bankr. P. 4003(c);

(c) Enter an order sustaining all exemptions claimed by the Debtor on Schedule C; and

4

(d) Grant such other and further relief as is just and proper.

## VERIFICATION UNDER 28 U.S.C. § 1746

I, Alan Christopher Redmond, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts set forth in the foregoing are true and correct to the best of my knowledge, information, and belief. This declaration is made subject to the penalties of 18 U.S.C. § 1621 relating to unsworn declarations.

Respectfully submitted,

**Alan Christopher Redmond**
Debtor, Pro Se
2 High Road
Wyomissing, PA 19610
alanredmond23@gmail.com

Dated: March 17, 2026

---

1 The Debtor reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this motion constitutes a waiver of any right or defense in any proceeding, including Case No. 24-376 (E.D. Pa.).