**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA**

In re:                                        **Case No. 4:24-bk-13093-PMM**

**ALAN CHRISTOPHER REDMOND,**                  **Chapter 7**

Debtor.                                        **Hon. Patricia M. Mayer**

**DEBTOR'S EMERGENCY MOTION TO CONTINUE
HEARING ON OBJECTION TO EXEMPTIONS (Doc. 126/514)**

The Debtor, Alan Christopher Redmond, pro se, respectfully moves this Court for a

continuance of the hearing on the Objection to Debtor's Claim of Exemptions (Doc. 126),

currently scheduled for March 17, 2026, and states the following in support:[1]

## I. PROCEDURAL BACKGROUND

1. On December 6, 2024, Cornerstone Law Firm, LLC, Jason Scott Jordan, and Ethan

Shalter, through counsel Joel A. Ready (hereinafter "Petitioning Creditors"), filed an Objection

to Debtor's Claim of Exemptions at Doc. 126.

2. The Debtor's prior counsel filed a response to the objection at Doc. 151 on December

20, 2024. The matter has been continued multiple times since filing.

3. On March 10, 2026, the Debtor filed a Continuance on Exemptions (re Doc. 126/514).

This Court granted the continuance as moot at the March 10 hearing after resolving the related

sanctions matter. The hearing was reset to March 17, 2026.

## II. GROUNDS FOR CONTINUANCE

### A. The Debtor Is Proceeding Pro Se and Requires Adequate Preparation Time

4. The Debtor is currently without counsel in this bankruptcy proceeding. The Debtor is

actively seeking qualified bankruptcy counsel to assist with the exemptions hearing, which

involves complex property valuation, federal-state exemption analysis, and potential cross-

examination of witnesses.

1

5. The Debtor has multiple contested matters pending before this Court simultaneously, including the exemptions objection (Doc. 126), sanctions-related proceedings, and the Kopecki disqualification motion filed March 10, 2026. Managing these overlapping proceedings without counsel requires additional preparation time.

6. The Supreme Court has recognized that pro se litigants are entitled to reasonable accommodations to ensure meaningful access to justice. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). Good cause exists under Rule 9006(b)(1) for the requested continuance. A short continuance to allow the Debtor to retain counsel or prepare a competent pro se defense is consistent with the interests of justice and this Court's inherent authority under 11 U.S.C. § 105(a) and Federal Rule of Bankruptcy Procedure 9006(b), and Local Bankruptcy Rule 9006-1.

7. The exemptions at issue include the Debtor's primary residence and motor vehicles — assets critical to the Debtor's fresh start under the Bankruptcy Code. The stakes demand adequate preparation, whether by counsel or by the Debtor proceeding pro se.

8. The Debtor's parallel federal criminal prosecution (Case No. 24-376, E.D. Pa., trial September 14, 2026) creates Fifth Amendment considerations that a pro se debtor must navigate with particular care, especially in a hearing that may require testimony regarding assets, transfers, and financial affairs.

**B. Due Process Requires the Debtor's Participation**

9. The exemptions hearing involves the Debtor's most significant property interests, including real property at Regency Drive, Wyomissing, Pennsylvania, and motor vehicles. The Debtor cannot adequately protect these interests without counsel or without adequate preparation time as a pro se litigant.

10. Given the overlap between this bankruptcy case and the pending federal criminal prosecution, the Debtor must carefully consider the Fifth Amendment implications of any testimony or disclosures at an exemptions hearing. Without adequate preparation time, the Debtor risks inadvertent waiver of constitutional rights. The Court's own interests in an orderly proceeding are served by allowing the Debtor sufficient time to prepare.

### C. No Prejudice to Objecting Parties

11. The Objection to Exemptions has been pending since December 6, 2024. A continuance of 60 days will not prejudice the Petitioning Creditors, who have waited over 15 months without resolution. The Debtor's property is protected by the automatic stay and, with respect to the real property, by a federal lis pendens in the criminal case.

12. Attorney Ready, counsel for the Petitioning Creditors, was sanctioned by this Court under Rule 2019 with a permanent prohibition at Doc. 268. The Debtor intends to challenge Ready's standing to prosecute this objection on multiple grounds, which requires adequate preparation time.

### D. The Trustee Has Filed a No Distribution Report

13. On March 16, 2026, the Chapter 7 Trustee, Lynn E. Feldman, concluded the Meeting of Creditors under 11 U.S.C. § 341(a). The Trustee informed the Debtor and parties present that she intends to file a No Distribution Report with this Court. The Trustee has determined, after examination of the estate, that there are no assets available for distribution to creditors.

14. The Trustee's determination renders the Objection to Exemptions effectively moot. The purpose of an exemption objection is to free assets for distribution to creditors. Where the Trustee has concluded there are no assets to distribute, there is no creditor interest served by litigating exemptions at this time.

## E. The Petitioning Creditors Have Exhausted This Court's Resources

15. The Petitioning Creditors, through counsel Joel A. Ready, have pursued this objection for nineteen months through claims that have been systematically rejected by this Court. Mr. Ready's client Jason Scott Jordan lost on summary judgment on July 31, 2025. Mr. Ready was sanctioned by this Court at Doc. 268. Jordan filed a new adversary proceeding (AP 25-00254) on December 29, 2025, and the Trustee has now filed a No Distribution Report at Entry 534. The interests of judicial economy are served by a continuance that may allow the exemptions objection to be resolved on the papers or rendered moot by the Trustee's report.

## F. Religious Observance and Family Obligation

16. The Debtor is a practicing Irish Catholic, born in Belfast, Northern Ireland. March 17, 2026 is the Feast of Saint Patrick, a religious feast day observed by the Roman Catholic Church worldwide and one of particular significance to Irish Catholics, for whom it marks the life of the patron saint of Ireland. The Debtor attends Mass on this day and observes it as a day of religious and familial devotion with his wife and children.

## III. RELIEF REQUESTED

WHEREFORE, the Debtor respectfully requests that this Court:

(a) Continue the hearing on the Objection to Exemptions (Doc. 126/514) for a period of sixty (60) days to allow the Debtor to secure counsel or prepare a pro se defense;

(b) Set a new hearing date at the Court's convenience; and

(c) Grant such other and further relief as is just and proper.

## VERIFICATION UNDER 28 U.S.C. § 1746

I, Alan Christopher Redmond, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the facts set forth in the foregoing are true and correct to the best of my knowledge, information, and belief. This declaration is made subject to the penalties of 18 U.S.C. § 1621 relating to unsworn declarations.

Respectfully submitted,

**Alan Christopher Redmond**
Debtor, Pro Se
2 High Road
Wyomissing, PA 19610
Tel: (814) 440-9068
alanredmond23@gmail.com

Dated: March 17, 2026

---

[1] The Debtor reserves all rights, privileges, and defenses afforded under the United States Constitution, including those under the Fifth Amendment, in all proceedings. Nothing in this filing constitutes a waiver of any right or defense in any proceeding, including United States v. Redmond, Case No. 24-376 (E.D. Pa.).