**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND | Bankruptcy No. 24-13093-PMM<br><br>Involuntary Chapter 11 |

**JASON SCOTT JORDAN, CORNERSTONE LAW FIRM, LLC, AND ETHAN SHALTER'S OBJECTIONS TO INTERIM CHAPTER 7 TRUSTEE'S FINAL ACCOUNT AND REPORT**

Moving Creditors, Jason Scott Jordan, Cornerstone Law Firm, LLC, and Ethan Shalter (the "Moving Creditors") hereby file these objections to the Interim Chapter 7 Trustee's final account and report [ECF No. 535].

**<u>GROUNDS</u>**

(1)     <u>The Debtor is Not Entitled to Any Discharge</u>. The Interim Chapter 7 Trustee scheduled all claims to be discharged, but the Debtor is not entitled to a discharge under 28 <u>U.S.C.</u> § 727. The Interim Trustee had an obligation to stay any discharge pending resolution of the Adversary Proceeding No. 25-00254, as well as Jordan's nondischargeability claim at No. 24-00145, which is pending appeal in the U.S. District Court. The grounds raised in both of those proceedings are incorporated by reference.

(2)     <u>The Estate has Not Been Fully Administered</u>. Notwithstanding the contention that this Debtor has concealed significant assets of the estate and committed perjury, the assets of record and disclosed on the schedules have not been collected, reduced to money, and distributed and Moving Creditors are prejudiced as a result. We have obtained a qualified expert report from Jeff Martin, having 27 years of experience in selling real estate. From the schedules, the Debtor has title to the property situated at 2005 Regency Drive, Wyomissing, PA 19610 [ECF No. 152,

1

Question 1], and co-owns income-producing real estate through a business entity, ARC Realty, LLC. [ECF No. 180, Question 27]. Mr. Martin appraises 2005 Regency Drive as having a market value between $850,000 to $925,000. [Exhibit A]. As judgment creditors, Jason Scott Jordan and Cornerstone Law Firm, LLC, are junior-in-position to Claim No. 5 by WBL SPO II, LLC for $548,249.14. Under Pennsylvania law, a civil judgment operates as a lien on the debtor's real estate and has priority from the date of the entry of judgment. 42 Pa.C.S. §§ 4303(a), 8141(4) (priority). Jordan and Cornerstone Law Firm, LLC, therefore, have priority over any other creditor in this proceeding and are entitled to a distribution.

We have additionally obtained an expert from a forensic CPA, Steven M. Frank. Mr. Frank appraises the Debtor's ownership interest in ARC Realty, LLC, at $214,000.00. [Exhibit B]. Even if this asset was reduced to money and used for administrative expenses, those expenses would be warranted if it results in locating additional assets of the estate that have been concealed. Moving Creditors are therefore prejudiced.

(3)    Moving Creditors have an Outstanding, Priority Administrative Claim. Moving Creditors had prevailed on the merits of the involuntary petition in this case, which entitle us to an administrative claim for the "actual, necessary expenses" of prosecuting that petition, 11 U.S.C. § 503(b)(3)(A), and "reasonable" attorneys' fees, id. § 503(b)(4). The Court did not set a deadline for the submission of such administrative expenses, but we will do so promptly. The Code allows the same as an administrative priority. Id. § 726(a)(1) (incorporating Section 507(a)(2)). As mentioned above, the sale of ARC Realty, LLC can garner as much as $214,000.00 for administrative expenses.

(4)    The Trustee Should Object to the Allowance of Certain Claims. Before this case began, the Debtor had set forth valid, State law counterclaims in the Philadelphia Court of Common Pleas,

No. 220202794, against Complete Business Solutions Group, Inc. ("CBSG") (under the receivership of Ryan K. Stumphauzer). In his Rule 2004 examination, held on April 17, 2025, the Debtor articulated factual support for those Counterclaims. Stumphauzer has filed on behalf of CBSG Claim No. 11 for $35,293,618.31. This Claim should be disallowed, and the automatic stay lifted in order for the merits to be adjudicated.

Additionally, the Debtor scheduled several debts (including those from insiders) who never filed any claims in this case, including All Web Leads ($667,413.87), American Workers Insurance Services, Inc. ($8,000,000.00), Bochetto & Lenz, P.C. ($43,333.46), Cardflex, Inc. ($805,000.00), Duane Morris, LLP ($128,402.26), and Rush Law Group, LLC ($5,843.11). [ECF No. 114, Question 2]. From Rule 2004 discovery, Debtor didn't produce any evidence to substantiate these debts and the discovery record indicates that the same were incurred by other persons on his behalf. The Chapter 7 Trustee should disallow these claims as well.

(5)     The Debtor is Concealing Assets of the Estate. The Debtor has not complied with the Court's Order to obey the Rule 2004 subpoena in this case, where he has failed to disclose his federal income tax returns for 2023, 2024, and 2025. He has re-directed the income stream from contract receivables in the insurance industry to other entities and uses his wife, Shannon Kroemmelbein, as a figurehead owner while controlling all bank accounts titled in her name. The Debtor, singularly and in combination with other persons, has concealed assets of the bankruptcy estate. This warrants further investigation, which is taking place by the Moving Creditors.

**ARGUMENT**

Under the Code, "After an estate is *fully administered* and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a) (emphasis added). "[T]he meaning of 'fully administered' is formulated by the duties the bankruptcy code imposes" on the case trustee.

3

*In re* Rivera, 2013 Bankr. LEXIS 4349, at \*3 (Bankr. D. P.R. Oct. 15, 2013). "Fully administered means, at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters or adversary proceedings." *In re* Lupatech S.A., 611 B.R. 496, 503 (Bankr. S.D.N.Y. 2020).

First, in Chapter 7 cases, the trustee must "collect and reduce to money the property of the estate for which such trustee services," and may close the case only if "compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1).  As shown above, there are scheduled assets that have not been collected and reduced to money, and distributed to creditors. Jordan and Cornerstone Law Firm, LLC, are prejudiced where we have a priority lien to 2005 Regency Drive under 11 U.S.C. § 725. The record shows that there's substantial equity in that real estate which may discharge WBO SPO II, LLC, of which we're junior-in-position. Furthermore, the sale of ARC Realty, LLC, will generate at least $214,000.00 to pay administrative expenses. Moving Creditors are entitled to have our costs and attorneys' fees paid as an administrative expense for successfully prosecuting the involuntary petition, id. § 503(b)(3)(A), (b)(4), which is a priority claim. Id. § 726(a)(1). We are prejudiced by the failure to collect and reduce to money the Debtor's ownership in ARC Realty, LLC, which is an income-producing asset.

The Chapter 7 trustee must "examine proofs of claims and object to the allowance of any claim that is improper." 11 U.S.C. § 704(a)(5). As shown in the Grounds for Relief, there are all sorts of claims and scheduled claims which do not have evidentiary support.

Finally, whether the Debtor is entitled to a discharge is currently contested in Adversary Proceeding No. 25-00254, as well as Jordan's appeal to the District Court from No. 24-00145. "When such an adversary proceeding is one of the only remaining issues in the bankruptcy case," in addition to any lift-stay motions, "the case cannot be closed until the adversary proceeding is

resolved." Garcia v. Sklar (*In re* Sklar), 626 B.R. 750, 767 (Bankr. S.D.N.Y. 2021). Furthermore, "a case is not properly or finally closed until the assets of the estate are fully administered; and the Debtor's failure to schedule the assets at issue in this proceeding resulted in their remaining unadministered upon the closing of the case." Dwyer v. Peebles (*In re* Peebles), 224 B.R. 519, 521 (Bankr. D. Mass. 1998). Credible evidence has been adduced that the Debtor is concealing assets of the estate.

Based on the foregoing, the best interests of the creditors are not served by closing the case and Moving Creditors respectfully object under Section 350 of the Code.

## CONCLUSION

**WHEREFORE**, based on the foregoing, the Court should sustain these objections; AND such other relief as the Court deems necessary, just, or appropriate.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: April 15, 2026          By:     /s/ Joel A. Ready
                                       Joel A. Ready, Esquire
                                       PA Attorney I.D. # 321966
                                       8500 Allentown Pike, Suite 3
                                       Blandon, PA 19510
                                       (610) 926-7875

5